Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
 (907) 279-3581
 (907) 277-1331 fax

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -6 PM 4: 04

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. A04-229-CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST FINANCIAL INSURANCE COMPANY'S OPPOSITION
TO PLAINTIFF ERIC LUTZ'S MOTION FOR A CONTINUANCE**

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

32

## PRELIMINARY STATEMENT

Eric Lutz seeks a four month continuance of First Financial Insurance Company's Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 (f), claiming the need for further discovery. His motion should be denied for two reasons. First, Lutz never shows what Rule 56(f) requires a party to show – an identification of specific, existing, material facts that the further discovery he seeks will yield, <u>and</u> that those facts are "essential" to his ability to show there is a dispute of material facts. Second, Lutz cannot show, as Rule 56(f) requires, that he has been diligent in seeking discovery. Accordingly, the motion should be denied.

## ARGUMENT

### I.  Lutz Has Not, And Cannot, Meet Rule 56(f)'s Requirements For A Continuance

Lutz has moved for a continuance under Rule 56(f) on the grounds that he needs further discovery in order to dispute the material facts submitted in support of FFIC's motion for summary judgment. But Lutz' motion fails to meet the mandates of a Rule 56(f) motion because he never specifies (1) what specific facts he will obtain in further discovery, (2) that those facts exist, and (3) that those facts are "essential" to his ability to oppose FFIC's motion.

"Rule 56(f) allows the court to deny or continue a motion for summary judgment when the party opposing the motion demonstrates a need for further discovery to obtain facts essential to its opposition." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548 (1986). A party seeking a continuance must, through a showing not based on speculation, make clear what evidence he seeks and that the evidence would preclude summary judgment. *Margolis v. Ryan*, 140 F.3d 850, 853-854 (9th Cir. 1998). As the Ninth Circuit has made clear: "The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance under Fed. R. Civ. P. 56(f)." *Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal*, 817 F.2d 1391, 1395 (9th Cir.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

1

1987).

Indeed, a party moving for a continuance under Rule 56(f) must "state with some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Simmons Oil Corp. v. Tesoro Petro. Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996). Specifically, he "must show (1) that [he has] set forth in affidavit form the <u>specific facts</u> that [he] hope[s] to elicit from further discovery, (2) <u>that the facts sought exist</u>, and (3) that these sought-after facts <u>are 'essential'</u> to resist the summary judgment motion. *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (emphasis added).

But Lutz has not articulated any specific existing facts that are relevant to the issues raised in FFIC's motion and essential to his opposition. Only two issues are relevant to FFIC's motion for summary judgment: (1) whether physical property damage occurred during the policy period; and (2) whether M. Shelton Services was an independent contractor.

As to the date when tangible property damage occurred, Lutz has articulated his arguments at length in his Memorandum in Opposition to FFIC's Motion for Summary Judgment. And the best witnesses are Lutz himself and his former wife, who lived where the damage occurred. But Lutz has sworn under oath that no damage was noticed until long after the policy period ended. And his former wife submits that she first noticed flaws in the house in "late-winter," also months after the policy period had ended.

And Lutz points to no evidence he seeks as to whether Shelton was an independent contractor. In fact, the Lutz Opposition to FFIC's Motion for Summary Judgment argues that there is no relevancy to that inquiry.

A Rule 56(f) motion should be denied "where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation." *Campbell*, 138 F.3d at 779-780. Lutz

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

simply has not, and cannot, meet this requirement.

Nor can Lutz show that discovery he claims to need is "essential" to his opposition to FFIC's motion. Lutz submits that he needs a "claim processing manual" (which has been produced)[1] and further responses to his massive set of 171 Requests for Admissions. His stated reason for the need for more time is "to determine who processed the claim and denial of defense, or to prepare for and schedule depositions of those persons and of the insurer's contracted claims adjuster." (Lutz Memo at 7-8.) The identity of who "processed" the claim, and what that person might have known, have no bearing whatsoever on when physical injury to Lutz' house occurred or whether Shelton was an independent contractor. Lutz cannot show how any of the nebulous discovery he hopes to take during the 120 additional days he seeks would provide any evidence about these two relevant issues.

The discovery Lutz claims to need is not essential for him to oppose the motion – far from it. It is not even related to the issues raised in FFIC's motion. And Lutz makes no showing of <u>specific facts</u> that he will discover about the two relevant issues. Nor does he show, by affidavit, that any of these hypothetical facts exist. Accordingly, his Rule 56(f) motion should be denied.

## II. The Motion Should Be Denied Because Lutz Has Not Pursued Discovery Diligently

Lutz' Motion for a Continuance also should be denied because Lutz cannot show that he has been diligent in seeking discovery. Rule 56(f) exists to protect a diligent party against a premature motion, not as an escape hatch for a non-diligent party. Thus, a Rule 56(f) motion also may be denied "where the moving party has failed to diligently pursue discovery." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996). Although this case is 15 months old, Lutz has

---

[1] In compliance with Rule 34, FFIC made the manual available for inspection and copying at its counsel's offices in October 2005. Lutz never bothered to come review it. In November 2005, counsel for FFIC went ahead and copied and delivered it to counsel for Lutz. *See*, Affidavit of Counsel dated December 2, 2005.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

not taken a single deposition. Even after FFIC served its motion for summary judgment, Lutz made no effort to depose the witnesses who submitted declarations in support of FFIC's motion. After it filed its motion, FFIC granted Lutz an additional 14 days to take discovery and file his Opposition. It even expressed its willingness to consider a longer extension if Lutz would identify specific discovery targeted toward evidence material to his Opposition. Lutz never responded. *See*, Affidavit of Counsel dated December 2, 2005. Accordingly, the Rule 56(f) motion should be denied.

## CONCLUSION

For each of the foregoing reasons, Lutz has failed to meet his burden under Rule 56(f). Accordingly, his motion for a continuance should be denied.

DATED at Anchorage, Alaska this 6th day of December, 2005.

> DELANEY, WILES, HAYES,
> GERETY, ELLIS & YOUNG, INC.
> *Attorneys for Defendant*
>
> _____
> Andrew Guidi
> Alaska Bar No.: 8312171

**CERTIFICATE OF SERVICE**

This certifies that I am an authorized agent of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., for service of papers pursuant to Civil Rule 5, and that on the 6th day of December, 2005, I caused a true and correct copy of the foregoing to be hand delivered to the following:

Tim Cook, Esq.
3901 Tiaga Drive
Anchorage, Alaska 99516

_____
Donna K. Daniels/111230

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

4

Andrew Guidi
DELANEY, WILES, HAYES, GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
    (907) 279-3581
    (907) 277-1331 fax

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises<br><br>        Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. A04-229-CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF COUNSEL

STATE OF ALASKA      )
                               )ss.
THIRD JUDICIAL DISTRICT  )

      ANDREW GUIDI, being first duly sworn on oath, deposes and says:

      1.    I am an attorney at law duly licensed to practice in Alaska and admitted to all of the United States courts in Alaska. I am an attorney with the law firm Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., counsel of record herein for First Financial Insurance Company, Inc.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

("FFIC"). I submit this affidavit with regard to particular aspects of the discovery history in this case. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. Plaintiff made no request to inspect the claim manual at the undersigned's office at any time in October or November. In a conversation with plaintiff's counsel the undersigned offered to send the manual to him. The undersigned was not able to do so until November 22, 2005, because of a trip out of state and a two-week gap in replacing his legal secretary. Nevertheless, prior to the delivery no one on behalf of plaintiff expressed any interest in inspecting and copying the manual here at our offices.

3. FFIC stipulated to a two-week extension of time requested by plaintiff to oppose the motion for summary judgment. FFIC had earlier offered to consider an even longer extension of time for the purpose of taking depositions if plaintiff would identify specific discovery targeted toward facts needed for Lutz's opposition. Plaintiff did not respond. To date, plaintiff has not attempted to depose anyone, including the witnesses whose affidavits support the motion.

FURTHER SAYETH YOUR AFFIANT NAUGHT.

_____
Andrew Guidi

SUBSCRIBED AND SWORN TO before me this _____ day of December, 2005.

_____
Notary Public in and for Alaska
My commission expires: 10/22/07

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

**CERTIFICATE OF SERVICE**

This certifies that I am an authorized agent of Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., for service of papers pursuant to Civil Rule 5, and that on the 6th day of December, 2005, I caused a true and correct copy of the foregoing to be hand delivered to the following:

Tim Cook, Esq.
3901 Tiaga Drive
Anchorage, Alaska 99516

_____
Donna K. Daniels/111162

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581