Tim Cook
Attorney for the Plaintiff
3901 Taiga Drive,
Anchorage, Alaska 99516
(907) 336-5291
(907 336-5292 fax

FILED

DEC 0 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy
3;3 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

Eric Lutz, as assignee of rights of )
Dean Bruington, dba DB Enterprises, )    No. A04 0229 CV (JKS)
)
Plaintiff, )
)
vs. )
)
First Financial Insurance Company, )
)
Defendants. )
)

_____

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Eric Lutz asks the court to render summary judgment and find that First

Financial Insurance Company's failure to provide a legally adequate notice of denial of

coverage and a legally adequate notice of denial of defense to its insured, Dean

Bruington, estops the insurer from denying coverage.

Eric Lutz, the plaintiff, is the assignee of the rights of the insured Dean Bruington.

First Financial Insurance Company is the defendant. On September 7, 2004, plaintiff

sued defendant for Breach of the Duty of Good Faith, Breach of the Duty to Indemnify,

Lutz v. First Financial Insurance Co.                    Page 1 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

<div style="writing-mode: vertical">Tim Cook<br>Attorney at Law<br>3901 Taiga Drive, Anchorage, Alaska 99516<br>Tele. (907) 336-LAW1 (5291) fax (907) 336-5292</div>





Breach of the Duty to Defend, and Misrepresentation.   Defendant filed an answer asserting affirmative defenses which included various coverage defenses.

## Introduction

Under Alaska law, insurers have certain obligations to their clients regarding coverage and defense. This summary judgement addresses only two of these—1) the duty to give sufficient notice of denial of coverage, and 2) the duty to give sufficient notice of denial of defense.

First Financial failed to provide Dean Bruington, its insured, with a legally sufficient notice of denial of coverage or a legally sufficient notice of denial of defense. As a result, Bruington was prejudiced. Therefore, First Financial should be barred under the doctrine of coverage by estoppel from denying coverage. Summary Judgment is appropriate in this matter as there are no facts in controversy, and the court may determine as a matter of law the sufficiency of First Financial's notice of a denial of coverage and the sufficiency of First Financial response to the insured's tender of defense.

## Statement of Facts

First Financial Insurance Company (First Financial) issued a building contractor's third party liability insurance policy to Dean Bruington, dba DB Enterprises (Bruington). The policy provided general liability coverage for constructing residential buildings, and included additional coverage for "completed operations" for which an additional

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291) fax (907) 336-5292*

Lutz v. First Financial Insurance Co.                                Page 2 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

premium was charged. The policy period was December 8, 1998 to December 8, 1999. [1]

In the spring of 1999, Bruington began constructing a residence for Eric and Marsha Lutz near Glennallen, Alaska. The house was completed and occupied by the end of October 1999.

Soon after completion, Eric Lutz and then wife Marsha Lutz began to notice that drywall was cracking and doors were sticking in the living area of the house. By spring, Eric Lutz contacted the contractor Bruington to report these problems.

Over succeeding months, it became apparent that the house was not only "settling in", as Bruington had suggested, but that it was twisting and deforming so that doors were unusable and other damage was occurring. By 2002, gaps of more than 18 inches had opened between parts of the sinking foundation and the floor structure. Bruington, in an attempt to stabilize the structure, placed a series of screw jacks in the crawl space.

In July 2002 Dean Bruington recognized that a solution was beyond him and filed a claim for the Lutz house with his insurer, First Financial[2]. First Financial contracted with Northern Adjusters Inc. to investigate the Bruington claim. Adjuster David Buness conducted the investigation and filed two reports with First Financial.[3]

On September 11, 2002, Robert LaFrance, special claims manager for First

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291) fax (907) 336-5292

---

[1] Commercial General Liability Policy No. F0117G412046, attached as Exhibit A (CGL Policy), Admitted in Defendant's Answer to Complaint in *Lutz v. First Financial*. ¶ 3 & ¶5. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit A.

[2] Defendant's ANSWER TO COMPLAINT, A04-229-CV (JKS), attached as Exhibit B, (Defendant's Answer) at ¶ 15, admits that First Financial opened claim file number 112459. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit B.

[3] Northern Adjusters Report to First Financial, dated July 30, 1999, attached as Exhibit C, (Northern Adjusters July 30, Report), admitted to be a true copy in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #23; and Northern Adjusters Report to First Financial, dated August 30, 1999, attached as Exhibit D, (Northern Adjusters August 30 Report), admitted to be a true copy in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #22. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibits C and D.

Lutz v. First Financial Insurance Co.                                    Page 3 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

Financial Insurance, sent Bruington a letter categorically denying both indemnification and a defense[4]. This notice of denial contains no facts concerning the Lutz house or any discernible reason for either the denial of coverage or the denial of the duty to defend. It consists of several pages of cut-and-paste exclusion language from the policy and one sentence in reference to inapplicable law. No attempt was made to apply the exclusions listed or the law cited to the facts of the claim. No facts of the claim were mentioned.

Eight months later, on May 5, 2003, Lutz filed a complaint[5] against Bruington in Alaska Superior Court for damages on claims that included defective construction and breaches of the warranty of habitability.

Bruington tendered his defense to the insurer by faxing[6] the jury demand to First Financial's claims department on or about May 14, 2003.[7]

First Financial Insurance did not respond to the tender. There was no phone call, no letter, and no defense was provided by defendant.  As a result, Dean Bruington appeared *pro se* to file a late and "non-conforming" answer.[8]

Bruington and Lutz began negotiating in an attempt to resolve the matter.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

---

[4] First Financial's denial letter of September 11, 2002, attached as Exhibit E (Letter of September 11), admitted to be a true copy in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #11. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit E.
[5] COMPLAINT, *Lutz v. Bruington*, #3AN 03-7096 attached as Exhibit F (Complaint). The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit F.
[6] DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS AND DISCOVERY REQUEST, Exhibit G, (Answers to Admissions) Admission #143, admitted that jury demand was faxed to FFIC on May 14, 2003. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit G.
[7] Due to a delay of the Alaska State Troopers' service of the complaint in *Lutz v. Bruington*, Bruington did not receive service of the complaint until some time after he received a mailed copy of the jury demand.
[8] ANSWER, *Lutz v. Bruington*, #3AN 03-7096, attached Exhibit H, (Bruington Answer). The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit H.

Lutz v. First Financial Insurance Co.
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

Ultimately, they reached accord and executed two documents: <u>Agreement and Release</u>[9]; and <u>Assignment of Claim and Right</u>[10]. Among the valuable considerations, Bruington agreed to perform extensive repairs to the failing structure and assigned all his rights and causes of action against his insurer to Eric Lutz. In return, Lutz agreed to not hold Bruington personally liable for any judgment rendered in the pending action.

Bruington contracted with an engineering firm and a specialty contractor to design and install a helical foundation system for the home. Bruington also personally performed extensive interior and exterior repairs to bring the home back to a habitable condition.

Lutz filed for partial summary judgment. The court granted the motion and held Bruington liable for damages arising from the occurrences at the Lutz residence.[11] Following a damages hearing, the Superior Court issued a final judgment, ordering Bruington to pay damages to Lutz in the amount of $5,601,128.00.[12] No appeal was made from that final judgment.

Eric Lutz, as assignee of the rights of the insured Bruington, filed a complaint for damages against First Financial in Alaska Superior Court on September 7, 2004. Defendant First Financial, subsequently removed the action to U.S. District Court.

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292*

---

[9] Agreement and Release attached as Exhibit I (Agreement and Release). The Affidavit of Counsel, attached hereto as Exhibit N, attests to the authenticity of Exhibit I.

[10] Assignment of Claim and Right attached as Exhibit J, (Assignment of Claim). The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit J.

[11] Summary Judgment Order, *Lutz v. Bruington*, #3AN 03-7096, attached as Exhibit K, (Summary Judgment Order). The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit K.

[12] Final Judgment, *Lutz v. Bruington*, #3AN 03-7096, attached as Exhibit L, (Final Judgment). The Affidavit of Counsel, attached hereto as Exhibit N, attests to the authenticity of Exhibit L.

Lutz v. First Financial Insurance Co.
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

# Standard of Review

Summary judgment is proper in any case where there is no genuine issue of material fact.[13] A plaintiff moving for summary judgment may satisfy its burden by submitting summary judgment proof that establishes all elements of its cause of action as a matter of law.[14] Plaintiff must show that no reasonable trier of fact could find other than for plaintiff.[15] The court should grant the plaintiff's motion for summary judgment if, viewing the evidence in the light most favorable to the defendant, there are no genuine issues of material fact and no jury could find in favor of the defendant.[16]

The legal sufficiency of a document or letter is a proper issue for summary adjudication under Federal Rule of Civil Procedure 56.[17] In addition, the Alaska Supreme Court, in *Sauer v. The Home Indemnity Company*[18], held that summary judgment as to the liability of the insurer is appropriate where the insurer was estopped from contesting coverage because it had breached its duty to explain the basis for its decision to deny coverage.

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292*

---

[13]Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317,324, 106 S.Ct. 2548, 2552 (1986)
[14]San Pedro v. U.S., 79 F.3d 1065, 1068 (11th Cir. 1996).
[15] Calderone v. U.S., 799 F.2d 254, 259 (6th Cir. 1986).
[16] Chlorine Inst., Inc. v. California Highway Patrol, 29 F.3d 495, 496 (9th Cir. 1994).
[17] *Lund v. Alb*recht, 36 F.2d 459, 463 (9th Cir. 1991*); Kaylor v. Crown Zellerbach, Inc.,* 643 F.2d 1362, 1366 (9th Cir 1981);  see also *Bricklayers, Etc. v. Stuart Plaster. Co.,* 512 F.2d 1017, 024 (5th Cir 1975) (Summary judgment was appropriate under Fed.R.Civ.P. 56 where the only issue to be resolved was the legal sufficiency of documents in light of the requirements of  29 U.S.C. 186)
[18] 841 P.2d 176, 184

Lutz v. First Financial Insurance Co.
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

## Coverage by Estoppel

The coverage by estoppel doctrine precludes an insurer from denying coverage if it is found that the insurer has made a substantial breach of a duty to its insured.[19] Alaska courts[20], as well as the U.S. District Court applying Alaska law[21], have applied the remedy of coverage by estoppel where the insurer's breaches were substantially similar to First Financial's breaches.

The U.S. District Court of Alaska, applying Alaska law in a 1980 case of first impression, held that the insurer's failure to respond to the tender of a defense by the insured constituted a rejection of the City's claim. The insurer was precluded from contesting coverage in a subsequent action on the policy and was held liable for the entire judgment rendered against the insured.[22]

In *Sauer v. The Home Indemnity Company*, the Alaska Supreme Court held, in awarding summary judgment to plaintiff, that "[w]here, as here, the insurer does not communicate its decision to withdraw or explain the basis for its decision but simply denies coverage, it should be precluded from later arguing that coverage under the policy did not exist." Sauer went on to say that "as a matter of law, Home Indemnity may not contest coverage in Gross's (the insured's) action on the policy, and that it is liable for the entire amount of the judgment rendered against Gross, as well as costs and attorney's fees incurred in the defense of the resident's action." [23]

In *Lloyd's v. Fulton*, the Alaska Supreme Court addressed the strong public policy

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)   fax (907) 336-5292

---

[19] *Sauer v. The Home Indemnity Co., 841 P.2d 176,* 182-184; *Lloyd's v. Fulton,* 2 P.3d 1199, 1204- 1210
[20] *Lloyd's v. Fulton,* 2 P.3d 1199; *Sauer v. The Home Indemnity Co.,* 841 P.2d 176
[21] *Bellefonte Insurance Co. v. Wayson,* 489 F. Supp. 58 (D. Alaska 1980)
[22] *Bellefonte Insurance Co. v. Wayson,* 489 F. Supp. 58 (D. Alaska 1980)

Lutz v. First Financial Insurance Co.                                            Page 7 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

reasons that support the doctrine of coverage by estoppel. In this case the insurer was estopped from contesting coverage after breaching its duty of loyalty to the insured.[24]

This rule was applied in *Great Divide Insurance Company v. Carpenter,* where the court held that the " failure to advise Dan Gowdy [the insured] of his *CHI* rights was not clearly without adverse impact, and thus properly can be considered a material breach."[25]

As the above cases establish, Alaska courts have held that a range of an insurer's material breachs of it's duties to an insured precludes the insurer from contesting coverage. [26] In the instant case, if this court finds that First Financial failed to provide Bruington a legally sufficient notice of denial of coverage or legally sufficient response to the insured upon his tender of defense, then, as a matter of law, First Financial has committed a material breach and must be estopped from denying coverage.

## Argument

### Notice of Denial of Coverage

### A.       Notice of Denial Must Provide a Reasonable Explanation

Alaska Statute 21.36.125(a)(4) of the 'Unfair Claim Settlement Practices' Act states "A person may not. . .refuse to pay a claim without a reasonable investigation of the available information and an explanation of the basis for denial of the claim..."

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

---

[23] *Sauer v. The Home Indemnity Co.*, 841 P.2d 176, 183, 184
[24] *Lloyd's v. Fulton*, 2 P.3d 1199, 1209
[25] *Great Divide Ins. Co. V. Carpenter*, 79 P.3d 599 (Alaska 2003), 610.
[26] *Sauer v. Home Indemnity*,  841 P.2d 176,183,184 as quoted at *Lloyd's v. Fulton*, 2 P.3d 1199, 1207

Lutz v. First Financial Insurance Co.                                        Page 8 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

The Alaska Supreme Court has made clear that an insurer must provide a "prompt and full notice of its intention to deny coverage"[27] to its insured. The requirement for a prompt and full notice applies both to the denial of coverage and to the denial of defense.[28] The concept of "full" notice means that the notice must "provide a reasonable explanation of the basis in the insurance policy in <u>relation to the facts or applicable law for denial of a claim.</u>" [29](emphasis added) The rationale for the requirement of a "full" and reasonable explanation is that the insurer is in a fiduciary relationship with its insured.[30] If either coverage is denied or a defense is denied, there is a potential conflict between the insurer and its insured. As a result the courts require that "[w]hen a potential conflict is identified, `a liability insurer should promptly take steps to ensure that the <u>insured is made fully aware of and understands the problem.</u>'" (emphasis added)[31]

### B.        Notice of Denial of Coverage Was Insufficient As Matter of Law

The letter of September 11, 2002 is legally insufficient as a notice of denial of coverage (or denial of defense). It does not provide the required explanation for denial in relation to the facts and it misstates the controlling law of the jurisdiction.

Although the letter of September 11, 2002 is three and a half pages in length, it contains only 7 original sentences. The majority of the letter is a "cut and paste" recitation of policy language. Below is the entire text of the letter with the policy exclusion quote and the citations excised.

---

[27] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204
[28] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204
[29] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204 quoting *Sauer*.
[30] *Lloyd's v. Fulton*, 2 P.3d 1199, 1209

Lutz v. First Financial Insurance Co.                                    Page 9 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292



Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

Dear Mr. Bruington:

I acknowledge receipt of the above mentioned claim.

First Financial Insurance Company issued a policy, number F0117G412046 effective 12/08/98 through 12/08/99 which contained a Commercial General Liability Coverage Part.

We have investigated this loss and have determined that your policy with FFIC does not afford coverage for the Lutz claim. The reasons are as follows:

   [cut and paste of Policy language through page 3]

A NEW HOUSE AS THE "PRODUCT or "WORK" OF AN INSURED UNDER GENERAL LIABILITY POLICY.

Several Courts have interpreted newly-constructed homes to constitute the insured's product or "work" under the general exclusion for claims arising from damage to an insured's product. [6 non-Alaska citations]

Therefore, for the reasons set forth above, First Financial Insurance Company has no duty to defend Dean Bruington, DBA DB Enterprises and will not indemnify it for any settlement or judgment rendered in this matter.

This communication should not be deemed or construed as a waiver of any of the rights of First Financial, including those rights provided in the contract of insurance. First Financial reserves the right to assert any other policy provisions or legal principles that would preclude any defense or indemnity obligation should additional facts, not currently alleged, become known.

Should you have any questions or have any additional information that may impact our position in this matter, please forward such information to my attention.

Very truly yours,

---

[31] *Lloyd's v. Fulton,* 2 P.3d 1199,  1204 Quoting Robert Keeton & Alan Widiss, Insurance Law § 7.6(b), at 823 (1988).

The first two sentences of the letter are perfunctory, acknowledging receipt of the claim and identifying the policy. The third and fourth sentences declare that coverage is denied and purports that reasons will follow.

What follows is a recital from the policy of all exclusions J through N (which include exclusions that have never been proposed as a reason for denial, such as "premises you sell, give away or abandon" and "product, work, or property...recalled from the market".) No distinction is made between the exclusions, which ones First Financial was relying on for its denial and which are merely added as filler. There is <u>no explanation</u> given as to how these exclusions relate to Bruington's claim or First Financial's reason for denial. It is a mere recitation of policy language.

After the listing of exclusions is the heading 'A NEW HOUSE AS THE "PRODUCT or "WORK" OF AN INSURED' followed by a single sentence that presents a foreign and non-germane legal interpretation of an insured's product or "work". The legal interpretation presented and the cases cited are in direct contravention to the state of the law in Alaska. In 1999 the Alaska Supreme Court addressed this very question and concluded:

> We are of the view that a "product" under the policy does not include a completed building. Interpreting the term to include a completed building would negate the intended coverage of the broad form endorsement, which is meant to provide protection to completed work when damage arises from the work of a subcontractor.[32]

In accepting this view, the Alaska court explicitly rejected three of the six cases that First Financial cited as support for this contention. Therefore, what First Financial presented was not applicable law, but <u>in</u>applicable law.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAWI (5291) fax (907) 336-5292

The next sentence categorically denies that First Financial has any duty to defend Bruington or any duty to indemnify him.

The letter closes with First Financial reserving their rights to assert other policy provisions or legal principles to preclude defending or indemnifying Bruington should additional facts become known.

Nowhere does the policy explain the basis for the denial of the claim, either by citing facts or applicable law. There is not a single fact regarding the Lutz home, the work done, the cause of damage, time of occurrence, or any other aspect of Bruington's claim. There is no applicable law given, but only misleading inapplicable law. Of the seven sentences that are articulated in the denial letter, none explain why coverage is being denied or why a defense is being denied. First Financial revealed nothing that would make their insured aware of and understand the problem.[33] It simply abandoned him.

Without articulating any facts of the claim or any applicable law it was impossible for First Financial to "provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law..."[34] Therefore, the September 11, 2002 letter of denial of coverage could in no way be sufficient as a matter of law.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

---

[32] *Fejes v. Alaska Ins. Co.*, 984 P.2d 519, 526
[33] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204 quoting "Insurance Law"

Lutz v. First Financial Insurance Co.                                    Page 12 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

## II.    Notice of Denial of Defense

### A.    Prompt and Full Notice of Denial of Defense is Required

The Alaska Supreme Court has articulated that the duty to defend is broader than [an insurer's] duty to provide coverage.[35] Moreover, an insurer may be obligated to defend even where it has no ultimate liability under the policy.[36] As a result of this broad duty to defend, the Court has found that "an insurer is required to give the insured…'such notice of its intention to deny liability and of its refusal to defend…' This notice must not only be prompt, but it must 'provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.'"[37]

The court has recognized that "prompt and adequate notice arises from, and is integrally related to, an insurer's duty to defend."[38] As a result, no notice or notice that is not adequate and "full", is a breach of the insured's duty to defend and "must be considered a material breach that estops denial of coverage…"[39]

As previously discussed, the letter of September 11, 2002 failed to meet the required standards. The letter did not discuss the facts of the Lutz claim, it cited law that was in contravention of the controlling law of the jurisdiction, and it did not provide a reasonable or full explanation. Therefore, First Financial violated its material duty to defend and should be estopped from denying coverage.

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292*

---

[34] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204 quoting *Sauer.*
[35] *Fejes v. Alaska Ins. Co.*, 984 P.2d 519,  522
[36] *Fejes v. Alaska Ins. Co.*, 984 P.2d 519,  522
[37] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204 quoting *Sauer.*

Lutz v. First Financial Insurance Co.                                   Page 13 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

**B.     First Financial Made No Response to Insured's Tender of Defense**

On May 5, 2003, Lutz filed a complaint against Bruington in Superior Court.

Upon receipt of the jury demand notice, Bruington promptly tendered the defense to First

Financial.[40] Under Alaska Law the "duty to defend arises whenever a complaint

sufficiently alleges an issue of liability covered by the policy on its face, 'even if the

allegations of the complaint are false or groundless.'" [41]

From the record[42] it is clear that First Financial received the tender and was

cognizant of the suit.  And yet, it made <u>NO RESPONSE</u> to the tender.[43]  As in

*Bellefonte[44]*, defendant's silence constituted a rejection.  First Financial neither sent

Bruington a notice of denial of defense, nor did it offer to provide a defense.  First

Financial did nothing. The total black-out of communication, in response to the tender of

defense, rendered the abandonment of Bruington complete.[45]

---

[38] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204

[39] *Lloyd's v. Fulton*, 2 P.3d 1199, 1209

[40] As explained above, due to a delay in being served by the State Troopers, Bruington received a Notice of Jury demand via US Mail prior to service of the complaint. This was the notice that Bruington tendered to First Financial.

[41] *Tush v. Parr*, 68 P.3d 1239, 1249 (Alaska 2003), quoting *Allstate Ins. Co. v. Roelfs*, 698 F. Supp. 815, 817 (D.Alaska 1987)

[42] Defendant's Rule 26 Disclosures included a copy of the fax cover and jury demand sent by Bruington to First Financial claims department, Exhibit M, (Fax of Jury Demand), FFIC 0017 & 0018; Also see Exhibit G, Admissions, admitted that jury demand was faxed to FFIC on May 14, 2003 in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #143. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit M.

[43] Affidavit of Dean Bruington, Exhibit N, (Bruington Affidavit) at, ¶ 20 & 21. The Affidavit of Counsel, attached hereto as Exhibit O, attests to the authenticity of Exhibit N.

[44] *Bellefonte v. Wayson*, 489 F. Supp.58, 59 (D. Alaska 1980)

[45] In addition to violating the insurer's duties to an insured as established under applicable case law, the lack of response violated 3 AAC 26.040. *Required Claims Communication §(b) Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a third-party claim must:(4) upon receipt of notification of a claim received from or on behalf of an insured, give written acknowledgement to the insured, identifying the person handling the claim, including the person's name, mailing address, telephone number, the firm name, and the file number;*

Lutz v. First Financial Insurance Co.

Plaintiff's Motion for Summary Judgment

Case No. A04 0229 CV (JKS)

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)   fax (907) 336-5292*

First Financial failed to respond to Bruington's tender of defense. This is a
material breach and as such, First Financial should be estopped from denying coverage.

## C. Adequate Notice of Denial of Defense Must Be Based
## Upon Allegations in Complaint

Under Alaska law the "duty to defend arises whenever a complaint sufficiently
alleges an issue of liability covered by the policy on its face, 'even if the allegations of
the complaint are false or groundless.'" [46] The duty to defend is based not on what will
ultimately be proven at trial, but whether "the complaint on its face alleges facts which,
standing alone, give rise to a possible finding of liability covered by the policy." [47] The
court has recognized that the duty to provide "prompt and adequate notice [of a denial]
arises from, and is integrally related to, an insurer's duty to defend."[48]

In the letter of September 11, 2002, First Financial stated unequivocally "First
Financial Insurance Company has no duty to defend Dean Bruington, DBA: DB
Enterprises . . ." (Emphasis added) This statement was made approximately eight months
before any complaint was filed. Unless First Financial had the gift of clairvoyance, it
could not know what allegations might be made in some future complaint. Since it is
only the allegations in the complaint that trigger the need for defense, and only from the
allegations could the possible reasons for denial of defense be determined, First Financial

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAWI (5291)  fax (907) 336-5292*

---

[46] *Tush v. Parr*, 68 P.3d 1239, 1249 (Alaska 2003), quoting *Allstate Ins. Co. v. Roelfs*, 698 F. Supp. 815, 817 (D.Alaska 1987)

[47] *Great Divide at 607, Fejes v. Alaska Ins. Co.*, 984 P.2d 519, 522 (Alaska 1999), *D.D. V. Insurance Co. Of North America*, 905 P.2d 1365 (Alaska 1995) at 1367, *Reinsurance Corp CHI of Alaska v. Employers*, 844 P.2d 1113, 1121 (Alaska 1993); *Sauer v The Home Indemnity Company*; 841 P.2d at 182-184 (Alaska 1992); *Alaska Pacific at 945; Afcan v. Mutual Fire, Marine & Inland Ins. Co.*, 595 P.2d 638, 645 (Alaska 1979)

Lutz v. First Financial Insurance Co.                                    Page 15 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

could not possibly have known at the time it sent the denial letter whether it had a duty to defend or not. Therefore, First Financial could not have adequately informed the insured of the basis or the reason of denial.[49] Consequently, the September 11, 2002 letter did not, and could not, explain why First Financial had no duty to defend. And so the letter does not constitute an adequate notice of denial of defense.

At no time, either before the complaint existed or after the defense was tendered, did First Financial explain the basis for denial of defense. Before the complaint was filed, an explanation based on the allegations in the complaint would have been impossible. And after the complaint was filed and notice tendered, the only response from First Financial was SILENCE. Therefore, First Financial did not provide Bruington with the legally required notice of denial of defense which is a material breach of its duties.

*Tim Cook*
*Attorney at Law*
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)   fax (907) 336-5292

---

[48] *Lloyds v. Fulton, 2 P.3d* 1199, 1204

[49] Allegations in the complaint that did "potentially" fall within policy coverage include:

> *9. During the excavation of the building footprint and preparation of the gravel pad, excavation subcontractor Mike Shelton was given certain specifications for excavation and fill from Bruington. The subcontractor's work was not performed according to contractor's instructions and specifications...10. The dwelling was completed... by November of 1999....25. ...Bruington failed to design and construct in such a manner that it would be compatible with permafrost and other unstable subsurface conditions...26. Bruington failed in his duty to warn Lutz that...the failure to ascertain subsurface conditions prior to building posed a significant risk of damages and structural failure...27. These failures, and other acts and omissions, have resulted in a structure whose foundation has fallen away from beneath the floors. Gaps of up to 20 inches have developed at some locations...32. Egress doors and windows are nonfunctional...33 Garage floor is slumped...34. Collapse of part or the whole of the two-story structure is a real and present danger...39.c. From the completion of the dwelling through at least the fall of 2001, Bruington continually and repeatedly reassured Luz that gaps, cracks, and other occurrences were normal and expected...*

Lutz v. First Financial Insurance Co.                                Page 16 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

*Tim Cook*
Attorney at Law
3001 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

## BRUINGTON WAS PREJUDICED

Under Alaska law, there is a presumption that the insured is prejudiced when the insurer commits substantial breaches of its duties under the policy.[50] The Alaska Supreme Court has made clear that the test for whether an insured suffered prejudice from material breaches is a "bright-line" as to whether the insured suffered any harm.[51] In order to establish prejudice, the plaintiff is required to show only that the insurer's conduct caused *some* harm to the insured.[52]

Having been given no explanation of why coverage was being denied and no explanation why a defense was being denied, Bruington had none of the information necessary to protect himself. He could not gather evidence to contest First Financial's decision without knowing what the decision was based on.[53] If he had been told  that the damage occurred outside the policy period was a reason for denial (as defendant now claims), he would have contacted the insurance company with which he held policies after First Financial and perhaps have obtained coverage and/or a defense through them.[54] He also could have made an effort, at the time the foundation was replaced, to search for evidence to prove more clearly the cause and the timing of the failure.[55] If he had been told that coverage was denied because of the 'your work' exclusion (as defendant now claims), or because the policy did not cover the work of subcontractors (as defendant now

---

However the duty to provide an adequate denial applies whether or not there are sufficient allegations.
[50] *Reinsurance Corp CHI of Alaska v. Employers.*, 844 P.2d 1113 (Alaska 1993); *Sauer v. Home Indemnity*, 841 P.2d 176 (Alaska 1992); *Continental Insurance Co. v. Bayless & Roberts*, 608 P.2d 281 (Alaska 1980).
[51] *Lloyd's v. Fulton*, 2 P.3d 1199, 1208
[52] *Lloyd's v. Fulton*, 2 P.3d 1199, 1207
[53] *Sauer v. Home Indemnity Co.*, 841 P.2d 176, 182 (Prompt notice of basis of denial necessary to avoid prejudice to insured from delays in gathering evidence essential to successfully challenge denial.)
[54] Exhibit N, Bruington Affidavit ¶ 13 & 14
[55] Once that work had been done, any evidence that may have countered First Financial's claim may have

Lutz v. First Financial Insurance Co.                                      Page 17 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

claims), or if he had been told that the law stated in the denial letter was NOT the law as interpreted by the Alaska courts, he could have sought advice from an attorney and perhaps have obtained coverage and a defense.

But with no reasons given as to why his claim was being denied, and the impression that not only his insurance company, but the law itself, was against him, Bruington was left stranded. He lacked the most basic information that Alaska courts have deemed is necessary for an insured to have a chance to protect himself. His insurer, the party he had paid to assume that fiduciary duty, had abandoned him.

When two months passed and the insurer made no response to his tender,[56] Bruington was left to file a *pro se* Answer to Lutz's Complaint that was both late and "nonconforming".[57] The insurer's abandonment necessarily changed the "relationship between the insurer and the insured",[58] and thus Bruington suffered prejudice.

## PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

15. Plaintiff contends there is no genuine issue as to the following material facts:

1) First Financial Insurance Company, Inc. is incorporated in the state of Illinois and is in the business of underwriting commercial property and casualty insurance. (Supported by Exhibit H, Defendant's Answer ¶ 4; Affidavit of Counsel certifying authenticity.)

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292*

---

been lost. This leaves Bruington vulnerable to a "spoilation of evidence" claim by First Financial.
[56] Exhibit N, Bruington Affidavit ¶ 20 & 21
[57] Exhibit H, Bruington Answer, was "nonconforming" and late, filed *pro se,* in response the *Lutz v. Bruington* Complaint.
[58] Fulton v. Lloyd's, 2 P.3d 1199, 1209 (Breach of duty to defend must be considered material breach unless the breach clearly has no adverse impact on relationship between insurer and insured.)

Lutz v. First Financial Insurance Co.                                    Page 18 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

2) Dean Bruington dba DB Enterprises was issued a commercial general liability policy, no F0117G412046 by defendant. (Supported by Exhibit H, Defendant's Answer ¶ 3; Affidavit of Counsel certifying authenticity.)

3) Dean Bruington filed a claim for damage to the Lutz house with First Financial. (Supported by Exhibit M, Bruington Affidavit ¶ 10; Exhibit ? Defendant's ANSWER ¶ 15; Affidavit of Counsel certifying authenticity. )

4) Northern Adjusters investigated the Bruington claim and produced two reports dated July 30, 2002 and August 30, 2002. (Supported by Exhibit C Northern Adjusters Report to First Financial, dated July 30, 1999, admitted to be a true copy in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #23; and, Exhibit D, Northern Adjusters Report to First Financial, dated August 30, 1999, admitted to be a true copy in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #22; Affidavit of Counsel certifying authenticity.)

5) First Financial sent Bruington a letter dated September 11, 2002, signed by Special Claims Manager Robert LaFrance, denying both indemnification and defense. (Supported by Exhibit E, September 11, 2002 denial letter; Exhibit M Bruington Affidavit ¶ 11 ;Admitted in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #11, Exhibit G; Affidavit of Counsel certifying authenticity.)

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAWI (5291)   fax (907) 336-5292

Lutz v. First Financial Insurance Co.                                    Page 19 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

6) Eric Lutz filed a complaint against Dean Bruington in Alaska Superior Court on May 5, 2003. (Supported by Exhibit F, *Lutz v. Bruington* Complaint; Affidavit of Counsel certifying authenticity)

7) Dean Bruington tendered the defense in the *Lutz v. Bruington* case to First Financial on May 14, 2003. (Supported by Exhibit  M, Fax Cover with Jury Demand;   Exhibit L, Admitted that jury demand was faxed to FFIC on May 14, 2003 in Defendant's Response to Plaintiff's First Discovery Requests, Request for Admissions #143; Exhibit    Bruington Affidavit ¶ 19; Affidavit of Counsel certifying authenticity)

8) Dean Bruington received no response to the May 14, 2003 tender of defense. (Supported by Exhibit N, Bruington affidavit ¶ 20; Affidavit of Counsel certifying authenticity)

9) Dean Bruington filed a *pro se*, late and non-conforming Answer in *Lutz v. Bruington. (*Supported by Exhibit H,  Bruington ANSWER, *Lutz v. Bruington;* Affidavit of Counsel certifying authenticity)

10) Eric Lutz is the assignee of all claims and rights of Dean Bruington against his insurer, First Financial. (Supported by Exhibit J, Assignment of Claim and Right; Affidavit of Counsel certifying authenticity)

11) The Alaska Superior Court issued a Partial Summary Judgment to Lutz on (Supported by Exhibit K - Order Granting Summary Judgment, *Lutz v. Bruington*; Affidavit of Counsel certifying authenticity )

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292*

Lutz v. First Financial Insurance Co.                                    Page 20 of 24
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

12) Following a damages hearing, the Alaska Superior Court awarded $5,601,128.00 in damages to Eric Lutz on December 21, 2004. (Supported by Exhibit-L, Final Judgment, *Lutz v. Bruington*; Affidavit of Counsel certifying authenticity.)

## SUMMARY JUDGMENT EVIDENCE

16. In support of its response, plaintiff includes the following evidence in the attached appendix:

    a.   <u>Affidavits.</u>  The affidavits of:

        i.  Dean Bruington

          Attached Bowen Engineering Report

          Attached CGL Policy Binders

        ii.  Tim Cook

    b.   <u>Admissions</u>

        i.  Defendant's Answer to Complaint, Lutz v. First Financial

        ii.  Defendant's Response to Plaintiff's First Combined Discovery

    c.   <u>Documentary Evidence</u>

        i.  Commercial General Liability Policy No. F0117G412046

        ii.  Northern Adjusters' letter of July 30, 1999

        iii.  Northern Adjusters' letter of August 30, 1999

        iv.  First Financial denial letter dated September 11, 2002

        v.  COMPLAINT, *Lutz v. Bruington* 3 AN 03 7096 CI

        vi.  Fax Cover Page and *Lutz v. Bruington* jury demand

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291) fax (907) 336-5292

vii. ANSWER, *Lutz v. Bruington* 3 AN 03 7096 CI

viii. Agreement and Release

ix.  Assignment of Claim and Right

x.  *Lutz v. Bruington* Summary Judgment Order

xi.  *Lutz v. Bruington* Final Judgment

## CONCLUSION

Plaintiff requests that this Court grant summary judgment, and find as a matter of law, that because First Financial materially breached its duty to provide a sufficient notice of denial of coverage and/or because defendant failed to respond to the tender of defense, that it is estopped from denying coverage.

For these reasons, plaintiff asks the court to grant this motion and render summary judgment in plaintiff's behalf.

Respectfully submitted this 9 day of December 2005, by

_____
Tim Cook
Alaska Bar Card 9007048

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)   fax (907) 336-5292

**CERTIFICATE OF SERVICE**

I hereby certify that on ___*12 · 9, 05*___, a true and correct copy of the <u>Plaintiff's Motion for</u>
<u>Summary Judgment</u>  was mailed to the following:

Andrew Guidi
Delaney, Wiles, Hayes, Gerety, Ellis, & Young, Inc.
1007 West 3rd Ave, Suite 400
Anchorage, Alaska


_____
Tim Cook

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAWI (5291)  fax (907) 336-5292*

Lutz v. First Financial Insurance Co.
Plaintiff's Motion for Summary Judgment
Case No. A04 0229 CV (JKS)

### LIST OF EXHIBITS

Exhibit A- Commercial General Liability Policy No. F0117G412046

Exhibit B- ANSWER TO COMPLAINT

       Lutz v. First Financial Insurance Co. Inc.,  A04-229-CV(JKS)

Exhibit C- Northern Adjusters Preliminary Report, dated July 30, 2002

Exhibit D- Northern Adjusters Closing Report, dated August 30, 2002

Exhibit E- First Financial Denial letter dated September 11, 2002

Exhibit F- COMPLAINT FOR DAMAGES,  Lutz v. Bruington, 3AN 03-7096 CI

Exhibit G- DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS

       FOR ADMISSIONS AND COMBINED DISCOVERY REQUESTS

Exhibit H- Non-Conforming ANSWER, Lutz v. Bruington, 3AN 03-7096 CI

Exhibit I-  Agreement and Release

Exhibit J-  Assignment of Claim and Right

Exhibit K- SUMMARY JUDGMENT ORDER, Lutz v. Bruington, 3AN 03-7096 CI

Exhibit L- FINAL JUDGMENT ORDER, Lutz v. Bruington, 3AN 03-7096 CI

Exhibit M-       Fax Cover Page and Fax of Jury Demand to First Financial

Exhibit N- Affidavit of Dean Bruington

Exhibit O- Affidavit of Counsel

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292*