Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
  (907) 279-3581
  (907) 277-1331 fax

Attorneys for Defendant
FIRST FINANCIAL INSURANCE COMPANY, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant.<br>_____ | No. A04-229-CV (JKS) |

**FIRST FINANCIAL INSURANCE COMPANY'S OPPOSITION TO LUTZ' MOTION TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff Eric Lutz' motion to amend and supplement his complaint (ECF # 40) should be denied because of his undue delay and because the filing of a new pleading now can prejudice First Financial Insurance Company ("FFIC") through disruption of the orderly consideration of currently pending motions for summary judgment.

Although Lutz represents that his new proposed pleading "simply supplements the facts" with newly learned facts, it does far more. First, it alleges facts that, if true, Lutz must have known long before he filed his initial complaint. But significantly, it also deletes and modifies numerous factual allegations, including some relevant to the motion for summary judgment FFIC filed in November 2005. (EFC # 28.) The proposed pleading also re-words allegations to try to avoid telling judicial admissions and even withdraws an exhibit that strongly evidences the collusion between the supposedly opposing parties, Lutz and Bruington (FFIC's insured), in the earlier state court case. The proposed pleading fails to meet the standards of rule 15(a) or 15(d). Accordingly, leave to file it should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1999, Lutz hired Bruington, a specialty contractor, to build his house. Construction was completed by late 1999. In 2003, Lutz sued Bruington in state court for poor construction, alleging in that complaint that damage to his house first appeared in "the late spring of 2000" in the form of "some minor hairline cracks . . . in the interior plaster finish."[1]

Lutz and Bruington settled their differences and Lutz released Bruington in exchange for, among other things, an assignment of Bruington's rights under his insurance contract with FFIC. Bruington then

---

1   Complaint in *Lutz v. Bruington,* ¶ 11, attached as Exh. B to FFIC's Motion for Summary

"laid down" for the rest of the lawsuit.  He did not respond to requests for admissions and they were deemed admitted.  Then, with those admissions as evidence, Lutz won an unopposed motion for summary judgment.  The amount of the ultimate judgment in that non-adversarial proceeding was a wildly bloated sum bearing no relation to any actual damage to the Lutz house.

Lutz initiated this lawsuit in September 2004, claiming alleged benefits under Bruington's insurance contract with FFIC.  But the insurance contract did not cover Bruington because all damages caused by the work of Bruington or any independent contractor are clearly excluded – and all damages to Lutz' house were caused by one or the other.  Further, the policy period expired on December 8, 1999 and Lutz cannot meet his burden to prove that any property damage (defined as "physical injury to tangible property") occurred before that date.  In fact, Lutz' pleading alleges that significant cracking did not begin until the "early summer of 2002."[2]

On November 2, 2005, FFIC moved for summary judgment based on the lack of any potential coverage due to the "independent contractor" and "your work" policy exclusions and on the lack of any damages during the policy period.  (ECF # 28.)  On December 9, 2005, Bruington moved for summary judgment based on a theory of coverage by estoppel.  (ECF # 34.)  Those motions are currently pending.

/ / /

/ / /

/ / /

/ / /

---

Judgment (ECF # 28).

/ / /

# ARGUMENT

## I. LEAVE SHOULD BE DENIED BECAUSE THE PROPOSED AMENDED COMPLAINT FAILS AS A SUPPLEMENTAL PLEADING

Lutz represents that his proposed amended complaint "simply supplements the facts alleged to reflect information obtained and events occurring since his original filing."[3] If this were true, FFIC would have no opposition to his filing the proposed complaint. Lutz also states that the primary addition to the proposed amended complaint is "the allegation as to entry of judgment in Lutz v. Bruington which was entered December 22, 2004."[4] Similarly, if this were accurate, FFIC would have no opposition, as that allegation concerns an event that took place after Lutz filed his initial complaint. But Rule 15 (d) only permits a party to supplement its pleading to set forth "transactions or occurrences or events <u>which have happened since the date of the pleading sought to be supplemented</u>"[5] and only paragraph 34 of the proposed amended pleading fits that description.

In fact, the proposed amended pleading adds six paragraphs of substantially new allegations and revises, by additions, deletions, and modifications, at least nine others.[6] It also excises the attachment to Lutz' initial complaint of the April 2004 assignment and release agreements between Lutz and Bruington, dated months <u>before</u> Lutz served his Request For Admissions in the state lawsuit and months before he

---

2   Complaint, ¶ 13.
3   Lutz Memorandum in Support at p. 2.
4   *Id.*
5   *Fed. Rule Civ. Proc. 15(d); Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir. 1988) (emphasis added).
6   Paragraphs 14, 15, 16, 23, 28, and 34 of the Proposed Amended Complaint contain substantial new allegations. Paragraphs 3, 5, 6, 15, 19, 22, 23, 28, and 29 contain allegations that have been revised, have new allegations added, and/or have had allegations deleted.

4

filed his motion for summary judgment against Bruington.[7]  Indeed, to try to avoid judicial admissions, Lutz even deleted from his proposed pleading his allegation of the date of the Agreement and release between Bruington and himself.[8]  Finally, in an apparent effort to "beef up" his opposition to FFIC's pending motion for summary judgment, Lutz has added new factual allegations concerning the condition of his house years before his initial complaint was filed.[9]  Because these allegations concern alleged events from prior to when Lutz filed his initial complaint, leave to file them in a supplemental pleading under Rule 15(d) should be denied.

## II     LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED BECAUSE OF PREJUDICE TO FFIC AND LUTZ' UNDUE DELAY

Although leave to amend is to be freely given "when justice so requires" pursuant to Rule 15(a), "a district court may deny leave to amend where there is any apparent or declared reason for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment."[10]  The granting or denial of leave to file rests in the sound discretion of the trial court.[11]  Here, leave should be denied because: (1) filing when FFIC's motion for summary judgment is pending will prejudice FFIC and give Lutz a tactical advantage; and (2) Lutz is guilty of undue delay in seeking leave to amend.

First, the rule is longstanding that a proposed amended complaint should be scrutinized carefully if leave to file is sought while a motion for summary judgment is pending.  As the Ninth Circuit stated in *Schlacter-Jones*, a motion for leave to amend is not a vehicle to circumvent summary judgment.[12]

---

7  Compare Complaint, ¶ 24 and its Exhibit A with Proposed Amended Complaint, ¶ 28.
8  Compare Complaint, ¶ 25 with Proposed Amended Complaint, ¶ 29.
9  *See e.g.*, Proposed Amended Complaint, ¶¶ 14-16.
10  *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir.1991), internal citations omitted.
11  *See e.g., Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).
12  *Schlacter-Jones v. General Telephone of California*, 936 F.2d 435, 443 (9th Cir. 1990), citing

Thus, when a motion for summary judgment is pending, leave is often denied due to prejudice to the opposing party. As the Seventh Circuit Court of Appeals recognized in *Cowan*, a plaintiff who proposes to amend his complaint after the defendant has moved for summary judgment may just be maneuvering to save his case."[13] In accord, many courts have held that when an amendment to a complaint is proposed after the defendant has moved for summary judgment, the plaintiff must show that the amendment is supported by "substantial and convincing evidence."[14]

The two grounds for FFIC's pending motion for summary judgment are that no physical injury to Lutz' tangible property took place before December 8, 1999 and that any damages caused by the work of Bruington or any independent contractor is fully excluded from coverage. Lutz now proposes to add allegations that the building was damaged "during the first winter" (1999-2000), that more serious damage took place by the spring of 2000, and to allege the identity of an independent contractor who installed his concrete garage floor.[15] Although these new allegations offer nothing to overcome FFIC's factual and legal showing, their very existence in a pleading filed after the motion for summary judgment complicates the motion for FFIC and the court. Indeed, unless Lutz admits that the contractor he proposes to add allegations about is an "independent contractor," FFIC may need to re-brief its

---

*M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983); *See Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 3 (N.D. Cal. 1974), aff'd, 540 F.2d 458 (9th Cir. 1976) (per curiam).

13 *Cowen v. Bank United of Texas*, 70 F.3d 937, 944 (7th Cir. 1995).

14 *Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999) *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)("in that context, a plaintiff's motion to amend is an attempt to alter the shape of the case in order to defeat summary judgment."); *Cowen v. Bank United of Texas*, 70 F.3d 937, 944 (7th Cir. 1995); *Resolution Trust Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994); *Carey v. Beans*, 500 F. Supp. 580, 582 (E.D. Pa. 1980), aff'd, 659 F.2d 1065 (3d Cir. 1981); *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 145 (D. N.J. 1998).

15 Proposed Amended Complaint, ¶¶ 14-16.

motion to introduce such evidence.[16]

Further, the Ninth Circuit has held that in certain circumstances, delay alone in seeking amendment can weigh heavily against granting leave to amend.  Not only has Lutz delayed 16 months since his initial pleading was filed, but he proposes adding allegations of alleged events that took place long before his initial complaint was filed.  Leave to amend has been denied where the moving party either knew or should have known of the proposed new facts when drafting the original pleading, but did not include them in the original pleading.[17]  And here, Lutz lived in the house and worked on the construction project himself, so if the allegations are true, he knew, or should have known, of them before he filed his initial complaint.

The situation here is similar to those in *Schlacter-Jones*[18] and *Gordon*.[19]  In each of those cases, the plaintiff filed a motion for leave to amend its pleading more than a year after filing its complaint and after the defendant had moved for summary judgment.  In each case, leave to amend was denied in part based on the plaintiff's tardiness and a pending motion for summary judgment.  Here too, leave should be denied.

/ / /

/ / /

/ / /

/ / /

---

16  Although the proposed complaint alleges the fact that this entity installed a concrete floor, it never claims that any damages are based on his work.

17  *Kaplan v. Rose* 49 F.3d 1363, 1370 (9th Cir. 1994).

18  936 F.2d 435 (9th Cir. 1990).

19  *Gordon, v. North Am. Co. For Life and Health*, 2000 U.S. Dist. LEXIS 15799 at *10-14 (S. D. Cal. 2000) (attached as Exhibit A).

7

/ / /

/ / /

## CONCLUSION

For the reasons set forth above, the Court should deny the Lutz motion to file and amended and supplemental complaint at this time.

DATED at Anchorage, Alaska this 9th day of January, 2006.

                                            DELANEY, WILES, HAYES,
                                            GERETY, ELLIS & YOUNG, INC.
                                               *Attorneys for Defendant*

s/_____
Andrew Guidi
1007 West Third Avenue, Suite 400
Anchorage, Alaska   99501
907-279-3581/907-277-1331
ag@delaneywiles.com
Alaska Bar No.:  8312171

**CERTIFICATE OF SERVICE:**

I hereby certify that on the 9th day of January, 2006, FIRST FINANCIAL INSURANCE COMPANY'S OPPOSITION TO LUTZ'S MOTION TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT was served electronically and via USPS postage prepaid on:

Tim Cook, Esq.
tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK  99516

_____

Andrew Guidi/112364