IN SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Eric Lutz, )
)
        Plaintiff, )
)
vs. )
)
Dean Bruington, )
dba DB Enterprises, )
)
        Defendant. )
_____)
Case No. 3AN- 03-07096 CI

**COMPLAINT FOR DAMAGES**

**(BREACH OF WARRANTY OF HABITABILITY;**

**BREACH OF WARRANTY OF WORKMANSHIP; MISREPRESENTATION)**

**Jurisdiction, Venue, and Parties**

    1. The Superior Court of Alaska has jurisdiction pursuant to AS 22.10.020 and venue is proper as the cause of action arose within the Third Judicial District.

    2. Eric Lutz is a natural person who resides on Memory Lane in the Spruceview Subdivision near Glennallen, Alaska.

    3. Dean Bruington is a natural person who operates a contracting business, under Alaska Contractor License

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax(907) 336-5292

000454

Exhibit C
Page 1 of 11

Number 26008, in the Glennallen area and does business as DB Enterprises with a mailing address at P.O. Box 158, Gakona, Alaska 99586.

**Statement of Facts**

4. During the spring of 1999, Eric Lutz contracted with Dean Bruington, dba DB Enterprises, to have a dwelling constructed on Lot 1, Block 2, Spruceview Subdivision, near Glennallen, Alaska.

5. Eric and Marsha Lutz obtained a construction loan from National Bank of Alaska in the amount of $129,360.00.   During the course of the building project, checks drawn on the account containing the construction loan receipts were disbursed to Bruington.

6. By invoice number 1, dated April 16, 1999, Bruington charged Eric Lutz $1,000.00 for "Architecture/ Design" work and blueprints.

7. Bruington failed to perform adequate testing of soil and subsurface conditions prior to design and construction, despite the fact that the Glennallen area is known to contain discontinuous permafrost.

8. Bruington not only failed to ascertain whether or not permafrost was present before the dwelling was constructed, but then failed to design and construct a dwelling that would be compatible with the presence of

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax(907) 336-5292

permafrost.

9. During the excavation of the building footprint and preparation of the gravel pad, excavation subcontractor Mike Shelton was given certain specifications for excavation and fill from Bruington. The subcontractor's work was not performed according to contractor's instructions and specifications.

10. The dwelling was completed and ready for occupancy by November of 1999. The Lutzs moved in and spent their first winter residing in the new home.

11. In the late spring of 2000, some minor, hairline cracks had appeared in the interior plaster finish. When contacted about this, Bruington assured Lutz that plaster cracks are normal and expected. Lutz noticed no evidence of any problems with the foundation, structure of the building or its habitability.

12. In the fall of 2000, Eric Lutz noticed that cracks were occurring in the drywall itself. Lutz expressed his concerns about this condition to Bruington and Bruington visited and inspected the dwelling. However Bruington reassured Lutz that these occurrences were normal and should not cause concern.

13. During the period from late 2000 to the fall of 2001, Eric Lutz noted evidence of stresses in the structure. These included gaps appearing between the bottom

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*tele. (907) 336-LAW1 (5291)   fax (907) 336-5292*

plate under the floor and the studded stem wall that supported the structure on the concrete footer. In addition doors and windows began to stick.

14. Lutz contacted Bruington about these developing conditions. Bruington came to the dwelling in the fall of 2001 and made repairs by moving the original supports under the structure and installing adjustable jacks to support the middle of the structure.

15. At this time, fall 2001, Bruington reassured Lutz yet again. Bruington represented that he would make a complete repair once the structure had stabilized, which, Bruington stated, would take at least several months.

16. Over the winter of 2001/2002 the structure not only failed to stabilize, but deteriorated further despite regular readjustment of the screw jacks by Lutz. When water supply pipes froze in the garage that December, a spill of up to several hundred gallons of water occurred.

17. In the summer of 2002, Bruington inspected the premises. At this point, the egress doors and windows were sticking and/or nonfunctional. Significant cracks, up to 1 1/2 inches wide had opened in the drywall at numerous places throughout the structure. The poured slab concrete floor in the attached garage had slumped and a gaping space of more than a foot had opened up between the bottom of the garage walls and the poured slab.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW/1 (5291)   fax(907) 336-5292

18. At this point Bruington told Lutz that he was no longer either willing or able to effect repair of the deteriorating structure. Bruington then delivered to Lutz the name of his insurance agent, Alaska Business Insurance, and the insurance company, First Financial Insurance, and a policy number for his contractor's Commercial General Liability policy. Bruington put a claim in on this contractor's CGL insurance.

19. An adjuster from Northern Adjusters, David Buness, inspected the premises on July 22, 2002. Lutz assisted with making measurements and provided a copy of the building plans. Before leaving, the adjuster told Lutz that Lutz would be contacted about the disposition of the claim.

20. Despite Lutz's repeated calls and attempts to make contact over the next several months, neither Buness, Northern Adjusters, nor First Financial contacted Lutz to inform him about First Financial's decision to deny coverage of Bruington's claim.

21. On November 22, 2002, Lutz arranged for Stan Peters of Wolf Point Construction and William Wilcox of Keystone Engineering LLC to inspect the dwelling and its foundation.

22. In December, Lutz retained legal counsel. Attorney Tim Cook of Valdez mailed a final repair demand to Bruington, dated January 8, 2003. However Bruington has

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)    fax(907) 336-5292

Lutz v. Bruington
Complaint

5

000456

Exhibit C
Page 5 of 11

neither attempted nor promised to repair the serious and unsafe defects in the Lutz dwelling.

## FIRST CAUSE OF ACTION

### Breach of Warranty of Workmanship

23. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

24. Prior to construction of the Lutz dwelling, Bruington failed to perform adequate soil testing, including, but not limited to, boring holes of sufficient depth to determine the extent of permafrost or other unstable subsurface conditions.

25. In the face of the fact that discontinuous permafrost is known to exist in the area and the failure to obtain actual knowledge concerning the subsurface conditions at the building site itself, Bruington failed to design and construct the dwelling in such a manner that it would be compatible with the existence of permafrost and other unstable subsurface conditions.

26. Bruington failed in his duty to warn Lutz that the failure to design the dwelling for permafrost conditions and the failure to ascertain subsurface conditions prior to building posed a significant risk of damages and structural failure should permafrost or other unstable subsurface conditions exist at the building site.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax(907) 336-5292

Lutz v. Bruington
Complaint

000459

Exhibit C
Page 6 of 11

27. These failures, along with other acts and omissions, have resulted in a structure whose foundation has fallen away from beneath the floors. Gaps of up to 20 inches have developed at some locations. Only continual adjustment of a series of screw jacks placed in the crawlspace by Bruington has maintained any structural integrity and prevented collapse.

28. Bruington's acts and omissions have breached the implied warranty of good and workmanlike construction in that Bruington failed to build the dwelling as an ordinarily prudent person engaged in similar work would have done under similar circumstances.

29. In addition, Bruington's acts and omissions have breached the builder's duty to warn Lutz of defects in the design and construction of the dwelling which were likely to cause the building to fail, which defects Bruington either knew of or reasonably should have known of.

30. As a direct and proximate result of these breaches, Lutz has suffered damages that include the cost of repair or replacement of the dwelling, the cost of replacement housing while repair or replacement occurs, the cost of moving into alternative housing and back into the repaired or replaced residence, the additional transportation costs if alternative housing cannot be located within a comparable distance to work, loss of work,

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax(907) 336-5292

and mental anguish.

## SECOND CAUSE OF ACTION

### Breach of Warranty of Habitability

31. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

32. Egress doors and windows are nonfunctional. If closed they are liable to jam and be inoperable for ordinary use or in an emergency. If left partially open to assure egress, no effective barrier exists to exclude cold, snow, insects, and animal or human intruders.

33. Garage floor is slumped so severely that gaps have formed at bottom of wall wide enough for Lutz's infant son to crawl or fall through into the under floor crawlspace.

34. Collapse of part or the whole two-story structure is a real and present danger as only a series of jury-rigged screw jacks now preserves the integrity of the dwelling.

35. These and other conditions constitute a breach of the implied warranty of habitability which requires the builder to provide a dwelling that is safe and fit for human habitation residence.

36. As a direct and proximate result of Defendant's breach of the warranty of habitability,

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax(907) 336-5292

Plaintiff has suffered the damages set forth in the first count above.

### THIRD CAUSE OF ACTION

### Misrepresentation

37. Plaintiff incorporates by reference all facts and allegations set forth in this complaint.

38. At all times relevant hereto, Bruington had a duty to build, and to perform those repairs necessary to satisfy the warranties of workmanship and habitability, in a careful, workmanlike manner within a reasonable time, and had a further duty to disclose to Plaintiff any defects or nonconformities which could not be cured within a reasonable time.

39. At all times relevant hereto, Bruington breached the aforesaid duty of disclosure by representing, either affirmatively or by omission, that the aforedescribed defects could and would be seasonably cured, when he knew, or in the exercise of reasonable care, should have known the same to be untrue. Among the specific facts that establish misrepresentations are:

   a. To induce Plaintiff to hire Bruington to construct the dwelling, Bruington represented that he would construct a good and habitable dwelling on the Lutz lot at Melody Lane in the Spruceview Subdivision;

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax (907) 336-5292

b. During construction, on at least one occasion, Bruington made oral representations that the dwelling was being constructed in such a manner to be compatible with any permafrost that might exist on the site;

c. From the completion of the dwelling through at least the fall of 2001, Bruington continually and repeatedly reassured Lutz that gaps, cracks, and other occurrences were normal and expected occurrences in a newly constructed house and were readily repairable, and that Bruington would repair; and,

d. When extensive repairs were being made to the dwelling's foundation supports in the fall of 2001, Bruington assured Lutz that once the dwelling had stabilized, Bruington would return and effect permanent repair.

40. Bruington made the aforesaid representations, knowing the same to be false or with reckless disregard as to whether they were true or false or, alternatively, innocently but with the intent that Plaintiff Lutz would rely on same.

41. Plaintiff reasonably relied on Bruington's representations to his detriment, as herein before alleged.

42. Bruington benefited from Plaintiff's reliance and aforesaid representations.

43. As a direct and proximate result of

*Tim Cook*
*Attorney at Law*
*3901 Taiga Drive, Anchorage, Alaska 99516*
*tele. (907) 336-LAW1 (5291)   fax (907) 336-5292*

Exhibit C
Page 10 of 11

Bruington's aforedescribed negligence and misrepresentation, Lutz has suffered the damages set forth in the first Count above.

**WHEREFORE Plaintiff prays for judgment as follows:**

(1) For actual damages, including incidental and consequential damages, in excess of $50,000.00 (fifty thousand dollars) according to proof at trial;

(2) For punitive damages, in an amount to be determined at trial, for misrepresentations and willful, wanton, and malicious disregard for the rights of the Plaintiff;

(3) For equitable relief including, but not limited to repair of the Lutz dwelling;

(4) For attorney's fees and costs of suit incurred herein; and

(5) For such other and further relief as the court deems just and proper under the circumstances.

Dated this 5 day of May, 2003.

_____
Tim Cook
Alaska Bar Card No. 9007048

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
tele. (907) 336-LAW1 (5291)   fax(907) 336-5292