IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

Eric Lutz, )
)
      Plaintiff, )
)
vs. )
)
Dean Bruington, )
dba DB Enterprises, )
)
      Defendant. )
_____ )

Case No. 3AN-03- 07096  CIV

FILED in Trial Court
State of Alaska
JUL 23 2004
Clerk of the Trial ___
By ___

**PLAINTIFF'S BRIEF IN SUPPORT OF**

**MOTION FOR SUMMARY JUDGMENT**

**AND REQUEST TO SCHEDULE DAMAGE HEARING**

CASE SYNOPSIS

In the spring of 1999, Eric Lutz, plaintiff, engaged Dean Bruington DBA DB Enterprises (hereafter Dean Bruington), defendant, as General Contractor to construct a home at 000 Memory Lane, Glennallen, Alaska. The home was completed in November 1999. After construction was complete, the home began to subside, twist, and sink (the garage floor was displaced by more than 18 inches).

In the summer of 2002, Bruington contacted his insurance carrier, First Financial Insurance Inc. concerning the damage of the home. First Financial had an adjuster

Lutz v. Bruington
3AN-03- 07096
Brief in Support of Summary Judgment

Exhibit E
Page 1 of 7

1 of 7

inspect the home in the summer of 2002. In correspondence dated September 11, 2002 First Financial disavowed coverage and stated that "...First Financial Insurance Company has no duty to defend Dean Bruington, DBA: DB Enterprises and will not indemnify it for any settlement or judgment rendered in this matter."(Exhibit 6).

Lutz instituted suit against Bruington. An agreement was reached, whereby Bruington engaged a specialized engineering firm that elevated the home and installed an elaborate steel pile and girder foundation beneath the home. Bruington also made extensive repairs to walls, ceilings, windows, doors, etc.

As part of that agreement, Bruington assigned his rights against his insurer(s) to Eric Lutz, and Eric Lutz agreed not to enforce any judgment reached in this matter against Bruington personally.

LEGAL STANDARD

The legal standard for a Civil Rule 56 Motion for Summary Judgment is that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law on the established facts. Beilgard v. State 896 P2d 230 (Alaska 1995). The rule provides that Summary Judgment can rely on affidavits, depositions, interrogatories, pleadings, and admissions. Jourdan v. Nationsbanc Corp. 42 P3d 1072 (Alaska 2002).

In the instant case, the facts are established by: A) the Complaint and the Defendant's answer thereto (Plaintiff's <u>Complaint for Damages</u> ( Exhibit 1) and defendant's <u>Nonconforming Answer to the Complaint</u> (Exhibit 2)); B) the defendant's

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

Lutz v. Bruington
3AN-03-07096
Brief in Support of Summary Judgment

Exhibit E
Page 2 of 7

2 of 7

deemed admissions[1] (Plaintiff's Combined Request for Admissions and Interrogatories, Exhibit 3; C) affidavit of Attorney Tim Cook, (Exhibit 4)); D) the Sworn Statement of Eric Lutz (Exhibit 5), and E) First Financial Insurance Company's correspondence date Septemebr 11, 2002(Exhibit 6).

The Alaska Supreme Court has held that Summary Judgment may be based on deemed admissions if such are dispostive. Riley v. Northern Commercial Co., 648 P2d 961 (Alaska 1982). The deemed admissions along with the sworn statement, complaint and answer, and other evidence can clearly support a Rule 56 Summary Judgment Motion.

FACTS

Dean Bruington holds Alaska Contractor license number 26008. (Answer to paragraph 3 of the Complaint). Bruington acted as the General Contractor for construction of the home located at 000 Memory Lane, Glenallen, Alaska. (Answer to paragraph 4 of the Complaint, Admission Number 1). Construction of the home began in the spring of 1999 (Id.), and was completed in November of 1999, (Answer to paragraph 10 of the Complaint).

During construction Bruington engaged the services of excavation sub-contractor Mike Shelton to perform site preparation including excavation and fill. (Answer to paragraph 9 of the Complaint, Admission 36, and Lutz Sworn Statement at page 19-22). The excavation sub-contractor was given explicit and detailed instructions as to the site preparation and foundation work. (Admission 38). The excavation sub-contractor did not

---

[1] Civil Rule 36(a) states: The matter is admitted unless, within 30 days after service of the request…the party to whom the requests is directed serves upon the party requesting the admission a written answer or an objection…" Eric Lutz served Dean Bruington "Request for Admissions" by mail on June 10, 2004.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

Lutz v. Bruington
3AN-03- 07096
Brief in Support of Summary Judgment

Exhibit E
Page 3 of 7

adhere to and follow the precise directions and specifications that he was given. (Admission 39).

After completion, the home began to settle and suffered significant damage due to structural failure. These included large gaps appearing between the bottom plate under the floor and the stud wall, portions of the floor were displaced by more than 18 inches, cracks and gaps in the walls, windows and doors that would not function, and a serious jeopardy of collapse of the home. (Answer to paragraph 13 and 14 of the Complaint, and Admissions 4, 9 - 14, and Lutz Sworn Statement page 42- 65).

The cause of the structural failure was a result of the subcontractor's failure to follow instructions and specifications for site preparation and foundation work given to him by Bruington (Admission 5 and 41). Dean Bruington admitted that as the General Contractor for the Lutz home, he is liable for all harm suffered by Eric Lutz and his family as a result of the faulty construction of the home. (Admission 34).

LAW

Bruington as the general contractor for the home took on the duty to construct a home that was habitable and reasonable fit for its intended purpose. The home was not habitable and was not reasonable fit for its purpose, therefore Bruington breached his duty. Alaska Pacific Assurance v. Collins, 794 P.2d 936 at 939 (Alaska 1990); Lewis v. Anchorage Asphalt Paving Company, 535 P.2d 1188 at 1196 (Alaska 1975)

The Alaska Supreme Court stated in Advance v. Wilkins, that "…when a building contractor breaches a construction contract by incomplete or defective performance"

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

---

Defendant has not answered the Request (per affidavit of Attorney Tim Cook Exhibit 3), therefore, the Admissions are deemed admitted.
Lutz v. Bruington
3AN-03- 07096
Brief in Support of Summary Judgment

Exhibit E
Page 4 of 7

damages can be had and are calculable. Advanced v. Wilkins, 711 P2d 524 at 526 (Alaska 1985), and cited with approval Hancock v. Northcutt, 808 P.2d 251, 255 (Alaska 1991).

In the case at bar Bruington has admitted that he is liable for the harm to Eric Lutz and his family as a result of the construction of the home. (Admission 34). The only remaining issue is to determine damages.

## UNFAIR TRADE PRACTICES VIOLATION

Dean Bruington made representations that the construction of the home would be of good quality and of sound construction. In effect, that the home would be reasonable fit for its intended purpose and habitable. It was not. Whether those representations were innocent or not, they are a violation of Alaska's Unfair Trade Practices Act. The relevant part of the act is:

> Sec. 45.50.471. Unlawful acts and practices.
>
> (b) The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts:
>> (6) representing that goods or services are of a particular standard, quality, or grade...
>> (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or...with the sale or ... goods or services;

Its clear that Bruington represented the construction of the home would be of good quality, sound, fit for its purpose, and habitable. On the facts and admissions presented, it is also clear that the home was not as represented. It is irrelevant as for as the Act is concerned, whether those misrepresentations were innocent or knowing. The Act requires only that there was a misrepresentation, on which the purchaser relied upon, to

Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)   fax (907) 336-5292

3AN-03- 07096
Brief in Support of Summary Judgment

Exhibit E
Page 5 of 7

5 of 7

his detriment. In this case, Bruington made representations to Lutz, Lutz relied upon them to his detriment, and those representations were false. Therefore, Bruington breeched the provisions of AS 45.50.471.

CONCLUSION

Based on the facts and law, we ask the Court to grant Summary Judgment in favor of Eric Lutz. We also ask the court to make the following findings:

1) Eric Lutz engaged Dean Bruington, to act as the General Contractor for the construction of a home located at 000 Memory Lane, Glenallen Alaska;

2) During construction, Dean Bruington employed a subcontractor to excavate, fill and otherwise prepare the site for construction of the home;

3) the subcontractor failed to follow the prescribed specifications, for preparing the construction site;

4) as a result of the improper preparation of the construction site, the home suffered structural failure that rendered the home not habitable and not fit for its intended purpose;

5) that the construction of the home was misrepresented, was defective, and as a result, Dean Bruington is in violation Alaska's Unfair Trade Practices Act, AS 45.50.471, and;

6) as the General Contractor for the project, Dean Bruington is liable to Eric Lutz for damages, costs, and attorney's fees as a result of the failed construction.

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

Lutz v. Bruington
3AN-03- 07096
Brief in Support of Summary Judgment

Exhibit  E
Page  6  of  7

6 of 7

If the Court chooses to grant the Plaintiff's Motion for Summary Judgment, then it is requested that the Court schedule a hearing to determine the appropriate amount of damages, costs, and attorney's fees to be awarded Eric Lutz.

Respectfully submitted,

*T. Cook* 7/23/04
Tim Cook, Attorney for Plaintiff
Alaska Bar Card #9007048

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW1 (5291)  fax (907) 336-5292

Lutz v. Bruington
3AN-03-07096
Brief in Support of Summary Judgment

Exhibit E
Page 7 of 7

7 of 7