IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. A04-229-CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STATE OF ALASKA    )
                         ) ss.
THIRD JUDICIAL DISTRICT  )

### AFFIDAVIT OF DAVID BUNESS

DAVID BUNESS, being first duly sworn on oath, does hereby state and affirm:

1. I have personal knowledge of the facts stated in this affidavit and I am competent to testify concerning them.

2. In 2002 I was employed by Northern Adjusters, Inc. ("Northern Adjusters") as an adjuster. Northern Adjusters was retained by First Financial Insurance Company ("First Financial") to investigate and adjust claims in south central Alaska. I was assigned to inspect Eric Lutz's house and investigate his claim

Exhibit K
Page 1 of 3

against Dean Bruington/DB Enterprises (Claim Number of 112459, File Number of 702-0005 DDB).

3. When First Financial notified Northern Adjusters that a claim was being made by Eric Lutz against First Financial's insured, DB Enterprises, I was not notified of any date of loss. See Exhibit A (First Financial New Loss Assignment).

4. During my investigation of Eric Lutz's house, which I conducted in the summer of 2002, Mr. Lutz informed me that construction of his house was completed on approximately October 30, 1999. Mr. Lutz did not provide me with an exact date regarding when he first noticed property damage to his house.

5. In the letters and reports that I drafted regarding my investigation, I utilized October 30, 1999 as the date of loss applicable to Mr. Lutz's claim because that was the date that Mr. Lutz told me construction was completed. See Exhibit B. During my investigation, I did not discover any evidence that indicated that Mr. Lutz's house suffered property damage prior to the spring of 2000. I was not then aware, nor am I now aware of any property damage occurring to Eric Lutz's house prior to the spring of 2000. Neither before, during, or after my investigation did Eric Lutz inform me that his house suffered any property damage before the spring of 2000. In the absence of any other specific date to assign this loss, I arbitrarily adopted

AFFIDAVIT OF DAVID BUNESS  
*Lutz, et al v. First Financial Insurance Company, Inc;*  
Case No. A04-229-CV (JKS) Civil

Page 2 of 3

Exhibit K  
Page 2 of 3

the construction completion date as the date of loss for my reports.

6. The exhibits attached to this affidavit are true and accurate copies.

FURTHER SAYETH YOUR AFFIANT NAUGHT.

DATED at Anchorage, Alaska this 21 day of September, 2005.

_____
DAVID BUNESS

SUBSCRIBED AND SWORN to before me this 21st day of September, 2005.

OFFICIAL SEAL
STATE OF ALASKA
NOTARY PUBLIC
CYNTHIA DOUGHERTY
My Comm. expires: _____

_____
Notary Public for Alaska
My Commission Expires: 4/18/09

108127

AFFIDAVIT OF DAVID BUNESS
Lutz, et al v. First Financial Insurance Company, Inc;
Case No. A04-229-CV (JKS) Civil

Page 3 of 3

Exhibit 1
Page 3 of 3