# COUCH ON INSURANCE 3D

THOMSON
★
WEST

40429694si 9/05

Exhibit  R
Page  1  of  9

### § 21:22 —Conflict with Policy

While an endorsement is not to be construed more broadly than the fair import of its terms considered in connection with the whole of the policy,[93] and riders must likewise be read in the light of the policy,[94] when a rider or endorsement modifies, qualifies, or restricts the terms of the original policy, the rider or endorsement controls.[95]

However, where a conflict exists between typewritten words on the face of a policy and a printed endorsement, the rule that typewritten portions of the contract control over printed portions of the contract is applied, rather than the rule that an endorsement will be given effect when in conflict with the body of the policy.[96] In addition, provisions conspicuously printed on the back of an

---

[93] Prather v. American Motorists Ins. Co., 2 N.J. 496, 67 A.2d 135 (1949); Bartley v. National Union Fire Ins. Co., 824 F. Supp. 624, 21 U.C.C. Rep. Serv. 2d (Callaghan) 240 (N.D. Tex. 1992).

Manufacturer's output policy endorsement which increased liability limits for specified locations applied only to those coverages listed in the endorsement, and did not apply to consequential damages provided for in a separate endorsement, and not listed in the limit of liability endorsement. Adorable Coat Co. v. Connecticut Indem. Co., 157 A.D.2d 366, 556 N.Y.S.2d 37 (1st Dep't 1990).

[94] Bankers Life Co. v. Aetna Casualty & Surety Co., 366 N.W.2d 166 (Iowa 1985).

[95] Reserve Ins. Co. v. Staats, 9 Ariz. App. 410, 453 P.2d 239 (1969); Certain Underwriters v. Engs Motor Truck Co., 135 Cal. App. 3d 831, 185 Cal. Rptr. 613 (1st Dist. 1982); Martinez v. Hawkeye-Security Ins. Co., 195 Colo. 184, 576 P.2d 1017 (1978); Jefferson Downs, Inc. v. American General Ins. Co., 214 So. 2d 244 (La. Ct. App. 4th Cir. 1968), cert. granted, 253 La. 65, 216 So. 2d 308 (1968) and appeal dismissed, 256 La. 244, 236 So. 2d 27 (1969); Truck Ins. Exchange v. Marks Rentals, Inc., 288 Md. 428, 418 A.2d 1187 (1980); Bobich v. Oja, 258 Minn. 287, 104 N.W.2d 19 (1960); MFA Mut. Ins. Co. v. Dunlap, 525 S.W.2d 766 (Mo. Ct. App. 1975); Western Heritage Ins. Co. v. Chava Trucking, Inc., 991 F.2d 651 (10th Cir. N.M. 1993); First Far West Transp., Inc. v. Carolina Casualty Ins. Co., 47 Or. App. 339, 614 P.2d 1187 (1980); Long v. Adams, 280 S.C. 401, 312 S.E.2d 262 (Ct. App. 1984); Brown v. Tennessee Auto. Ins. Co., 192 Tenn. 60, 237 S.W.2d 553 (1951); U.S. Fire Ins. Co. v. Aetna Casualty & Surety Co., 781 S.W.2d 394 (Tex. App. Houston 1st Dist. 1989).

Where attachment to policy conflicts with terms of policy, attachment will control; thus, where endorsement excluding insured's daughter as insured driver was physically attached to renewal declaration sheet and second copy was attached to amended declaration sheet and mailed to insured, endorsement effectively excluded coverage of insured's daughter, even though in subsequently issued policy renewals, endorsement was mentioned only by reference to contract number of endorsement. Kanter v. Louisiana Farm Bureau Mut. Ins. Co., 587 So. 2d 9 (La. Ct. App. 3d Cir. 1991).

Broader language of malpractice endorsement prevailed over narrower language of underlying automobile liability policy, and therefore there was coverage under endorsement for claim against insured doctor by associate who contended insured had slandered him or her during hospital board meeting. St. Paul Fire & Marine Ins. Co. v. United States Fire Ins. Co., 655 F.2d 521 (3d Cir. Pa. 1981) (applying Pa. law).

[96] Ivy Nelson Grain Co. v. Commercial Union Ins. Co., 80 N.M. 224, 453 P.2d 587 (1969).

---

§ 21:22                             COUCH ON INSURANCE 3D

accident policy, and purporting to sum up what is embraced in the policy, constitute a part of the contract, and will control a contradictory special provision printed in small type on the face of the policy.[97]

### § 21:23 Application

If the application is a part of the contract of insurance, as it usually is,[98] the policy and the application must be construed together for the purpose of determining the intent of the parties to the contract,[99] with reference to their rights and liabilities.[1]

As in the case of the terms of the contract proper,[2] the words in an application should be construed according to their ordinary and popular sense.[3] An

---

A printed insurance policy exclusion and typewritten-added endorsement must be read together when there is a question as to their meaning and must be construed together unless they are irreconcilable. If the typewritten endorsement conflicts with the general provisions of the policy, the endorsement will prevail and the policy remains effective as altered by the endorsement. Insurance Co. of Pennsylvania v. West Plains Air, Inc., 637 S.W.2d 444 (Mo. Ct. App. 1982).

[97] Hessler v. Federal Casualty Co., 190 Ind. 68, 129 N.E. 325, 14 A.L.R. 1329 (1921).

[98] Najor v. Wayne Nat'l Life Ins. Co., 23 Mich. App. 260, 178 N.W.2d 504 (1970); Ridenhour v. Life Ins. Co., 46 N.C. App. 765, 266 S.E.2d 372 (1980).

See Couch on Insurance 3d, §§ 18:1 et seq.

[99] Royal Neighbors of America v. Fortenberry, 214 Ala. 387, 107 So. 846 (1926); Merchants' Mut. Fire Ins. Co. v. Harris, 51 Colo. 95, 116 P. 143 (1911); Quick v. National Indem. Co., 231 So. 2d 22 (Fla. Dist. Ct. App. 4th Dist. 1970); Crandall v. Bankers Life Co., 245 Iowa 540, 62 N.W.2d 169 (1954); Nielsen v. American Union Life Ins. Co., 236 Mo. App. 497, 155 S.W.2d 515 (1941); Cohen v. John Hancock Mut. Life Ins. Co., 98 N.H. 341, 101 A.2d 270 (1953); Allick v. Columbian Protective Ass'n, 269 A.D. 281, 55 N.Y.S.2d 438 (1945), reh'g denied, 269 A.D. 841, 56 N.Y.S.2d 520 (1945) and aff'd, 295 N.Y. 603, 64 N.E.2d 350 (1945); Acme Life Ins. Co. v. White, 99 S.W.2d 1059 (Tex. Civ. App. 1936), writ dism'd w.o.j.

Liquor liability policy issued to owner of approximately 50 convenience stores had to be read in conjunction with policy application in determining whether policy covered only insured's stores in Florida, or extended coverage to insured's store in Alabama, as well. Thus, although policy language extended coverage to "all locations occupied by the insured," where, attached to application, was typed list of convenience stores on which all locations in Alabama were crossed out, policy clearly and unambiguously provided coverage only for insured's convenience stores located in Florida. Nugget Oil, Inc. v. Universal Sec. Ins. Co., 584 So. 2d 1068, 16 Fla. L. Weekly D 2075 (Fla. Dist. Ct. App. 1st Dist. 1991).

[1] Lee v. Prudential Life Ins. Co., 203 Mass. 299, 89 N.E. 529 (1909); Lavine v. Indemnity Ins. Co., 142 Misc. 422, 254 N.Y.S. 804 (1931), aff'd, 234 A.D. 906, 254 N.Y.S. 1000 (1931), rev'd, 260 N.Y. 399, 183 N.E. 897 (1933).

[2] See Couch on Insurance 3d, § 22:12.

[3] Orent v. Equitable Life Assurance Soc., 268 A.D. 299, 51 N.Y.S.2d 115 (1944), amended, 268 A.D. 1005, 52 N.Y.S.2d 787 (1944), mot. granted, 268 A.D. 1051, 52 N.Y.S.2d 795 (1945).

Page 21-46

BURDEN AND STANDARD OF PROOF                                    § 254:11

insurance contract is established, the analysis may turn to the norm given that there is such a contract. For example, do most insureds comply with a condition that they give the insurer notice, or that they pay premiums for their policy? In all likelihood, the answer is yes; since the majority of policies do not lapse for nonpayment, most insureds do give notice. Since it is the insurer which claims the position outside the norm, it should assume the burden of proving that. The same analysis applies to the legitimacy of a signature—most signatures are what they purport to be, so the party claiming that a given signature is not what it purports to be should have the burden on that issue.

Not all issues involve an obvious norm, of course. But enough burden of proof allocation issues do involve an ascertainable or presumptive norm that this analysis may be of some benefit, especially when combined with the principle that the burden of proving a fact or issue should ordinarily be placed on the party with the best access to the evidence required to make the proof.

### C. ACTIONS RELATING TO COVERAGE OR OTHERWISE DIRECTLY FLOWING FROM POLICY TERMS

#### 1. Basic Burdens Of Insured And Insurer

##### a. In General

### § 254:11 Insured Bears Burden of Showing Coverage

Generally speaking, the insured bears the burden of proving all elements of a prima facie case including the existence of a policy, payment of applicable premiums, compliance with policy conditions, the loss as within policy coverage, and the insurer's refusal to make payment when required to do so by the terms of the policy.[34]

---

[Section 254:11]

[34] Chicago Title Ins. Co. v. Huntington Natl. Bank, 87 Ohio St.3d 270, 719 N.E.2d 955 (**Ohio** Dec 08, 1999); Inland Rivers Service Corp. v. Hartford Fire Ins. Co., 66 **Ohio** St. 2d 32, 20 Ohio Op. 3d 20, 418 N.E.2d 1381 (1981); Schwartz v. Stewart Title Guar. Co., 134 **Ohio** App. 3d 601, 731 N.E.2d 1159 (8th Dist. Cuyahoga County 1999); Buckley v. Exodus Transit & Storage Corp., 1999 PA Super 344, 744 A.2d 298 (**Pa.** Super. Ct. 1999); General Acc. Ins. Co. of America v. American Nat. Fireproofing, Inc., 716 A.2d 751 (**R.I.** 1998); Pennell v. Foster, 338 S.C. 9, 524 S.E.2d 630 (Ct. App. 1999); Union Planters Corp. v. Harwell, 578 S.W.2d 87 (**Tenn.** Ct. App. 1978); Texas Farmers Ins. Co. v. Murphy, 996 S.W.2d 873 (**Tex.** 1999), reh'g of cause

Exhibit Q
Page 4 of 9

Exhibit Q
Page 5 of 9

§ 254:11                                            COUCH ON INSURANCE 3D

overruled, (Aug. 26, 1999); JCPenney Life Ins. Co. v. Baker, 33 S.W.3d 417 (Tex. App. Fort Worth 2000); Aetna Cas. & Sur. Co. v. Goldman, 217 Va. 419, 229 S.E.2d 863 (1976); Diamaco, Inc. v. Aetna Cas. & Sur. Co., 97 Wash. App. 335, 983 P.2d 707 (Div. 1 1999), review denied, 140 Wash. 2d 1013, 5 P.3d 8 (2000); Overton v. Consolidated Ins. Co., 101 Wash. App. 651, 6 P.3d 1178 (Div. 3 2000), review granted in part, 143 Wash. 2d 1008, 21 P.3d 291 (2001); Payne v. Weston, 195 W. Va. 502, 466 S.E.2d 161 (1995); Oaks v. American Family Mut. Ins. Co., 195 Wis. 2d 42, 535 N.W.2d 120 (Ct. App. 1995).

The burden of proof generally is on the insured to show that a loss arose from a covered peril. S. Felicione & Sons Fish Co. v. Citizens Cas. Co. of New York, 430 F.2d 136 (5th Cir. 1970), cert. denied, 401 U.S. 939, 91 S.Ct. 936, 28 L.Ed.2d 219 (1971).

Beneficiary under accidental death policy had burden to plead and prove coverage. Lewis v. Insurance Co. of North America, 416 F.2d 1077 (5th Cir. 1969).

Insured under standard flood insurance policy (SFIP) has burden of establishing that a flood, as defined by SFIP, caused his loss. Pecarovich v. Allstate Ins. Co., 80 F. Supp. 2d 1094 (C.D. Cal. 2000).

Burden is on insured in action on policy to show that alleged accident is cause of insured's injury. Moore v. INA Life Ins. Co. of New York, 66 F. Supp. 2d 378 (E.D. N.Y. 1999).

While limitations on coverage are narrowly construed and must be proved by the insurer, the burden is on the insured to bring the claim within the basic scope of coverage. Melton v. Industrial Indem. Co., 103 Cal. Rptr. 2d 222 (App. 5th Dist. 2001), review denied and ordered not to be officially published, (May 2, 2001).

In an action upon a policy, burden is on insured to establish every fact essential to his or her cause of action and that his or her claim is within policy coverage. Collins v. New Orleans Public Service, Inc., 234 So. 2d 270 (La. Ct. App. 4th Cir. 1970), writ refused, 256 La. 375, 236 So. 2d 503 (1970).

One claiming under an insurance policy must establish that the loss is covered by the policy terms. Sherwood Real Estate & Inv. Co. v. Old Colony Ins. Co., 234 So. 2d 445 (La. Ct. App. 1st Cir. 1970).

In action based on insurance claim, insured has burden of showing that valid policy was in full force and effect and that loss of property occurred. Moneta Development Corp. v. Generali Ins. Co. of Trieste and Venice, 212 A.D.2d 428, 622 N.Y.S.2d 930 (1st Dep't 1995).

Where property is insured while located as specified and not elsewhere, the plaintiff must prove that it was so located at the time of the loss. Fire Ass'n of Philadelphia v. Correll, 1932 OK 425, 157 Okla. 292, 10 P.2d 686 (1932).

An insured has the burden of proving his or her loss under the policy. Agricultural Workers Mut. Auto Ins. Co. v. Dawson, 424 S.W.2d 643 (Tex. Civ. App. Tyler 1968).

BURDEN AND STANDARD OF PROOF                                    § 254:11

> ◆ **Observation:** When drafting a complaint in an action against an insurer, the insured's practitioner should set forth each of the elements in the complaint. [35]

The principle that the insured has the burden of proving that its claimed loss falls within the coverage of the insurance policy is sufficiently established to be described as "hornbook law."[36] The insured's burden may be described as showing that the injury was within the general terms of the policy, without reference to specific exceptions to such general liability.[37]

Introduction into evidence of policy allegedly providing coverage is ordinarily an essential element of plaintiff's burden of proof in suit against insurer.[38] However, an insured is not required to either plead or prove more of the entire contract than is essential to show the insurer's liability on the facts relied upon and proved by the plaintiff.[39] And, if the language of the policy can reasonably be read to provide coverage, an insured has no burden to show that such coverage was specifically contemplated by the policy holder.[40]

---

[35] As to pleading principles in the insurance context, see Chapters 244, 245.

[36] Interex Corp. v. Atlantic Mut. Ins. Co., 874 F. Supp. 1406 (D. Mass. 1995) (applying Massachusetts law).

[37] North American Acc. Ins. Co. v. White, 258 Ky. 513, 80 S.W.2d 577 (1935) (policy insuring against injury by being struck, knocked down, or run over on the highway by a moving vehicle); Jacobs v. Loyal Protective Ins. Co., 97 Vt. 516, 124 A. 848 (1924).

[38] Buffinet v. Plaquemines Parish Com'n Council, 645 So. 2d 631 (La. Ct. App. 4th Cir. 1994), writs denied, 651 So. 2d 269 (La. 1995), and writ denied, 651 So. 2d 270 (La. 1995).

[39] Pacific Mut. Ins. Co. v. Talbert, 271 S.W.2d 487 (Tex. Civ. App. Beaumont 1954) (in suit under provisions of certificate of insurance issued under group medical expense policy, since certificates contained all provisions of group policy necessary to cause of action actually alleged, introduction into evidence of certificate was sufficient).

Failure to introduce in evidence a group policy is not fatal where the individual certificate which contains the entire contract is introduced and it does not appear that the policy would establish any defensive matter. Missouri State Life Ins. Co. v. Copas, 265 Ill. App. 478, 1932 WL 2773 (3d Dist. 1932).

[40] Crutchfield v. Landry, 757 So. 2d 858 (La. Ct. App. 4th Cir. 2000), writ denied, 764 So. 2d 963 (La. 2000).

Exhibit O
Page 6 of 9

There must, however, be a showing that the claimed loss occurred within the policy period.[41]

### § 254:12 Insurer Bears Burden of Showing Applicability of Exclusion, Exception, or Other Affirmative Defense

Until a prima facie case of coverage is shown, the insurer has no burden to prove a policy exclusion.[42] The insurer bears the burden of proving the applicability of policy exclusions and limitations[43] or

---

[41] See Couch on Insurance 3d, § 254:37.

[Section 254:12].

[42] Fortune Ins. Co. v. Owens, 351 N.C. 424, 526 S.E.2d 463 (2000); General Acc. Ins. Co. of America v. American Nat. Fireproofing, Inc., 716 A.2d 751 (R.I. 1998).

As to the insured's burden, see Couch on Insurance 3d, § 254:11.

[43] Stonewall Ins. Co. v. Emerald Fisheries, Inc., 388 So.2d 1089 (Fla. App. 3 Dist. Oct 07, 1980); Assurance Generale de France v. Cathcart, 756 So. 2d 1055 (Fla. Dist. Ct. App. 4th Dist. 2000); American Motorist Ins. Co. v. Sutton, 148 Ga. App. 872, 253 S.E.2d 256 (1979); Nationwide Mut. Fire Ins. Co. v. Erwin, 240 Ga. App. 816, 525 S.E.2d 393 (1999), cert. denied, (Mar. 10, 2000); Furgerson v. Cambridge Mut. Fire Ins. Co., 237 Ga. App. 637, 516 S.E.2d 350 (1999); Quinn v. Wilshire Ins. Co., 53 Haw. 19, 486 P.2d 59 (1971); Harman v. Northwestern Mut. Life Ins. Co., 91 Idaho 719, 429 P.2d 849 (1967); Swann v. National Union Ben. Ass'n, 357 Ill. 78, 191 N.E. 224 (1934); Great Central Ins. Co. v. Harris, 46 Ill. App. 3d 542, 4 Ill. Dec. 776, 360 N.E.2d 1151 (3d Dist. 1977); Voss v. Bituminous Cas. Corp., 52 Ill. App. 3d 49, 9 Ill. Dec. 45, 366 N.E.2d 159 (3d Dist. 1977); Marsh v. Metropolitan Life Ins. Co., Inc., 70 Ill. App. 3d 790, 27 Ill. Dec. 158, 388 N.E.2d 1121 (2d Dist. 1979); State Farm Mut. Auto. Ins. Co. v. Schmitt, 94 Ill. App. 3d 1062, 50 Ill. Dec. 493, 419 N.E.2d 601 (1st Dist. 1981); Wallis v. Country Mut. Ins. Co., 309 Ill. App. 3d 566, 243 Ill. Dec. 344, 723 N.E.2d 376 (2d Dist. 2000), appeal denied, 189 Ill. 2d 682, 246 Ill. Dec. 923, 731 N.E.2d 772 (2000); Long v. Glidden Mut. Ins. Ass'n, 215 N.W.2d 271 (Iowa 1974); Bertran v. Glens Falls Ins. Co., 232 N.W.2d 527 (Iowa 1975); Prudential Ins. Co. of America v. Martinson, 589 N.W.2d 64 (Iowa 1999); Baugher v. Hartford Fire Ins. Co., 214 Kan. 891, 522 P.2d 401 (1974); Alliance Life Ins. Co. v. Ulysses Volunteer Fireman's Relief Ass'n, 215 Kan. 937, 529 P.2d 171 (1974); Topeka Ry. Equipment, Inc. v. Foremost Ins. Co., 5 Kan. App. 2d 183, 614 P.2d 461 (1980); Cloud v. Trinity Companies Trinity Universal Ins. Co., 5 Kan. App. 2d 437, 617 P.2d 1277 (1980); Williams v. City of Baton Rouge, 731 So. 2d 240 (La. 1999); Doerr v. Mobil Oil Corp., 774 So. 2d 119 (La. 2000), corrected on other grounds, 782 So. 2d 573 (La. 2001); Zanca v. Life Ins. Co. of North America, 770 So. 2d 1 (La. Ct. App. 4th Cir. 2000), writ denied, 776 So. 2d 467 (La. 2000); Crocker v. Roach, 766 So. 2d 672 (La. Ct. App. 2d Cir. 2000), writ denied, 774 So. 2d 983 (La. 2000); Hartford Acc. and Indem. Co. v. Sherwood Brands, Inc., 111 Md. App. 94, 680 A.2d 554 (1996), cert. granted,

Exhibit G
Page 7 of 9

BURDEN AND STANDARD OF PROOF                           § 254:37

of the policy as to notice.[72]

The insurer, in turn, carries the burden of establishing the enforceability of an otherwise invalid cancellation, such as by ratification of the cancellation[73] or a claim that the group policy never took effect because the required percentage of employees was not insured.[74]

§ 254:36 Substitution

The right of an insured to set aside the surrender of one policy and the substitution therefor of another policy must be established by "clear and convincing" evidence.[75] Where the beneficiary sues on the original policy and the insurer contends that it had lapsed and that a new policy was issued for a smaller sum, the beneficiary, in order to recover, must show that the premiums on the original policy were paid, or that there had been a reinstatement thereof, or that the insurer was estopped to claim that it was not in force at the time of the death of the insured.[76]

> 3. *Issues As To Coverage Terms And Exclusions*
>
>     *a. In General*

§ 254:37 Policy Applicable at Time of Loss

In an action on an insurance policy, the insured must prove that the policy at issue in the case at hand was in force at the time of the

---

[Section 254:35]

[72] Mobile Fire & Marine Ins. Co. v. Kraft, 36 Ala. App. 684, 63 So. 2d 34 (1953); Travelers' Ins. Co. of Hartford, Conn. v. Farmers' Mut. Fire Ins. Ass'n of Monona County, 211 Iowa 1051, 233 N.W. 153 (1930); Reliance Life Ins. Co. of Pittsburg, Pa. v. Curlin, 272 Ky. 832, 115 S.W.2d 296 (1938); McBride v. New Amsterdam Cas. Co., 12 N.J. Misc. 617, 173 A. 346 (Sup. Ct. 1934); Moser Mfg. Co. v. Donegal & Conoy Mut. Fire Ins. Co., 362 Pa. 110, 66 A.2d 581 (1949).

[73] Baker v. North River Ins. Co., 112 Kan. 530, 212 P. 118 (1923).

[74] Prudential Ins. Co. of America v. Ferguson, 51 Ga. App. 341, 180 S.E. 503 (1935).

[Section 254:36]

[75] National Life Co. v. Wilkerson's Adm'r, 254 Ky. 459, 71 S.W.2d 1034 (1934).

[76] Stinson v. Business Men's Acc. Ass'n, 43 F.2d 312 (**10th Cir.** 1930).

§ 254:37 COUCH ON INSURANCE 3D

loss,[77] by a preponderance of the evidence.[78]

---

♦ **Observation:** As a practical matter, however, the showing that the policy was applicable to the loss need not always be made before the policy itself may be admitted into evidence.[79] Admission of the policy is often a threshold event from which proof of the various issues proceeds. During the discovery process, the practitioner representing the insured should demand that the insurer produce a certified copy of the insurance policy. This will facilitate the marking of the policy into evidence or form the basis of a stipulation.

---

### § 254:38 — Other Insurance Clause Making Policy Excess

An automobile liability insurer, claiming that it carried only excess insurance over other valid and collectible insurance because insured was operating a non-owned automobile, has the burden of establishing the existence of other collectible, primary insurance, and such burden is not sustained by merely showing the existence of

---

[Section 254:37]

[77] Sun Ins. Office v. Thomas, 262 Ky. 516, 90 S.W.2d 675 (1935); Northern States Power Co. v Fidelity & Casualty Co., 521 N.W.2d 28 (Minn. 1994), amended on other grounds, 523 N.W.2d 657 (1994); Tillman v. Lincoln Warehouse Corp., 72 A.D.2d 40, 423 N.Y. S.2d 151 (1st Dep't 1979); McConnell Const. Co. v. Insurance Co. of St. Louis, 428 S.W.2d 659 (Tex. 1968); Monarch Fire Ins. Co. v. Redmon, 109 S.W.2d 177 (Tex. Civ. App. Dallas 1937).

In suit under all-risks insurance policy, insured must show relevant loss in order to invoke policy, and proof that loss occurred within the policy period is part and parcel of that showing of loss. Banco Nacional De Nicaragua v. Argonaut Ins. Co., 681 F.2d 1337, 10 Fed. R. Evid. Serv. 1645 (11th Cir. 1982).

Since it is fundamental that insured, in action on insurance policy, has burden of proving that loss occurred while policy was in force and effect, insureds failed to carry their burden of proof where evidence established that it was equally, if not more, probable that loss occurred prior to effective date of policy than after policy became effective. Aetna Cas. & Sur. Co. v. Goldman, 217 Va. 419, 229 S.E.2d 863 (1976).

[78] Grande v. Boston Mut. Life Ins. Co., 58 R.I. 502, 193 A. 516 (1937).

[79] Union Mut. Ins. Co. v. Peavy, 24 Ala. App. 116, 133 So. 300 (1930), cert. den. 222 Ala 537, 133 So 302 (1931) (beneficiary need not prove, as a condition to introducing an industrial policy in evidence, that it was in force at the time of the death of the insured).

Exhibit S
Page 9 of 9