1 of 100 DOCUMENTS

**MOUNT VERNON FIRE INSURANCE COMPANY, Plaintiff, -against- FUTURE TECH CONSTRUCTION CORP., LUIS JACOBO, OLIVE JACOBO, LINCOLN BOVELL, MAGUEYE DIOP, JEROME SANCHEZ, A.H.A. GENERAL CONSTRUCTION INC., NEW YORK CITY HOUSING AUTHORITY, CARMARA CONSTRUCTION CO., INC., DENNIS SYLVESTER, ANNETTE SYLVESTER, THE CITY OF NEW YORK, AMERICAN HELLENIC ASSOCIATION CONSTRUCTION, INC., JAMES LIAPAKIS and NICK FOTOPOULOS, Defendants.**

94 Civ. 1362 (SHS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1997 U.S. Dist. LEXIS 10799*

July 24, 1997, Decided
July 28, 1997, FILED

**DISPOSITION:** [*1] Plaintiff's motion pursuant to Fed. R. Civ. P. 56 granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff insurer filed a suit for a declaratory judgment that it was not required to defend or indemnify defendant insured in a series of personal injury actions in New York State. The insurer filed a motion for a summary judgment pursuant to Fed. R. Civ. P. 56.

**OVERVIEW:** The insurer filed a suit for a declaratory judgment that it was not required to defend or indemnify the insured in a series of personal injury actions in New York State for injuries suffered when a roof collapsed while certain claimants were performing demolition work. The insurer filed a motion for a summary judgment pursuant to Fed. R. Civ. P. 56, alleging that the claimants were employed by a subcontractor at the time of the collapse and excluded from coverage under a general commercial liability policy of the insured. On consideration, the court granted the motion and entered a judgment declaring that the insurer was not obligated to defend and indemnify the insured. The court held that the insurer had no obligation to defend or indemnify the insured under the clear and unambiguous "independent contractors exclusion" since the evidence established that the demolition work was being performed by the subcontractor and the subcontractor was an "independent contractor." The claimants alleged in their state court complaints that they were employees of the subcontractor at the time of the incident.

**OUTCOME:** The court granted the insurer's motion for a summary judgment and directed the clerk of court to enter judgment declaring that the insurer was not obligated to defend and indemnify the insured for the personal injury actions brought in state court against it.

**CORE TERMS:** summary judgment, independent contractor, insured, personal injury, unambiguous, indemnify, collapsed, coverage, insurer, roof, subcontracted, moving party, terminated, demolition, non-moving, performing, payroll, contractor, renovation, undisputed, hired

**LexisNexis(R) Headnotes**

**COUNSEL:** For MOUNT VERNON FIRE INSURANCE COMPANY, plaintiff: Jennifer E. Rothschild.

For LUIS JACOBO, OLIVE JACOBO, defendants: Douglas Tous, Trief & Olk, New York, NY.

For LINCOLN BOVELL, MAGUEYE DIOP, JEROME SANCHEZ, defendants: Mark O. Rolnik, Rolnik & Wissner, NY, NY.

Exhibit 5
Page 1 of 3

1997 U.S. Dist. LEXIS 10799, *

For NEW YORK CITY HOUSING AUTHORITY, defendant: David S. Gary, Jeffrey Samel & Associates, New York, NY.

For DENNIS SYLVESTER, ANNETTE SYLVESTER, defendants: Jacoby & Meyers, New York, NY.

For THE CITY OF NEW YORK, defendant: Barry I. Berger, Paul A. Crotty, Corp. Counsel of NYC, New York, NY USA.

JUDGES: SIDNEY H. STEIN, U.S. District Judge

OPINIONBY: SIDNEY H. STEIN

OPINION:

OPINION AND ORDER

SIDNEY H. STEIN, U.S. District Judge:

In this action plaintiff Mount Vernon Fire Insurance Company seeks a declaratory judgment that it is not required to defend or indemnify its insured, defendant Future Tech Construction Corp., in a series of personal injury actions in New York state court against Future Tech. Those actions were commenced by Luis Jacobo, Olive Jacobo, Lincoln Bovell, Magueye Diop, Jerome Sanchez, Dennis Sylvester, and Annette Sylvester (collectively referred to as "the Claimants") for injuries suffered when a roof collapsed while the Claimants were performing demolition work. Mount Vernon has now moved for summary judgment in its favor pursuant to *Fed. R. Civ. P. 56*. For the reasons that follow, plaintiff's motion is granted.

BACKGROUND

Mount Vernon issued a "general commercial liability policy" to Future Tech that covered interior carpentry work performed by Future Tech between December 13, 1992, and December 13, 1993. The policy included an endorsement entitled "Independent Contractors Exclusion," which [*2] stated that "this policy shall not apply to Bodily Injury, Personal Injury or Property Damage arising out of operations performed for any insured by independent contractors or acts or omissions of any insured in connection with his general supervision of such operations." (Aff. of Bernard T. Quinn, Exh. A.) Defendant Future Tech was hired as a subcontractor by A.H.A. General Construction, Inc. ("A.H.A."), which in turn was hired as the general contractor by the New York Housing Authority ("NYHA") for a Manhattan renovation project. Future Tech subcontracted the work it was to perform for A.H.A. to Carmara Construction Co., Inc. ("Carmara"), which was performing demolition work at the renovation site when the roof collapsed.

DISCUSSION

In considering a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party" and may grant summary judgment "only when the moving party demonstrates that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995)*. The party seeking summary judgment bears the burden of demonstrating [*3] the absence of a genuine issue of material fact. See *Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)*. A motion for summary judgment may be defeated by the non-moving party by demonstrating the existence of a triable issue of fact. *City of Yonkers v. Otis Elevator Co., 844 F.2d 42 (2d Cir. 1988)*.

In Mount Vernon Fire Insur. Co., v. Chios Constr. Co., an action involving the same plaintiff as here, the court noted that "an insurer seeking to avoid its obligation to defend a policyholder based on a policy exclusion bears a heavy burden. Exclusions from coverage are construed narrowly." *1996 U.S. Dist. LEXIS 414, 1996 WL 15668*, at *1 (S.D.N.Y. Jan. 17, 1996). An insurer is not relieved of its duty to defend and indemnify its insured unless it proves the "the allegations in the underlying complaints are 'solely and entirely' within specific and unambiguous exclusions from the policy's coverage." *Avondale Indus., Inc. v. Travelers Indem. Co., 887 F.2d 1200, 1205 (2d Cir. 1989)* (citations omitted), cert. denied, *496 U.S. 906, 110 L. Ed. 2d 269, 110 S. Ct. 2588 (1990)*. See also *Employers Ins. of Wausau v. Duplan Corp., 899 F. Supp. 1112, 1119 (S.D.N.Y. 1995)*.

"To negate coverage by virtue [*4] of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Continental Casualty Co. v. Rapid-American Corp., 80 N.Y.2d 640, 652, 593 N.Y.S.2d 966, 972, 609 N.E.2d 506 (1993)*; see also *Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 311, 486 N.Y.S.2d 873, 876, 476 N.E.2d 272 (1984)*. Unambiguous provisions within an insurance contract are to be given their plain and ordinary meaning. *Sanabria v. American Home Assurance Co., 68 N.Y.2d 866, 868, 508 N.Y.S.2d 416, 416, 501 N.E.2d 24 (1986)*.

The language of the "independent contractors exclusion" contained in the insurance policy involved in this litigation has consistently been interpreted to be "clear and unambiguous", and defendants raise no issue to the contrary. See *Mount Vernon Fire Ins. Co., v. William Monier Construction Co., 1996 WL 447747*, at *3 (S.D.N.Y. Aug. 7, 1997); *U.S. Underwriters Ins. Co. v. Congregation B'nai Israel, 900 F. Supp. 641, 645*

Case 3:04-cv-00229-TMB   Document 44-21   Filed 01/13/2006   Page 3 of 3

Page 3
1997 U.S. Dist. LEXIS 10799, *

*(E.D.N.Y. 1995); Mount Vernon v. Chios, 1996 WL 15668*, at *8.

Thus, in deciding whether the exclusion applies to these facts, [*5] the only issue to be resolved is whether Carmara was an "independent contractor." It is undisputed that by written agreement dated June 12, 1993, Future Tech subcontracted certain of the work it was to perform for A.H.A. to Carmara. (Plt.'s Statement of Facts, Exh. E.) In addition, the Claimants each allege in their state court complaints that they were Carmara employees at the time the incident occurred. (Plt.'s Statement of Facts, Exh. C.) Moreover, the state court complaints contain no suggestion that Carmara was anything other than an independent contractor.

Defendants contend that Carmara is not an independent contractor because: (1) Carmara received no supervision from Future Tech; (2) Future Tech was terminated by A.H.A. prior to the date of the accident; and (3) several of the Claimants' names appear on the payroll records of both Future Tech and Carmara. That contention is misplaced. First, given that an "independent contractor" is defined as "one who contracts to do certain work according to his own methods, and without being subject to the control of his employer except as to the product or result of his work," the fact that Future Tech left Carmara to supervise its own [*6] employees actually supports the contention that Carmara was an independent contractor. *G.D. Searle & Co. v. Medicore Communications, Inc.*, 843 F. Supp. 895, 904-905 (S.D.N.Y. 1994); see also Def.'s Mem. of Law at P 10. Second, although defendants assert that Future Tech was no longer on the premises of the construction site on October 23, 1993, when the roof collapsed, Future Tech was not officially terminated by A.H.A. until November 8, 1993. (See A.H.A. Letter of Termination, Reply Decl. of Grace Yu, Exh. A.) Moreover, the fact of Future Tech's termination is irrelevant, since it is undisputed that certain of the work to be performed was subcontracted to Carmara and that the Claimants' injuries arose while they were employed by Carmara. Finally, the fact that certain of the Claimants appeared on the Future Tech payroll does not raise an issue of material fact, since this was done at the request of A.H.A. (See Fotopoulos Dep., Yu's Reply Decl., Exh. B) In addition, the Claimants' 1993 W-2 forms and their reports submitted to the Workers' Compensation Board support that the Claimants were in fact employees of Carmara. (See Yu's Reply Decl., Exh. C.)

**CONCLUSION** [*7]

For the foregoing reasons, plaintiffs motion pursuant to *Fed. R. Civ. P. 56* is granted. The Clerk of Court is directed to enter judgment in plaintiff's favor declaring that Mount Vernon is not obligated to defend and indemnify defendant Future Tech for the personal injury actions brought in state court against it by the Claimants.

Dated: New York, New York

July 24, 1997

SO ORDERED:

Sidney H. Stein, U.S.D.J.

Exhibit 5
Page 3 of 3