RECEIVED

JAN 2 6 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
    (907) 279-3581
    (907) 277-1331 fax
*Attorneys for Defendant*
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. A04-229-CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ANSWER TO COMPLAINT

NOW COMES defendant FIRST FINANCIAL INSURANC COMPANY, INC., INC. (hereinafter "FFIC"), by and through its counsel of record, and for its answer to plaintiffs' Complaint, hereby alleges as follows:

1.    FFIC, on information and belief, denies plaintiff's allegations in paragraph 1.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit B
Page 1 of 14

2.    FFIC denies the allegations that it failed to properly investigate and process Lutz's claim against Dean Bruington dba DB Enterprises (hereafter "Bruington"), and also denies that it breached a duty to defend and/or indemnify Bruington.  FFIC lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 2 of plaintiff's Complaint, therefore they are denied.

3.    FFIC admits that it issued Bruington a commercial general liability policy, no. F0117G412046, with effective dates of 12-8-98 to 12-9-99, which is the only policy issued to Bruington by FFIC, and that the policy was not renewed by FFIC. FFIC.  FFIC denies that an "occurrence" took place, within the meaning of the policy, during the effective period of its policy. To the extent they are consistent with the above, the remaining allegations contained in paragraph 3 of plaintiff's Complaint are admitted, otherwise they are denied.

4.    The allegations contained in paragraph 4 of plaintiff's Complaint are denied.  FFIC admits it is incorporated in the state of Illinois, has its principal place of business in Burlington, North Carolina, and is in the business of underwriting commercial property and casualty insurance.

5.    FFIC admits that it issued Bruington a commercial general liability policy, no. F0117G412046, with effective dates

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Page 2 of 14


Exhibit B
Page Z of 14

of 12-8-98 to 12-9-99, which is the only policy issued to Bruington by FFIC, and that the policy was <u>not</u> renewed by FFIC. FFIC. FFIC lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 5 of plaintiff's Complaint, therefore they are denied.

6. FFIC lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 6 of plaintiff's Complaint, therefore they are denied.

7. FFIC denies the allegations contained in paragraph 7 of plaintiff's Complaint because they misstate the actual insuring agreement and omit, among other things, omitting the phrase "to which this insurance applies" and the requirement that "the 'bodily injury' or 'property damage' occurs during the policy period."

8. FFIC denies the allegations contained in paragraph 8 of plaintiff's Complaint because they misstate the actual insuring agreement and omit, among other things, the language "to which this insurance applies" and "we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

9. FFIC, on information and belief, admits the allegations contained in paragraph 9 of plaintiff's Complaint.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT                                    Page 3 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit B
Page 3 of 14

10. FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 10 of plaintiff's Complaint, therefore they are denied.

11. FFIC admits the allegations contained in the first sentence of paragraph 11 of plaintiff's Complaint. FFIC lacks sufficient knowledge and information to admit or deny the remaining allegations, therefore they are denied.

12. FFIC, on information and belief, admits the allegations contained in paragraph 12 of plaintiff's Complaint.

13. FFIC admits the allegation that the dwelling began to manifest damage in 2002. FFIC admits the remaining allegations contained in paragraph 13 of plaintiff's Complaint.

14. FFIC, on information and belief, admits the allegations contained in paragraph 14 of plaintiff's Complaint.

15. FFIC admits that it opened claim file 112459, but denies the remaining allegations contained in paragraph 15.

16. FFIC admits the allegations contained in paragraph 16 of plaintiff's Complaint.

17. FFIC admits the language quoted in paragraph 17 of plaintiff's Complaint represents a partial excerpt taken from the September 11, 2002 letter.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Page 4 of 14

Exhibit B
Page 4 of 14

18.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 18 of plaintiff's Complaint, therefore they are denied.

19.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 19 of plaintiff's Complaint, therefore they are denied.

20.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 20 of plaintiff's Complaint, therefore they are denied.

21.    FFIC lacks sufficient knowledge and information to admit or deny the allegation that Bruington did not retain an attorney and filed a non-conforming answer.  The remaining allegations contained in paragraph 21 of plaintiff's Complaint are denied.

22.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 22 of plaintiff's Complaint, therefore they are denied.

23.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 23 of plaintiff's Complaint, therefore they are denied.

24.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 24 of plaintiff's Complaint, therefore they are denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT                                                      Page 5 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil                    Exhibit D
                                                   Page 5 of 14

25. FFIC admits the documents attached as Exhibit A to plaintiff's Complaint contain the provisions described in paragraph 25 of plaintiff's Complaint.

26. FFIC admits that Exhibit A to plaintiff's Complaint contains a document entitled "Assignment of Claim and Right." FFIC lacks sufficient knowledge and information to admit or deny the remaining allegations contained in paragraph 26 of plaintiff's Complaint, therefore they are denied.

27. FFIC admits the allegations contained in paragraph 27 of plaintiff's Complaint.

28. With regard to the claims by Lutz, FFIC denies that Bruington is entitled to be covered or defended under its policy of insurance, therefore the allegations contained in paragraph 28 of plaintiff's Complaint are denied.

29. FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 29 of plaintiff's Complaint, therefore they are denied.

### FIRST CAUSE OF ACTION

30. FFIC incorporates herein its answers to the preceding allegations as if fully set forth.

31. Paragraph 31 purports to allege an abstract principle of law, as opposed to facts, therefore no answer is required.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**ANSWER TO COMPLAINT**                                          Page 6 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit B
Page 6 of 14



32.   FFIC admits it had a duty to *reasonably* consider possible grounds for coverage, therefore the allegations in paragraph 32 are denied.

33.   The allegations contained in paragraph 33 of plaintiff's Complaint are denied.

34.   FFIC admits it had a duty to provide Bruington a *reasonable* explanation of his policy coverage in relation to the Lutz claim, therefore the allegations in paragraph 34 are denied.

35.   The allegations contained in paragraph 35 of plaintiff's Complaint are denied.

36.   FFIC admits it had a duty to provide Bruington a *reasonable* explanation of his policy coverage in relation to the Lutz claim, therefore the allegations in paragraph 36 are denied.

37.   The allegations contained in paragraph 37 of plaintiff's Complaint are denied.

38.   FFIC admits it had a duty to investigate and handle the Lutz claim in a *reasonable* manner, therefore the allegations in paragraph 38 are denied.

39.   The allegations contained in paragraph 39 of plaintiff's Complaint are denied.

40.   FFIC denies the allegations contained in paragraph 40 of plaintiff's Complaint.   In particular, FFIC denies the implied

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit B
Page 7 of 14

assertion that there exists a duty to settle claims for which there is no coverage.

41. The allegations contained in paragraph 41 of plaintiff's Complaint are denied.

42. The allegations contained in paragraph 42 of plaintiff's Complaint are denied.

43. The allegations contained in paragraph 43 of plaintiff's Complaint are denied.

### SECOND CAUSE OF ACTION

44. FFIC incorporates herein its answers to the preceding allegations as if fully set forth.

45. FFIC denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46. FFIC admits it did not defend Bruington or offer CHI counsel. FFIC denies it had a duty to do either. FFIC denies the remaining allegations contained in paragraph 46 of plaintiff's Complaint.

47. FFIC denies the allegations contained in paragraph 47 of plaintiff's Complaint.

48. FFIC denies the allegations contained in paragraph 48 of plaintiff's Complaint.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT                                    Page 8 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit B
Page 8 of 14

## THIRD CAUSE OF ACTION

49.  FFIC incorporates herein its answers to the preceding allegations as if fully set forth.

50.  FFIC denies the allegations contained in paragraph 50 of plaintiff's Complaint.

51.  FFIC denies the allegations contained in paragraph 51 of plaintiff's Complaint.

52.  FFIC admits it advised Bruington that Lutz's claims were not covered under its policy.  The remaining allegations in paragraph 52 are denied.

53.  FFIC denies the allegations contained in paragraph 53 of plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

54.  FFIC incorporates herein its answers to the preceding allegations as if fully set forth.

55.  FFIC admits it had a duty to conduct a reasonable investigation of Lutz's claim and fairly evaluate coverage.  All other allegations in paragraph 55 are denied.

56.  FFIC admits it had a duty to provide a reasonable explanation of coverage of Lutz's claim and fairly evaluate coverage.  All other allegations are denied.

57.  FFIC denies the allegations contained in paragraph 57 of plaintiff's Complaint.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**ANSWER TO COMPLAINT**                                                    Page 9 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit ___B___
Page __9__ of __14__

58.    FFIC denies the allegations contained in paragraph 58 of plaintiff's Complaint.

59.    FFIC denies the allegations contained in paragraph 59 of plaintiff's Complaint.

60.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 60 of plaintiff's Complaint, therefore they are denied.

61.    FFIC lacks sufficient knowledge and information to admit or deny the allegations contained in paragraph 61 of plaintiff's Complaint, therefore they are denied.

62.    FFIC denies the allegations contained in paragraph 62 of plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim for which relief may be granted.

2.    Plaintiff's recovery, if any, must be reduced to the extent of the fault on the part of plaintiff and his assignor.

3.    Bruington had a duty to mitigate his damages and to the extent he has failed to do so neither he nor his assignee is entitled to a recovery.

4.    Plaintiffs' injuries, in whole or in part, were proximately caused by the negligence or other fault of third

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT                                    Page 10 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit  B
Page  10  of  14

persons over whom FFIC had no control and who are not parties to this action.

5.    Pursuant to AS 09.17.080, fault must be allocated to each plaintiff and assignor and to other persons or entities not yet named as parties to this action, or revealed in discovery.

6.    The limitation on non-economic loss set out in AS 09.17.010 applies to limit plaintiffs' recovery.

7.    The allegations made by Lutz against Bruington did not fall within the coverage of FFIC's policy, therefore there was no duty to defend or to indemnify Bruington with respect to Lutz's claims.

8.    The policy issued by FFIC to Bruington provided, in part:

> This insurance applies to "bodily injury" and "property damage" only if:
>
> . . .
>
> (2)    The "bodily injury" or "property damage" occurs during the policy period.

The policy period was December 8, 1998 to December 8, 1999. The policy was not renewed. Lutz alleged that property damage occurred in 2002, therefore his claims against Bruington fell outside the period covered by the policy.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**ANSWER TO COMPLAINT**                                      Page 11 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit  B
Page  11  of  14

9. The policy FFIC issued to Bruington specifically excluded damage to his work or any part of it (Exclusion l), and this exclusion was expanded by a specific endorsement (BG-G-070-492) to apply to property damage arising out of the actions of Bruington's independent contractors. FFIC's policy defined "your work" as including "the providing of or failure to provide warnings or instructions" and "warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work."

10. One or more of Lutz's claims against Bruington were excluded from coverage by Exclusion a, which applies to "Bodily injury or property damage expected or intended from the standpoint of the insured."

11. One or more of Lutz's claims against Bruington did not meet the requirement, under FFIC's policy, of alleging "bodily injury" or "property damage."

12. FFIC asserts punitive damages are not recoverable because the applicable procedures and standard governing an award of punitive damages violate their rights to procedural and substantive due process under the United States Constitution including, without limitation, Article I, Section VIII, Amendment V; and Amendment XIV; and the Alaska Constitution including,

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Exhibit B
Page 12 of 14

without limitation, Article I, Section VII; and Article I, Section XII.

13. FFIC reserves the right to assert such other and further affirmative defenses as may be discovered or developed as the case proceeds.

WHEREFORE, having answered plaintiff's complaint, and stated their affirmative defenses, FFIC prays for the following relief:

1.   That plaintiff's complaint be dismissed with prejudice and that plaintiff take nothing thereby;

2.   That the court determine and declare that FFIC has complied with all of its obligations under the subject policy of insurance;

3.   That the court award FFIC its costs and attorney's fees necessitated by the filing of this action; and

4.   For such other and further relief as the court deems just and proper.

DATED at Anchorage, Alaska this 24th day of NOVEMBER, 2004.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
*Attorneys for Defendant*

*Andrew Guidi*
Andrew Guidi   8312171

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

ANSWER TO COMPLAINT
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

**CERTIFICATE OF SERVICE:**

This certifies that I am an authorized agent of
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., for
service of papers pursuant to Civil Rule 5, and that on
the __24__ day of **NOVEMBER, 2004**, I caused a true and
correct copy of the foregoing to be ☐-**FAXED**;
☐-**HAND-DELIVERED**; ☒-**MAILED F/C MAIL**
to the following:

**Plaintiffs**
Tim Cook
Attorney at Law
3901 Taiga Drive
Anchorage, AK 99516
  336.5291
  336.5292 – fax

Julie Kelley 90948

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**ANSWER TO COMPLAINT**                                          Page 14 of 14
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil                        Exhibit __B__
                                                       Page __14__ of __14__