RECEIVED

JAN 2 3 2006

CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
  (907) 279-3581
  (907) 277-1331 fax
*Attorneys for Defendant*
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of<br>rights of Dean Bruington d/b/a<br>DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE<br>COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. A04-229-CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST
### REQUEST FOR ADMISSIONS and COMBINED DISCOVERY REQUESTS

NOW COMES defendant FIRST FINANCIAL INSURANCE COMPANY, INC.

by and through its counsel of record, and responds to plaintiff's

discovery requests dated July 25, 2005:

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___G___
Page __1__ of 55

## DEFENDANT'S GENERAL OBJECTIONS

1.     In setting forth its responses below, FFIC does not waive the attorney-client, work product, or any other privilege or immunity from disclosure, which may attach to information called for in the discovery requests or that may be response to a request for production.   FFIC does not concede the relevance or materiality of the discovery or the subject matters to which it relates.    These responses are submitted by FFIC subject to, and without in any way waiving or intending to waive, but on the contrary intending to reserve and reserving:

> (a) All questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any of the documents referred to, or the subject matter thereof;

> (b)    the right to object to other discovery procedures involving or relating to the subject matters of the discovery herein responded to;

> (c) the right at any time to revise, correct, supplement or clarify any of the responses set forth herein or documents produced;

2.     FFIC objects to the discovery to the extent it is intended, or can be construed, to expand FFIC's discovery obligations beyond the requirements of the Federal Rules of Civil Procedure.

Exhibit ___G___
Page _Z_ of _55_

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3.    FFIC objects to the discovery requests to the extent they call for in formation or documentation that is subject to the attorney-client privilege, protected by the work product doctrine, or otherwise immune from discovery.

4.    FFIC objects to the discovery to the extent it calls for any information or documentation that is not relevant to the subject matter of this action.

5.    FFIC objects to the discovery to the extent it is intended, or can be construed, to impose upon FFIC a continuing obligation to supplement and/or amend the responses contained herein, or the document production pursuant hereto, beyond the requirements of the Federal Rules of Civil Procedure.

6.    FFIC objects to the discovery to the extent it calls for the production of any documents, which are not presently in the possession, custody, or control of FFIC or calls upon FFIC to create any documents that are not presently in existence.

7.    FFIC objects to any interrogatory to the extent the response can be derived or ascertained by plaintiff as easily as it can by FFIC from the records produced by FFIC or from records in plaintiff's custody or control consistent with the provisions

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit  G
Page  3  of  55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 3 of 55

of Rule 26(b)(2) and Rule 33(d) of the Federal Rules of Civil Procedure.

8.    FFIC objects to any request for production that(a) does not set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity; (b) requests FFIC to produce documents in some form or manner other than the way these documents are kept in FFIC's normal course of business; (c) requests FFIC to select or categorize the documents in a manner that would require FFIC to disclose opinions or conclusions based upon the thought processes or mental impressions of its attorneys and thus violates the work-product doctrine; or (d) requests FFIC to effectively identify those documents that it intends to use as exhibits at trial before the deadline for the exchange of exhibits established by the court.

9.    FFIC objects to discovery to the extent it requests information related to the opinions, conclusions, or work-product of its experts or consultants on the basis that any such request is premature.   Discovery is ongoing and this information will be provided at the time and in the manner required by the Federal Civil Rules of Procedure and the court.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit   G-
Page   4   of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 4 of 55

10.   FFIC specifically reserves the right to object, as appropriate, to admissibility as evidence of any of the documents produced pursuant to the requests for production.

11.   FFIC objects to the requests for production to the extent it is intended or can be construed to call upon FFIC to relinquish custody and control of its documents, or to reproduce documents at its own expense.

12.   FFIC objects to plaintiff's "directions" with respect to how it should respond to the discovery requests insofar as they exceed the requirements of the Federal Rules of Civil Procedure and applicable Local Rules.

13.   FFIC objects to all of plaintiff's Requests for Admissions after the 30th Request for Admission as oppressive and unduly burdensome.

Subject to the foregoing general objections, which are incorporated by reference into the responses to each interrogatory, request for production and request for admission, FFIC responds specifically as follows:

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit 6
Page 5 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 5 of 55

## REQUESTS FOR ADMISSIONS

### 1st  Request for Admission:

Please admit that Plaintiff's complaint states a claim upon which relief can be granted.

**RESPONSE:**  Denied.


### 2nd  Request for Admission:

Please admit that neither Plaintiff nor his Assignor failed to mitigate damages.

**RESPONSE:**  Denied.


### 3rd  Request for Admission:

Please admit that the damages asserted by Plaintiff are not the responsibility of parties other than the defendant.

**RESPONSE:**  Objection.  The phrase "damages asserted by Plaintiff" is vague and ambiguous, and includes multiple types of damages. Without waiver of objection: Denied.


### 4th  Request for Admission:

Please admit that Lutz's claims against Bruington are NOT excluded from coverage by provision: I - A. 2.(a.) "Expected or Intended Injury".

**RESPONSE:** Objection: (1) The phrase "Lutz's claims against Bruington" is vague and ambiguous; (2) the request is also compound as there are multiple claims.  Without waiver of objection: Denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581



Exhibit  G
Page 6 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 6 of 55

### 5th Request for Admission:

Please admit that Lutz's claims against Bruington meet the requirement under First Financial Insurance Company's policy of alleging "bodily injury" or "property damage".

**RESPONSE**: Objection: (1) The phrase "Lutz's claims against Bruington" is vague and ambiguous; (2) the request is also compound as there are multiple claims. Without waiver of objection: Denied.

### 6th Request for Admission:

Please admit that the complaint filed in Lutz v. Bruington, 3 AN 03-07096 CIV, provided First Financial Insurance Company (hereafter, First Financial) with notice that Lutz is alleging that deterioration of the dwelling began upon completion and occupation in early November of 1999.

**RESPONSE**: Objection: (1) Vague and ambiguous; (2) assumes facts not in evidence. Without waiver of objection: Denied.

### 7th Request for Admission:

Please admit that First Financial relied on advice of counsel in denying Bruington's claim for coverage and defense in the matter of the damages arising at the Lutz residence.

**RESPONSE**: Objection: The phrase "advice of counsel" is vague and ambiguous as it may refer to a specific affirmative defense or merely to consideration of legal advice. Without waiving its objection, FFIC admits it has not asserted the affirmative defense commonly known as "advice of counsel."

### 8th Request for Admission:

Please admit that First Financial has prescribed procedures for handling claims.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit

Page ⅂ of 55

**RESPONSE:**  Objection:  (1) The phrase "prescribed procedures" is vague and ambiguous; (2) overbroad; (3) compound.


### 9th  Request for Admission:

Please admit that First Financial followed its prescribed procedures for handling claims in the determination to deny Bruington's claim for coverage and defense.

**RESPONSE:**  Objection:  (1) The phrase "prescribed procedures" is vague and ambiguous; (2) overbroad; (3) compound.


### 10th  Request for Admission:

Please admit that First Financial did NOT follow its prescribed procedures for handling claims in the determination to deny Bruington's claim for coverage and defense.

**RESPONSE:** Objection:  (1) The phrase "prescribed procedures" is vague and ambiguous; (2) overbroad; (3) compound.


### 11th  Request for Admission:

Please admit that Robert LaFrance was the First Financial employee who determined that the Bruington claim should be denied.

**RESPONSE:**  Admitted that Mr. LaFrance authored the September 11, 2002 letter to Mr. Bruington denying coverage.


### 12th  Request for Admission:

Please admit that Robert LaFrance had specific training on Alaska law for investigating and processing claims according to the laws of the State of Alaska.

**RESPONSE:**  Objection: Vague and ambiguous.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit __G__
Page __8__ of __55__

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 8 of 55

**13th  Request for Admission:**

Please admit that Robert LaFrance did NOT have specific training
on Alaska law for investigating and processing claims according
to the laws of the State of Alaska.

**RESPONSE:**  Objection: Vague and ambiguous.


**14th  Request for Admission:**

Please admit that ALL of the First Financial employees who
substantially participated in investigating, processing, and/or
denying the Bruington claim had specific training on Alaska law.

**RESPONSE:**  Objection: Vague and ambiguous.


**15th  Request for Admission:**

Please admit that NONE of the First Financial employees who
substantially participated in investigating, processing, and/or
denying the Bruington claim had specific training on Alaska law.

**RESPONSE:**  Objection: Vague and ambiguous.


**16th  Request for Admission:**

Please admit that First Financial Insurance on or about July 17,
2002, engaged Northern Adjusters Incorporated (hereafter,
Northern Adjusters) to perform an investigation of the Bruington
claim.

**RESPONSE:**  Objection: (1) Misstates the facts (Lutz was making a
claim against Bruington); (2) vague and ambiguous.  Without
waiver of objection: Admitted.


**17th  Request for Admission:**

Please admit that David Buness, of Northern Adjusters, was the
adjuster responsible for investigating the claim.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibt ___G___
Page __9__ of 55

**RESPONSE**:  Objection: (1) Misstates the facts (Lutz was making a claim against Bruington); (2) vague and ambiguous.  Without waiver of objection: Admitted that Mr. Buness investigated Lutz' claim against Bruington.

### 18th   Request for Admission:
Please admit that First Financial Insurance relied upon the investigation and report by David Buness of Northern Adjusters to deny the Bruington claim.

**RESPONSE**:  Objection: (1) Misstates the facts (Lutz was making a claim against Bruington); (2) vague and ambiguous.  Without waiver of objection:  FFIC admits that it considered information from Mr. Buness and it formed part of the basis for its decision on the claim.

### 19th   Request for Admission:
Please admit that First Financial Insurance did NOT rely upon the investigation and report by David Buness of Northern Adjusters to deny the Bruington claim.

**RESPONSE**:  Objection: (1) Misstates the facts (Lutz was making a claim against Bruington); (2) vague and ambiguous.  Without waiver of objection:  FFIC admits that it considered information from Mr. Buness and it formed part of the basis for its decision on the claim.

### 20th   Request for Admission:
Please admit that David Buness of Northern Adjusters conducted the only onsite investigation of the Lutz claim on behalf of First Financial Insurance.

**RESPONSE**:  Admitted on information and belief.

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC. SUITE 400 1007 WEST 3RD AVENUE ANCHORAGE, ALASKA (907) 279-3581

Exhibit C
Page 10 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 10 of 55

**21st  Request for Admission:**

Please admit that the only reports Northern Adjusters made to
First Financial on the investigation, were in the form of two
letters (with attachments) from David Buness to Robert LaFrance,
First Financial Special Claims Manager, dated July 30, 2002 and
August 30, 2002.

**RESPONSE:**  Objection:  Discovery has not reached a stage where
the existence of other reports, oral or written, can be ruled
out.  Without waiver of this objection: Denied.

**22nd  Request for Admission:**

Please admit that the documents provided in discovery, Bates
stamped FFIC 0052- FFIC 0055, is a true, correct, and authentic
copy of the letter dated August 30, 2002  from David Buness of
Northern Adjusters to Robert LaFrance of First Financial
Insurance.

**RESPONSE:**  Admitted.

**23rd  Request for Admission:**

Please admit that the documents provided in discovery, Bates
stamped FFIC 0086- FFIC 0090, is a true, correct, and authentic
copy of the letter dated July 30, 2002  from David Buness of
Northern Adjusters to Robert LaFrance of First Financial
Insurance.

**RESPONSE:**  Admitted.

**24th  Request for Admission:**

Please admit that the documents provided in discovery, Bates
stamped FFIC 0139 -FFIC 0140, are true, correct, and authentic
copies of the letter dated July 24, 2002 with attached

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G

Page 11 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 11 of 55

Reservation of Rights, from David Buness of Northern Adjusters to
Dean Bruington.

**RESPONSE**: Admitted.


### 25th Request for Admission:

Please admit that Northern Adjusters, as part of the
investigation, did NOT interview Dean Bruington.

**RESPONSE**: Objection: The information sought is within the
possession or knowledge of third-parties. In addition, discovery
has not reached a stage to enable FFIC to admit or deny this
request at this time. Therefore, this request is denied.


### 26th Request for Admission:

Please admit that Backwoods Enterprises was a subcontractor to
Dean Bruington on the Lutz home.

**RESPONSE**: Objection: (1) Calls for a legal conclusion or
opinion; (2) the information sought is within the possession or
knowledge of third-parties. In addition, discovery has not
reached a stage to enable FFIC to admit or deny this request at
this time. Therefore, this request is denied.


### 27th Request for Admission:

Please admit that Backwoods Enterprises installed the poured
concrete slab during construction of the Lutz house.

**RESPONSE**: Objection: The information sought is within the
possession or knowledge of third-parties. In addition, discovery
has not reached a stage to enable FFIC to admit or deny this
request at this time. Therefore, this request is denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G
Page 12 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 12 of 55

### 28th  Request for Admission:

Please admit that the poured slab concrete garage floor was
severely slumped and cracked at the time of the Northern
Adjusters investigation of the Lutz claim in July and August of
2002.

**RESPONSE**:  Objection:  The information sought is within the
possession or knowledge of third-parties.  In addition, discovery
has not reached a stage to enable FFIC to admit or deny this
request at this time.  Therefore, this request is denied.

### 29th  Request for Admission:

Please admit that Mike Shelton acted as a subcontractor for
Bruington during the construction of the Lutz house.
**RESPONSE**:  Objection: Calls for a legal conclusion or opinion.
Without waiving this objection, FFIC admits Mike Shelton was an
independent contractor retained by Bruington to perform
excavation work.

### 30th  Request for Admission:

Please admit that Mike Shelton performed excavation and dirt work
to prepare the foundation for construction of the Lutz house.
**RESPONSE**:  Admitted on information and belief.

### 31st  Request for Admission:

Please admit that the foundation appeared to have failed at the
time of the Northern Adjusters investigation of the Lutz claim in
July and August of 2002.

**RESPONSE**:  Objection:  Vague and ambiguous as to what is meant by
"foundation appeared to have failed."

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___(7___
Page 13 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 13 of 55

### 32nd  Request for Admission:

Please admit that Northern Adjusters did not contact or interview
the Mike Shelton.

**RESPONSE:** Objection: The information sought is within the
possession or knowledge of third-parties. In addition, discovery
has not reached a stage to enable FFIC to admit or deny this
request at this time. Therefore, this request is denied.

### 33rd  Request for Admission:

Please admit that Northern Adjusters did not contact or interview
Backwoods Enterprises.

**RESPONSE:** Objection: The information sought is within the
possession or knowledge of third-parties. In addition, discovery
has not reached a stage to enable FFIC to admit or deny this
request at this time. Therefore, this request is denied.

### 34th  Request for Admission:

Please admit that Northern Adjusters did not contact or interview
Marsha (Lutz) Henderson.

**RESPONSE:** Objection: The information sought is within the
possession or knowledge of third-parties. In addition, discovery
has not reached a stage to enable FFIC to admit or deny this
request at this time. Therefore, this request is denied.

### 35th  Request for Admission:

Please admit that David Buness of Northern Adjusters, in his
letter of July 30, 2002 to First Financial Insurance, refers to
the date of loss as: "Date of Loss: 10/30/1999".

**RESPONSE:** Objection: (1) Irrelevant and not likely to lead to
the discovery of admissible evidence; (2) the document speaks for
itself.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibt (5

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS Page 14 of 55
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 14 of 55

**36th  Request for Admission:**

Please admit that David Buness of Northern Adjusters, in his letter of August 30, 2002 to First Financial Insurance, refers to the date of loss as: "Date of Loss: 10/30/1999".

**RESPONSE:**  Objection: (1) Irrelevant and not likely to lead to the discovery of admissible evidence; (2) the document speaks for itself.

**37th  Request for Admission:**

Please admit that David Buness of Northern Adjusters, in his letter of July 24, 2002 to Dean Bruington, refers to the date of loss as: "Date of Loss : 10/30/1999".

**RESPONSE:**  Objection: (1) Irrelevant and not likely to lead to the discovery of admissible evidence; (2) the document speaks for itself.

**38th  Request for Admission:**

Please admit that First Financial accepted 10/30/1999 as the date of loss as referenced by David Buness of Northern Adjusters in his letters of July 30, 2002 and August 30, 2002.

**RESPONSE:**  Objection:  The term "accepted" is vague and ambiguous.  Without waiver of this objection: Denied.

**39th  Request for Admission:**

Please admit that First Financial did NOT accept 10/30/1999 as the date of loss as referenced by David Buness of Northern Adjusters in his letters of July 30, 2002 and August 30, 2002.

**RESPONSE:**  Objection:  The term "accepted" is vague and ambiguous.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit 15
Page 15 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 15 of 55

**40th  Request for Admission:**

Please admit that First Financial sent correspondence or other
documentation to Northern Adjusters that disputed or contravened
10/30/1999 as the date of loss.

**RESPONSE:**  Objection:  (1) The request calls for a legal and/or
evidentiary interpretation of evidence in the case, which
constitutes an infringement on privileged attorney work product;
(2) compound; (3) vague and ambiguous as to "corrected, or
disputed, or contravened."  Without waiver of its objection FFIC
denies that it has ever "accepted" 10/30/99 represents a date
"property damage" occurred within the meaning of the policy.

**41st  Request for Admission:**

Please admit that First Financial did NOT send correspondence or
other documentation to Northern Adjusters that disputed or
contravened 10/30/1999 as the date of loss.

**RESPONSE:**  Objection:  (1) The request calls for a legal and/or
evidentiary interpretation of evidence in the case, which
constitutes an infringement on privileged attorney work product;
(2) compound; (3) vague and ambiguous as to "corrected, or
disputed, or contravened."  Without waiver of its objection FFIC
denies that it has ever "accepted" 10/30/99 represents a date
"property damage" occurred within the meaning of the policy.

**42nd  Request for Admission:**

Please admit that it was reasonable for Dean Bruington to rely on
the letter dated July 24, 2002, from David Buness of Northern
Adjusters.

**RESPONSE:**  Objection:  Vague and ambiguous; overbroad.  The
request does not specify what is relied upon or for what purpose.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit _G_
Page _16_ of _55_

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 16 of 55

### 43rd  Request for Admission:

Please admit that it was NOT reasonable for Dean Bruington to
rely on the letter dated July 24, 2002, from David Buness of
Northern Adjusters.

**RESPONSE**: Objection:  Vague and ambiguous; overbroad.  The
request does not specify what is relied upon or for what purpose.

### 44th  Request for Admission:

Please admit that First Financial sent correspondence or other
documentation to Dean Bruington that corrected, or disputed, or
contravened 10/30/1999 as the date of loss.

**RESPONSE**:  Objection:  (1) The request calls for a legal and/or
evidentiary interpretation of evidence in the case, which
constitutes an infringement on privileged attorney work product;
(2) compound; (3) vague and ambiguous as to "corrected, or
disputed, or contravened."  Without waiver of its objection FFIC
denies that it has ever "accepted" 10/30/99 represents a date
"property damage" occurred within the meaning of the policy.

### 45th  Request for Admission:

Please admit that First Financial did NOT send correspondence or
other documentation to Dean Bruington that corrected, or
disputed, or contravened 10/30/1999 as the date of loss.

**RESPONSE**:  Objection:  (1) The request calls for a legal and/or
evidentiary interpretation of evidence in the case, which
constitutes an infringement on privileged attorney work product;
(2) compound; (3) vague and ambiguous as to "corrected, or
disputed, or contravened."  Without waiver of its objection FFIC
denies that it has ever "accepted" 10/30/99 represents a date
"property damage" occurred within the meaning of the policy.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibt  G
Page 17 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 17 of 55

### 46th   Request for Admission:

Please admit that Northern Adjusters determined the date of loss.
**RESPONSE:**  Objection: Vague and ambiguous as to "determined the date of loss."  Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

### 47th   Request for Admission:

Please admit that Northern Adjusters did NOT determine the date of loss.

**RESPONSE:**  Objection: Vague and ambiguous as to "determined the date of loss."  Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

### 48th   Request for Admission:

Please admit that First Financial Insurance determined the date of loss.

**RESPONSE:**  Objection: Vague and ambiguous as to "determined the date of loss."  Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

### 49th   Request for Admission:

Please admit that First Financial Insurance did NOT determine the date of loss.

**RESPONSE:**  Objection: Vague and ambiguous as to "determined the date of loss."  Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

the period of its policy.

Exhibit __G__
Page __18__ of __55__

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 18 of 55

 

### 50th  Request for Admission:

Please admit that Northern Adjusters determined that the date of loss was 10/30/1999.

**RESPONSE**:  Objection: Vague and ambiguous as to "determined" and "date of loss." Without waiver of its objection, FFIC admits FFIC concluded no "bodily injury" or "property damage" occurred during the period of its policy.

### 51st  Request for Admission:

Please admit that Northern Adjusters determined that the date of loss was NOT 10/30/1999.

**RESPONSE**:  Objection: Vague and ambiguous as to "determined" and "date of loss." Without waiver of its objection, FFIC admits FFIC concluded no "bodily injury" or "property damage" occurred during the period of its policy.

### 52nd  Request for Admission:

Please admit that First Financial Insurance determined that the date of loss was 10/30/1999.

**RESPONSE**:  Objection: Vague and ambiguous as to "determined" and "date of loss." Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

### 53rd  Request for Admission:

Please admit that First Financial Insurance determined that the date of loss was NOT 10/30/1999.

**RESPONSE**:  Objection: Vague and ambiguous as to "determined" and "date of loss." Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit $\underline{6}$

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS Page  19  of  55
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 19 of 55

**54th  Request for Admission:**

Please admit that First Financial has never determined that the date of loss was other than 10/30/1999.

**RESPONSE:**  Objection: Vague and ambiguous as to "determined" and "date of loss."  Without waiver of its objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

**55th  Request for Admission:**

Please admit that the date of loss is 10/30/1999.

**RESPONSE:**  Objection: Vague and ambiguous as to "date of loss."  Without wavier of objection, FFIC admits it concluded no "bodily injury" or "property damage" occurred during the period of its policy.

**56th  Request for Admission:**

Please admit that the documents provided in discovery, Bates stamped FFIC 0150- FFIC 0152, are true, correct, and authentic copies of a fax transmittal page and a document titled "ACORD... GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM" sent from Denali Alaskan Insurance to First Financial Insurance.

**RESPONSE:**  Objection : Compound.  Admitted that they are true and correct copies.

**57th  Request for Admission:**

Please admit that on the document titled ACORD... GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM, Bates number FFIC 0151, the Date of Occurrence is stated as 10/30/99.

**RESPONSE:**  Objection: The contents of the document are self-explanatory.

Exhibit 5
Page 20 of 55

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 20 of 55

### 58th  Request for Admission:

Please admit that First Financial sent correspondence or other
documentation to Denali Alaskan Insurance to First Financial
Insurance that disputed or contravened 10/30/99 as the date of
occurrence.

**RESPONSE**:   Objection:   (1) "Disputed or contravened 10/30/99 as
the date of occurrence" is vague and ambiguous; (2) compound; (3)
irrelevant and not likely to lead to the discovery of relevant
information.

### 59th  Request for Admission:

Please admit that First Financial did NOT send correspondence or
other documentation to Denali Alaskan Insurance that disputed or‾
contravened 10/30/99 as the date of occurrence.

**RESPONSE**:   Objection:   (1) "Disputed or contravened 10/30/99 as
the date of occurrence" is vague and ambiguous; (2) compound; (3)
irrelevant and not likely to lead to the discovery of relevant
information.

### 60th  Request for Admission:

Please admit that First Financial sent correspondence or other .
documentation to Dean Bruington that corrected, or disputed, or
contravened 10/30/99 as the date of occurrence.

**RESPONSE**:   Objection:   (1) "Corrected or disputed, or contravened
10/30/99 as the date of occurrence" is vague and ambiguous; (2)
compound; (3) irrelevant and not likely to lead to the discovery
of relevant information inasmuch as FFIC contests the timing of
"property damage," not of an occurrence.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___(5___
Page 21 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 21 of 55

### 61st  Request for Admission:

Please admit that First Financial did NOT send correspondence or other documentation to Dean Bruington that corrected, or disputed, or contravened 10/30/1999 as the date of occurrence.

**RESPONSE**:  Objection:  (1) "Corrected or disputed, or contravened 10/30/99 as the date of occurrence" is vague and ambiguous; (2) compound; (3) irrelevant and not likely to lead to the discovery of relevant information inasmuch as FFIC contests the timing of "property damage," not of an occurrence.  Without waiver of objections: Denied.

### 62nd  Request for Admission:

Please admit that Northern Adjusters determined the date of occurrence.

**RESPONSE**:  Objection: (1) Vague and ambiguous as to "determined"; (2) calls for information within the possession of a third party; (3) irrelevant and not likely to lead to the discovery of relevant information.

### 63rd  Request for Admission:

Please admit that Northern Adjusters did NOT determine the date of occurrence.

**RESPONSE**:  Objection: (1) Vague and ambiguous as to "determine"; (2) calls for information within the possession of a third party; (3) irrelevant and not likely to lead to the discovery of relevant information.

### 64th  Request for Admission:

Please admit that Northern Adjusters determined that the date of occurrence was 10/30/1999.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit C
Page 22 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 22 of 55

**RESPONSE:**  Objection: (1) Vague and ambiguous as to "determined"; (2) calls for information within the possession of a third party; (3) irrelevant and not likely to lead to the discovery of relevant information.

### 65th  Request for Admission:

Please admit that Northern Adjusters determined that the date of occurrence was NOT 10/30/1999.

**RESPONSE:**  Objection: (1) Vague and ambiguous as to "determined"; (2) calls for information within the possession of a third party; (3) irrelevant and not likely to lead to the discovery of relevant information.

### 66th  Request for Admission:

Please admit that First Financial Insurance determined the date of occurrence.

**RESPONSE:**  Objection: (1) Vague and ambiguous as to "determined"; (2) irrelevant and not likely to lead to the discovery of relevant information.  Without waiver of these objections, FFIC admits that it concluded no "bodily injury" or "property damage" took place during the period of its policy.

### 67th  Request for Admission:

Please admit that First Financial Insurance did NOT determine the date of occurrence.

**RESPONSE:**  Objection: (1) Vague and ambiguous as to "determine"; (2) irrelevant and not likely to lead to the discovery of relevant information.  Without waiver of these objections, FFIC admits that it concluded no "bodily injury" or "property damage" took place during the period of its policy.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___ G

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS Page 23 of 55
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 23 of 55

### 68th  Request for Admission:

Please admit that First Financial Insurance determined that the
date of occurrence was 10/30/1999.

**RESPONSE**:   Objection: (1) Vague and ambiguous as to "determined";
(2) irrelevant and not likely to lead to the discovery of
relevant information.  Without waiver of these objections, FFIC
admits that it concluded no "bodily injury" or "property damage"
took place during the period of its policy.

### 69th  Request for Admission:

Please admit that First Financial Insurance determined that the
date of occurrence was NOT 10/30/1999.

**RESPONSE**: Objection:  (1) Vague and ambiguous as to "determined";
(2) irrelevant and not likely to lead to the discovery of
relevant information.  Without waiver of these objections, FFIC
admits that it concluded no "bodily injury" or "property damage"
took place during the period of its policy.

### 70th  Request for Admission:

Please admit that First Financial Insurance has never determined
that the date of loss was other than 10/30/1999.

**RESPONSE**:   Objection: (1) Vague and ambiguous as to "determined";
(2) irrelevant and not likely to lead to the discovery of
relevant information.  Without waiver of these objections, FFIC
admits that it concluded no "bodily injury" or "property damage"
took place during the period of its policy.

### 71st  Request for Admission:

Please admit that the date of occurrence is 10/30/99.

**RESPONSE**:   Denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit___G___
Page__24__ of _55_

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 24 of 55

### 72nd  Request for Admission:

Please admit that the date of occurrence cannot be any later in time than the date of loss.

**RESPONSE**:  Objection: (1) Calls for a legal conclusion or opinion; (2) vague and ambiguous.

### 73rd  Request for Admission:

Please admit that the policy coverage period for the insurance issued by First Financial Insurance to Bruington was effective until 12/08/1999.

**RESPONSE**:  Objection: "Policy coverage period" is vague and ambiguous.  Without waiver of objection: Denied.

### 74th  Request for Admission:

Please admit that 10/30/1999 is within the policy coverage period.

**RESPONSE**:  Objection: "Policy coverage period" is vague and ambiguous.  FFIC admits the date of 10/30/1999 occurs during the "policy period" of 12/8/98 to 12/8/99.

### 75th  Request for Admission:

Please admit that if the date of loss is within the policy coverage period, then any assertion by First Financial that the date of loss was outside of the coverage period is not a defense.

**RESPONSE**: Objection: (1) Calls for a legal conclusion or opinion; (2) vague and ambiguous.  Without waiving objection, this request is denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___G___
Page 25 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 25 of 55

## 76th  Request for Admission:

Please admit that if the date of occurrence is within the policy coverage period, then any assertion by First Financial that the date of loss was outside of the coverage period is not a defense. **RESPONSE**: Objection: (1) Calls for a legal conclusion or opinion; (2) vague and ambiguous.  Without waiving objection, this request is denied.

## 77th  Request for Admission:

Please admit that the following statements were made by David Buness of Northern Adjusters in his letters of 7/30/2002 and 8/30/2002: There was "...apparent settling or sinking of the residence's structural support system"; "interior damage... appears to be a result of concrete footers of this dwelling sinking for an unknown reason causing the entire dwelling structure to subside"; and "poor soils were located to approximately 9' in depth, which would necessitate excavation and installation of appropriate drainage and compacting type fill prior to further construction"

**RESPONSE**: Objection:  (1) The documents speak for themselves; (2) compound; (3) fails to specify the particular documents to which particular statements are attributed.  Without waiver of objections: Denied.

## 78th  Request for Admission:

Please admit that Northern Adjusters' investigation was closed without any formal determination of the source of the loss. **RESPONSE**: Objection:  Vague and ambiguous regarding "formal determination of the source of the loss."

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit  G
Page 26 of 55

### 79th  Request for Admission:

Please admit that the document provided in discovery, Bates stamped FFIC 0148, is a true, correct, and authentic copy of the First FINANCIAL INSURANCE's NEW LOSS ASSIGNMENT to Northern Adjusters, dated July 17, 2002.

**RESPONSE:**  Admitted.

### 80th  Request for Admission:

Please admit that First FINANCIAL INSURANCE's NEW LOSS ASSIGNMENT to Northern Adjusters, dated July 17, 2002, contained special instructions that directed Northern Adjusters to "not refer insured or claimants to me. Our telephone number is for your use only!"

**RESPONSE:**  Objection: (1) Compound; (2) vague and ambiguous; (3) the document speaks for itself.

### 81st  Request for Admission:

Please admit that Eric Lutz placed one or more calls to David Buness's Northern Adjusters office leaving messages that sought answers on the status of his claim between September and November of 2002.

**RESPONSE:**  Objection: Calls for information within the knowledge of a third party.  Discovery has not progressed to the point where FFIC can admit or deny this request, therefore this request is denied.

### 82nd  Request for Admission:

Please admit that First Financial instructed Northern Adjusters to not disclose information to claimant Eric Lutz.

**RESPONSE:**  Objection: Vague and ambiguous.  Without waiver of objection: Denied.

Exhibit ___G___

Page 27 of 55

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 27 of 55

**83rd   Request for Admission:**

Please admit that Alaska insurance regulation 03 AAC 26.040(b),
Required Claim Communication, requires an insurer to respond to
each inquiry from the claimant.

**RESPONSE**: Objection:  (1) Calls for a legal conclusion, opinion
or interpretation; (2) vague and ambiguous.

**84th   Request for Admission:**

Please admit that Eric Lutz was a claimant on the policy issued
by First Financial to Bruington.

**RESPONSE**:  Objection: Vague and ambiguous as to "claimant on the
policy."

**85th   Request for Admission:**

Please admit that Northern Adjusters did NOT respond to inquiries
made by Eric Lutz in September, October, and November of 2002.

**RESPONSE**:  Objection: (1) Compound; (2) vague and ambiguous; (3)
assumes facts not in evidence; (4) calls for information within
the knowledge of a third party.  Discovery has not progressed to
the point where FFIC can admit or deny this request, therefore
this request is denied.

**86th   Request for Admission:**

Please admit that First Financial did respond to inquiries made
by Eric Lutz in September, October, and November of 2002.

**RESPONSE**:  Objection: (1) Compound; (2) vague and ambiguous; (3)
assumes facts not in evidence.  Without waiving the objections,
this request is denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___
Page 28 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 28 of 55

### 87th  Request for Admission:

Please admit that the failure of Northern Adjusters to respond to the claimant Eric Lutz was a violation of 03 AAC 26.040(b), Required Claim Communication.

**RESPONSE:**   Objection: (1) Compound; (2( vague and ambiguous; (3) assumes fact not in evidence.  Without waiving the objections, this request is denied.

### 88th  Request for Admission:

Please admit that the failure of First Financial to respond to the claimant Eric Lutz was a violation of 03 AAC 26.040(b), Required Claim Communication.

**RESPONSE:**   Denied.

### 89th  Request for Admission:

Please admit that the document provided in discovery, Bates stamped FFIC 0009- FFIC 0012, is a true, correct, and authentic copy of the letter from Special Claim Manager for First Financial, Robert LaFrance, to Dean Bruington dated September 11, 2002 regarding Claim # 112459.

**RESPONSE:**   Admitted.

### 90th  Request for Admission:

Please admit that the September 11, 2002 letter from First Financial to Bruington was intended as a denial of coverage for the claim made for damages arising at the Lutz residence.

**RESPONSE:**   Objection: (1) The contents of the letter are self-explanatory; (2) calls for characterization or interpretation of the letter; (3) vague and ambiguous.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit  G

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUEST Page 29 of 55
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 29 of 55

### 91st   Request for Admission:

Please admit that First Financial intended that Bruington would
rely upon the explanations provided in the September 11, 2002
letter.

**RESPONSE**: Objection: (1) Vague and ambiguous as to "rely"; (2)
irrelevant and not likely to lead to the discovery of relevant
information; (3) calls for a legal conclusion.

### 92nd   Request for Admission:

Please admit that it was reasonable for Bruington to rely upon
the explanations provided to him by First Financial in the
September 11, 2002 letter.

**RESPONSE**: Objection: (1) Vague and ambiguous as to "rely"; (2)
irrelevant and not likely to lead to the discovery of relevant
information; (3) calls for a legal conclusion.

### 93rd   Request for Admission:

Please admit that the September 11, 2002 letter from First
Financial to Bruington provided no explanation that the loss
arose from the work of Mike Shelton, Backwoods Enterprises, or
any other subcontractor.

**RESPONSE**: Objection: (1) Vague and ambiguous as to "rely"; (2)
irrelevant and not likely to lead to the discovery of relevant
information; (3) calls for a legal conclusion; (4) the document
speaks for itself.

### 94th   Request for Admission:

Please admit that the September 11, 2002 letter from First
Financial to Bruington merely recited, without explanation, the
policy language regarding the Exclusion for Independent
Contractors.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ____

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS Page 30 of 55
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 30 of 55

**RESPONSE**:  Objection:  (1) Vague and ambiguous as to "rely"; (2) irrelevant and not likely to lead to the discovery of relevant·· information; (3) calls for a legal conclusion; (4) the document speaks for itself.

### 95th  Request for Admission:

Please admit that merely reciting the Exclusion for Independent Contractors, without giving an explanation as to how the exclusion is applicable to the facts or the law of the claim is NOT a reasonable explanation of the basis in the insurance policy in relation to the facts or the applicable law for the denial of a claim.

**RESPONSE**:  Objection: Calls for a legal conclusion or interpretation.  Without waiver of this objection: Denied.

### 96th  Request for Admission:

Please admit that the September 11, 2002 letter from First Financial to Bruington provided no explanation that the loss was excluded because it was expected or intended from the standpoint of the insured.

**RESPONSE**:  Objection: (1) The contents of the document are self-explanatory; (2) calls for a legal conclusion and/or characterization of the evidence.

### 97th  Request for Admission:

Please admit that the September 11, 2002 letter from First Financial to Bruington provided no explanation that the loss was excluded because of Bruington's providing of or failure to provide warnings or instructions.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G
Page 31 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 31 of 55

**RESPONSE**:   Objection: (1) The contents of the document are self-explanatory; (2) calls for a legal conclusion and/or characterization of the evidence.

### 98th   Request for Admission:

Please admit that the September 11, 2002 letter from First Financial to Bruington provided no explanation that the loss was excluded because no property damage occurred during the policy period.

**RESPONSE**:   Objection: (1) The contents of the document are self-explanatory; (2) calls for a legal conclusion and/or characterization of the evidence.

### 99th   Request for Admission:

Please admit that Bruington's First Financial Policy number F 0117G412046 defines "Your Product" to mean "any goods or product, *other than real property,…*"

**RESPONSE**:   Objection: (1) FFIC has produced a certified copy of the policy, the contents of which are self-explanatory; (2) calls for a legal conclusion and/or characterization of the evidence.

### 100th   Request for Admission:

Please admit that where the September 11, 2002 LaFrance letter states that "(s)everal courts have interpreted newly-constructed homes to constitute the insured's product or "work" under the general exclusion for claims arising from damage to an insured's product.." that this does not accurately state the basis in the insurance policy in relation to the facts or applicable law for denial of the claim.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___G___
Page _32_ of _55_

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 32 of 55

**RESPONSE**:    Objection: (1) Calls for a legal interpretation or conclusion; (2) vague and ambiguous; (3) compound.    Without waiver of objections: Denied.

### 101st   Request for Admission:

Please admit that Lutz's completed building is real property.
**RESPONSE**:    Objection: (1) Calls for a legal interpretation or conclusion; (2) vague and ambiguous; (3) compound.

### 102nd   Request for Admission:

Please admit that a completed building is not an insured contractor's "product" according to applicable Alaska law.
**RESPONSE**:    Objection:    (1) Calls for a legal interpretation or conclusion; (2) vague and ambiguous; (3) compound.

### 103rd   Request for Admission:

Please admit that the September 11, 2002 letter from First Financial to Bruington does NOT provide a reasonable explanation of the basis in the insurance policy in relation to the facts and the applicable law for denial of the claim.
**RESPONSE**:    Objection:    (1) Calls for a legal interpretation or conclusion; (2) vague and ambiguous; (3) compound.    Without waiver of objections: Denied.

### 104th   Request for Admission:

Please admit that the September 11, 2002 letter from First Financial to Bruington does provide a reasonable explanation of the basis in the insurance policy in relation to the facts and the applicable law for denial of the claim.
**RESPONSE**:    Objection:    (1) Calls for a legal interpretation or conclusion; (2) vague and ambiguous; (3) compound.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G
Page 33 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 33 of 55



## 105th  Request for Admission:

Please admit that Northern Adjusters investigated whether
subcontractor Mike Shelton was an "independent contractor".

**RESPONSE:**  Objection:  (1) Vague and ambiguous; (2) calls for
information from a third party; (3) assumes facts not in
evidence.

## 106th  Request for Admission:

Please admit that Northern Adjusters did NOT investigate whether
subcontractor Mike Shelton was an "independent contractor".

**RESPONSE:**  *See* response to Req. for Admission no. 105.

## 107th  Request for Admission:

Please admit that Northern Adjusters determined that
subcontractor Mike Shelton was an "independent contractor".

**RESPONSE:**  *See* response to Req. for Admission no. 105.

## 108th  Request for Admission:

Please admit that Northern Adjusters did NOT determine that
subcontractor Mike Shelton was an "independent contractor".

**RESPONSE:**  *See* objection to Req. for Admission no. 105.

## 109th  Request for Admission:

Please admit that Northern Adjusters investigated whether
subcontractor Backwoods Enterprises was an "independent
contractor".

**RESPONSE:**  *See* response to Req. for Admission no. 105.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit  G
Page 34 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 34 of 55

### 110th  Request for Admission:

Please admit that Northern Adjusters did NOT investigate whether
subcontractor Backwoods Enterprises was an "independent
contractor".

**RESPONSE:**  *See* objection to Req. for Admission no. 105.

### 111th  Request for Admission:

Please admit that Northern Adjusters determined that
subcontractor Backwoods Enterprises was an "independent
contractor".

**RESPONSE:**  *See* response to Req. for Admission no. 105.

### 112th  Request for Admission:

Please admit that Northern Adjusters did NOT determine that
subcontractor Backwoods Enterprises was an "independent
contractor".

**RESPONSE:**  *See* response to Req. for Admission no. 105.

### 113th  Request for Admission:

Please admit that First Financial filed the Endorsement-
"Exclusion- Independent Contractors", identified as BG-G-070 492,
was filed with the Alaska Division of Insurance pursuant to AS .
21.42.120.

**RESPONSE:**  Objection:  The request is unintelligible.  Without
waiving objection:  Admitted.

### 114th  Request for Admission:

Please admit that First Financial did NOT file the Endorsement-
"Exclusion- Independent Contractors", identified as BG-G-070 492,
with the Alaska Division of Insurance pursuant to AS 21.42.120.

**RESPONSE:**  Denied.

Exhibt  G

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

**115th   Request for Admission:**

Please admit that the insurance policy issued by First Financial
to Bruington does not define the term "subcontractor."
**RESPONSE:**   Objection: FFIC has produced a certified copy of the
policy, which speaks for itself.

**116th   Request for Admission:**

Please admit that the insurance policy issued by First Financial
to Bruington does not define the term "independent contractor."
**RESPONSE:**   Objection: FFIC has produced a certified copy of the
policy, which speaks for itself.

**117th   Request for Admission:**

Please admit that 10th edition of Merriam-Webster's Collegiate
Dictionary does not define the term "independent contractor" as
being the same as, or as synonymous as the term "subcontractor".
**RESPONSE:**   Objection:  (1) Irrelevant and not likely to lead to
the discovery of admissible evidence; (2) the characterization of
the manner in which a dictionary defines these terms is not an
appropriate subject of a Rule 36 request for admission.·

**118th   Request for Admission:**

Please admit that the Random House New College Dictionary Revised
Addition does not define the term "independent contractor" as
being the same as, or as synonymous as the term "subcontractor".
**RESPONSE:**   Objection:  (1) Irrelevant and not likely to lead to
the discovery of admissible evidence; (2) the characterization of
the manner in which a dictionary defines these terms is not an
appropriate subject of a Rule 36 request for admission.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV-(TMB)
Page 36 of 55

Exhibit G-
Page 36 of 55

**119th    Request for Admission:**

Please admit that the Random House New College Dictionary Revised
Addition does not define the term "independent contractor" as
being the same as, or as synonymous as the term "subcontractor".
**RESPONSE**: (1) Irrelevant and not likely to lead to the discovery
of admissible evidence; (2) the characterization of the manner in
which a dictionary defines these terms is not an appropriate
subject of a Rule 36 request for admission.

**120th    Request for Admission:**

Please admit that Black's Law Dictionary, abridged Sixth Edition,
does not define the term "independent contractor" as being the
same as, or as synonymous as the term "subcontractor".
**RESPONSE**: Objection: (1) Irrelevant and not likely to lead to
the discovery of admissible evidence; (2) the characterization of
the manner in which a dictionary defines these terms is not an
appropriate subject of a Rule 36 request for admission.

**121st    Request for Admission:**

Please admit that the term "independent contractor" is synonymous
with the term "subcontractor".
**RESPONSE**: Objection: (1) Irrelevant and not likely to lead to
the discovery of admissible evidence; (2) calls for a legal
conclusion or opinion.

**122nd    Request for Admission:**

Please admit that the term "independent contractor" is NOT
synonymous with the term "subcontractor".
**RESPONSE**: Objection: (1) Irrelevant and not likely to lead to
the discovery of admissible evidence; (2) calls for a legal
conclusion or opinion.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS Page 37 of 55
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 37 of 55

### 123rd Request for Admission:

Please admit that under the rules of construction for interpreting the meaning of a contract that when two different terms are used, it is presumed that the terms do in fact have different meanings.

**RESPONSE:** Objection: (1) Irrelevant and not likely to lead to the discovery of admissible evidence; (2) calls for a legal conclusion or opinion.

### 124th Request for Admission:

Please admit that First Financial produced the contract language for the provision of insurance to Bruington.

**RESPONSE:** Objection: Vague and ambiguous.

### 125th Request for Admission:

Please admit that the contract between Bruington and First Financial Insurance was a "Contract of Adhesion".

**RESPONSE:** Objection: (1) Irrelevant and not likely to lead to the discovery of admissible evidence; (2) calls for a legal conclusion or opinion.

### 126th Request for Admission:

Please admit that a maxim of contract interpretation is "*contra profrerentem*" which is, in effect, that an ambiguous provision is construed most strongly against the person who selected the language.

**RESPONSE:** Objection: (1) Irrelevant and not likely to lead to the discovery of admissible evidence; (2) calls for a legal conclusion or opinion.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit 5
Page 38 of 55

 

### 127th  Request for Admission:

Please admit that the endorsement Exclusion- Independent
Contractors", identified as BG-G-070 492, is ambiguous as to
whether it applies to all subcontractors.
**RESPONSE**: Denied.

### 128th  Request for Admission:

Please admit that all "subcontractors" are "independent
contractors".

**RESPONSE**:  Objection: (1) Calls for a legal conclusion or
opinion; (2) calls for speculation and hypothetical argument.

### 129th  Request for Admission:

Please admit that all "subcontractors" are NOT "independent
contractors".

**RESPONSE**:  Objection: (1) Calls for a legal conclusion or
opinion; (2) calls for speculation and hypothetical argument.

### 130th  Request for Admission:

Please admit that the determination of whether a "subcontractor"
is an "independent contractor" can only be determined based on
the particular specifics of the relationship between the general
contractor and the subcontractor or independent contractor.
**RESPONSE**:  Objection: (1) Calls for a legal conclusion or
opinion; (2) compound.

### 131st  Request for Admission:

Please admit that Bruington paid an additional $639.00 for
products/completed operations coverage portion of his First
Financial policy.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit  G
Page 39 of 55

**RESPONSE:** Objection: (1) Vague and ambiguous; (2) FFIC has
produced a certified copy of the applicable policy, which speaks
for itself.

### 132nd  Request for Admission:

Please admit that Section I - 2. Exclusions (l), which states,
"This exclusion does not apply if the damages work or the work
out of which the damage arises was preformed on your behalf by a
subcontractor" was part of the policy language for Bruington's
insurance coverage.

**RESPONSE:** Objection:  (1) FFIC has produced a certified copy of
the applicable policy, which speaks for itself; (2) calls for a
legal conclusion or opinion; (3) the quoted portion is not the
full language of Exclusion 1.

### 133rd  Request for Admission:

Please admit that Section I - 2. Exclusions (l), which states,
"This exclusion does not apply if the damages work or the work
out of which the damage arises was preformed on your behalf by a
subcontractor" was NOT part of the policy language for
Bruington's insurance coverage.

**RESPONSE:**  *See* response to Req. for Admission no. 132.

### 134th  Request for Admission:

Please admit that the "Exclusion- Independent Contractors", BG-G-
070-92, operates to exclude policy coverage for any acts or
omissions committed by Mike Shelton with regard to the
construction of the Lutz house.

**RESPONSE:**  Objection:  (1) Vague and ambiguous; (2) calls for a
legal conclusion or opinion; (3) the precise language of the
exclusion is not presented in this request.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS  Page 40 of 55
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 40 of 55



**135th  Request for Admission:**

Please admit that the "Exclusion- Independent Contractors", BG-G-070-92, does NOT operate to exclude policy coverage for any acts or omissions committed by Mike Shelton with regard to the construction of the Lutz house.

**RESPONSE:**  *See* response to Req. for Admission no. 134.

**136th  Request for Admission:**

Please admit that the "Exclusion- Independent Contractors", BG-G-070-92, operates to exclude policy coverage for any acts or omissions committed by Backwoods Enterprises with regard to the construction of the Lutz house.

**RESPONSE:**  Objection:  (1) No issue has been raised in this case concerning the acts or omissions of Backwoods Enterprises, therefore this request is irrelevant and not likely to lead to the discovery of admissible evidence; (2) calls for speculation; (3) vague and ambiguous; (4) the precise language of the exclusion is not presented in this request; (5) calls for a legal conclusion or opinion.

**137th  Request for Admission:**

Please admit that the "Exclusion- Independent Contractors", BG-G-070-92, does NOT operate to exclude policy coverage for any acts or omissions committed by Backwoods Enterprises with regard to the construction of the Lutz house.

**RESPONSE:**  Objection:  (1) No issue has been raised in this case concerning the acts or omissions of Backwoods Enterprises, therefore this request is irrelevant and not likely to lead to the discovery of admissible evidence; (2) calls for speculation; (3) vague and ambiguous; (4) the precise language of the

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 41 of 55

exclusion is not presented in this request; (5) calls for a legal
conclusion or opinion.

### 138th  Request for Admission:

Please admit that an investigation was performed to determine if
Mike Shelton was an independent contractor.

**RESPONSE:**  Objection:  Vague and ambiguous as to "investigation."
Without waiving objection, FFIC admits that it investigated the
circumstances of the claim and on the basis of that investigation
it concluded, among other things, that the independent contractor
exclusion applied.

### 139th  Request for Admission:

Please admit that NO investigation was performed to determine if
Mike Shelton was an independent contractor.

**RESPONSE:**  Objection:  Vague and ambiguous as to "investigation."
Without waiving objection, FFIC admits that it investigated the
circumstances of the claim and on the basis of that investigation
it concluded, among other things, that the independent contractor
exclusion applied.

### 140th  Request for Admission:

Please admit that an investigation was performed to determine if
Backwoods Enterprises was an independent contractor.

**RESPONSE:**  Objection:  (1) Irrelevant and not likely to lead to
discovery of admissible evidence; (2) vague and ambiguous as to
"investigation."

### 141st  Request for Admission:

Please admit that NO investigation was performed to determine if
Backwoods Enterprises was an independent contractor.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 42 of 55

Exhibit  6

Page  42 of 55



**RESPONSE:** Objection: (1) Irrelevant and not likely to lead to discovery of admissible evidence; (2) vague and ambiguous as to "investigation."

### 142nd  Request for Admission:

Please admit that the value to the insured of paying a substantial additional premium for products/completed operations is questionable where coverage for damages arising from a subcontractor's work is excluded.

**RESPONSE:** Objection: (1) Assumes facts not in evidence; (2) calls for speculation; (3) vague and ambiguous; (4) calls for a legal conclusion or opinion.

### 143rd  Request for Admission:

Please admit that Bruington tendered the jury demand notice filed in Lutz v. Bruington, 3AN-03-0796, by a facsimile transmission on, or about, May 14, 2003 to the attention of the Claims Department at First Financial.

**RESPONSE:** Admitted that the jury demand was faxed to FFIC on about May 14, 2003; otherwise denied.

### 144th  Request for Admission:

Please admit that Bruington's tender of the jury demand notice filed in Lutz v. Bruington, 3AN-03-0796, by a facsimile transmission on, or about, May 14, 2003 to the attention of the Claims Department at First Financial satisfied the Condition for notification of First Financial as described in the policy's Section IV.2.

**RESPONSE:** Objection: (1) Vague and ambiguous; (2) calls for a legal conclusion or opinion.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit __C__
Page 43 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 43 of 55

**145th Request for Admission:**

Please admit that neither First Financial nor any agent acting·
for First Financial contacted Dean Bruington as a result of the
tender of the jury demand on May 14, 2003.

**RESPONSE:** Objection: Vague and ambiguous as to meaning of "as a
result of".

**146th Request for Admission:**

Please admit that First Financial or an agent of First Financial
DID contact Dean Bruington as a result of the tender of the jury
demand on May 14, 2003.

**RESPONSE:** *See* response to Req. for Admission no. 145.

**147th Request for Admission:**

Please admit that First Financial or an agent of First Financial
performed an onsite investigation of the Lutz claims against
Bruington following First Financial's receipt of the jury demand
on May 14, 2003.

**RESPONSE:** FFIC admits it had previously obtained a field
investigation and, therefore, did not request another.

**148th Request for Admission:**

Please admit that First Financial relied on the previous onsite
investigation performed by Northern Adjusters following First
Financial's receipt of the jury demand on May 14, 2003.

**RESPONSE:** See response to Request for Admission no. 147.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G
Page 44 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 44 of 55

**149th   Request for Admission:**

Please admit that advice of counsel as to the "duty to defend"
Dean Bruington was obtained prior to receipt of the jury demand
by First Financial Insurance.

**RESPONSE:** Objection:  Irrelevant and not likely to lead to
discovery of admissible evidence; vague and ambiguous; intrudes
on the attorney-client relationship and privileged
communications.

**150th   Request for Admission:**

Please admit that advice of counsel as to the "duty to defend"
Dean Bruington was NOT obtained prior to receipt of the jury
demand by either First Financial or any agent of First Financial.
**RESPONSE:** Objection:  Irrelevant and not likely to lead to
discovery of admissible evidence; vague and ambiguous; intrudes
on the attorney-client relationship and privileged
communications.

**151st   Request for Admission:**

Please admit that advice of counsel as to indemnification to Dean
Bruington was obtained prior to receipt of the jury demand by
First Financial Insurance.

**RESPONSE:**   Objection:  Irrelevant and not likely to lead to
discovery of admissible evidence; vague and ambiguous; intrudes
on the attorney-client relationship and privileged
communications.

**152nd   Request for Admission:**

Please admit that advice of counsel as to indemnification to Dean
Bruington was NOT obtained prior to receipt of the jury demand by
either First Financial Insurance.

Exhibit C
Page 45 of 55

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 45 of 55

**RESPONSE:**  Objection:  Irrelevant and not likely to lead to discovery of admissible evidence; vague and ambiguous; intrudes on the attorney-client relationship and privileged communications.

### 153rd  Request for Admission:

Please admit that advice of counsel as to the duty to defend Dean Bruington was obtained more than one year after receipt of the jury demand by First Financial Insurance.

**RESPONSE:** Objection:  Irrelevant and not likely to lead to discovery of admissible evidence; vague and ambiguous; intrudes on the attorney-client relationship and privileged communications.

### 154th  Request for Admission:

Please admit that advice of counsel as to the duty to defend Dean Bruington was obtained less than one year after receipt of the jury demand by First Financial Insurance.

**RESPONSE:** Objection:  Irrelevant and not likely to lead to discovery of admissible evidence; vague and ambiguous; intrudes on the attorney-client relationship and privileged communications.

### 155th  Request for Admission:

Please admit that advice of counsel as to indemnification to Dean Bruington was obtained more than one year after receipt of the jury demand by either First Financial Insurance.

**RESPONSE:** Objection:  Irrelevant and not likely to lead to discovery of admissible evidence; vague and ambiguous; intrudes on the attorney-client relationship and privileged communications.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G
Page 46 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 46 of 55

**156th Request for Admission:**

Please admit that advice of counsel as to indemnification to Dean Bruington was obtained less than one year after receipt of the jury demand by either First Financial Insurance.

**RESPONSE:** Objection: Irrelevant and not likely to lead to discovery of admissible evidence; vague and ambiguous; intrudes on the attorney-client relationship and privileged communications.

**157th Request for Admission:**

Please admit that First Financial intends to utilize as a defense, that it followed the "advice of counsel".

**RESPONSE:** FFIC admits it has not asserted the affirmative defense commonly known as "advice of counsel." FFIC reserves the right to amend its pleadings as allowed by the Court.

**158th Request for Admission:**

Please admit that First Financial does NOT intend to utilize as a defense, that it followed the "advice of counsel".

**RESPONSE:** FFIC admits it has not asserted the affirmative defense commonly known as "advice of counsel." FFIC reserves the right to amend its pleadings as allowed by the Court.

**159th Request for Admission:**

Please admit that property damage at the Lutz residence arose from an accident.

**RESPONSE:** Objection: (1) Vague and ambiguous; (2) calls for a legal conclusion or opinion.

DELANEY. WILES,
HAYES. GERETY.
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit G
Page 47 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 47 of 55

### 160th  Request for Admission:

Please admit that property damage at the Lutz residence did NOT arise from an accident.

**RESPONSE**:  Objection: (1) Vague and ambiguous; (2) calls for a legal conclusion or opinion.

### 161st  Request for Admission:

Please admit that the property damage at the Lutz residence arose from continuous or repeated exposure to substantially the same harmful conditions.

**RESPONSE**:  Objection: (1) Vague and ambiguous; (2) calls for a legal conclusion or opinion.

### 162nd  Request for Admission:

Please admit that the property damage at the Lutz residence did NOT arise from continuous or repeated exposure to substantially the same harmful conditions.

**RESPONSE**:  Objection: (1) Vague and ambiguous; (2) calls for a legal conclusion or opinion.

### 163rd  Request for Admission:

Please admit that inadequate excavation and fill upon permafrost and unstable ground establishes a condition harmful to structures completed thereon.

**RESPONSE**: Objection:  Calls for a legal conclusion or interpretation; calls for speculation upon hypothetical facts; vague and ambiguous.

### 164th  Request for Admission:

Please admit that the letter of September 11, 2002 from First Financial to Bruington stated that First Financial Insurance was

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 48 of 55

denying the claim because the Lutz claims fell outside the period
covered by the policy.

**RESPONSE**: Objection: The contents of the letter are self-
explanatory; calls for a characterization or interpretation of
the letter.

### 165th  Request for Admission:

Please admit that the letter of September 11, 2002 from First
Financial to Bruington did NOT state that First Financial
Insurance was denying the claim because the Lutz claims fell
outside the period covered by the policy.

**RESPONSE**: Objection: The contents of the letter are self-
explanatory; calls for a characterization or interpretation of
the letter.

### 166th  Request for Admission:

Please admit that the letter First Financial Insurance sent to
Tim Cook, dated September 16, 2004 and signed by Steve Gyarmati,
Specialty Claims Manager was sent via US mail to Tim Cook return
receipt.

**RESPONSE**:  FFIC admits the letter was sent on about September 16,
2004 to Mr. Cook at his former address in Valdez, Alaska via
regular U.S. mail and "certified mail", and that it was faxed to
Mr. Cook on about October 5, 2004.

### 167th  Request for Admission:

Please admit that First Financial Insurance does not have any
evidence of receipt by Tim Cook of the letter First Financial
Insurance sent to Tim Cook, dated September 16, 2004 and signed
by Steve Gyarmati, Specialty Claims Manager.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 49 of 55

Exhibit



**RESPONSE**:  Objection:  Vague and ambiguous; calls for a legal
conclusion.  Without waiver of objections: Denied.

### 168th   Request for Admission:

Please admit that the letter First Financial Insurance sent to
Tim Cook, dated September 16, 2004 and signed by Steve Gyarmati,
Specialty Claims Manager was returned undeliverable because of an
improper address.

**RESPONSE**:  Objection; Vague and ambiguous as to "improper."
Without waiver of objection, FFIC admits that the letter did not
reach Mr. Cook because he changed address from Valdez to
Anchorage.

### 169th   Request for Admission:

Please admit that the earliest date on which it can be shown that
the letter sent by First Financial Insurance to Tim Cook, dated
September 16, 2004 and signed by Steve Gyarmati, Specialty Claims
Manager was when it was faxed to Cook by Andrew Guidi's office in
January of 2005.

**RESPONSE**:  Objection: Vague and ambiguous; calls for a legal
conclusion.  Without waiving objection: Denied.

### 170th   Request for Admission:

Please admit that First Financial did NOT inform Bruington or his
Assignee Lutz prior to January 2005, that First Financial was
relying upon an assertion that the Lutz allegations and facts of
the claim were outside the period covered by the policy.

**RESPONSE**:  Denied.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit  5
Page 50 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 50 of 55



### 171st  Request for Admission:

Please admit that documents provided with the Rule 26 disclosure
or produced in answering these requests are authentic and
complete copies of originals, and were prepared as records of
regularly conducted business activity, sufficient to meet the
requirements of Rules 803(6), 901, and 1003 or 1004 of the
Federal Rules of Evidence.

**RESPONSE:**  Objection:  (1) Compound; (2) vague and ambiguous; (3)
unduly burdensome; (4) fails to comply with Rule 36 requirement
that documents be appended or else clearly identified.  Without
waiver of objections: Denied.

### INTERROGATORIES

### Interrogatory No. 1:

If admission 165 is denied, identify with particularity,
including Bates numbers, each document that is not correct,
and/or that is not authentic, and explain the reasons why they
are not correct, or not authentic, and the reasons for production
of an incorrect and/or an inauthentic document.

**RESPONSE:**  Objection: (1) This interrogatory does not make sense
in relation to request for admission no. 165; (2) unduly
burdensome; (3) vague and ambiguous as to "correct"; (4)
compound.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibit ___G___
Page __51__ of __55__

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 51 of 55

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**: Produce each letter, memorandum, fax, email, or any other document containing the advice of counsel and/or a discussion of why no advice of counsel would be sought.

**RESPONSE**:    Objection:    (1) FFIC has not asserted the affirmative defense commonly known as "advice of counsel," therefore the discovery sought is irrelevant and not likely to lead to the discovery of admissible evidence; (2) seeks privileged attorney-client communications and/or work product.

**Request for Production No. 2**: Produce the claims handling guidelines, procedures manual, and other documents setting out the procedures to be followed by First Financial employees and agents in investigating, processing, and/or denying a claim for coverage and defense that was applicable and in use by First Financial between June 2002 and December 2004.

**RESPONSE**:    A copy of the applicable claim manual is being Bates numbered and will be made available for inspection and copying at the offices of defendant's counsel during normal business hours.

**Request for Production No. 3**: Produce all manuals, papers, documents or other materials that is specific to Alaska law that was used to train the First Financial employees who participated in the investigation, processing, and denial of the Bruington claim.

**RESPONSE**:    Objection: Vague and ambiguous as to "specific to Alaska law".    Without waiver of objection: none.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

Exhibt 5
Page 52 of 55

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 52 of 55

**Request for Production No. 4**: Produce tapes, transcripts, phone logs and all other documents produced in the investigation of the subcontractor and/or independent contractor involvement in the occurrence.

**RESPONSE**: Objection: (1) Vague and ambiguous; (2) potentially seeks privileged attorney work product. FFIC objects to production of any materials gathered by counsel in anticipation of litigation. Without waiving its objections: FFIC has produced its claim file as part of its Initial Disclosure. Additional relevant records may be in the possession of Northern Adjusters.

**Request for Production No. 5**: Produce the Alaska Division of Insurance filing of the Endorsement- "Exclusion- Independent Contractors," identified as BG-G-070 492, that was made part of the policy issued to Dean Bruington, along with all supporting documents and all responses from the Alaska Division of Insurance.

**RESPONSE**: *See* documents attached hereto Bates numbered FFIC 0285 - 0295.

**Request for Production No. 6**: If First Financial has produced any modified or different Exclusion for Independent Contractors and/or an Exclusion for Subcontractors, produce such different exclusions endorsements used by First Financial for contractor liability policies issued in Alaska, any filings with the Alaska Division of Insurance involving these endorsements, and any responses from the Alaska Division of Insurance in regard to the filing of these endorsement forms.

**RESPONSE**: Objection: Irrelevant and not likely to lead to the discovery of admissible evidence.

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co'., Inc; Case No. A04-229-CV (JKS)
Page 53 of 55

**Request for Production No. 7:**    All exhibits, evidence or any thing you intend to or plan or anticipate that you may show to the Court or Judge or jury or any witness at any trial or hearing in this case in support of or in explanation of any allegation of your answer and any defense you may assert, and any counterclaim and/or cross-claim you may assert.

**RESPONSE:**  FFIC objects to any requirement that it identify exhibits that may be used in this case prior to the requirements of the Court's Scheduling and Planning order.  FFIC further objects to this request in that it seeks privileged attorney work product.

DATED at Anchorage, Alaska this 13th day of October, 2005.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
*Attorneys for Defendant*

Andrew Guidi   8312171

Exhibit ___G___
Page __54__ of __55__

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co., Inc; Case No. A04-229-CV (JKS)
Page 54 of 55

## CERTIFICATE OF SERVICE:

This certifies that I am an authorized agent of
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., for
service of papers pursuant to Civil Rule 5, and that on
the 13th day of **OCTOBER, 2005**, I caused a true and
correct copy of the foregoing to be ☒-**FAXED**; ☐-**HAND-
DELIVERED**; ☒-**MAILED F/C MAIL** to the following:

**Plaintiffs**
Tim Cook
Attorney at Law
3901 Taiga Drive
Anchorage, AK 99516
  336.5291
  336.5292 - fax

Julie Kelley 109390

Exhibt ____
Page 55 of 55

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS
Lutz, et al v. First Financial Ins. Co:, Inc; Case No. A04-229-CV (JKS)
Page 55 of 55