Tim Cook
Attorney for the Plaintiff
3901 Taiga Drive,
Anchorage, Alaska 99516
(907) 336-5291
(907 336-5292 fax

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eric Lutz, as assignee of rights of Dean Bruington, dba DB Enterprises,<br><br>Plaintiff,<br><br>vs.<br><br>First Financial Insurance Company,<br><br>Defendants.<br>_____ | )<br>) No. A04 0229 CV (JKS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO COMPEL DEFENDANT TO MAKE WITNESS AVAILABLE FOR DEPOSITION

COMES NOW, Eric Lutz, Plaintiff by and through his attorney of record, Tim Cook, and requests the Court to Order Defendant First Financial Insurance, Inc., (FFIC) to make Robert LaFrance, Special Claims Manager for FFIC, available for deposition.

Robert LaFrance is Special Claims Manager for FFIC. He is the

signatory to the letter dated September 11, 2002, that denied both coverage and defense to FFIC's insured Dean Bruington. There is a pending motion by the Defendant before the Court for Summary Judgment regarding the issue of coverage. The Plaintiff has asked for and was granted a continuance in which to do additional discovery to be able to adequately oppose the motion.

Plaintiff has requested that FFIC make Robert LaFrance available so that he can be deposed. FFIC has informed plaintiff that they will not make LaFrance available, unless so ordered by the Court.[1]

Plaintiff has a right to depose Robert LaFrance so that it can be determined what knowledge he had, when he had it, and what was the basis for his denial of coverage. Plaintiff also has the right to determine if other factors or investigations were made or relied upon at that time the denial letter was written. As for the field investigation itself, it must be determined whether LaFrance gave any instructions as to what extent of field investigation should be performed, and whether any engineering studies or other professional opinions should be sought.

One of the central issues to Plaintiff's Opposition is that a negligent investigation was performed. The basis of the Defendant's Summary Judgment Motion is whether the loss was covered under the policy. Although Plaintiff believes that the loss was covered, that issue may be rendered moot if the Court finds that FFIC materially breached its duties and is estopped from denying coverage ( see PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT re:

---

[1] Exhibit A, Letter from Defendant's Attorney dated January 26, 2006 and Exhibit B, Affidavit of Counsel.

Estoppel).

FFIC cannot now assert coverage defenses that they did not assert at the time the denial of coverage letter was written. Moreover, they cannot base their denial decision on facts that they did not have before them at the time that the decision was made.[2] It is important to determine exactly what facts Robert LaFrance had before him at the time the denial letter was drafted, what he relied on, and the basis he asserted for the denial. Only through the deposition of Robert LaFrance can Plaintiff attempt to ascertain what the true state of the situation was at the time LaFrance denied the claim.

Therefore we ask that the Court to order defendant First Financial Insurance Inc. to make Robert LaFrance available to be deposed.

Respectfully submitted,

s/s    Tim Cook    9007048
Attorney for Eric Lutz, Plaintiff

---

[2] *McLaughlin v. Connecticut General Life Ins. Co.*, 565 F. Supp. 434 (N.D.Cal. 1983)