CLAY A. YOUNG
JAMES B. FRIDERICI
ANDREW GUIDI
HOWARD A. LAZAR
DONALD C. THOMAS
TIMOTHY J. LAMB
CYNTHIA L. DUCEY
DONNA M. MEYERS
KEVIN L. DONLEY

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
ATTORNEYS AT LAW
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA 99501-1936
TELEPHONE (907) 279-3581
FAX (907) 277-1331
WWW.DELANEYWILES.COM

ERIC A. RINGSMUTH
JONATHAN P. CLEMENT
WILLIAM R. WARNOCK
MARGARET A. PATON-WALSH

OF COUNSEL
DANIEL A. GERETY
STEPHEN M. ELLIS
WILLIAM E. MOSELEY
GREGORY L. YOUNGMUN

January 26, 2006

Tim O. Cook, Esq.
Cook & Associates
3901 Taiga Drive
Anchorage, Alaska    99516

RE:   <u>Lutz v. First Financial Insurance Co.</u>

Dear Tim:

    I am writing to follow-up on our conversation of January 24, 2006, in which you stated your interest in scheduling the depositions of David Buness and Robert LaFrance.

    When FFIC moved for summary judgment, it did so on two alternative grounds: (1) that no property damage occurred during the policy period; and (2) that any and all damages to the Lutz House were excluded from any coverage under the "your work" and "independent contractor" exclusions in the FFIC insurance contract. When Judge Singleton granted a continuance of FFIC's motion for summary judgment, he specified that the additional time was to provide you with time to gather evidence on the issue of the timing of the alleged damages to the Lutz house. (*See* December 22, 2005 Order at page 1.)

    We have no objection to the deposition of David Buness going forward. Mr. Buness investigated the facts behind Bruington's claim and reported them to FFIC. Further, he provided a declaration in support of FFIC's motion. I am currently available on the date you suggested, February 15, 2006. However, depending on the outcome of a settlement conference I have on February 8, 2006, I may have to be engaged in out-of-state expert depositions the week of February 13th. Further, I cannot guarantee the availability of either Mr. Buness or his attorney on that date.

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

Tim O. Cook, Esq.
Cook & Associates
January 26, 2006
Page 2 of 2

    A deposition of Mr. LaFrance, however, is not warranted by Judge Singleton's December 22, 2005, Order continuing FFIC's motion for summary judgment. Mr. LaFrance has no evidence concerning the timing of the property damage. And he did not submit a declaration in support of FFIC's motion for summary judgment.

    One of the purposes of FFIC's motion for summary judgment was to save the costs, attorney's fees, and other burdens of litigation as there is no evidence supporting any duty FFIC owed to defend or indemnify Bruington. If the motion is ultimately denied (and we strongly believe it should be granted), a number of depositions will be warranted as each side prepares for trial. In the meantime, however, to incur the thousands of dollars in costs and fees attendant with a deposition of Mr. LaFrance (who is in North Carolina) would be unnecessary and wasteful and impose an improper burden on FFIC – particularly when Mr. LaFrance has no evidence on the topic on which Judge Singleton permitted further discovery.

    If you have any questions, please feel free to contact me.

    Very truly yours,

    DELANEY, WILES, HAYES,
    GERETY, ELLIS & YOUNG, INC.

    Andrew Guidi

AG:dkd/113047