Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
 (907) 279-3581
 (907) 277-1331 fax

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises         Plaintiffs, v. FIRST FINANCIAL INSURANCE COMPANY, INC.         Defendant. | ) ) ) ) ) ) ) No. A04-229-CV (JKS) ) ) ) ) ) ) |

### AFFIDAVIT OF COUNSEL

STATE OF ALASKA       )
                      )ss.
THIRD JUDICIAL DISTRICT )

ANDREW GUIDI, being first duly sworn on oath, deposes and says:

1. I am an attorney at law duly licensed to practice in Alaska and admitted to the United States District Court for the District of Alaska. I am an attorney with the law firm Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc., counsel of record herein for First Financial Insurance Company, Inc. ("FFIC"). I submit this affidavit with regard to certain of the exhibits

submitted in support of FFIC's motion for protective order and opposition to motion to compel (hereafter "the motion") in this matter. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify thereto.

2. Attached hereto as Exhibit A to the motion is a true and correct copy of my correspondence to plaintiff's counsel, Tim Cook, issued on January 26, 2006. The letter was written in response to a telephone call I received from Mr. Cook on January 24, in which Mr. Cook stated he wished to take the depositions of David Buness and Robert LaFrance. During the events that are the subject of this litigation, Mr. Buness was employed in Anchorage by an independent adjusting company, Northern Adjusters. In that capacity he inspected the Lutz home and reported his findings to FFIC. Mr. Buness now works for Umialik Insurance Company at its offices in Anchorage.

3. In the course of the January 24, 2006 telephone call with Mr. Cook, I volunteered to contact Mr. Buness and assist in scheduling his deposition. Mr. Cook provided several alternative dates for the deposition. I then telephoned Mr. Buness and advised him of Mr. Cook's request. I reported back to Mr. Cook. Based on my coordination with Mr. Cook and Mr. Buness, the deposition has been scheduled to take place on February 16, 2006.

FURTHER SAYETH YOUR AFFIANT NAUGHT.

_____
Andrew Guidi

SUBSCRIBED AND SWORN TO before me this ____ day of February, 2006.

_____
Notary Public in and for Alaska
My commission expires: 10/22/07

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

CERTIFICATE OF SERVICE:
I hereby certify that on the 14th day of February 2006, **Affidavit of Counsel** was served electronically and via USPS postage prepaid on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516


s/Andrew Guidi (113808)

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.

| | | |
|---|---|---|
| CLAY A. YOUNG<br>JAMES B. FRIDERICI<br>ANDREW GUIDI<br>HOWARD A. LAZAR<br>DONALD C. THOMAS<br>TIMOTHY J. LAMB<br>CYNTHIA L. DUCEY<br>DONNA M. MEYERS<br>KEVIN L. DONLEY | ATTORNEYS AT LAW<br>SUITE 400<br>1007 WEST 3RD AVENUE<br>ANCHORAGE, ALASKA 99501-1936<br>TELEPHONE (907) 279-3581<br>FAX (907) 277-1331<br>WWW.DELANEYWILES.COM | ERIC A. RINGSMUTH<br>JONATHAN P. CLEMENT<br>WILLIAM R. WARNOCK<br>MARGARET A. PATON-WALSH<br>OF COUNSEL<br>DANIEL A. GERETY<br>STEPHEN M. ELLIS<br>WILLIAM E. MOSELEY<br>GREGORY L. YOUNGMUN |

January 26, 2006

Tim O. Cook, Esq.
Cook & Associates
3901 Taiga Drive
Anchorage, Alaska    99516

RE:   Lutz v. First Financial Insurance Co.

Dear Tim:

   I am writing to follow-up on our conversation of January 24, 2006, in which you stated your interest in scheduling the depositions of David Buness and Robert LaFrance.

   When FFIC moved for summary judgment, it did so on two alternative grounds: (1) that no property damage occurred during the policy period; and (2) that any and all damages to the Lutz House were excluded from any coverage under the "your work" and "independent contractor" exclusions in the FFIC insurance contract. When Judge Singleton granted a continuance of FFIC's motion for summary judgment, he specified that the additional time was to provide you with time to gather evidence on the issue of the timing of the alleged damages to the Lutz house. (See December 22, 2005 Order at page 1.)

   We have no objection to the deposition of David Buness going forward. Mr. Buness investigated the facts behind Bruington's claim and reported them to FFIC. Further, he provided a declaration in support of FFIC's motion. I am currently available on the date you suggested, February 15, 2006. However, depending on the outcome of a settlement conference I have on February 8, 2006, I may have to be engaged in out-of-state expert depositions the week of February 13th. Further, I cannot guarantee the availability of either Mr. Buness or his attorney on that date.

EXHIBIT  A
Page  1  of  2

Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
Tim O. Cook, Esq.
Cook & Associates
January 26, 2006
Page 2 of 2


   A deposition of Mr. LaFrance, however, is not warranted by Judge Singleton's December 22, 2005, Order continuing FFIC's motion for summary judgment. Mr. LaFrance has no evidence concerning the timing of the property damage. And he did not submit a declaration in support of FFIC's motion for summary judgment.

   One of the purposes of FFIC's motion for summary judgment was to save the costs, attorney's fees, and other burdens of litigation as there is no evidence supporting any duty FFIC owed to defend or indemnify Bruington. If the motion is ultimately denied (and we strongly believe it should be granted), a number of depositions will be warranted as each side prepares for trial. In the meantime, however, to incur the thousands of dollars in costs and fees attendant with a deposition of Mr. LaFrance (who is in North Carolina) would be unnecessary and wasteful and impose an improper burden on FFIC – particularly when Mr. LaFrance has no evidence on the topic on which Judge Singleton permitted further discovery.

   If you have any questions, please feel free to contact me.

                              Very truly yours,

                              DELANEY, WILES, HAYES,
                              GERETY, ELLIS & YOUNG, INC.

                              *[signature]*

                              Andrew Guidi

AG:dkd/113047

EXHIBIT A
Page 2 of 2