Andrew Guidi
DELANEY  WILES  HAYES  GERETY
ELLIS  &  YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK  99501
   (907)  279-3581
   (907)  277-1331  fax
Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>) No.  A04-229-CV  (TMB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST FINANCIAL INSURANCE COMPANY'S OPPOSITION TO LUTZ' MOTION TO COMPEL**

**PRELIMINARY STATEMENT**

In this lawsuit, Eric Lutz seeks insurance coverage as an assignee of his home builder, Dean Bruington dba DB Enterprises ("Bruington"), from whom he obtained an unopposed "lay down" state court judgment. Bruington was insured by First Financial Insurance Company ("FFIC"). In November 2005, FFIC moved for summary judgment on two independent grounds. Lutz sought a continuance. Judge Singleton granted a continuance to allow Lutz to seek evidence to overcome FFIC's factual showing on the ground on which Lutz bears the burden of proof – whether there was tangible injury to Lutz' house during the policy period.

FFIC has cooperated with Lutz' request for discovery relevant to the timing of property damage, but Lutz also seeks to depose a witness who lives and works in North Carolina and who has no personal knowledge regarding the timing of the injury to Lutz' house. FFIC does not understand Judge Singleton's Order to contemplate such discovery at this time and has foregone its own discovery. If FFIC's motion can resolve the case, then the deposition will be proven unnecessary and a waste of costs and attorneys' fees. Thus, the court should deny Lutz' motion to compel the deposition of LaFrance at this time.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1999, Bruington, along with several independent contractors, constructed a house for Lutz. Work was completed in December 1999.[1] Bruington was insured under an FFIC general liability insurance contract with a policy period which expired on December 8, 1999.

As with other liability insurance contracts, the FFIC contract specifically excluded any coverage for the policyholder's own work (here the house) and any damages to that work. Those "business risks" are the contractor's risks, as set forth in a series of exclusions, two of which

---

[1] *See e.g.* evidence cited at footnotes 13-14 to FFIC's motion for summary judgment, (docket number 28).

1

supported one of the grounds of FFIC's motion for summary judgment. Quite simply, the contract did not cover any damages to the work of Bruington, whether caused by Bruington or others, and did not cover any damages arising out of the actions of any independent contractor working on behalf of Bruington. [2]

Beginning in 2000, construction defects began to appear. Lutz contacted Bruington in 2000 and 2001 and each time, Bruington made repairs. In 2002, Lutz complained again, and this time, Bruington notified FFIC. FFIC retained Northern Adjusters, Inc. to investigate the claim. David Buness of Northern Adjusters, Inc. did so and provided reports of his findings to FFIC. Based on the Northern Adjusters reports, FFIC denied Bruington's claim in September 2002. The denial letter specifically quoted to Bruington the provisions of the business risk policy exclusions, including the exclusion for damages to the work of Bruington and the exclusion for any damages caused by independent contractors. [3]

Lutz then sued Bruington in state court. In 2004, they settled, with Lutz releasing Bruington and Bruington assigning to Lutz any claim under his insurance contract. With nothing at stake in the lawsuit, Bruington rolled over. He did not respond to requests for admissions and they were deemed admitted. Then, with those admissions as evidence, Lutz won an unopposed motion for summary judgment. The amount of the ultimate judgment was a wildly bloated sum bearing no relationship to any actual damages. [4]

This lawsuit commenced in September 2004. More than a year later, in November 2005, FFIC moved for summary judgment on two independent grounds: (1) the lack of any evidence

---

[2]   *See e.g.* evidence cited at footnotes 22-25 to FFIC's motion for summary judgment.
[3]   *See e.g.* evidence cited at footnote 26 to FFIC's motion for summary judgment; Declaration of Robert LaFrance, Exh. A, attached hereto.

[4]   *See e.g.* evidence cited at footnotes 27-30 to FFIC's motion for summary judgment.

of property damage occurring during the policy period; and (2) that all damages to the Lutz house were excluded under the exclusions for damages to Bruington's work and damages caused by any independent contractor.[5]  As to the first ground, that no physical injury to tangible property took place during the policy period, the law is settled that Lutz has the burden of coming forward and the ultimate burden of proof.[6]

Lutz moved for a continuance to obtain evidence on which to oppose FFIC's motion and on December 22, 2005, Judge Singleton granted a continuance. Judge Singleton's Order stated that the Court's initial review of the record suggested "a high likelihood that this case will be affected by its rulings on dispositive motions" and specified that the continuance was to allow Lutz to gather evidence on the "timing of the alleged damages from the defective construction."[7]

In late-January 2006, Lutz informally requested from FFIC the depositions of two witnesses. FFIC facilitated the scheduling of David Buness, the independent insurance adjuster who had investigated Bruington's claim and reported his findings to FFIC.[8]  But Lutz also requested the deposition of FFIC employee Robert LaFrance, who lives in North Carolina and lacks personal knowledge of when any physical injury to Lutz' house occurred. The parties disagree as to the propriety of that deposition going forward while FFIC's motion for summary judgment is pending.[9]

Lutz has never served a Notice of Deposition of Robert LaFrance Rule 30(b) of the Rules

---

[5]   *See* Docket Number 28.

[6]   *See* legal authority cited at footnotes 3-4 to FFIC's Reply Brief in Support of its Motion for Summary Judgment (ECF #47).

[7]   *See* December 22, 2005 Order (ECF #39) at p. 1.

[8]   Affidavit of Counsel, ¶ 2.

[9]   *Id.*, Exh. A.

3

of Civil Procedure requires. Instead, he has leapfrogged to filing a motion to compel Mr. LaFrance's deposition.

## ARGUMENT

I. **LUTZ' MOTION TO COMPEL SHOULD BE DENIED**

FFIC filed its motion for summary judgment in November 2002 on two independent grounds: (1) that there was no factual dispute as to who worked on Lutz' house and under the "business risk" policy exclusions, it was entitled to summary judgment; and (2) because discovery had revealed no evidence of "physical injury to tangible property" during the policy period and Lutz has the burden of proof, FFIC was entitled to summary judgment. After seeing the parties' respective motions for summary judgment, Judge Singleton believed there was "a high likelihood that this case will be affected by its rulings on dispositive motions."[10]

One purpose of motions for summary judgment is to permit parties to avoid the costs and fees incumbent in the litigation of non-meritorious claims. FFIC understands that Judge Singleton's December 22, 2005 Order simply gave Lutz time to find evidence that there was physical injury to his house before the expiration of the policy period, not to encourage the parties to take discovery on other matters. This struck a balance between FFIC's right to judgment after a year of litigation and Lutz' claim to need discovery to oppose FFIC's motion.

Thus, FFIC had no objection to the deposition of David Buness and even helped arrange it with Mr. Buness' counsel.[11] But FFIC has foregone deposing any witnesses, including those with knowledge of the timing of the property damage, such as Lutz and his former wife (who each lived at the site), Bruington, and the other contractors who worked at the site before

---

[10]   December 22, 2005 Order at p. 2.

[11]   Affidavit of Counsel, ¶ 2.

4

December 8, 1999.

A deposition of Mr. LaFrance, however, is not warranted now. Mr. LaFrance has no evidence to offer concerning the timing of the property damage.[12] His denial letter did not rely on the timing of the property damage; it relied on the business risk policy exclusions.[13] And he did not submit a declaration in support of FFIC's motion for summary judgment. Further, Mr. LaFrance's deposition will be expensive – costing FFIC the loss of Mr. LaFrance's work time plus thousands of dollars in costs and fees for FFIC's counsel to travel to North Carolina to prepare Mr. LaFrance for a deposition and then attend the deposition.

If the motions for summary judgment are ultimately denied, a number of depositions will be warranted as each side prepares for trial. But, the deposition of Mr. LaFrance now would be unnecessary and wasteful – as he has no evidence on the topic on which Judge Singleton permitted further discovery before deciding FFIC's motion for summary judgment.

Under Rule 30(b) of The Federal Rules of Civil Procedure, in order to schedule a deposition, a party must first serve a Notice of Deposition. Lutz has never done so. This motion to compel should be denied on this basis alone.

To try to justify the need to depose Mr. LaFrance, Lutz claims that he needs to determine the basis for FFIC's denial of coverage. But he can learn the basis for FFIC's denial by reading the denial letter. Lutz argues in his motion for summary judgment that FFIC was required to recite to Bruington the facts Bruington already knew, but even if Lutz were correct (and he is not), the letter speaks for itself. Lutz also argues that he intends to learn whether Mr. LaFrance gave any instructions to Mr. Buness. But the cost-effective means to learn of any instructions

---

[12] Declaration of Robert LaFrance, ¶ 7.

[13] *Id.* at ¶¶ 5-6 and Exh. A.

5

Mr. LaFrance gave Mr. Buness is to read their correspondence and notes (all of which have been produced) and to ask Mr. Buness at his deposition.

Lutz also argues, citing *McLaughlin*,[14] that FFIC cannot assert coverage defenses it did not state in its coverage denial letter.[15] But this is not the law in Alaska or elsewhere.

As a court sitting in a diversity case, the *McLaughlin* court recognized that it was bound to follow California law, and reached its decision based on its prediction of how California state courts would rule.[16] But when the California Supreme Court later faced this exact question in *Waller*, it soundly rejected what it deemed "the automatic waiver rule announced in dictum in *McLaughlin*."[17] *Waller* found it clear that for there to be a waiver, there must be an "intentional relinquishment of a known right" and "a denial of coverage on one ground does not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial."[18]

Indeed, the Alaska Supreme Court has followed *Waller* on the exact issue on which Lutz relies on McLaughlin – whether a ground not stated in a coverage denial letter is waived by the insurer. In *Jones*,[19] the plaintiff argued, as Lutz argues here, that the insurer had waived grounds not relied on in its denial letter. But the superior court found that the denial letter "put plaintiffs on notice of the grounds for denial and did not hinder them in gathering evidence to challenge

---

[14]   *McLaughlin v. Connecticut Gen. Life Ins. Co.*, 565 F. Supp. 434 (N.D.Cal. 1983).

[15]   Lutz Motion to Compel at p. 3.

[16]   *McLaughlin* at 452.

[17]   *Waller v. Truck Insurance Exchange, Inc.*, 900 P.2d 619, 636-637 (Cal. 1995), citation omitted.

[18]   *Id.* at 636.

[19]   *Jones v. Horace Mann Ins. Co.*, 937 P.2d 1360 (Alaska 1997).

6

the denial of coverage."[20] Citing *Waller* and other cases, *Jones* held that "the insurance company determined that coverage did not extend to the [plaintiffs'] claim and so informed them," recognized that 33 of 34 states hold that a ground for denial not stated in a denial letter is not waived, and concluded that the insurer did not waive the defense which it had not stated in its denial letter.[21]

In accord, the Honorable John W. Sedwick held last year that "a party may waive its rights under an insurance policy if its conduct clearly demonstrates an intent to waive its rights, or if it neglects to enforce its rights and that neglect prejudices another party."[22] He explained that a party waives its rights by neglecting to enforce them if its neglect "would convey a message to a reasonable person that [the party] would not in the future pursue the legal rights in question."[23]

Here, FFIC made clear to Bruington in its denial letter that the policy did not cover damage to Lutz' house and specified that the letter "should not be deemed or construed as a waiver of any of the rights of First Financial, including those rights provided in the contracts of insurance."[24] By no stretch of the imagination could one believe that FFIC voluntarily and intentionally relinquished its right to rely on other reasons.

The deposition of Robert LaFrance relates only to issues that are outside the scope of the continuance granted by Judge Singleton. Thus, Lutz' motion should be denied.

---

[20] *Id.* at 1365.

[21] *Id.*

[22] *CNA Insurance Company v. Lightle*, 364 F. Supp. 2d 1068, 1073 (D. Alaska 2005), citing P*owers v. United Services Auto. Assoc.,* 6 P.3d 294, 299 (Alaska 2000).

[23] *Id.*

[24] LaFrance Decl., Exh. A at pgs. 4 of 4 (emphasis added).

## **CONCLUSION**

For the reasons set forth above, the Court should issue a protective order prohibiting the deposition of Robert LaFrance until after a decision on the merits of FFIC's motion for summary judgment and deny Lutz' motion to compel that deposition. If the Court does not agree with FFIC's understanding of Judge Singleton's Order and decides that Mr. LaFrance should be deposed now, he can be produced for deposition in Burlington, North Carolina on March 2 or 3, 2006.

DATED at Anchorage, Alaska this 15th day of February, 2006.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
*Attorneys for Defendant*

/s/ Andrew Guidi
1007 West third Avenue, Suite 400
Anchorage, Alaska 99501
907-279-3581/907-277-1331
ag@delaneywiles.com
Alaska Bar No. 8312171

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of February 2006, **FIRST FINANCIAL INSURANCE COMPANY'S OPPOSITION TO LUTZ' MOTION TO COMPEL** was served electronically and via USPS postage prepaid on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516


s/Andrew Guidi (113870)

8