IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises, <br><br>  Plaintiffs, <br><br> v. <br><br> FIRST FINANCIAL INSURANCE COMPANY, INC. <br><br>  Defendant. | No. A04-229-CV (TMB) |

### DECLARATION OF ROBERT LAFRANCE

I, Robert LaFrance, declare:

1. This declaration is based on my personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. I am a Senior Claims Examiner for defendant First Financial Insurance Company ("FFIC"). I reside and work in the Burlington, North Carolina area.

3. In July 2002, FFIC received notification of a claim made against its former insured, Dean Bruington, dba Bruington Construction "Bruington," for alleged defects in a house Bruington had constructed for Eric Lutz. Bruington had been insured by FFIC under a general liability insurance policy which had expired on December 8, 1999. Bruington's claim was assigned to me.

4. Upon notice of Bruington's claim, I promptly contacted Northern Adjusters, Inc. of Anchorage, Alaska and retained it to investigate the claim. David Buness of Northern Adjusters did so and provided me with reports of its investigation. Based on those reports, on

- 1 -

September 11, 2002, I wrote to Bruington and informed him that there was no coverage for the claim made against him. A true and correct copy of my September 11, 2002 letter is attached hereto as Exhibit A.

5. My September 11, 2002 letter to Bruington denying coverage specifically relied on the "damage to your work" policy exclusion which precludes any potential coverage for property damage to Bruington's work or operations arising out of any part of Bruington's work or operations. My letter also specifically relied on the policy endorsement titled "Exclusion – Independent Contractors," which precluded any potential coverage for property damage "arising out of the actions of independent contractors for or on behalf of any insured." Based on the facts conveyed to me by Northern Adjusters, these exclusions precluded any potential coverage of Bruington for any property damage to Mr. Lutz house.

6. My September 11, 2002 denial letter to Bruington denying coverage did not rely on the lack of any "physical injury to tangible property" during the policy period of the insurance policy.

7. I have never visited Mr. Lutz' house and have no personal knowledge of any of facts underlying Mr. Lutz' claim against Bruington. I have no personal knowledge of when any physical injury to Mr. Lutz' house occurred. The factual basis for my denial of coverage was fully based on the facts conveyed to me by David Buness of Northern Adjusters.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 14, 2006 in Burlington, NC.

*Robert LaFrance*
Robert LaFrance

-2-

Feb-13. 2003  5:27PM                                                                     No.2117  -P. 3

September 11, 2002

<u>CERTIFIED RECEIPT (70020860000875158999) AND RETURN RECEIPT REQUESTED AND US REGULAR MAIL</u>

Dean Bruington DBA:
D.B. Enterprises
P.O. Box 211
Gakona, AK  99586

Policyholder: DB Enterprises
Claim #:       112459
Claimant:      Eric Lutz

First Financial
Insurance Company
258 International Road
Burlington,
NC 27215

Dear Mr Bruington:

I acknowledge receipt of the above mentioned claim.

First Financial Insurance Company issued a policy, number F0117G412046 effective 12/08/98 through 12/08/99 which contained a Commercial General Liability Coverage part.

We have investigated this loss and have determined that your policy with FFIC does not afford coverage for the Lutz claim. The reasons are as follows:

THIS INSURANCE DOES NOT APPLY TO:

j. Damage to Property

"Property damage" to:

(1) Property you own, rent, or occupy;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Robert LaFrance  SCLA
Claims Manager
336-586-2844
Fax 336-586-2808
rlafrance@ljcompanies.com

EXHIBIT ___A___
Page ___1___ of ___4___

*Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.*

*Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.*

*Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".*

*k. Damage to Your Product*

*"Property damage" to "your product" arising out of it or any part of it.*

*l. Damage to Your Work*

*"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

*This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

*m. Damage to Impaired Property or Property Not Physically Injured*

*"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

*(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*

*(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

*This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

*n. Recall of Products, Work or Impaired Property*

*Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*

*(1) "Your product";*

*(2) "Your work"; or*

*(3) "Impaired property";*

EXHIBIT A
Page 2 of 4

*if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

*Exclusions c. through n. do not apply to damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner. A separate limit of insurance applies to this coverage as described in LIMITS OF INSURANCE (Section III).*

CG 00 01 01 96

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION

### INDEPENDENT CONTRACTORS

*This endorsement modifies insurance provided under the following:*

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

*This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the actions of independent contractors for or on behalf of any insured.*

BG-G070 492

### A NEW HOUSE AS THE "PRODUCT or "WORK" OF AN INSURED UNDER GENERAL LIABILITY POLICY.

Several courts have interpreted newly-constructed homes to constitute the insured's product or "work" under the general exclusion for claims arising from damage to an insured's product. Commerce Insurance Company v. Betty Caplett Builders, Inc., 647 N.E. 2d 1211 (Mass 1995); Gary L. Shaw Builders, Inc. v. State Automobile Mutual Insurance Company, 355 S.E. 2d 130 (GA App. 1987); Indiana Insurance Company v. Dezutti, 408 N.E. 2d 1275 (Ind. 1980; Owings v. Gifford, 697 P. 2d 865 (Kan. 1985); Allen v. Lawton & Moore Builders, Inc., 535 So. 2d 779 (La.Ct. App. 1988); Gene & Harvey Builders, Inc. v. Pennsylvania Manufacturing Association Insurance Company, 517 A. 2d 1910 (Pa. 1986.)

Therefore, for the reasons set forth above, First Financial Insurance Company has no duty to defend Dean Bruington, DBA: DB Enterprises and will not indemnify it for any settlement or judgment rendered in this matter.

This communication should not be deemed or construed as a waiver of any of the rights of First Financial, including those rights provided in the contract of insurance. First Financial reserves the right to assert any other policy provisions or legal principles that would further preclude any defense or indemnity obligation should additional facts, not currently alleged, become known.

Should you have any questions or have any additional information that may impact our position in this matter, please forward such information to my attention.

Very truly yours,


Robert LaFrance, SCLA
Special Claim Manager

EXHIBIT A
Page 4 of 4