Tim Cook
Attorney for the Plaintiff
3901 Taiga Drive,
Anchorage, Alaska 99516
(907) 336-5291
(907 336-5292 fax

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eric Lutz, as assignee of rights of ) | |
| Dean Bruington, dba DB Enterprises, ) | No. A04 0229 CV (TMB) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| First Financial Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## Plaintiff's Opposition to First Financial Insurance Company's Motion for Protective Order

      Eric Lutz, the plaintiff in this matter, asked the court for additional time to conduct discovery so that he could adequately address the defendant, First Financial Insurance Company Inc.'s (FFIC), MOTION FOR SUMMARY JUDGMENT. The

basis for their Summary Judgment was that the loss was not covered for three primary reasons: 1) "None Of The Property Damage Sued Upon <u>Occurred During The FFIC Policy Period</u>,"[1] (emphasis added);  2) The policy does "Not Cover Damage…Caused By…Bruington"[2] i.e. the your work exclusion;  3) The policy does "Not Cover Damage…Caused By...Bruington's Subcontractor.[3]

With regard to the first basis for FFIC's Summary Judgment Motion (time of occurrence of the damage) the defendant admits that it did not know of, or use this as a basis in denying coverage.[4]  Only after a suit was filed against them, has FFIC raised this as a defense.  This defense fails on several levels: 1) It fails because under the law, a notice of denial must "provide a reasonable explanation of the basis in the insurance policy in <u>relation to the facts or applicable law</u> for denial of a claim." [5](emphasis added). Here the author of the denial letter admits that the denial letter did not rely on time of occurrence for its denial.[6]  2) It fails because the insured had no reason to ever believe that the date of loss was not within the coverage period. The Reservation of Rights[7] letter he received listed the date of loss as being 10/30/99 (which is within the policy period). FFIC never contradicted or otherwise indicated to the insured that 10/30/99 was not the date of loss. 3) It fails because the field inspections that FFIC relied upon, lists the date of loss as 10/30/99.[8]

Plaintiff is at a loss as to how the defendant can assert on one hand that

---

[1] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 8.
[2] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 12.
[3] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 12.
[4] Exhibit A, Declaration of Robert LaFrance at para. 6 & 7.
[5] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204 quoting *Sauer*.
[6] Exhibit A, Declaration of Robert LaFrance at para. 6.
[7] Exhibit B, Reservation of Rights Letter.

summary judgment is appropriate because the time of occurrence is outside the policy period, while simultaneously arguing that the person who denied the claim can not be deposed because the denial was not based on time of occurrence!

Either the denial was based on time of occurrence or it wasn't. Under the law the insurer was obligated to perform an adequate investigation.[9] If as a result of the investigation it determined that the time of occurrence was an issue it was obligated to inform their insured that this was a basis for denial. If the time of occurrence had been raised at the time of the denial, it might be true that the burden to prove that the occurrence was within the policy period would rest with the insured. However, having failed to assert that the time of occurrence was outside the policy period as a basis for denial, the insurer can not now four years latter say "oh by the way…" and simple shift the burden back on to the insured. This is especially true, considering that FFIC had informed their insured that the date of loss was 10/30/99 in the reservation of rights letter.

The Defendant's position is that Robert LaFrance should not be available for deposition until the court has ruled on DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, because the denial letter that LaFrance authored, was not based on the time of occurrence. This is directly contradictory to their reasoning in their MOTION FOR SUMMARY JUDGMENT, which is that the claim is barred because the time of occurrence is outside the policy period. This is a fundamental contradiction.

At this juncture, based on the LaFrance's affidavit and the deposition of

---

[8] Exhibit C & Exhibit D, Northern Adjusters Reports of July 30, 2002 and August 30, 2002.
[9] AS 21.36.125(4) state that it is unfair claim settlement practice to "refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial..." also see *McLaughlin v. Connecticut General Life Ins. Co.*, 565 F. Supp. 434 (N.D.Cal. 1983)

the on site investigator, Plaintiff believes that he can adequately support his opposition to the Defendant's motion without the need to depose LaFrance. Therefore, plaintiff will accede to Defendant's request to delay the deposition of LaFrance until after the court renders a decision on the merits of the pending motions for summary judgment.

However, the plaintiff would ask that the court to require the defendant to make LaFrance available for deposition subsequent to the courts decision on the pending motions for summary judgment.

Respectfully submitted,

s/s    Tim Cook    9007048
Attorney for Eric Lutz, Plaintiff