Tim Cook
Attorney for the Plaintiff
3901 Taiga Drive,
Anchorage, Alaska 99516
(907) 336-5291
(907 336-5292 fax

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Eric Lutz, as assignee of rights of Dean Bruington, dba DB Enterprises, | ) ) ) | No. A04 0229 CV (JKS) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| First Financial Insurance Company, | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## PLAINTIFF'S SUPPLEMENTAL OPPOSITION
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Upon FFIC's filing of its motion for summary judgment on its coverage defenses, Plaintiff requested and was given an opportunity to do additional discovery, and to supplement its Opposition to the Defendant's Motion for Summary Judgment.

However First Financial Insurance Company (FFIC) subsequently refused to make Robert LaFrance (Special Claims Manager) available for deposition. Plaintiff

filed a now pending motion to compel LaFrance's appearance for Plaintiff's deposition and Defendant filed a cross motion for a protective order.

Notwithstanding the fact that he has been denied his rightful opportunity to depose FFIC's special claims manager, Plaintiff here presents the court with the sworn declaration of LaFrance and the deposition of David Buness (the on-site claims adjuster). Both provide significant support for Plaintiff's claim that FFIC conducted a negligent claims investigation.

Defendant's Motion for Summary Judgment asserted coverage defenses based upon three primary arguments: 1) "None Of The Property Damage Sued Upon Occurred During The FFIC Policy Period,"[1] (emphasis added); 2) The policy does "Not Cover Damage…Caused By…Bruington"[2] i.e. the your work exclusion; 3) The policy does "Not Cover Damage…Caused By...Bruington's Subcontractor.[3]

However, Lutz contends that FFIC is estopped from raising any and all coverage defenses due to substantial breaches of the insurer's duties to its insured. FFIC was negligent in investigating precisely those facts and matters upon which FFIC now bases its coverage defense claims.

TIME OF OCCURRENCE

Defendant asserts that that the damage to the home "took place after the close of the FFIC Insurance Contract's policy period"[4] and therefore is not covered. However, all evidence developed in FFIC's own claims investigation contradicts this

---

[1] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 8.
[2] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 12.
[3] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 12.
[4] Defendant's MOTION FOR SUMMARY JUDGMENT at p. 8.

Lutz v. First Financial Insurance Co., Inc.                                           Page 2 of 7
Case No. A04-229-CV (JKS)
Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment

assertion. The Reservation of Rights Letter sent to the insured lists the date of loss as 10/30/99, the reports that were prepared by Northern Adjusters and relied on by FFIC list the date of loss as 10/30/99. (10/30/99 is within the policy period). Robert LaFrance, FFIC's Special Claim Manager, states in his sworn declaration that the letter denying coverage was not based on the injury being outside the time of policy coverage.[5] Furthermore LaFrance states that "the factual basis for my denial of coverage was fully based on the facts conveyed to me by David Buness of Northern Adjusters."[6]

The only date of loss that David Buness conveyed to LaFrance was 10/30/99.[7] Under questioning in his deposition, Buness stated that 10/30/99 was the correct date of loss. He stated as follows:

> Q: Okay. So far as you know 10/30/99 is a correct date for date of loss?
>
> A: At that particular time it apparently was.
>
> Q: When you say at that particular time…
>
> A: When I did this…
>
> Q: ….when you drafted the report?
>
> A: Yes.

Further on Buness stated:

> Q: Do you have any information at this point that would change your opinion of the date of loss?
>
> A: No, I have no information past August 28, 2002 when I…[8]

---

[5] Exhibit S -Declaration of Robert LaFrance at para. 6.
[6] Exhibit S -Declaration of Robert LaFrance at para. 7.

Lutz v. First Financial Insurance Co., Inc.                                          Page 3 of 7
Case No. A04-229-CV (JKS)
Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment

FFIC now argues its right to summary judgment based on the coverage defense of no damage during the policy period. However the undeniable fact is that FFIC's own investigation supports the occurrence of property damage within the policy period. And the declaration of Robert LaFrance affirms that FFIC's denial of the claim was not based upon the timing of the occurrence of property damage.

Plaintiff's Opposition, filed on December 1, 2005, argues at pages 24-26 that the insured was substantially prejudiced by FFIC's failure to adequately investigate and explain its reasons for denial. One significant prejudice is that the insured contractor, without notice of this reason for denial, was unable to timely gather evidence to support the occurrence of damage within the policy.[9] A second significant prejudice to the insured contractor was that he had no reason to place claims with subsequent insurers who would have been on the risk if property damage arose after expiration of the FFIC policy. [10]

Plaintiff contends that FFIC should be estopped from now asserting that there is no coverage for the loss (as articulated in the Plaintiff's pending Motion for Partial Summary Judgment) due to the prejudice to the insured from this negligent investigation and denial of the claim.

SUB-CONTRACTOR COVERAGE

---

[7] Exhibit B ( from Plaintiff's Opposition)-Northern Adjusters Report to First Financial, dated July 30, 1999, and Exhibit C(from Plaintiff's Opposition)- Northern Adjusters Report to First Financial, dated August 30, 1999.
[8] Exhibit T- Deposition of David Buness, pg. 65, ln. 22 -  pg 66, ln. 14
[9] Exhibit N (from Plaintiff's Opposition) Affidavit of Dean Bruington, ¶ 15
[10] Exhibit N (from Plaintiff's Opposition) Affidavit of Dean Bruington, ¶ 13

Lutz v. First Financial Insurance Co., Inc.                                                                Page 4 of 7
Case No. A04-229-CV (JKS)
Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment

Defendant also argues in its Motion for Summary Judgment that no coverage should be had because of the "Independent Contractor" exclusion.

In the investigation that David Buness of Northern Adjusters performed on behalf of FFIC, no contact was made with any of the subcontractors that worked on the construction of the home.[11] In the reports he made to FFIC, Buness did not discuss or present any conclusion regarding whether the subcontractors were "independent contractors".[12]

As regards M. Shelton Services (Mike Shelton) the subcontractor that performed site preparation (which the Northern Adjusters reports indicate was a casual factor in the failure), Buness did not investigate whether Shelton was a corporate entity[13]; did not investigate or report the degree of control that the insured Contractor exercised over subcontractor Shelton,[14] did not investigate or report whether subcontractor Shelton had his own insurance or paid employee taxes.[15] In Buness' own words, " I have no direct contact with M. Shelton Services or documentation to define their relationship."[16] (i.e. whether the relationship was that of an independent contractor).

In fact, Buness states that FFIC did not request that he investigate or determine whether any of the subcontractors met the requisite standards for that of an "independent contractor".[17] Yet without investigation or adequate notice to its insured of the basis for denial, FFIC now asserts that there is no coverage under the

---

[11] Exhibit T- Deposition of David Buness at pg. 52, ln. 25 – pg. 53, ln. 3
[12] Exhibit T- Deposition of David Buness at pg. 60. ln 7-15.
[13] Exhibit T- Deposition of David Buness at pg. 54. ln 18-21.
[14] Exhibit T- Deposition of David Buness at pg. 56. ln 8-11.
[15] Exhibit T- Deposition of David Buness at pg. 57. ln 2-8.
[16] Exhibit T- Deposition of David Buness at pg. 58. ln 5-12.

Lutz v. First Financial Insurance Co., Inc.   Page 5 of 7
Case No. A04-229-CV (JKS)
Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment

policy because subcontractor Shelton's work was excluded under the "independent contractor" exclusion.

An insurer is required to perform an adequate investigation[18] and to provide a reasonable explanation for the denial of coverage.[19]  Here FFIC did neither.

CONCLUSION

Plaintiff believes that this Supplemental Opposition, read in conjunction with its previously filed Opposition, demonstrates to the court that material facts are in controversy as to FFIC's substantial breaches of the insurer's duties to its insured.

As is the case with FFIC's insufficient notice of denial of the claim to its insured and FFIC's utter failure to its insured upon his tender of the defense to FFIC (both of which form the basis for Plaintiff's cross-motion for summary judgment), FFIC's negligent claims investigation estops the Defendant from raising coverage defenses.

Plaintiff therefore requests denial of the Defendant's Motion for Summary Judgment.

Respectfully submitted on March 6, 2006, by:

*s/s TIM COOK*
Tim Cook, Attorney for Plaintiff Alaska
Bar Card # 9007048

---

[17] Exhibit T- Deposition of David Buness at pg. 58. ln 22 –pg 59, ln. 1
[18] AS 21.36.125(4) state that it is unfair claim settlement practice to "refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial..." also see *McLaughlin v. Connecticut General Life Ins. Co.*, 565 F. Supp. 434 (N.D.Cal. 1983)
[19] *Lloyd's v. Fulton*, 2 P.3d 1199, 1204 quoting *Sauer.*

Lutz v. First Financial Insurance Co., Inc.   Page 6 of 7
Case No. A04-229-CV (JKS)
Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment

**CERTIFICATE OF SERVICE**

Filed Electronically

_____
Lutz v. First Financial Insurance Co., Inc.                                    Page 7 of 7
Case No. A04-229-CV (JKS)
Plaintiff's Supplemental Opposition to Defendant's Motion for Summary Judgment