Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
   (907) 279-3581
   (907) 277-1331 fax

Michael D. Prough
Jon K. Adams
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) No. A04-229-CV (TMB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST FINANCIAL INSURANCE COMPANY'S REPLY BRIEF
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**PRELIMINARY STATEMENT**

In this lawsuit, Eric Lutz seeks insurance coverage as an assignee of his home builder, Dean Bruington, from whom he obtained an unopposed "lay down" state court judgment. During construction, Bruington was insured by First Financial Insurance Company ("FFIC"). After FFIC filed a motion for summary judgment, this Court gave Lutz ten weeks to find evidence to meet his burden of proof to show in his opposition that damages to his house occurred during the policy period.

After taking one relevant deposition, Lutz claimed to want to depose Robert LaFrance, an FFIC employee whose deposition not only would be burdensome and expensive as he lives in North Carolina, but would be outside the scope of this Court's continuance as he lacks personal knowledge about when damage to Lutz' home occurred. In complete disregard for the Rules of Civil Procedure, Lutz moved to compel the deposition without even serving a Notice of Deposition. (ECF #49.) That tactic forced FFIC to file this pending Motion for a Protective Order. (ECF #54.)

As discussed below, as a basis for relevancy of the LaFrance deposition, the Lutz Opposition urges a legal theory flatly rejected in Alaska and almost universally. That radical departure from established law has no place here and should be rejected.

Lutz now admits in his Opposition Brief (ECF #58) that he no longer wants to take Mr. LaFrance's deposition before FFIC's motion for summary judgment is decided. Although this admission suggests that a protective order is no longer needed, Lutz has not withdrawn his Motion to Compel. (ECF #49.) Thus, FFIC urges that a protective order be issued.

## ARGUMENT

In his Opposition Brief, Lutz argues that he should get insurance benefits for his "lay-down" state court judgment under Bruington's policy even if he cannot prove that covered property damage occurred during the policy period. How? Lutz contends that FFIC waived the right to contest the date of the damages because its denial letter to Bruington did not identify that ground.

But it is "hornbook law" that the insured has both the burden of coming forward and the ultimate burden of proof to show that physical injury to tangible property took place during the policy period.[1] And it is the law in Alaska, and in virtually every other jurisdiction, that an insurer does not waive the right to rely on a basis for which there is no coverage merely because that ground was not stated in its claim denial letter.

The Alaska Supreme Court faced this issue in *Jones*[2] where the insured made the same argument Lutz makes here. The court found that the insurance company "sent a denial letter that put plaintiffs on notice of the grounds for denial and did not hinder them in gathering evidence to challenge the denial of coverage."[3] It then recognized that 33 of 34 states hold that a ground for denial not stated in a denial letter is not waived, and concluded that the insurer did not waive a defense not identified in its denial letter.[4]

In accord, the Honorable John W. Sedwick explained last year that waiver arises under an insurance contract if a party's conduct "clearly demonstrates an intent to waive its rights, or if it

---

[1] *See* legal authority cited at footnotes 3-4 to FFIC's Reply Brief in Support of its Motion for Summary Judgment (ECF #47).

[2] *Jones v. Horace Mann Ins. Co.*, 937 P.2d 1360 (Alaska 1997).

[3] *Id*. at 1365.

[4] *Id*.

neglects to enforce its rights and that neglect prejudices another party."[5]  He explained that a party waives its rights by neglecting to enforce them if its neglect "would convey a message to a reasonable person that [the party] would not in the future pursue the legal rights in question."[6]

Here, FFIC made clear to Bruington in its denial letter that the policy did not cover damage to Lutz' house and specified that the letter "should not be deemed or construed as a waiver of any of the rights of First Financial, including those rights provided in the contracts of insurance."  FFIC neither demonstrated a voluntarily and intentional relinquishment of any rights nor neglected to enforce its rights.

In short, Lutz' entire theory for needing the deposition of Mr. LaFrance is unfounded.  Because it is not needed, and would be burdensome to FFIC because of the costs attendant to it going forward in North Carolina, a protective order should be issued.

Dated:  March 8, 2006                              Respectfully submitted,

MORISON-KNOX HOLDEN & PROUGH, LLP
Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

By:     /s/   Jon K. Adams
          Jon K. Adams
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596
Telephone:  (925) 937-9990
Facsimile:   (925) 937-3272
California Bar # 132919

---

[5]     *CNA Insurance Company v. Lightle*, 364 F. Supp. 2d 1068, 1073 (D. Alaska 2005), citing P*owers v. United Services Auto. Assoc.,* 6 P.3d 294, 299 (Alaska 2000).

[6]     *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of March, 2006, FIRST FINANCIAL INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER was served electronically on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516

/s/ Jon K. Adams
Jon K. Adams (CA No. 132919)

- 4 -