Andrew Guidi
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK  99501
Telephone:  (907) 279-3581
Facsimile:  (907) 277-1331

Michael D. Prough
Jon K. Adams
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596
Telephone:  (925) 937-9990
Facsimile:  (925) 937-3272

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises, <br><br> Plaintiffs, <br><br> v. <br><br> FIRST FINANCIAL INSURANCE COMPANY, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No.  A04-229-CV  (TMB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FIRST FINANCIAL INSURANCE COMPANY'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

In November 2005, more than a year after this lawsuit commenced, FFIC moved for summary judgment, showing that there was no coverage for the underlying judgment Lutz obtained through his collusion with FFIC's insured, Bruington, on two separate and independent grounds. First, there is no evidence that tangible property damage occurred during the policy period. Second, there is no potential or actual coverage because all damages to the Lutz house were excluded under the insurance contract's exclusion for damages to the insured's own work and its exclusion for damages caused by any independent contractor.

In December 2005, this Court granted Lutz a ten-week continuance to find evidence that there was tangible injury to Lutz' house during the policy period. Lutz' Supplemental Opposition offers no evidence whatsoever to meet Lutz' burden on the timing of any property damage and no evidence that any damage to the Lutz house was not caused by Bruington or an independent contractor. FFIC met its Rule 56 burden on these issues and Lutz has failed to overcome FFIC's showing. Summary judgment should be granted.

**ARGUMENT**

I.   **Lutz Has Not Met His Burden To Show That Property Damage Occurred During The FFIC Policy Period**

Although this Court gave Lutz a ten-week continuance to find evidence that there was tangible injury to his house during the policy period, Lutz has come forward with nothing new. Instead, he just falls back on arguments that when FFIC investigated the claim nearly three years after the end of the policy period, it did not discover when the damage first occurred. And

incredibly, Lutz claims that he was denied the deposition of a North Carolina resident who had never even visited Lutz' house and whose deposition Lutz never even noticed.[1]

It is "hornbook law" that Lutz holds the burden to prove "that the policy at issue in the case at hand <u>was in force at the time of the loss</u> by a preponderance of the evidence."[2] And all evidence of when the property damage occurred was always within Lutz' personal knowledge and within his control as Lutz has lived in the house Bruington built since before December 8, 1999, when the policy period ended. But Lutz has consistently declared that the house started cracking no earlier than the "late spring of 2000."[3] And under Rule 56(e), as the party holding the ultimate burden of proof at trial on this issue, Lutz had the burden to present specific evidence in his opposition sufficient to show a genuine issue for trial on this issue.[4] He has presented nothing.

So Lutz argues that FFIC is barred from denying coverage based on the lack of property damage during the policy period because FFIC's denial of coverage "was not based on the injury

---

[1] After taking one relevant deposition, Lutz claimed to want to depose Robert LaFrance, an FFIC employee whose deposition not only would be burdensome and expensive as he lives in North Carolina, but would be outside the scope of the continuance this Court granted as he lacks personal knowledge about when any damage to Lutz' home occurred. In complete disregard for the Rules of Civil Procedure, Lutz moved to compel the deposition without even serving a Notice of Deposition. (ECF #49.) That tactic forced FFIC to file a Motion for a Protective Order. (ECF #54.) Not only did Lutz fail to respond to FFIC's Opposition to his Motion to Compel (ECF # 53), but in his Opposition to FFIC's Motion for Protective Order, Lutz expressly abandoned any interest in taking the deposition. (ECF #58 at p. 4.)

[2] *Couch on Insurance 3d*, §§ 254:11, 254:37 (attached hereto as Exh. O); *Goomar v. Centennial Life Ins. Co.*, 855 F. Supp. 319, 326-327 (S.D. Cal. 1994); *Lockheed Martin Corp. v. Continental Ins. Co.*, 35 Cal. Rptr. 3d 799, 803 (Cal. App. 2005).

[3] Lutz' Complaint at ¶ 13; Complaint in Lutz v. Bruington, Exh. B (attached to Opening Memo) (Doc. # 28) at ¶ 11; Lutz Sworn Statement, Exh. C (attached to Opening Memo) (Doc. # 28) at pp. 48-49, 53, 67-68.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986).

being outside the time of policy coverage [sic]."[5]  But as discussed in prior briefs, under the law, FFIC can assert the lack of coverage on any ground.[6]

Lutz also stoops to misrepresentations of the evidence as he claims that "all evidence developed in FFIC's own claims investigation contradicts" the assertion that property damage did not occur during the policy period.[7]  But the claim investigator, Mr. Buness of Northern Adjuster's, made clear that he never learned when the property damage occurred.  He testified that he chose the date of loss on his report arbitrarily because the reporting format on his company's report forms required the entry of a date, so he entered the date Lutz had told him that the house was completed.[8]

Finally, Lutz argues that Bruington was prejudiced by FFIC's denial letter and spins that Bruington lost the opportunity to gather evidence.  But Bruington was on the scene and made repairs to the house in 2000 and 2001 (without notice to FFIC), then again in 2002, then again after he settled with Lutz.  Any purported evidence always was available to Bruington and Lutz.

Lutz also argues that Bruington lost the chance to tender his claim to his later insurers.  The terms of those policies have never been offered into evidence, so there is no way to evaluate the coverage grants or the exclusions in them.  But it is unreasonable as a matter of law for Bruington to "rely" on the lack of coverage under FFIC's policy to justify the breach of the contractual duties he owed to different companies.  Bruington was always free to tender his

---

[5]   Lutz Supp. Opposition (ECF #59) at p. 3.

[6]   *Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599, 606 (Alaska 2003); *Jones v. Horace Mann Ins. Co.*, 937 P.2d 1360, 1365 (Alaska 1997).

[7]   Lutz Supp. Opposition (ECF #59) at pp. 2-3.

[8]   Affidavit of David Buness, attached hereto as Exh. K, at ¶¶ 4-5; Deposition of David Buness, attached hereto as Exh. T, at 64:11-65:4.

claim to other insurers. He suffered no prejudice from FFIC's correct denial of his uncovered claim.

## II. There Is No Actual or Potential Coverage Because All Damages Caused by the Work of Bruington And Shelton Are Excluded

Lutz argues that FFIC could not deny coverage for his lay-down judgment because it did not sufficiently investigate enough details about Shelton being an independent contractor. But there was no potential coverage for damage to the house (Bruington's work) whether it was caused by the work of Bruington or the work of any independent contractor.

Through a series of "business risk" exclusions, the FFIC liability insurance contract flatly excludes all damages to the work of the insured. And, as discussed in FFIC's earlier briefing, long lines of cases have held that insurance contracts, like FFIC's here, are not like bonds guaranteeing an insured's contractual performance. They simply do not cover damages to an insured's own work – no matter whose work caused the damage.[9] But Lutz submits that FFIC still must cover his lay-down judgment against Bruington because FFIC's investigation of Bruington's claim did not delve deeply enough into the evidence that M. Shelton Services, Inc. was an independent contractor. Lutz is wrong under *Jones* and *Great Divide*.

But even if the law were otherwise, FFIC properly investigated the applicability of the policy's business risk exclusions. Independent adjuster David Buness identified Shelton as one of the many contractors Bruington had retained, as the company which had performed excavation and hauling work, and as the company which had installed the septic system. Buness provided FFIC with the name, address, and telephone number of "M. Shelton Services," showing that Shelton was located in a different city than Bruington. And he sent to FFIC two documents

---

[9] *See* discussions at FFIC's Opening Memo, ECF #28 at pp. 13-20 and FFIC's Reply Memo, ECF #38 at pp. 7-16.)

he received from Bruington: (1) a list of companies which had worked on the site; and (2) a listing of the amounts each company was paid. Shelton was listed on each one.[10]

What other analysis could be needed or warranted? Shelton was clearly a company with its own name and address. No one could reasonably infer that it was an employee of Bruington's. But even if it somehow were, any damages Shelton caused to Bruington's work would be excluded in the same way that damage cause by Bruington are excluded.

And Bruington knew all of these facts. It was he who retained Shelton. And it was Bruington who provided FFIC with Shelton's contact information and a list of the work Shelton performed. Bruington already knew that Shelton was an independent contractor, not his employee. Further, FFIC's denial letter specifically quoted to Bruington the policy's "independent contractor" exclusion. In short, FFIC investigated the facts (all known by Bruington), then told Bruington that there was no coverage under the "your work" exclusion and the "independent contractor" exclusion. Nothing more was required or needed.

## CONCLUSION

As discussed above, the FFIC policy did not cover Bruington for any property damage to Lutz' house. Further, Lutz cannot meet his burden to prove that any property damage occurred

---

[10] August 30, 2002 letter to FFIC with enclosures, attached hereto as Exhibit U.

during the policy period. Accordingly, the Court should grant First Financial's Insurance Company's motion for summary judgment.

Dated at Anchorage, Alaska, this 13th day of March, 2006.

DELANEY WILES, INC.

By: /s/ Andrew Guidi
1007 West third Avenue, Suite 400
Anchorage, AK  99501
Telephone:  (907) 279-3581
Facsimile:   (907) 277-1331
ag@delaneywiles.com
Alaska Bar No. 8312171

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13thday of
March, 2006, FIRST FINANCIAL
INSURANCE COMPANY'S SUPPLEMENTAL
REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT was served
electronically on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516


/s/ Andrew Guidi (114742)
Andrew Guidi
Alaska Bar No. 8312171