Tim Cook

Attorney for the Plaintiff

3901 Taiga Drive,

Anchorage, Alaska 99516

(907) 336-5291

(907 336-5292 fax

tcook@acsalaska.net

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Eric Lutz, as assignee of rights of | ) | |
| Dean Bruington, dba DB Enterprises, | ) | No. A04 0229 CV (TMB) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| First Financial Insurance Company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## Joint Status Report

   Comes now Eric Lutz, by and through his attorney of record, Tim
Cook and files this status report as required by the Court's May 8, 2006 Order
(ECF #66).  Plaintiff's counsel and Defendant's counsel have conferred but have
been unable to form a consensus report. Therefore, plaintiff files this Status
Report as ordered by the court.

## A. NATURE OF THE CASE

**Lead Attorneys**

For Plaintiff Eric Lutz:
Tim Cook
Attorney at Law
3901 Taiga Drive
Anchorage, Alaska 99516
(907) 336-5291

For Defendant FFIC:
Andrew Guidi
Delaney Wiles Hayes
1007 West Third Ave., Suite 400
Anchorage, Alaska 99501
(907) 279-3581

**Basis for Federal Jurisdiction**

Jurisdiction is proper under 28 U.S.C. section 1332 because there is complete diversity of the parties.

**Nature of Claims Asserted**

Plaintiff Eric Lutz (Lutz) is the assignee of a Commercial General Liability (CGL) insurance policy issued by First Financial Insurance Company Inc., (FFIC) to Dean Bruington (Bruington). Bruington was the contractor that constructed a home for Lutz. A final judgment has been rendered in State Court in an action between Lutz and Bruington. This action is to enforce claims against Bruington's insurer that have been assigned by Bruington to Lutz. Plaintiff's claims are for: 1) Breach of the Duty of Good Faith and Fair Dealing; 2) Breach of the Duty of to Defend; 3) Breach of the Duty to Indemnify; and 4) Misrepresentation.

**Un-served Parties**

All parties have been served.

**PRINCIPAL LEGAL ISSUES:  PENDING CROSS MOTIONS FOR SUMMARY JUDGMENT**

Cross motions for Summary Judgment are currently pending before the court. Disposition of these motions will greatly affect remaining discovery, possibilities for alternative dispute resolution and/or settlement, and issues for trial.  These motions are:

**1) Defendant's Summary Judgment Motion- No Coverage Under Policy**

FFIC asserts that there is no potential coverage under its insurance contract with Bruington based on contentions that: 1) no property damage occurred during the policy period; 2) the "your work" policy exclusion bars potential coverage for any damages caused by Bruington to his own work; and 3) the "Independent Contractor" policy endorsement bars coverage for any damages caused by the work of an independent contractor. Plaintiff has filed his opposition and the motion is ripe for adjudication.

**2) Plaintiff's Summary Judgment Motion- Coverage By Estoppel**

Plaintiff asserts that FFIC has committed those material breaches of its duties that trigger coverage by estoppel under Alaska law. Lutz contends that FFIC failed to: 1) give a legally adequate explanation of the insurer's grounds for denying coverage; and, 2) failed to give any response upon the insured's tender of the defense. As a result, Plaintiff contends that FFIC should be estopped from asserting any coverage defenses and that the court should find that coverage by estoppel exists as a matter of law. Defendant has filed its opposition and the motion is ripe for adjudication.

**PRINCIPAL FACTUAL ISSUES**

The court's decisions on the pending motions for summary judgment will greatly affect what issues remain. The permeations of grant or denial are discussed below. The principal factual issues include:

> 1) Whether facts were alleged in the Lutz v Bruington complaint that triggered FFIC's duty to defend;
> 2) Whether FFIC had a permissible basis for its denial of coverage and refusal to defend Bruington;
> 3) Whether FFIC's September 11, 2002 notice of denial of Bruington's claim provided a reasonable explanation of the basis in the policy for denial of the claim based on fact and applicable law;
> 4) Whether and how FFIC responded to its insured (Bruington) upon the

Lutz v. First Financial Insurance Co.
Status Report
Case No. A04 0229 CV                                                    Page 3 of 5

insured's May 14, 2003 tender of notice to FFIC of the litigation filed

against the insured in state court;

5) Whose work caused the damage to Lutz' house and was that work

covered under the policy;

6) Whether reasonable expectations support coverage of subcontractor's

work under the policy;

7) When did the property damages occur and were they a result of

"exposure to continuous conditions";

8) Was FFIC's handling of Bruington's claim negligent, in bad faith, or

otherwise improper;

9) Was the settlement entered into between Lutz and Bruington

reasonable;

10) Is the state court judgment a proper measure of damages for

indemnification; and,

11) The amount of recoverable damages.


A.  If the court denies both motions then all issues are in controversy.

B.  If the Court grants the Plaintiff's Motion, then issues 8, 9, 10, and 11. are in

controversy.

C. If the Court grants Defendant's Motion then factual issues 1, 2, 3, 4, 8, 9, 10, and 11

are in controversy.


## B. DISCOVERY

### Completed Discovery

Only limited discovery has occurred to date.  The parties have exchanged Rule 26

disclosures.  Plaintiff has propounded and defendant has answered requests for

admissions and additional document requests.  Plaintiff has deposed the independent

adjuster employed to investigate Bruington's claim. Defendant objected to Plaintiff's

proposal to depose FFIC's claims manager prior to resolution of its summary judgment

motion on coverage.  Defendant has conducted no depositions to date.

**Remaining Discovery**

The exact parameters of remaining discovery is greatly dependent on how the court resolves those motions.

Plaintiff intends to depose FFIC's claims manager and other FFIC employees with knowledge of handling of the Bruington claim.

Defendant intends to propound written discovery and to take the depositions of Lutz, his former wife, Bruington, the independent contractor whom Lutz claims caused the damages, Lutz' engineer, and others with knowledge of the damages, how and when they arose, and how and when the covenant settlement agreement between Lutz and Bruington was negotiated.

## C. TRIAL

A jury demand is on file. Trial length would be significantly affected by the decision the court renders with regard to the pending motions for summary judgment.

## D. SETTLEMENT

Lutz has made settlement offers which have been rejected by FFIC. FFIC has suggested mediation which Lutz believes may be appropriate after the cross motions for summary judgment are resolved.

Respectfully submitted on May 22, 2006,

s/s    Tim Cook    9007048

Attorney for Eric Lutz, Plaintiff

Certificate of Service

This STATUS REPORT will be served electronically on Defendant's lead counsel upon electronic filing with the court.