Andrew Guidi
ag@delaneywiles.com
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, Alaska  99501
Telephone:  (907)  279-3581
Facsimile:  (907) 277-1331

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>            Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>            Defendant. | **FIRST FINANCIAL INSURANCE COMPANY'S MOTION FOR AWARD OF ATTORNEY FEES**<br>Case No. A04-229 CV (TMB) |

Defendant, First Financial Insurance Company, Inc. ("FFIC"), by and through its counsel of record, pursuant to Fed. R. Civ. P. 54(d)(2), District of Alaska Local Rule 54.3, and Alaska R. Civ. P. 82, hereby moves the Court for an award of attorneys' fees.  In summary, the Court granted FFIC summary judgment and FFIC is the prevailing party in this action.  As such, FFIC is entitled to a presumptive award of $32,322.88, which is 20% of its actual attorney's fees it necessarily incurred in successful defense of this action.

In cases where the federal court's jurisdiction is based upon diversity of citizenship, Alaska law applies and the prevailing party is entitled to an award of attorney's fees in conformity with Alaska R. Civ. P. 82.  *See Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992); *see also Bevard v. Farmers Insurance Exchange*, 127 F.3d 1147 (9th Cir. 1997)(state law governing award of attorneys' fees applies in diversity cases). Local Rule 54.3(b) provides that in diversity cases, such as the one at bar, the Court will apply Rule 82, Alaska Rules of Civil Procedure, as it exists at the time judgment is entered.

The Court's Order [Document 70] established that FFIC is the prevailing party and the Court subsequently entered judgment [Document 71] in FFIC's favor.  The Court found FFIC was entitled to judgment as a matter of law by concluding that it had no coverage for, and no duty to defend, Lutz's underlying claims against contractor Bruington.  The Court's ruling dismisses plaintiffs' action and finally resolves the rights of the parties.  Therefore, FFIC is entitled to an award of attorney fees under Alaska Rule of Civil Procedure 82.

Alaska Rule of Civil Procedure 82(b)(2) provides:

> In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30% of the prevailing party's reasonable actual

First Financial Insurance Company's
Motion for Award of Attorney Fees
Lutz, et al. v. FFIC/Case No. A04-229 Civil (TMB)                    Page 2 of 5

> attorney's fees which were necessarily incurred, and shall award the prevailing party in a case resolved without trial 20% of its actual attorney's fees which were reasonably incurred. The actual fee shall include fees for legal work customarily performed by an attorney but which was delegated to and performed by an investigator, paralegal or law clerk.

The affidavits of the undersigned counsel and co-counsel Jon K. Adams accompany this motion. The affidavits specify the information required in Local Rule 54.3(a)(3), *i.e.*, the total number of hours worked by lawyers and paralegals on this matter and the amount charged to the client. Furthermore, attached to the affidavits are copies of the actual invoices, except that limited portions of them have been redacted in order to protect attorney-client privilege and attorney work product. As set forth in the affidavits of counsel, as of the date the Court entered judgment in this case, FFIC has incurred $161,614.43 in attorney fees.[1] Under Rule 82(b)(2), Defendant is entitled to an award of fees in the amount of $32,322.88, representing the presumptive scheduled 20% of the fees incurred.

FFIC minimized its fees and costs by not propounding any written discovery, waiting until a decision on the motions for summary judgment had been issued before planning to take any

---

[1] The law firm of Delaney Wiles, Inc. incurred $49,927.50, and the law firm of Morison-Knox, Holden & Prough, LLP incurred $111,686.93. *See* Attached Affidavits of Counsel.

First Financial Insurance Company's
Motion for Award of Attorney Fees
Lutz, et al. v. FFIC/Case No. A04-229 Civil (TMB)                    Page 3 of 5

depositions, and by refusing Plaintiff's request to schedule a deposition in North Carolina that the Court found irrelevant to the pending motions for summary judgment. Indeed, FFIC's costs and fees were increased due to its need to file a motion for a protective order to prevent further discovery, and its need to oppose Plaintiff's unwarranted motion to compel. Plaintiff also refused to respond to FFIC's overtures to reach a reasonable settlement. FFIC's fees were also increased by being forced to respond to Plaintiff's attempts to fraudulently join a non-diverse party and remand the case to state court. FFIC also incurred significant fees by being forced to research, investigate and respond to Plaintiff's discovery requests, which included 171 Requests For Admissions. Most of the remainder of FFIC's time was spent preparing for, researching, and drafting its motion for summary judgment. FFIC made every attempt to minimize its costs.

For the reasons set forth above, FFIC requests the Court grant its motion and award FFIC attorney's fees in the amount of $32,322.88.

First Financial Insurance Company's
Motion for Award of Attorney Fees
Lutz, et al. v. FFIC/Case No. A04-229 Civil (TMB)                    Page 4 of 5

DATED this 29th day of August, 2006, at Anchorage, Alaska.

    DELANEY WILES, INC.

    /s/ Andrew Guidi
    ag@delaneywiles.com
    Alaska Bar No.:  8312171
    Delaney Wiles, Inc.
    1007 West third Avenue, Suite 400
    Anchorage, AK  99501
    Telephone:  (907) 279-3581
    Facsimile:   (907) 277-1331

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August 2006, **FIRST FINACIAL INSURANCE COMPANY'S MOTION FOR AWARD OF ATTORNEY FEES** was served electronically on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516

/s/Andrew Guidi (120553)

First Financial Insurance Company's
Motion for Award of Attorney Fees
Lutz, et al. v. FFIC/Case No. A04-229 Civil (TMB)                    Page 5 of 5