Tim Cook
Attorney for the Plaintiff
3901 Taiga Drive,
Anchorage, Alaska 99516
(907) 336-5291
(907 336-5292 fax

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eric Lutz, as assignee of rights of Dean Bruington, dba DB Enterprises, | ) ) No. A04 0229 CV (TMB) |
| Plaintiff, | ) |
| vs. | ) |
| First Financial Insurance Company, | ) |
| Defendants. | ) |

## AFFIDAVIT OF:

## ERIC LUTZ

1. My name is Eric Lutz. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I work as a teacher's aide in Glennallen, Alaska.

3. I also work part-time in the summer for the National Park Service repairing trails.

4. My gross income in 2005 was approximately $33,000 dollars.

5. My net worth is approximately $ 30,000.

6. If I am forced to pay attorney's fees as a result of this action it will wreck me financially. I will probably have to withdraw money from my retirement accounts and my son's college education account to pay an award of attorney's fees. I will be financially devastated.

7. I entered into this legal action in good faith. I believed that First Financial Insurance Company had not fulfilled its duties to its insured Dean Bruington. As a result of First Financial Insurance Company failing to fulfill their duties to Dean Bruington, they had significantly impacted my family.

8. I contracted with Dean Bruington to construct a home in Glennallen, Alaska. It was my understanding that he was licensed, bonded, and carried insurance.

9. The home suffered construction defects that progressively rendered the home less and less suitable for habitation, i.e. gaps between walls and floor plates greater than 16" ultimately appeared. As a result of these construction defects Bruington contacted his insurer. David Buness of Northern Adjusters came and inspected my home.

10. Bruington attempted some repairs but could not or would not effect repairs that would restore the home to an acceptable standard. As a result, I brought a legal action against Bruington. We were able to reach a settlement whereby he effected significant repairs to the home, and assigned to me any rights he had against his insurer First Financial Insurance Company.

11. As Bruington's assignee I brought a legal action against First Financial Insurance Company to enforce the rights that Bruington had under that policy. I brought this action in good faith. I believed that First Financial Insurance Company had not fulfilled its duties to its insured.

12. Although Bruington affected repairs to the home as a result of our settlement, these repairs did not cover all damage to the home nor did it bring the home back to a pre-injury condition. The home continues to exhibit damages as a result of the original injury.

13. My mortgage balance is approximately $128,000. I am not sure that anyone would purchase the home for this amount, given the defects it exhibits. I also doubt that any financing could be arranged to finance a purchase if a buyer were willing to purchase the home. As a result I believe the current balance on the mortgage significantly exceeds the value of the home.

Further your affiant sayeth naught.

_____
Eric Lutz

Subscribed and sworn/affirmed before me at _Glennallen_ this _7_ day of _September_ 2006.

_____
Notary Public in and for the State of Alaska, residing at _Glennallen, AK_
My Commission expires _11-25-09_

Lutz v. First Financial Insurance Co.
Affidavit of Eric Lutz
Case No. A04 0229 CV