Andrew Guidi
ag@delaneywiles.com
DELANEY WILES, INC.
1007 West Third Avenue, Suite 400
Anchorage, AK  99501
   (907)  279-3581
   (907)  277-1331  fax

Michael D. Prough
Jon K. Adams
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596
Telephone:  (925) 937-9990
Facsimile:   (925) 937-3272

Attorneys for Defendant
*FIRST FINANCIAL INSURANCE COMPANY, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) No.  A04-229-CV (TMB)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST FINANCIAL INSURANCE COMPANY'S REPLY BRIEF
IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES**

Under the law, FFIC is entitled to be compensated for 20% of its of reasonably incurred attorney's fees. It timely filed its motion for recovery of those fees and properly set forth the amount of fees and the reasonable basis for which they were incurred. Lutz' Opposition offers nothing to rebut either FFIC's legal basis for its fees or the reasonableness of the amount incurred. FFIC's motion should be granted.

## ARGUMENT

### I.     FFIC's Motion Was Timely Filed

Lutz' argument that FFIC's motion was filed late shows a lack of knowledge of the Federal Rules of Civil Procedure. This Court entered judgment on August 16, 2006. Under Rule 54(d)(2)(B), a motion for an award of attorneys' fees "must be filed no later than 14 days after entry of judgment." FFIC filed its motion for an award of attorney's fees 13 days later, on August 29, 2006. It was timely.

Lutz' argument confuses the deadlines of state and federal court practice and argues that state court rules should govern here. Lutz is wrong. Although Rule 82 of the Alaska Rules of Civil Procedure provides the substantive authority for an award of attorneys' fees, filing deadlines come from the Federal Rules of Civil Procedure and the District of Alaska Local Rules. Local Rule 54.3 recognizes this distinction in providing that a motion for attorneys' fees under Rule 54(d)(2) of the Federal Rules of Civil Procedure "must set forth the *authority* for the award, whether Rule 82, Alaska Rules of Civil Procedure, a federal statute, contractual provision, or other grounds, entitling the moving party to the award[.]" (emphasis added). Alaska Civil Rule 82 has nothing to do with *when* a motion must be filed in federal court.

FFIC's Reply Brief in Support of
Motion for Award of Attorney Fees
Lutz v. FFIC/Case No. 04-229 Civil (TMB)

Page 2 of 5

Finally, even if Lutz were correct that the deadline was 10 days after entry of the judgment, (he is wrong), under Rule 6(a), intervening weekend days would not be counted and the motion would still have been due on August 30, 2006. FFIC's motion was timely filed.

## II. FFIC's Attorney's Fees Were Reasonable and Appropriate

Lutz' complaints about the propriety of FFIC's legal bills are similarly misplaced. Lutz only complains about a handful of entries on the bills of FFIC's counsel and those complaints are flatly wrong. For example, Lutz claims that something is nefarious in the amounts of time counsel billed for a February 9, 2006 telephone call. What Lutz ignores is that additional entries of Mr. Guidi were redacted and his total time combines all of them. Similarly, the difference in the amounts of time counsel billed for a March 7, 2006 telephone call (.1 hour vrs. .2 hour) is simply due to rounding. Lutz further argues about some perceived problem with the time counsel spent on a January 3, 2005 telephone call, but there was no call charged that day. Finally, Lutz complains of fees incurred before he filed this suit, but that work was caused by Lutz' May 24, 2004 demand letter and was related directly to the same facts, issues, and claims of this lawsuit.

Throughout this case, Lutz has acted as if FFIC's litigation costs and fees were of no concern. He propounded 171 requests for admissions, plus interrogatories and document requests. He tried to force FFIC to incur the costs and fees of a deposition in North Carolina, contrary to Judge Singleton's Order, compelling FFIC to file a motion for a protective order. Lutz even tried to destroy this Court's jurisdiction through a proposed amended pleading that tried to fraudulently join a non-diverse party. FFIC, however, consistently attempted to litigate efficiently and minimize the expenses of both sides. It even brought its motion for summary judgment without serving *any* discovery requests and without deposing Lutz, his wife, FFIC's insured, or anyone else. FFIC's attorneys' fees were reasonable and necessary.

FFIC's Reply Brief in Support of
Motion for Award of Attorney Fees
Lutz v. FFIC/Case No. 04-229 Civil (TMB)

Page 3 of 5

Finally, Lutz urges the Court to deny FFIC's right to partial recovery of its fees through a "fairness" argument. But Lutz came to this Court without damages—his house already had been repaired. He colluded with FFIC's insured and manufactured a lay-down state court judgment to try to set up FFIC. He forced FFIC to incur serious legal costs and fees to defend itself. Under the mandate of Rule 82, the Court "shall award . . . 20% of [FFIC's] actual attorney's fees which were necessarily incurred." (Rule 82(b)(2), Alaska Rules of Civil Procedure.) Lutz does not deserve special treatment. FFIC's motion for recovery of 20% of its necessarily incurred attorneys' fees, in the sum of $32,322.88, should be granted.

## CONCLUSION

For the reasons set forth above, FFIC's motion should be granted.

DATED at Anchorage, Alaska this ___ day of September, 2006.

Respectfully submitted,

DELANEY WILES, INC.
*Attorneys for Defendant*

/s/ Andrew Guidi
Andrew Guidi
1007 West Third Avenue, Suite 400
Anchorage, Alaska 99501
907-279-3581/907-277-1331
ag@delaneywiles.com
Alaska Bar No. 8312171

FFIC's Reply Brief in Support of
Motion for Award of Attorney Fees
Lutz v. FFIC/Case No. 04-229 Civil (TMB)

Page 4 of 5

CERTIFICATE OF SERVICE

I hereby certify that on the __th day of September 2006, FIRST FINANCIAL INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES was served electronically and via USPS postage prepaid on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516


/s/ Andrew Guidi
Andrew Guidi/121864

FFIC's Reply Brief in Support of
Motion for Award of Attorney Fees
Lutz v. FFIC/Case No. 04-229 Civil (TMB)