IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ERIC LUTZ, as assignee of the rights of Dean Bruington, d/b/a DB Enterprises,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE CO.,<br><br>Defendant. | Case No. 3:04-cv-229  TMB<br><br>O R D E R<br>[Re: Docket 72 & 84] |

      Defendant, having prevailed at the summary judgment stage by order of this Court at Docket 70, now moves for attorney fees.  Docket 72.  Plaintiff opposes the motion, and Defendant has replied.  Docket nos. 78 & 83.  Plaintiff requests oral argument.  Docket 84.  The Court has reviewed the pleadings and determines that oral argument would not be helpful.

      Defendant seeks an award of attorney fees in the amount of over $32,000, pursuant to Alaska Rule 82, which allows 20% of actual fees.  Defendant's counsel alleges fees in excess of $160,000. While Rule 82 provides the authority for the award of attorney's fees, Fed. R. Civ. P. 54(d)(2) provides the procedure in Federal Courts, and allows 14 days after entry of judgment for a prevailing party to request attorney fees.  Accordingly, Defendant's motion was timely.

      However, Plaintiff is correct in his position that Rule 82 does not authorize the recovery of fees prior to the commencement of the action.  *See, e.g., Martens v. State, Dept. of Highways*, 623 P.2d 331, 335 (Alaska 1981); *Alaska State Housing Auth. v. Riley Pleas, Inc.*, 586 .2d 1244, 1249 (Alaska 1978).  Furthermore, the extensive redaction of Defendant's billing statements makes it virtually impossible to gauge whether the work was "reasonably necessary" or included a significant degree of duplicative effort.

      The Court concludes that a reasonable amount of attorney's fees in this case, which was neither factually not legally complex, would be in the range of  $25, 000 to $50,000.  Accordingly, this Court is inclined to grant attorney fees to Defendant in the amount of $7,500.  However, before doing so, Defendants shall be given the opportunity to file a supplemental motion clarifying it's

position, as outlined below.   Upon consideration of the supplemental motion, if any, the Court will determine whether an amount ***more or less than $7,500*** would be more appropriate in this matter.

Therefore, it is hereby ordered that Plaintiff's request for oral argument at Docket 84 is DENIED.

It is further ordered that within 14 days of the date of this Order, Defendants may file a supplemental motion which eliminates (1) all work that was duplicated by more than one attorney, (2) communications between the attorneys, and (3) review of documents created by one of FFIC's attorney's.  Furthermore, Defendants shall provide the Court with either an unredacted itemization ***or*** an explanation of why the material falls within either the attorney-client or work product privilege.  Failure to file a supplemental motion on or before December 19, 2006, will be construed as acceptance of the $7,500 figure stated above, and an Order will be entered accordingly.

No further briefing by the Plaintiff is invited at this time.

Dated at Anchorage, Alaska, this 5th day of December, 2006.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge