Tim Cook
Cook and Associates
3901 Taiga Drive
Anchorage, Alaska 99501
Voice: (907) 336-5291
Fax     (907) 336-5292
tcook@acsAlaska.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eric Lutz, as assignee of rights of Dean Bruington, dba DB Enterprises, | ) <br> ) D.C.No. A04 0229 CV (TMB) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| First Financial Insurance Company, | ) <br> ) |
| Defendants. | ) <br> ) |

**BRIEF ON ISSUES FOR STATUS CONFERENCE**

It appears that the parties are in general agreement as to the posture of the case. The Ninth Circuit determined that First Financial Insurance Company (FFIC) materially breached its duties to their insured. Further, the Ninth Circuit determined that FFIC would be estopped from denying coverage if the Plaintiff made even "a slight showing" of "any adverse effect" or "actual harm", i.e. prejudice.[1]

From the language of the holding it also appears that the Ninth Circuit expected that the prejudice issue could be decided based on either the existing record, or perhaps

---

[1] Decision at 3

through additional briefing or an evidentiary hearing.[2]  Plaintiff Lutz asserts that the issue of prejudice is now ripe for judicial decision, and that further briefing or discovery is not necessary.

Lutz filed Plaintiff's Motion for Summary Judgment (12/9/2005)  that asserted all of the elements necessary for decision. Defendant filed its Opposition.  Defendant made no request for additional discovery.  In fact, the Court ruled on the Motion without objection from Defendant. This was the exact issue that was appealed and remanded to the court. Based on the Motion, Opposition, Reply and the other documents in the record Plaintiff asserts that the Court has sufficient evidence before it to rule. No further briefing nor discovery is needed.  The issue is ripe for decision.

The issue before the court is whether the Plaintiff made a "slight showing" of "any adverse effect" or "actual harm".[3] Plaintiff asserts that through the proofs currently before the Court, Lutz has meet his burden of making a "slight showing".  If the Court finds that plaintiff has made the requisite showing, then FFIC will be estopped from denying coverage.

If the court finds that the proofs that are currently in the record do not meet the slight showing standard, then the court has several options. One would be to order further briefing on the issue. Another would be to hold an evidentiary hearing. By these means the court could expeditiously determine whether there is sufficient evidence to meet the slight showing standard. If so then FFIC would be esttopped from denying coverage. If not, then it would become a matter for a jury to determine whether the insured suffered prejudice.

---

[2] "we remand to the district court to address the prejudice issue in light of our disposition, and if necessary, to hold a trial on the issue." (emphasis added) Decision at 4.
[3] *Id.*

Other Issues

If FFIC is estopped from denying coverage, the remaining issue would be damages (including punitive).  Under existing case law an insured may enter into a covenant settlement agreement when the insurer "has materially breached its contractual obligation to the insured".[4]  The reasonableness of the settlement agreement is determined by the jury.[5]  Therefore, it is likely that the reasonableness of the covenant settlement agreement that the insured entered into may be an issue.

There will also likely be an issue regarding whether FFIC, because of its breach, is liable for more than the policy limit of coverage.  Depending on the resolution of the policy limits issue, there also may be an issue of what the policy limit amount is.

Punitive damages may also be an issue based on the Ninth Circuits determination that FFIC " made a material misstatement of Alaska law."[6]  Lutz believes that it would be a proper inquiry for the jury to determine whether a material misstatement of Alaska law constitutes conduct that would subject FFIC to punitive damages.

Conclusion

The issue of first priority is the determination of whether the "slight showing" standard of prejudice has already been met. If it has not, then the court must determine the most productive method of reaching a  determination on that issue- i.e. additional briefing, and/or an evidentiary hearing. Assuming that Lutz is able to make the "slight showing" required, then the primary question for a jury is likely to be whether the

---

[4] *Great Divide Ins. Co. V. Carpenter*, *79 P.3d 599* (Alaska 2003), at 610, quoting Grace.
[5] *Id.* at 614.
[6] Decision at 3.

covenant settlement agreement entered into by the insured was reasonable. As previously noted punitive damages may also be an issue.

Respectfully submitted this January 3, 2008.

By:     ____s/s *TIM COOK*_____
        Tim Cook
        Alaska Bar Card #9007048
        3901 Taiga Drive
        Anchorage, Alaska
        (907)336-5291
        (907)336-5292 FAX
        ATTORNEY IN CHARGE FOR
        PLAINTIFF, ERIC LUTZ

**CERTIFICATE OF SERVICE**

I hereby certify that on  1/3/08 , a true and correct copy of the attached document was served electronically to the following:

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis, & Young, Inc.
1007 West 3rd Ave, Suite 400
Anchorage, Alaska

Michael D. Prough, Esquire
Jon K. Adams, Esquire
Morison-Knox Holden & Prough, LLP
500 Ygnacio Valley Road, Suite 400
Walnut Creek, CA 94596

_____