Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West third Avenue, Suite 400
Anchorage, AK 99501
Telephone:  (907) 279-3581
Facsimile:  (907) 277-1331

Michael D. Prough
Jon K. Adams
MORISON-KNOX HOLDEN
& PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA  94596-8068
Telephone:  (925) 937-9990
Facsimile:  (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of right of Dean Bruington d/b/a DB Enterprises,<br><br>           Plaintiff,<br><br>  vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>           Defendant. | No. A04-229-CV  (TMB)<br><br>Time:    3:00 p.m.<br>Date:    January 11, 2008<br><br>Before:  Hon. Timothy M. Burgess |

**FIRST FINANCIAL INSURANCE COMPANY, INC.'S**
**STATUS CONFERENCE STATEMENT**

As discussed below, two primary issues remain in this case: (1) whether FFIC's insured, Mr. Bruington, suffered prejudice from FFIC's denial letter; and (2) if there was prejudice, whether the amount of the state court judgment Lutz was awarded is reasonable under criteria set forth by the Alaska Supreme Court.  Minimal discovery has been taken as FFIC held back propounding discovery and moved for summary judgment.  Then when each side's motion for summary judgment was pending, the Court, at the parties' joint request, vacated all discovery deadlines.

FFIC believes that necessary discovery should take six months and suggests a August 29, 2008 cut-off date.  Afterward, the Court should hold an evidentiary hearing on whether Bruington was prejudiced followed, if necessary, by dispositive motions and a trial on any remaining issues.

## FACTUAL SUMMARY

First Financial Insurance Company ("FFIC") insured Dean Bruington, dba DB Enterprises ("Bruington") under a general liability insurance contract with a policy limit of $1 million per occurrence.  The policy excluded coverage for any property damage to the work of Mr. Bruington and any property damage arising out of the actions of independent contractors.

In 1999, Bruington built a house for plaintiff Eric Lutz ("Lutz").  The independent contractor who excavated the ground has sworn that because there was permafrost in the area, he told both Bruington and Lutz that construction needed to wait at least a year after excavation, but that Lutz insisted the project not wait.  Apparently, this rush led to instability and settlement of the foundation.  Lutz asserts that all of his damages arose from this excavation contractor's work.  Construction was completed in December 1999.

In 2000 and again in 2001, Lutz complained to Bruington about settlement-related construction flaws.  Although Bruington came to the house and made repairs each time, he never informed FFIC about the property damage or Lutz' complaints.

After Lutz complained again in 2002, Bruington notified FFIC through his insurance broker. FFIC retained a local firm who investigated the claim and in September 2002, FFIC denied the claim. FFIC's denial letter initially stated that FFIC had investigated the loss and determined that there was no coverage. It then quoted the language of several of the policy's business risks exclusions, including the exclusion for property damage to the insured's work, and the exclusion for property damage arising from the work of independent contractors. The letter then briefly stated that several courts have interpreted that newly constructed homes are the insured's product or work and that there also is no coverage for damages to them. The letter concluded with a reservation of FFIC's rights and an invitation for Bruington to please contact FFIC if he had any questions or had any information that might alter FFIC's decision. Bruington never did so. He asked no questions. He never complained. He never provided any new information. In short, he gave FFIC no reason to think that its decision was wrong.

After FFIC's claim denial, Bruington apparently made a claim on a performance bond. He apparently let that claim drop, however, even after the bond company notified him that he had not responded to its correspondence and needed to submit a completed Proof of Claim form. Bruington also had liability insurance after expiration of FFIC's policy. It is not known whether he ever submitted, or considered submission of, a claim to later insurers. It is known that in early 2003, Lutz made a claim on his home insurance. That claim was settled for $175,000.

In May 2003, Lutz filed a lawsuit against Bruington in state court. In July 2003, counsel for Lutz, Mr. Cook, proposed a settlement. Eventually, Bruington and Lutz settled. Bruington assigned to Lutz his rights against FFIC and agreed to make repairs to the Lutz house. Lutz agreed not to hold Bruington personally liable and, if he were to secure an award or settlement from FFIC, to reimburse Bruington up to $65,000 for his repairs of the house.

With nothing at stake in the lawsuit, Bruington did not defend himself. He ignored requests for admissions and they were deemed admitted. Then, with those admissions as evidence, Lutz won an unopposed motion for summary judgment. The amount of the ultimate judgment was a wildly bloated sum bearing no relationship to any actual damages. Indeed, no one appeared at the hearing on damages except Lutz and his counsel. Lutz presented an affidavit of Bruington stating that Bruington's cost to repair the Lutz house, including materials and <u>exactly</u> 800 hours of work, was $117,902. Lutz also claimed damages for such things as alternative housing, missed days at work, <u>exactly</u> $50,000 for speculative harm to his credit rating, <u>exactly</u> $400,000 for "loss of consortium," and <u>exactly</u> $900,000 for alleged emotional distress, for a total of $1,804,376. Bruington's liability was founded on misrepresentation–a theory not potentially covered by insurance–based on his allegedly having promised a flawless house. Under the Alaska Deceptive Trade Practices Act, which protects consumers from misrepresentations, the court trebled all purported damages to $5,413,128. Although nothing adverse ever took place during the lawsuit, Lutz claimed and was awarded $188,000 in attorneys' fees, bringing the total judgment $5,601,128.

## SUMMARY OF PROCEDURAL HISTORY

In 2004, Lutz sued FFIC in state court and FFIC removed it here. In late 2005, FFIC moved for summary judgment, asserting that it owed no duty to defend or indemnify Bruington for the Lutz claim. Lutz then moved for summary judgment, claiming that FFIC's denial letter estopped it from denying coverage.

In August 2006, this Court issued a 21-page decision granting FFIC's motion for summary judgment on the grounds that FFIC owed no duty to defend or indemnify Bruington. It denied Lutz' counter-motion. In rejecting coverage by estoppel, this Court specifically considered an affidavit of Mr. Bruington that Lutz submitted to show Bruington's purported prejudice. In that affidavit, Bruington claimed that he could not understand the factual basis of FFIC's denial from the letter and that if he had known that

the denial was due to the damages occurring after the policy period (it was not), then he would have tendered a claim to his later insurers.  This Court found that the evidence from the Bruington affidavit could not constitute prejudice as Bruington was presumably "fully cognizant of the factual basis for the Lutz claim" and that FFIC had done nothing to impede him from requesting additional information or taking other action to challenge the denial.  This Court concluded that if Bruington was harmed, "it was as a result of his own inaction after he received notice his claim had been denied, not any perceived inadequacies in the denial notification."

In September 2007, a divided Ninth Circuit panel reversed the summary judgment with a memorandum decision.  The decision never questioned the correctness of this Court's determination that FFIC owed no duty to defend or indemnify Bruington.  That decision remains law of the case.  Rather, the panel found that FFIC's denial letter failed to meet the standards of Alaska law and held that FFIC will be estopped from denying a duty to indemnify Bruington if Lutz can prove that Bruington suffered prejudice from FFIC's letter.  It remanded the case to this Court "to address the prejudice issue in light of our disposition, and, if necessary, to hold a trial on this issue."

## REMAINING ISSUES

### 1.      Bruington's Purported Prejudice

The Court will need to determine whether Bruington suffered prejudice from FFIC's denial letter.  FFIC believes the evidence will make clear that he was not.  FFIC believes that after the discovery discussed below is obtained, the Court should conduct an evidentiary hearing and decide this issue.  If the Court finds that Bruington was not prejudiced, judgment should be entered on behalf on FFIC.  If the Court finds that Bruington was prejudiced, the factors set forth in *Great Divide* will need to be tried.

### 2.      The *Great Divide* Factors

If the Court should find that Bruington actually suffered prejudice from FFIC's denial letter, there will need to be a trial on the factors the Alaska Supreme Court set

- 4 -

forth in *Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599 (Alaska 2003), to determine whether the amount of the state court judgment was reasonable. The relevant *Great Divide* factors include:

> "The releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion or fraud; the extent of the releasing person's investigation and preparation of the case; and the interest of the parties not being released."

*Great Divide*, 79 P.3d at 613.

## REMAINING DISCOVERY

### 1.     Completed Discovery

Early in this lawsuit, the parties made their initial disclosures and produced documents that they had identified. Lutz has propounded and FFIC has answered a set of 171 Requests for Admissions and accompanying Interrogatories. The only deposition that has been taken was of the claim investigator, David Buness of Northern Adjusters, Inc. FFIC restrained from propounding discovery under the belief that the costs and burdens of litigation could be saved for both sides by resolving the case through a motion for summary judgment on the lack of insurance coverage.

In December 2005, while both motions for summary judgment were pending, but not fully briefed, the parties submitted in a Joint Status Report that they believed it was in their "mutual economic interest to defer the remaining pretrial deadlines" until the motions for summary judgment were resolved. (ECF #36 at p.2.) This Court agreed and vacated all discovery deadlines with the intention that they be reset after the motions for summary judgment were decided (ECF #37.) In May 2006, the parties set forth in a Joint Status Report the discovery they still needed. (ECF #37 at p. 5) All of it still remains.

### 2. Discovery Needed As To The Prejudice Issue

To try the issue of Bruington's alleged prejudice, FFIC needs documents and testimony from Mr. Bruington, a Rule 30(b)(6) designee of his company; his insurance broker; his other insurers, and his bonding company. FFIC also needs documents and testimony of Mr. Cook about the communications he had with Bruington long before Lutz sued Bruington.

### 3. Discovery Needed As To The *Great Divide* Factors

To try the issue of the reasonableness of the amount of the judgment Lutz was awarded in state court after he and Bruington had settled, FFIC needs documents and testimony from Mr. Lutz; his former wife who lived in the house for several years; his live-in girlfriend; Mr. Cook; Mr. Bruington; the contractor who did the excavation work for the Lutz house and warned Lutz and Bruington that construction needed to wait; the persons who analyzed the damage to the Lutz house; and the persons who repaired it.

## MEDIATION

The parties have agreed that they would like to mediate with a settlement judge appointed by the Court.

## SCHEDULE

FFIC believes that mediation and discovery should proceed concurrently. FFIC believes that mediation may be scheduled as soon a mediator is selected and as soon as the schedules of the participants and the mediator will permit.

FFIC proposes a discovery cut-off of August 29, 2008. Obtaining discovery require document subpoenas being served on non-parties for documents, followed by compliance, followed by deposition subpoenas being served on non-parties, followed by depositions. Experience has shown that this can take significant amounts of time due to issues with timely service of non-parties and attempts to accommodate, if possible, the schedules of non-parties. Further, non-party documents may be archived and thus, require more time to obtain.

Following the close of discovery, FFIC believes the Court should conduct an evidentiary hearing on the issue of whether Mr. Bruington was legally prejudiced by FFIC's denial letter. If the Court finds that Bruington was not prejudiced, judgment should be entered on behalf on FFIC. If the Court finds that Bruington was prejudiced, a deadline should be set for dispositive motions and the case should be set for trial.

Dated: January 7, 2008

Respectfully Submitted,

MORISON-KNOX HOLDEN & PROUGH, LLP
Attorneys for Defendant
FIRST FINANCIAL INSURANCE COMPANY, INC.


By: /s/ Jon K. Adams
      Jon K. Adams

500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

CERTIFICATE OF SERVICE

I hereby certify that on
January 7, 2008,
FIRST FINANCIAL INSURANCE
COMPANY, INC.'S STATUS
CONFERENCE STATEMENT was served
electronically on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516

/s/ Jon K. Adams
   Jon K. Adams

121819

- 7 -