Tim Cook
Cook and Associates
3901 Taiga Drive
Anchorage, Alaska 99501
Voice: (907) 336-5291
Fax    (907) 336-5292
tcook@acsAlaska.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Eric Lutz, as assignee of rights of Dean Bruington, dba DB Enterprises, | ) ) D.C.No. A04 0229 CV (TMB) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| First Financial Insurance Company, | ) ) |
| Defendants. | ) ) |
| _____ | ) |

## Proposed Schedule

**COMES NOW, Eric Lutz**, by and through his attorney of record, Tim Cook, and reports to the court that per the court's order the parties met and discussed a schedule for discovery in the above captioned matter as well as other pertinent matters.

The parties generally agreed to a schedule for discovery as detailed below. They also discussed the appointment of a district court judge as a settlement mediator. And they discussed the possibility of holding an early evidentiary hearing on the issue of prejudice to the insured.

### Evidentiary Hearing

The parties discussed the possibility of scheduling an Evidentiary Hearing in this matter on the issue of prejudice. Lutz is not opposed to an evidentiary hearing. However,

given the Ninth Circuit's decision that this issue requires only a "slight showing" of "any harm" to prove prejudice, Lutz believes the court may be able to determine this issue through briefing.

If briefing is not sufficient to satisfy the slight showing standard, then an Evidentiary Hearing may be required. It is Lutz's view that if the Evidentiary Hearing does not satisfy the proof of prejudice standard, then it would be a jury question at trial.

Finally, there is the issue of timing for an evidentiary hearing. First Financial seeks to hold the hearing relatively early vis-à-vis the discovery timeline. Lutz is not opposed to an early Evidentiary Hearing, however he is concerned that should the court hold the hearing and determine that prejudice has been proved <u>prior to the close</u> of discovery then First Financial may attempt to attack the court's holding on the basis that they had not completed discovery.

Therefore, Lutz is agreeable to First Financial's request for to hold an evidentiary hearing in late May or June, but he requests that they be precluded from asserting that they were somehow prejudiced because the hearing was held prior to the close of discovery.

### Appointment of District Judge as Mediator

The parties discussed mediation and were in general agreement that it could be productive. Lutz would welcome the appointment of a District Court Judge to mediate the claim. A strong independent mediator may convince one or the other of the parties that their position is weaker than they believe, and thus persuade them to settle. From Lutz's

perspective, a District Court Judge acting as mediator would bring a great deal of weight and authority to the process. We would urge early appointment and early mediation.

### Discovery Schedule

The parties generally agreed that the following dates were workable as to discovery:

| | |
|---|---|
| Close of Non-Expert Discovery | September 5, 2008 |
| Last Day to Serve Expert Reports | 60 days before close of discovery |
| Last Day to Serve Rebuttal Expert Reports | 30 days before close of discovery |
| Final Revised Witness List | 30 days before close of non-expert discovery |
| Deadline for Motions related to Discovery | 30 days after close of class of discovery |
| Dispositive Motions | 30 days after close of expert discovery |
| Motion in Limine | 30 days before trial |

### Trial Schedule

The parties did not discuss specific trial dates or the length of time needed for trial. Plaintiff Lutz believes that the trial should be calendared for late 2008 or early 2009. Plaintiff sees two primary issues for trial: Coverage by Estoppel and Bad Faith.

Coverage by estoppel is had if the insured suffered "any harm." This issue may not be before the jury if the court has previously ruled. The only remaining question is a determination of whether the settlement covenant agreement entered into between the

insured builder and Lutz the homeowner was reasonable. If so then the prior judgment of the state court is the proper measure of damages.

Bad Faith is the other issue. Since the Ninth Circuit has previously determined that First Financial made materially misrepresentations to their insured that issue will not be before the jury. Rather, it will likely be a battle of expert witnesses on how eggrgious this misrepresentation was.

As a result, Lutz sees this a relatively straight forward matter that, at least for his side of the case, should not take more than 4 or 5 days to put on.

Respectfully submitted this 24th day of January, 2008.

By:   ___s/s Tim Cook_____
      Tim Cook
      Alaska Bar Card #9007048
      3901 Taiga Drive
      Anchorage, Alaska
      (907)336-5291
      (907)336-5292 FAX
      ATTORNEY PLAINTIFF, ERIC LUTZ

**CERTIFICATE OF SERVICE**

I hereby certify that on  1/24/08 , a true and correct copy of the attached document andproposed was served electronically to the following:

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis, & Young, Inc.
1007 West 3rd Ave, Suite 400
Anchorage, Alaska

Michael D. Prough, Esquire
Jon K. Adams, Esquire
Morison-Knox Holden & Prough, LLP
500 Ygnacio Valley Road, Suite 400
Walnut Creek, CA 94596