ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
mdp@morison-knox.com
JON K. ADAMS
jka@morison-knox.com
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>　　　　Defendant. | No. A04-229-CV (TMB)<br><br>**FIRST FINANCIAL INSURANCE COMPANY'S PROPOSED SCHEDULING ORDER** |

In compliance with the Court's instructions at the January 11, 2008 Status Conference and subsequent Order (ECF #106), the parties met and conferred twice to try to agree upon all scheduling issues and to file a joint proposed scheduling order. Although the parties agreed upon all deadlines, Lutz did not agree to FFIC's proposal that the Court should limit discovery and motions to the issue of whether FFIC's insured, Mr. Bruington, was prejudiced by FFIC's coverage denial letter until after the evidentiary hearing on that issue.

Understanding that the Court sought a joint submission, FFIC drafted a neutral joint submission with alternative proposed orders, one with FFIC's proposal and one without, and sent the draft to counsel for Lutz for his comments and additions. Without consultation, and while FFIC was waiting on comments from Lutz, Lutz chose to file an individual Proposed Schedule and Proposed Order. (ECF #106.) Until he filed, counsel for Lutz had never even hinted that he intended to file separately.

The Proposed Scheduling Order Lutz filed: (1) intentionally omitted FFIC's proposal for early limits on discovery and motions; (2) added language that would inappropriately have the court admonish FFIC without ever raising the topic with FFIC; and (3) omitted a discovery deadline the parties had agreed to. Further, Lutz has used what should be a neutral document to argue his legal contentions—contentions that could have been discussed at the January 11, 2008 Status Conference had Lutz' counsel chosen to attend. FFIC disagrees with Lutz' contentions and will submit argument about them at the appropriate time.

FFIC does not understand Lutz' argument about the evidentiary hearing on the prejudice issue. Lutz proposed an early hearing on the prejudice issue in his Status Conference Statement (ECF # 104 at p. 2.) In negotiations over the schedule, FFIC proposed a hearing date (subject to the Court's calendar) in "early May 2008," but Lutz preferred it to be set later.

The purpose of an early evidentiary hearing on the dispositive issue of Bruington's purported prejudice was to save the time, expenses, fees, and the burdens of discovery and motions on other topics if the case can be resolved by a decision on the lack of prejudice. Toward that goal, FFIC believes the Court should limit discovery and motions until a decision is made on the prejudice issue by inclusion of the following language in its Scheduling Order:

> Until a judicial decision is made following the evidentiary hearing on the prejudice issue, discovery may only be sought from persons who have information that is reasonably likely to lead to the discovery of admissible evidence on the issue of whether Bruington was prejudiced by FFIC's coverage denial letter.

FFIC believes that such a temporary limitation will save costs and attorneys' fees, minimize potential discovery disputes, and conserve judicial resources. Each party has represented to this Court that an evidentiary hearing on the prejudice issue should be scheduled "early" and have requested a date in May 2008. As the Court's decision will be dispositive if it finds that Bruington was not prejudiced by FFIC's correct denial of coverage, limiting activity to the prejudice issue until that hearing makes imminent sense.

Further, the parties agreed to October 6, 2008 as the deadline for the close of expert discovery. That should be included in the Scheduling Order.

As to the admonishment Lutz proposes at the end of his proposed order, FFIC disagrees. A court retains the right to reconsider any decision based on newly-discovery evidence.

Finally, the parties request the appointment of a district court judge to serve as a mediator. Because mediation will need to be scheduled taking into account the schedules of the parties, their counsel, and the mediator, the parties believe it would be prudent to have a mediator assigned soon so that mediation may be set at a mutually-convenient time.

- 3 -

     For the reasons set forth above, FFIC respectfully requests that the Court enter the attached Scheduling Order.

Dated: January 25, 2008          Respectfully Submitted,

                                  MORISON-KNOX HOLDEN &  
                                  PROUGH, LLP  
                                  Attorneys for Defendant  
                                  FIRST FINANCIAL INSURANCE  
                                  COMPANY, INC.

                                  By: /s/ Jon K. Adams  
                                       Jon K. Adams

                                  500 Ygnacio Valley Road, Suite 450  
                                  Walnut Creek, CA 94596  
                                  Telephone: (925) 937-9990  
                                  Facsimile: (925) 937-3272

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 25, 2008, FIRST FINANCIAL INSURANCE COMPANY, INC.'S STATUS CONFERENCE STATEMENT was served electronically on:

Tim Cook, Esq.  
<u>Tcook@acsalaska.net</u>  
Attorney at Law  
3901 Tiaga Drive  
Anchorage, AK 99516

/s/ Jon K. Adams  
    Jon K. Adams

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>　　　　　　Defendant. | No. A04-229-CV (TMB)<br><br>**SCHEDULING ORDER** |

　　　　Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure, the Court sets the following pre-trial deadlines for this case.

| | |
|---|---|
| Evidentiary Hearing on Prejudice Issue | _____(Late May-Early June 2008) |
| Close of Non-Expert Discovery: | September 5, 2008 |
| Last Day to Serve Expert Reports: | 60 days before close of discovery |
| Last Day to Serve Rebuttal Expert Reports: | 30 days before close of discovery |
| Close of Expert Discovery: | October 6, 2008 |
| Final Revised Witness List: | 30 days before close of non-expert discovery |
| Deadline to File Motions Related To Discovery | 30 days after close of class of discovery |
| Deadline to File Dispositive Motions | 30 days after close of expert discovery |
| Deadline to File Motions In Limine | 30 days before trial date |

- 1 -

- 2 -

      Until a judicial decision is made following the evidentiary hearing on the prejudice issue, discovery may only be sought from persons who have information reasonably likely to lead to the discovery of admissible evidence on the issue of whether Mr. Bruington was prejudiced by FFIC's coverage denial letter.

IT IS SO ORDERED.

Dated: _____                          _____
                                                            Honorable Timothy M. Burgess
                                                             United States District Court Judge

122042