Andrew Guidi
DELANEY WILES HAYES GERETY
ELLIS & YOUNG, INC.
1007 West third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

Michael D. Prough
Jon K. Adams
MORISON-KNOX HOLDEN
& PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of right of Dean Bruington d/b/a DB Enterprises,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>Defendant. | No. A04-229-CV (TMB)<br><br>Time: 3:00 p.m.<br>Date: January 11, 2008<br><br>Before: Hon. Timothy M. Burgess |

**FIRST FINANCIAL INSURANCE COMPANY, INC.'S
STATUS CONFERENCE STATEMENT**

EXHIBIT 1
Page 1 of 2

As discussed below, two primary issues remain in this case: (1) whether FFIC's insured, Mr. Bruington, suffered prejudice from FFIC's denial letter; and (2) if there was prejudice, whether the amount of the state court judgment Lutz was awarded is reasonable under criteria set forth by the Alaska Supreme Court. Minimal discovery has been taken as FFIC held back propounding discovery and moved for summary judgment. Then when each side's motion for summary judgment was pending, the Court, at the parties' joint request, vacated all discovery deadlines.

FFIC believes that necessary discovery should take six months and suggests a August 29, 2008 cut-off date. Afterward, the Court should hold an evidentiary hearing on whether Bruington was prejudiced followed, if necessary, by dispositive motions and a trial on any remaining issues.

## FACTUAL SUMMARY

First Financial Insurance Company ("FFIC") insured Dean Bruington, dba DB Enterprises ("Bruington") under a general liability insurance contract with a policy limit of $1 million per occurrence. The policy excluded coverage for any property damage to the work of Mr. Bruington and any property damage arising out of the actions of independent contractors.

In 1999, Bruington built a house for plaintiff Eric Lutz ("Lutz"). The independent contractor who excavated the ground has sworn that because there was permafrost in the area, he told both Bruington and Lutz that construction needed to wait at least a year after excavation, but that Lutz insisted the project not wait. Apparently, this rush led to instability and settlement of the foundation. Lutz asserts that all of his damages arose from this excavation contractor's work. Construction was completed in December 1999.

In 2000 and again in 2001, Lutz complained to Bruington about settlement-related construction flaws. Although Bruington came to the house and made repairs each time, he never informed FFIC about the property damage or Lutz' complaints.