**Exhibit 6**

*148-0015*

ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
mdp@morison-knox.com
JON K. ADAMS
jka@morison-knox.com
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

|  |  |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>       Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>       Defendant. | No. A04-229-CV (TMB)<br><br>**FIRST FINANCIAL INSURANCE COMPANY, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    First Financial Insurance Company, Inc.

RESPONDING PARTY:    Eric Lutz

SET NUMBER:    One (1)

Exhibit 6
Page 1 of 5

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant First Financial Insurance Company, Inc. hereby requests that plaintiff Eric Lutz respond to the following interrogatories, under oath, within thirty 30 days:

DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.    "YOU" and "YOUR" and each of their forms, including the possessive, mean Eric Lutz and each of his agents, accountants, attorneys, assigns and any other persons acting on his behalf.

2.    "PERSON" means any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

3.    "IDENTIFY EACH PERSON" means to identify each person by name, residence address, residence telephone number, occupation, title, business address and business telephone number.

4.    "DOCUMENT" means any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind.

- 1 -

Exhibit___6___
Page___2 of 5

5.    "IDENTIFY EACH DOCUMENT" means to specify for each document its title, its date, its author (if known), the identity of each person to whom the document was addressed, sent, copied or otherwise delivered; the present location of the original, a description of the substance, and the specific Bates numbers from YOUR document production, if any.

6.    "THE UNDERLYING LAWSUIT" means the lawsuit entitled <u>Eric Lutz v. Dean Bruington, dba DB Enterprises</u>, State of Alaska Superior Court Case No.: 3 AN-03-07096 CIV.

7.    "THE LUTZ HOME" is defined as the home and all other buildings and structures on the property known as 000 Memory Lane, Glennallen, Alaska, 99588.

8.    "ALL" and "ANY" mean any and all so that documents are included and not excluded in a request.

INTERROGATORIES

INTERROGATORY NO. 1:

For EACH DOCUMENT produced with YOUR initial disclosures, please IDENTIFY EACH PERSON from whom YOU obtained the document for YOUR production.

INTERROGATORY NO. 2:

Please describe all representations BRUINGTON made to YOU, including the date it was made, the manner in which it was made, whether written or verbal, and all PERSONS who witnessed the representation.

INTERROGATORY NO. 3:

Please IDENTIFY EACH PERSON with knowledge of ANY emotional distress that YOU contend BRUINGTON caused YOU.

INTERROGATORY NO. 4:

If YOU have ever been medically treated for depression, anxiety, or other mental or emotional problems, please IDENTIFY EACH PERSON who has treated YOU.

Exhibit____6____
Page____3 of 5____

INTERROGATORY NO. 5:

Please identify all medications YOU have taken since December 1, 1999, including the time period in which YOU took each one.

INTERROGATORY NO. 6:

Please identify each of the 12 days you missed from work for repairs to THE LUTZ HOME, as set forth in the "Calculation of Damages" YOU submitted to the court in THE UNDERLYING LAWSUIT, and describe what YOU did on each day.

INTERROGATORY NO. 7:

Please describe all "alternative housing" for which you spent $27,000, as set forth in the "Calculation of Damages" YOU submitted to the court in THE UNDERLYING LAWSUIT, including each address, and the dates you lived at each location..

INTERROGATORY NO. 8:

Please IDENTIFY EACH PERSON who has resided in THE LUTZ HOME, including the time period when each resided there.

INTERROGATORY NO. 9:

Please state every basis for YOUR claim that BRUINGTON harmed YOUR credit in the amount of $50,000, as set forth in the "Calculation of Damages" YOU submitted to the court in THE UNDERLYING LAWSUIT, and IDENTIFY EACH DOCUMENT that supports YOUR claim.

INTERROGATORY NO. 10:

For each Request for Admission served herewith that you do not admit unconditionally, please state all facts that support YOUR denial or inability to admit, and IDENTIFY EACH PERSON with knowledge of those facts.

INTERROGATORY NO. 11:

Please identify specifically how YOU spent the $175,000 that Umilak Insurance Company paid YOU in 2003, including what YOU purchased, what YOU paid to have repaired, the PERSONS YOU compensated for the goods or services, and the date of each transaction.

Exhibit ___6___
Page ___4 of 5___

INTERROGATORY NO. 12:

For EACH interrogatory set forth above, please IDENTIFY EACH PERSON who has knowledge of the facts upon which YOU base YOUR response.

Dated: February 7, 2008                    MORISON-KNOX HOLDEN & PROUGH, LLP

By:_____
                                                        Jon K. Adams

                                        Attorneys for Defendant
                                        FIRST FINANCIAL INSURANCE
                                        COMPANY, INC.

122131

Exhibit    6
Page    5 of 5

**Exhibit 7**



1    Tim Cook AKBN 9007048
     Cook & Associates
2    3901 Taiga Drive
     Anchorage, AK  99516
3    Phone: 907-336-5291
     Fax: 907-336-5292
4    tcook@acsalaska.net
5    Attorney for Plaintiff

6

7                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF ALASKA**
8

9    HAZEL CRAWFORD                        )
                                           )
10              Plaintiff,                  )
                                           )
11       v.                                 )      Civil Case No.  04:  0229 CV (TMB)
                                           )
12   UNITED STATES OF AMERICA              )
                                           )
13              Defendant.                  )
                                           )
14                                          )      **PLAINTIFF'S ANSWERS TO**
                                           )      **FFIC'S FIRST SET OF**
15                                          )      **INTERROGATORIES**
                                           )
16                                          )
                                           )
17   _____)

18       **Comes Now Eric Lutz,** by and through his attorney of record, Tim Cook and answers FFIC's first

19   set of interrogatories as follows:

20   **Interrogatory No. 1**

21
     For each document produced with your initial disclosures, please identify each person from whom you
22
     obtained the document for your production.
23

24   **Answer:**

25   Objection, over-broad, burdensome, irrelevant, and not intended to lead to admissible evidence.

26   To date, Plaintiff has produced over twelve hundred pages of documents and records. Most documents

27   and records are clearly identifiable as to their source and the request to identify where each document was

28   obtained is clearly intended to harass, frustrate, and overburden plaintiff.

**Interrogatory No. 2**

Please describe all representations that Bruington made to you, including the date it was made, whether verbal or oral, and all person who witnessed the representation.

**Answer:**

Objection, over-broad, burdensome, irrelevant, and not intended to lead to discoverable evidence. Describing all representations, both verbal and written, that Bruington made to plaintiff, and the date made is patently absurd. Bruington may have represented in 1999 that the sky is blue and the grass green, that rivers flow and grass grow, however it is completely irrelevant. Plaintiff will gladly comply with appropriate discovery requests. This interrogatory is intended to harass, frustrate, and over burden plaintiff.

**Interrogatory No. 3**

Please describe each person that has knowledge of any emotional distress that you contend Bruington caused you.

**Answer:**

Marsh Henderson, plaintiff's former wife.

Cynthia Buchanan, plaintiff's significant other.

Jim Lutz, plaintiff's father

Jean Lutz, plaintiff's mother.

Kirk Howard, plaintiff's friend.


**Interrogatory No. 4**

If you have ever been medically treated for depression, anxiety, or emotional problems, please identify

each person who has treated you.

**Answer:**

Have not.


**Interrogatory No. 5**

Please identify all medications you have taken since December 1, 1999, including the time period that you

took each one.

**Answer:**

None that are relevant. May have taken antibiotics.


**Interrogatory No. 6**

Please identify each of the 12 days that you missed from work for repairs to the Lutz home, as set forth in

the "Calculation of Damages" you submitted to the court in the underlying lawsuit, and describe what you

did each day.

**Answer:**

Objection, the document speaks for itself.

The Superior Court accepted the "Calculation of Damages" and made its findings. Plaintiff asserts that the

underlying judgment is valid on its face. FFIC had an opportunity to intervene in the underlying suit and

chose not to. Thus it is foreclosed from re-litigating the elements that comprised the damage award.



**Interrogatory No. 7**

Please describe all "alternative housing" for which you spent $ 27,000, as set forth in the "Calculation of Damages" you submitted to the court in the underlying lawsuit, including each address and the dates you lived at each location.

**Answer:**

Objection, the document speaks for itself.

The Superior Court accepted the "Calculation of Damages" and made its findings. Plaintiff asserts that the underlying judgment is valid on its face. FFIC had an opportunity to intervene in the underlying suit and chose not to. Thus it is foreclosed from re-litigating the elements that comprised the damage award.

**Interrogatory No. 8**

Please identify each person that resided in the Lutz home and including the time period when each resided there.

**Answer:**

Marsha Lutz, until approximately July 2000.

Cynthia Buchanan, May 2002 –

Arctic Buchanan, May 2002

Eric Lutz, to date

**Interrogatory No. 9**

Please state every basis for your claim that Bruington harmed your credit in the amount of $ 50,000, as set forth in the "Calculation of Damages" you submitted to the court in the underlying lawsuit, and identify each document that supports your claim.

**Answer:**

Objection, the document speaks for itself.

The Superior Court accepted the "Calculation of Damages" and made its findings. Plaintiff asserts that the underlying judgment is valid on its face. FFIC had an opportunity to intervene in the underlying suit and chose not to. Thus it is foreclosed from re-litigating the elements that comprised the damage award.

**Interrogatory No. 10**

For each request for admission served herewith that you do not admit unconditionally, please state all facts that support your denial or inability to admit, and identify each person with knowledge of those facts.

**Answer:**

General Objection: over-broad, burdensome, irrelevant, vague, and not intended to lead to discoverable evidence. Further Interrogatory No. 10 is a multipart interrogatory. As such, each discrete sub-part is considered a separate interrogatory under FCRP 33(a). Each subpart counts toward the total number of interrogatories allowed.

**Answer: 10 subpart a.**

Denial of Request for Admission No. 1

I did not receive $175,000.00 from Umilak Insurance in 2003. I was paid $17,500.00 dollars. I, my attorney, and presumably personnel at Umilak Insurance know this.

**Answer: 10 subpart b.**

Denial of Request for Admission No. 2

Objection: Vague, irrelevant, and calls for a legal conclusion. What does "primarily blamed" mean? If "primarily blamed" means blamed in a legal sense then it calls for a legal conclusion, if "primarily blamed" means in a moral sense it is irrelevant.

**Answer: 10 subpart c.**

Denial of Request for Admission No. 4

Objection: Vague and irrelevant. It is unclear what is meant by "needed to wait at least a year" means. Does it mean wait a year after purchase of the property, after clearing, after installation of the foundation, etc. See Answer to RFA 4.

**Answer: 10 subpart d.**

Denial of Request for Admission No. 5



Objection, Vague and Irrelevant. It is unclear which contract is being inquired of: the contract to build the home or the Agreement and Release or the Assignment of Right.



**Answer: 10 subpart e.**

Denial of Request for Admission No. 6

I base my denial that I did not colluded with Bruington in the underlying lawsuit on the fact that I believe that every thing that I did was honest and legal.

**Answer: 10 subpart f.**

Denial of Request for Admission No. 7

See Answer to Request for Admission 7. Otherwise have no knowledge of Bruington's financial interests.

**Answer: 10 subpart g.**

Denial of Request for Admission No. 8

See Answer to Request for Admission 8. The facts regarding my former wife's motivations for divorce should be directed toward her.

**Interrogatory No. 11**

Please identify specifically how you spent the $175,000 that Umilak Insurance Company paid you in 2003, including what you purchased, what you paid to have repaired, the persons compensated for goods and services, and the date of each transaction.

**Answer:**

Plaintiff did not receive $175,000.00 from Umilak Insurance in 2003. See Answer to Request for Admission 1.


**Interrogatory No. 12**

For each Interrogatory set fourth above, please identify each person who has knowledge of facts upon which you base your response.

**Answer:**

General Objection: over-broad, burdensome, irrelevant, vague, and not intended to lead to discoverable evidence. Further Interrogatory No. 12 is a multipart interrogatory. As such, each discrete sub-part is considered a separate interrogatory under FCRP 33(a). Each subpart counts toward the total number of interrogatories allowed.


**Answer 12 subpart a, to Interrogatory 1 Above.**

Objection, over-broad, burdensome, irrelevant, redundant, and not intended to lead to admissible evidence. See response to Interrogatory 1. To date, Plaintiff has produced over twelve hundred pages of documents and records. To identify each person that has knowledge of the facts for each document is intended to harass, frustrate, and over burden plaintiff.

**Answer 12 subpart b, to Interrogatory 2 Above.**

Objection, over-broad, burdensome, irrelevant, and not intended to lead to discoverable evidence. See answer to Interrogatory 2.

**Answer 12 subpart c, to Interrogatory 3 Above.**

Marsh Henderson.

Cynthia Buchanan.

Jim Lutz.

Jean Lutz.

Kirk Howard.

**Answer 12 subpart d, to Interrogatory 4 Above.**

Eric Lutz

**Answer 12 subpart e, to Interrogatory 5 Above.**

Eric Lutz

**Answer 12 subpart f, to Interrogatory 6 Above.**

Objection, the document speaks for itself. See answer to Interrogatory 6.



**Answer 12 subpart g, to Interrogatory 7 Above.**

Objection, the document speaks for itself. See answer to Interrogatory 7.



**Answer 12 subpart h, to Interrogatory 8 Above.**

Marsha Lutz

Cynthia Buchanan

Arctic Buchanan

Eric Lutz

**Answer 12 subpart i, to Interrogatory 9 Above.**

Objection, the document speaks for itself. See answer to Interrogatory 9.



**Answer 12 subpart j, to Interrogatory 10 subpart a, Above.**

Redundant. See answer to Interrogatory 10 subpart a.

**Answer 12 subpart k, to Interrogatory 10 subpart b, Above.**

Objection: Vague, irrelevant, and calls for a legal conclusion. See answer to Interrogatory 10 subpart b.

**Answer 12 subpart l,  to Interrogatory 10 subpart c, Above.**

Objection: Vague and irrelevant. See answer to Interrogatory 10 subpart c.

**Answer 12 subpart m, to Interrogatory 10 subpart d, Above.**

Objection, Vague and Irrelevant. See answer to Interrogatory 10 subpart d.

**Answer 12 subpart n, to Interrogatory 10 subpart e, Above.**

Eric Lutz

**Answer 12 subpart m, to Interrogatory 10 subpart f, Above.**

Eric Lutz

**Answer 12 subpart, to Interrogatory 10 subpart g, Above.**

Eric Lutz

Marsha Henderson

**Answer 12 subpart, to Interrogatory 11, Above.**

Eric Lutz

Lutz's Attorney at Law

Umilak Insurance

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I have reviewed the above interrogatories and answers, and believe that they are accurate.

Eric Lutz

Subscribed and sworn this 20 day of ~~January, 2004~~ March 2008

Terry L. Keizer
Notary Public in and for the state of Alaska,

in _Glennallen_

My Commission Expires: N/A / /

POSTMASTER/NOTARY PUBLIC
PER USPS ASM 112.44
GLENNALLEN AK 99588

Please be advised that the number of Interrogatories that you have now propounded exceed the number allowed . As a courtesy we have provided responses to all Interrogatories propounded. However, this should not be construed as a waiver of the rules limiting the permissible number of interrogatories.

Respectfully submitted this 24 day of March, 2008.

By: _____
Tim Cook
Alaska Bar Card #9007048
3901 Taiga Drive
Anchorage, Alaska
(907)336-5291
(907)336-5292 FAX
Attorney for Eric Lutz

1

**CERTIFICATE OF SERVICE**
I hereby certify that on 3/ 24 , 2008, a true and correct copy of this document was served to the following:

2

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis, & Young, Inc.    *Hand delivered*
1007 West 3rd Ave, Suite 400
Anchorage, Alaska

3

4

5

Jon K. Adams, Esquire
Morison-Knox Holden & Prough, LLP
500 Ygnacio Valley Road, Suite 400
Walnut Creek, CA 94596

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lutz v. First Financial Insur.
04:229 Civ. (TMB)

Page 13 of 13

Exhibit  7
Page  13 of 13

**Exhibit 8**

### Tim Cook
#### Attorney At Law

*3901 Taiga Drive*
*Anchorage, Alaska 99516*

*Tele:*   **(907) 336-LAW1 (5291)**
*Fax:*    **(907) 336- 5292**
*e-mail :* lia@ak.net

RECEIVED
JUL 12 2004

RECEIVED
Jun - 1 2004

May 24, 2004

Robert LaFrance
First Financial Insurance Company
238 Smith School Road
Burlington, North Carolina 27215

(closed )
Bring claim file

Re:     Eric Lutz v. Dean Bruington
        Case: 3 AN 03-7096 CI
        Your File Number- 112459

Dear Mr. LaFrance;

My firm represents Eric Lutz, the plaintiff, in the above captioned case. Dean Bruington, your insured, acted as the primary contractor on a home that was built for Mr. Lutz near Glennallen Alaska in 1999. Unfortunately, the home suffered catastrophic damage which occasioned the pending legal action. We have settled with Mr. Lutz's home-owner's insurance carrier, and have reached certain agreements with Mr. Bruington which include his extensive restoration and repair of the Lutz residence.

As part of the agreement, Mr. Bruington has, among other things, assigned to our client, Eric Lutz, all rights with regard to prosecuting claims against potentially liable parties. As the carrier of the Commercial General Liability Insurance (CGL) policy for Mr. Bruington, we wanted to give you notice of the assignment, advise you that we will continue the damage claim against Bruington in the courts, and invite you to participate in any manner that is appropriate. A copy of the assignment is attached.

You should be aware that there are several factors that enhance First Financial's potential liability under Alaska law. First, Alaska has adopted one of the more expansive applications of the reasonable expectations doctrine as applied to the interpretation of insurance policies. Second, the so-called CHI rights of an insured party requires that an insurer clearly advise an insured that, whenever the insurer disclaims coverage under a policy, the insured has the right to select his own defense counsel who will be paid for by the insurer. Finally, in October 2003, the Alaska Supreme Court issued a holding that serves to clarify the broad rights of those insured parties whose defense has been abandoned by the insurer to enter into covenant settlement agreements with an injured

Exhibit     8
Page     1 of 2

**FFIC 0002**
Lutz v FFIC

plaintiff.(A copy of this case, Great Divide Insurance Co. v. Carpenter, is attached for your review.)

Mr. Bruington tendered the complaint to your firm approximately one year ago. Furthermore, we are in possession of a letter dated September 11, 2003 from First Financial, wherein you state "First Financial Insurance Company has no duty to defend Dean Bruington, DBA DB Enterprises and will not indemnify it for any settlement or judgment rendered in this matter." (emphasis added). This categorical denial of coverage, is in itself, a breach of the duties imposed upon insurance carriers under Alaska law.

In light of First Financial's outrageous abandonment of Mr. Bruington, your insured, we believe that your firm has engaged in clear misconduct and materially breached the duty to defend, the insured's CHI rights, and the duty to indemnify. Furthermore, we believe that your firm has violated Alaska's Unfair Trade and Consumer Protection Act. (The Unfair Trade Act provides for the award of treble damages and actual attorneys fees to prevailing plaintiffs.)

Given the posture of the case and what we believe to be First Financial's very large exposure, we wanted to give you an opportunity to extricate yourself before we proceed further. At this juncture, Mr. Lutz, by way of the assignment, would be willing to settle all claims against First Financial (including the indemnification and failure to defend) for $400,000.

If this is acceptable, please contact my office. Otherwise we will continue with prosecution of the case.

Sincerely,

Tim Cook

Enclosure:     Asssignment

**Exhibit 9**



September 16, 2004



### CERTIFIED MAIL (70033110000533708902)RETURN RECIEPT REQUESTED) AND US REGULAR MAIL



IFG Companies

Tim Cook
Attorney at Law
310 Eagan Street, Suite 217
P.O. Box 3712
Valdez, Alaska  99696

**First Financial
Insurance Company**

17015 North Scottsdale Road

Suite 245

Scottsdale, AZ  85255

| | |
|---|---|
| Policyholder: | Dean Bruington dba: DB Enterprises |
| Claim No.: | 112459 |
| Claimant: | Dean Lutz |

Dear Mr. Cook:

Please accept this correspondence in response to your letter of May 24, 2004.

Our review of policy F0117G412046 with effective dates of 12-8-98 to 12-9-99 issued to Dean Bruington dba DB Enterprises indicates that this is the only policy issued to Dean Bruington by First Financial Insurance Company and that the policy was not renewed by First Financial Insurance Company.

This correspondence will address the concerns raised in your recent correspondence and will reaffirm our coverage position as addressed in our letter of 9/11/04.

The claim file, the policy and a copy of Mr. Lutz's complaint have been reviewed and have been taken into consideration for the purpose of this correspondence.

The subject claim involves a single family home built for Dean Lutz by the named insured, Dean Bruington dba: DB Enterprises on or about November of 1999. The home in question is located in Glennallen, Alaska.

We became aware of above captioned lawsuit by way of a one page court document faxed to us on or about May 14, 2004 by DB Enterprises; the document was entitled "NOTICE OF JURY DEMAND".

Steve M. Gyarmati
Claims Manager

602-441-1928
Fax 602-441-1938
smgyarmati@ifgcompanies.com

Exhibit    9
Page    1063





IFG Companies

We secured the complaint, case number 3AN-03-7096 Civil, directly from the court as it was never forwarded to us for our review. The complaint has following causes of action:

1. Breach of Warranty of Workmanship
2. Breach of Warranty of Habitability
3. Misrepresentation

The allegations being made against the insured is that his work was defective and/or that the named insured's work was done in a manner that was not adequate resulting in damage to home.

The aforementioned policy is written on policy form CG00 01 (01/96). The applicable sections of the policy, including conditions, exclusions, and endorsements, are as follows:

Insuring agreement:

SECTION I – COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

Exhibit 9
Page 2 of 3





2. Exclusions

This insurance does not apply to:

l. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

The definition of 'your work" per the policy is as follows:



IFG Companies

19. "Your work" means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

    "Your work" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    b. The providing of or failure to provide warnings or instructions.

    k. Damage to Your Product

    "Property damage" to "your product" arising out of it or any part of it.

    l. Damage to Your Work

    "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

The above exclusions do not provide coverage for the work of the named insured. Thus, there is not a duty to neither defend nor indemnify for the work done by the named insured.

The policy also contains endorsement BG-G-070 (4-92) which follows:

    THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

    ## EXCLUSION -

    ## INDEPENDENT CONTRACTORS

    This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

 

In addition, we provide to you appropriate definitions that are applicable for the purpose of this letter:



IFG Companies

### SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

12."Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15."Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

The complaint alleges that the damage began to appear in the spring of 2000. As previously indicated the policy expired on December 8, 1999. Given the information contained in the complaint the damage did not appear until after the First Financial Insurance Company policy expired. Due to the alleged damages falling outside of the period of your client's coverage with First Financial Insurance Company there is no duty to either indemnify or defend.

Please refer to the definition of "occurrence" stated above. Based on our review of the complaint filed, there was not an "occurrence" as defined in the policy. As such there would be no duty to defend the insured in the matter.

To the extent there being no "occurrence" and no "property damage" during the policy period, First Financial Insurance Company has no duty to either indemnify or defend for this loss under policy F0117G412046.

The complaint also contains an allegation of "mental anguish". Please refer to the definition of "bodily injury" as previously stated within the letter. To the extent that "mental anguish" does not fit within the definition of "bodily injury", there is not a duty to defend or indemnify the insured for this allegation.

This policy is subject to certain exclusions that relate to the work of the insured as outlined here:



Exhibit___9___
Page___4 of 5___






IFG Companies

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the actions of independent contractors for or on behalf of any insured.

The complaint states that the named insured retained independent contractors to assist in the building of the home in question. In accordance with the above noted endorsement there is no applicable insurance coverage for the work of a subcontractor.

In reiterating our position, none of the allegations in the complaint filed against the insured give rise to coverage, therefore there was no duty to defend and/or indemnify the named insured, Dean Bruington dba: DB Enterprises in this matter.

Contrary to the statement contained in paragraph three of your letter, it is our understanding that the right of CHI counsel does not apply whenever an insurer disclaims coverage. The right to have independent counsel only applies when there is at least one claim that is potentially covered and the insurer defends under a reservation of rights. In the present case, none of the claims are covered, therefore CHI is not applicable.

In the absence of a breach of the duty by First Financial Insurance Company, there would be no basis for any threatened bad faith action.

We are of the opinion there is not a legal or factual basis for your new demand. Therefore, for the reasons addressed in this correspondence your demand for payment is respectfully rejected.

The foregoing in no way constitutes, nor should it be considered, a waiver or relinquishment by First Financial Insurance of any or all other defenses available to it under the terms and provisions of the policy captioned above and under applicable laws. Additionally, the foregoing in no way restricts or limits Burlington Insurance from relying upon and asserting other facts or grounds that are, or may become, available to it.

Should you have any additional questions or concerns regarding the coverage position outlined in this correspondence please feel free to contact the undersigned. We hope however, that we have addressed the issues raised in your recent correspondence and have shown to your full satisfaction that any further litigation against First Financial Insurance Company would be without merit.

Very truly yours,

Steve M. Gyarmati
Specialty Claims Manager

Exhibit 9
Page 5 of 5