ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
Michael.Prough@morisonansa.com
JON K. ADAMS
Jon.Adams@morisonansa.com
MORISON ANSA HOLDEN ASSUCAO &
    PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>            Plaintiff,<br><br>    vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>            Defendant. | No. A04-229-CV (TMB)<br><br>**DECLARATION OF JON K. ADAMS IN SUPPORT OF FIRST FINANCIAL INSURANCE COMPANY, INC.'S MOTION TO COMPEL ERIC LUTZ TO ANSWER INTERROGATORIES** |

I, JON K. ADAMS, declare as follows:

1.     I am an attorney with the law firm of Morison Ansa Holden Assucao & Prough LLP, counsel herein for defendant First Financial Insurance Company. I am admitted to practice

in this Court pro hac vice.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Affidavit of Michael Shelton, dated October 28, 2008.

3.     Attached hereto as Exhibit 2 is a true and correct copy of the Affidavit of Dean Bruington from the Lutz v. Bruington matter, dated October 25, 2004.

4.     Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff Eric Lutz's Calculations of Damages.

5.     Attached hereto as Exhibit 4 is a true and correct copy of First Financial Insurance Company Inc.'s First Set of Requests for Admission to plaintiff Eric Lutz, dated February 7, 2008.

6.     Attached hereto as Exhibit 5 is a true and correct copy of First Financial Insurance Company Inc.'s First Set of Interrogatories to plaintiff Eric Lutz, dated February 7, 2008.

7.     Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff's Answers to FFIC's First Set of Interrogatories, dated March 24, 2008.

8.     Attached hereto as Exhibit 7 is a true and correct copy of my meet and confer letter to Plaintiff's counsel Tim Cook, dated April 4, 2008.

9.     On April 10, 2008, I spoke for more than an hour with Tim Cook, counsel for Mr. Lutz, regarding this discovery dispute.  We discussed each item raised in my April 4, 2008 letter, the facts of the case, and our theories of relevancy.  Mr. Cook agreed to supplement Lutz's response to FFIC's interrogatory number 1.  Otherwise, he expressed that he would not respond further because he viewed the discovery as seeking facts that were irrelevant.  At the end of the

call, I expressly stated that I believed we had discussed the dispute fully and were at an impasse. Mr. Cook stated that he agreed.

10.    Attached hereto as Exhibit 8 is a true and correct copy of my letter of April 14, 2008 to Tim Cook confirming our April 10, 2008 meet and confer discussion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:  April 30, 2008                 MORISON ANSA HOLDEN ASSUCAO &
                                       PROUGH, LLP


                                       By:_____/s/ Jon K. Adams_____
                                                         Jon K. Adams

                                       Attorneys for Defendant
                                       FIRST FINANCIAL INSURANCE
                                       COMPANY, INC.

128939

- 3 -

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington d/b/a DB Enterprises, )<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. A04-229-CV (JKS) |
| ) | |
| FIRST FINANCIAL INSURANCE COMPANY, INC. )<br>) | |
| ) | |
| Defendant. )<br>)<br>)<br>) | |

STATE OF ALASKA      )
                     )  ss.
THIRD JUDICIAL DISTRICT  )

## AFFIDAVIT OF MICHAEL SHELTON

MICHAEL SHELTON, being first duly sworn on oath, does hereby state and affirm:

1.    I have personal knowledge of the facts stated in this affidavit and I am competent to testify concerning them.

2.    Since about 1988 I have been the president of M. Shelton Services, Inc., which is located in Glennallen, Alaska. M. Shelton Services, Inc. (hereafter "Shelton Services") is an independent excavation contractor and certified septic system installer. My wife, Judy Shelton, is the vice president of the company. My wife and I also serve as the secretary and treasurer

Exhibit    1
Page   1 of 4

of the company, respectively. Judy is the registered agent for the company as well. M. Shelton Services, Inc. is a corporation in good standing with the State of Alaska.

3. In 1999, on behalf Shelton Services I contracted with Dean Bruington to perform excavation work on Eric Lutz's property. We had an oral agreement. I had performed contract jobs for Mr. Bruington on a few occasions in the past but I was not working on one of his projects either immediately before I began working on Mr. Lutz's property, or immediately afterwards. Shelton Services has had an occasional project with Mr. Bruington since the work on Mr. Lutz's property, but over the past five years only about one percent of Shelton Services' business has been for Mr. Bruington.

4. Mr. Bruington hired Shelton Services because he was aware of the high quality of the work it had performed in the past. In addition, Shelton Services owns its own heavy equipment, which Mr. Bruington did not have.

5. It is common for Shelton Services to contract on the basis of either a bid price or time and materials. In the case of Mr. Lutz's property I recall Shelton Services agreed to perform the work on a time and materials basis because the job was indefinite. Mr. Bruington provided only general directions as to where he wanted the excavation work performed and the

AFFIDAVIT OF MICHAEL SHELTON
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Page 2 of 4

Exhibit ___ 1
Page ___ 2 of 4

depth.  Mr. Bruington provided a foundation plan but to the best of my recollection there was no particular design for the excavation itself.

6.   At Mr. Lutz's property, among other things, Shelton Services excavated the building footprint, prepared and filled the gravel pad, and installed the septic system.  I performed the work myself.  I did not punch a time clock or have to maintain specific hours, other than what was necessary to coordinate work with Mr. Bruington.

7.   Shelton Services carries its own liability insurance for its work and equipment, files its own tax returns, and has its own employees.  While performing work at the Lutz property I was an employee of Shelton Services, and not Mr. Bruington. Bruington was billed by Shelton Services (see attached bill, for example) and paid as an independent contractor with no W-2 and no deductions for social security, medicare or unemployment.

8.   I told both Mr. Bruington and Mr. Lutz that that they should wait at least a year after the property was stripped so that the frost could have a chance to get out of the ground and we could see what the ground was like before they constructed a foundation.  At one point Mr. Lutz asked me if the foundation would work and I said it would depend on the ground.  I made this recommendation because there is permafrost in the area.

AFFIDAVIT OF MICHAEL SHELTON
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

Page 3 of 4

Exhibit ___1___
Page ___3 of 4___

FURTHER SAYETH YOUR AFFIANT NAUGHT.

DATED at Anchorage, Alaska this _28_ day of
_October_, 2005.

_Michael J. Shelton_
MICHAEL SHELTON


    SUBSCRIBED AND SWORN to before me this _28th_ day of
_October_, 2005.

_Larry Pfleger, Postmaster, Glennallen AK 99588_
Notary Public for Alaska
My Commission Expires: _n/a_

109727


AFFIDAVIT OF MICHAEL SHELTON                    Page 4 of 4
*Lutz, et al v. First Financial Insurance Company, Inc;*
Case No. A04-229-CV (JKS) Civil

                                    Exhibit ____1____
                                    Page __4 of 4__

# Exhibit 2

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
## THIRD JUDICIAL DISTRICT AT ANCHORAGE

Eric Lutz,                          )
                                    )
      Plaintiff,          )
                                    )
   vs.                             )
                                    )
Dean Bruington,                     )
dba DB Enterprises,                 )
                                    )
      Defendant.          )
_____)

Case No. 3AN-03- 07096    CIV

# AFFIDAVIT
# OF
# DEAN BRUINGTON

1. My name is Dean Bruington.

2. I am the contractor that constructed a home for Eric Lutz, located at 000 Memory Lane, Glennallen, Alaska.

3. After completion, the home began to have serious structural problems.

4. Some portions of the home were displaced as much as 18 to 24 inches.

5. I contacted my insurer, First Financial Insurance Inc., to obtain coverage for the repair to the home.

6. First Financial sent me a letter stating that they would not cover the loss nor defend me in a legal action.

7. As a result of the First Financial Insurance declining to cover the repair, I was forced to repair the home at my own expense.

Tim Cook
Attorney at Law
3001 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW2 (5291)  fax (907) 336-5292

Exhibit    2
Page    1 of 3

8.  I was able to reach an agreement with Eric Lutz regarding the repair, where in I performed repairs, and assigned my rights to him regarding liability of First Financial for failing to indemnify me and failing to defend me.

9.  The repairs I performed were quite extensive, including contracting with a firm to instal a specialized foundation, excavation of the site, and significant interior repairs.

10. My direct out of pocket expenses for the repair of the home were $74,902.43. As shown on the attached spread sheet.

11. I estimate my personal labor in this repair at 800 hours at $35.00 per hour for $28,000.00.

12. I also contributed significant materials to the project that are not accounted for on the spread sheet. My contributed materials are approximately $15,000.00

13. My total cost of repair including direct out of pocket expenses, personal labor, and contributed material is approximately $ 117,902.43.

14. Even with repairs, I believe that the home's value has been significantly affected. As a building contractor in this area, it is my opinion that if the home had not suffered any damage (other than normal wear and tear since completion) I believe the value of the home would be approximately $215,000. In its present state, considering the structural problems the home has suffered, the value of the home is probably in the $135,000 to $150,000 range.

The above statements are true and correct to the best of my knowledge and belief. Further the affiant sayeth naught.

_Dean Bruin_ / 25/2004

Dena Bruington

Exhibit     2
Page     2 of 3

Subscribed and sworn before me on __/__/2004.

_(signature)_

Notary Public in and for the state of Alaska,

in _____

My Commission Expires: ___/___/2004

GAKONA AK
OCT 2 5 2004
USPS - 99586

Tim Cook
Attorney at Law
3901 Taiga Drive, Anchorage, Alaska 99516
Tele. (907) 336-LAW7 (5297)  fax (907) 336-5292

JULIE SIMS
POSTMASTER / NOTARY PUBLIC
PER U.S.C ACT 112.44
GAKONA, AK  99586

Lutz v. Bruington
3AN-03- 07096    000408

2 of 2

# D.B. ENTERPRISES

PO Box 158 ~ Gakona, AK  99586
Phone 907-822-3981 ~ Fax (907) 822-3071

October 09, 2004

## LUTZ COST BREAKDOWN

| REF NO. | DATE | DESCRIPTION | AMOUNT | | | CHARGES |
|---|---|---|---|---|---|---|
| 1 | 10/9/2004 | GBS materials | ###### *17748.95* | | | |
| 2 | 10/9/2004 | Gary Bowden | $1,732.50 | | | |
| 3 | 10/9/2004 | Mike Shelton | $4,790.50 | | | |
| 4 | 10/9/2004 | Backwoods Enterprises | $285.00 | | | |
| 5 | 10/9/2004 | Q & S Construction | $2,167.00 | | | |
| 6 | 10/9/2004 | Alaska Foundation | ###### *8250.00* | | | |
| 7 | 10/9/2004 | Sheet Rock & Repair | $3,000.00 | | | |
| 8 | | Crown Molding | $2,200.00 | | | |
| 9 | | Door Adjustment | $500.00 | | | |
| 10 | | Porch Removal & Replace | $1,500.00 | | | |
| 11 | | Plumbing Repair | $500.00 | | | |
| 12 | | Fuel Tank | $300.00 | | | |
| 13 | | Labor | $7,959.00 | | | |
| 14 | | D.B. Enterprises Expense | $9,769.80 | | | |

Total now due: $74,902.43

Exhibit  2
Page  3of3

DB 50594
Lutz v FFIC

# Exhibit 3

## PLAINTIFF ERIC LUTZ'S CALCULATIONS OF DAMAGES

| | | | | | |
|---|---|---|---|---|---|
| **Cost of Repair Method** | | | | | |
| Bruington Cost of Repairs ( per affidavit) | | | | $117,902 | |
| **Lutz Itemized Costs** | | | | | |
| Engineer's Report | | | $300 | | |
| Professional Fees | | | $600 | | |
| Walkway Repairs | | | $1,000 | | |
| Moving Costs | | | $420 | | |
| Frozen Pipes Repair | | | $844 | | |
| Toyo Stove Repair | | | $150 | | |
| Other | | | $0 | | |
| Subtotal | | | | $3,314 | |
| Other | | | | $0 | |
| **Subtotal Repairs** | | | | | $121,216 |
| | | | | | |
| **Direct Expense Due Lutz** | | | | | |
| Value of Alternate Housing | 18 | months @ | $1,500 | $27,000 | |
| Forced Insurance | | | | $3,000 | |
| Increased Utility Bills | | | | $1,000 | |
| Days missed from work for repairs | 12 | days @ | $180 | $2,160 | |
| Other | | | | $0 | |
| **Subtotal** | | | | | $33,160 |
| | | | | | |
| **Financial Damages** | | | | | |
| Harm to Credit | | | | $50,000 | |
| Other | | | | 0 | |
| **Subtotal** | | | | | $50,000 |
| | | | | | |
| **Other Damages** | | | | | |
| Loss of Consortium (Divorce from Marsha Lutz) | | | | | $400,000 |
| **Emotional Distress Damages** | | | | | |
| Fear for Safety of Family | | | | $300,000 | |
| Fear for Security of Family | | | | $300,000 | |
| Anxiety over Deterioration of Home | | | | $300,000 | |
| Depression from Impact to Family | | | | $300,000 | |
| **Subtotal** | | | | | $1,200,000 |
| | | | | | |
| **Total Damages** | | | | | $1,804,376 |

| | | | | | |
|---|---|---|---|---|---|
| **DECEPTIVE TRADE PRACTICE ACT ENHANCEMENT** | | | | | |
| Damages trebled under the Act | $1,804,376 | x | 3 | | $5,413,128 |
| **Full Attorneys Fees** | | | | | |
| Tim Cook | 600 | hours @ | $195 | $117,000 | |
| P. Bratton | 400 | hours @ | $150 | $60,000 | |
| Paralegal | 200 | hours @ | $55 | $11,000 | |
| | | | | | $188,000 |
| | | | | | |
| **TOTAL AWARD** | | | | | $5,601,128 |

Exhibit ___3___
Page ___1 of 1___

# Exhibit 4

ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
mdp@morison-knox.com
JON K. ADAMS
jka@morison-knox.com
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>   Plaintiff,<br><br> vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>   Defendant. | No. A04-229-CV (TMB)<br><br>**FIRST FINANCIAL INSURANCE COMPANY, INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |

PROPOUNDING PARTY: First Financial Insurance Company, Inc.

RESPONDING PARTY: Eric Lutz

SET NUMBER: One (1)

Exhibit 4
Page 1 of 3

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, defendant First Financial Insurance Company, Inc. hereby requests that plaintiff Eric Lutz admit the truth of the following:

DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1.    "YOU" and "YOUR" and each of their forms, including the possessive, mean Eric Lutz and each of his agents, accountants, attorneys, assigns and any other persons acting on his behalf.

2.    "PERSON" means any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

3.    "BRUINGTON" means Dean Bruington dba DE Enterprises, located in Gakona, Alaska. It includes, without limitation, all officers, directors, employees, partners, agents, attorneys and representatives of DE Enterprises and any other persons acting or purporting to act on its behalf.

4.    "THE LUTZ HOME" is defined as the home and all other buildings and structures on the property known as 000 Memory Lane, Glennallen, Alaska, 99588.

5.    "THE UNDERLYING LAWSUIT" means the lawsuit entitled <u>Eric Lutz v. Dean Bruington, dba DB Enterprises</u>, State of Alaska Superior Court Case No.: 3 AN-03-07096 CIV.

REQUESTS FOR ADMISSION

REQUEST NO. 1:

In 2003, YOU were paid $175,000 for damages to THE LUTZ HOME.

REQUEST NO. 2:

That YOU primarily have blamed one or more PERSONS other than BRUINGTON for the damages to THE LUTZ HOME.

Exhibit    4
Page    2 of 3

REQUEST NO. 3:

That YOU have blamed one or more PERSONS other than BRUINGTON for the damages to THE LUTZ HOME.

REQUEST NO. 4:

That YOU were warned before commencement of construction of THE LUTZ HOME that construction needed to wait at least a year because foundation problems, such as settlement, might otherwise result.

REQUEST NO. 5:

That BRUINGTON complied with all aspects of YOUR contract with him.

REQUEST NO. 6:

That YOU colluded with BRUINGTON during THE UNDERLYING LAWSUIT.

REQUEST NO. 7:

That BRUINGTON has a financial interest in YOU winning this lawsuit.

REQUEST NO. 8:

That YOUR former wife Marsha Lutz divorced YOU for reasons other than physical defects with THE LUTZ HOME.

Dated: February 7, 2008                    MORISON-KNOX HOLDEN & PROUGH, LLP


By:_____/s/ Jon K. Adams_____
                          Jon K. Adams

        Attorneys for Defendant
        FIRST FINANCIAL INSURANCE
        COMPANY, INC.


122130

Exhibit____4____
Page___3 of 3___

# Exhibit 5

*148-0015*

ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
mdp@morison-knox.com
JON K. ADAMS
jka@morison-knox.com
MORISON-KNOX HOLDEN & PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>      Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>      Defendant. | No. A04-229-CV (TMB)<br><br>**FIRST FINANCIAL INSURANCE COMPANY, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:  First Financial Insurance Company, Inc.

RESPONDING PARTY:  Eric Lutz

SET NUMBER:  One (1)

Exhibit ___5___
Page __1 of 5__

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, defendant First Financial Insurance Company, Inc. hereby requests that plaintiff Eric Lutz respond to the following interrogatories, under oath, within thirty 30 days:

<u>DEFINITIONS</u>

As used herein, the following terms are intended to have the meanings indicated:

1.    "YOU" and "YOUR" and each of their forms, including the possessive, mean Eric Lutz and each of his agents, accountants, attorneys, assigns and any other persons acting on his behalf.

2.    "PERSON" means any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of organization or arrangement, and government and government agency of every nature and type.

3.    "IDENTIFY EACH PERSON" means to identify each person by name, residence address, residence telephone number, occupation, title, business address and business telephone number.

4.    "DOCUMENT" means any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, audiotaping, videotaping, magnetic impulse, or mechanical or electronic recording and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, charts, notes, scripts, records of any sort of meetings, invoices, financial statements, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, audio or video tape recordings, microfilm, microfiche, computer tape, computer disk, computer printout, computer card, and all other writings and recordings of every kind.

- 1 -

Exhibit    5
Page    2 of 5

5.    "IDENTIFY EACH DOCUMENT" means to specify for each document its title, its date, its author (if known), the identity of each person to whom the document was addressed, sent, copied or otherwise delivered; the present location of the original, a description of the substance, and the specific Bates numbers from YOUR document production, if any.

6.    "THE UNDERLYING LAWSUIT" means the lawsuit entitled Eric Lutz v. Dean Bruington, dba DB Enterprises, State of Alaska Superior Court Case No.: 3 AN-03-07096 CIV.

7.    "THE LUTZ HOME" is defined as the home and all other buildings and structures on the property known as 000 Memory Lane, Glennallen, Alaska, 99588.

8.    "ALL" and "ANY" mean any and all so that documents are included and not excluded in a request.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For EACH DOCUMENT produced with YOUR initial disclosures, please IDENTIFY EACH PERSON from whom YOU obtained the document for YOUR production.

### INTERROGATORY NO. 2:

Please describe all representations BRUINGTON made to YOU, including the date it was made, the manner in which it was made, whether written or verbal, and all PERSONS who witnessed the representation.

### INTERROGATORY NO. 3:

Please IDENTIFY EACH PERSON with knowledge of ANY emotional distress that YOU contend BRUINGTON caused YOU.

### INTERROGATORY NO. 4:

If YOU have ever been medically treated for depression, anxiety, or other mental or emotional problems, please IDENTIFY EACH PERSON who has treated YOU.

Exhibit ___5___
Page ___3 o F 5___

INTERROGATORY NO. 5:

Please identify all medications YOU have taken since December 1, 1999, including the time period in which YOU took each one.

INTERROGATORY NO. 6:

Please identify each of the 12 days you missed from work for repairs to THE LUTZ HOME, as set forth in the "Calculation of Damages" YOU submitted to the court in THE UNDERLYING LAWSUIT, and describe what YOU did on each day.

INTERROGATORY NO. 7:

Please describe all "alternative housing" for which you spent $27,000, as set forth in the "Calculation of Damages" YOU submitted to the court in THE UNDERLYING LAWSUIT, including each address, and the dates you lived at each location..

INTERROGATORY NO. 8:

Please IDENTIFY EACH PERSON who has resided in THE LUTZ HOME, including the time period when each resided there.

INTERROGATORY NO. 9:

Please state every basis for YOUR claim that BRUINGTON harmed YOUR credit in the amount of $50,000, as set forth in the "Calculation of Damages" YOU submitted to the court in THE UNDERLYING LAWSUIT, and IDENTIFY EACH DOCUMENT that supports YOUR claim.

INTERROGATORY NO. 10:

For each Request for Admission served herewith that you do not admit unconditionally, please state all facts that support YOUR denial or inability to admit, and IDENTIFY EACH PERSON with knowledge of those facts.

INTERROGATORY NO. 11:

Please identify specifically how YOU spent the $175,000 that Umilak Insurance Company paid YOU in 2003, including what YOU purchased, what YOU paid to have repaired, the PERSONS YOU compensated for the goods or services, and the date of each transaction.

Exhibit ___5___
Page ___4 of 5___

INTERROGATORY NO. 12:

For EACH interrogatory set forth above, please IDENTIFY EACH PERSON who has

knowledge of the facts upon which YOU base YOUR response.

Dated: February 7, 2008                    MORISON-KNOX HOLDEN & PROUGH, LLP

                                           By:_____
                                                      Jon K. Adams

                                           Attorneys for Defendant
                                           FIRST FINANCIAL INSURANCE
                                           COMPANY, INC.

122131

- 4 -

Exhibit    5
Page    5 of 5

# Exhibit 6

1  Tim Cook AKBN 9007048
   Cook & Associates
2  3901 Taiga Drive
   Anchorage, AK  99516
3  Phone: 907-336-5291
   Fax: 907-336-5292
4  tcook@acsalaska.net
5  Attorney for Plaintiff

6

7              **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF ALASKA**
8

9   HAZEL CRAWFORD                    )
10                                    )
              Plaintiff,              )
11     v.                            )        Civil Case No. 04:  0229 CV (TMB)
                                      )
12  UNITED STATES OF AMERICA          )
                                      )
13            Defendant.              )
                                      )
14                                    )        **PLAINTIFF'S ANSWERS TO**
                                      )        **FFIC'S FIRST SET OF**
15                                    )        **INTERROGATORIES**
                                      )
16                                    )
                                      )
17

18      **Comes Now Eric Lutz,** by and through his attorney of record, Tim Cook and answers FFIC's first

19  set of interrogatories as follows:

20
    **Interrogatory No. 1**
21
    For each document produced with your initial disclosures, please identify each person from whom you
22
23  obtained the document for your production.

24  **Answer:**

25  Objection, over-broad, burdensome, irrelevant, and not intended to lead to admissible evidence.
26
    To date, Plaintiff has produced over twelve hundred pages of documents and records. Most documents
27
28  and records are clearly identifiable as to their source and the request to identify where each document was

    obtained is clearly intended to harass, frustrate, and overburden plaintiff.

Lutz v. First Financial Insur.                                              Page 1 of 13
04:229 Civ. (TMB)

                                    Exhibit____6____
                                    Page___1 of 13___

**Interrogatory No. 2**

Please describe all representations that Bruington made to you, including the date it was made, whether

verbal or oral, and all person who witnessed the representation.

**Answer:**

Objection, over-broad, burdensome, irrelevant, and not intended to lead to discoverable evidence.

Describing all representations, both verbal and written, that Bruington made to plaintiff, and the date

made is patently absurd. Bruington may have represented in 1999 that the sky is blue and the grass green,

that rivers flow and grass grow, however it is completely irrelevant. Plaintiff will gladly comply with

appropriate discovery requests. This interrogatory is intended to harass, frustrate, and over burden

plaintiff.



**Interrogatory No. 3**

Please describe each person that has knowledge of any emotional distress that you contend Bruington

caused you.

**Answer:**

Marsh Henderson, plaintiff's former wife.

Cynthia Buchanan, plaintiff's significant other.

Jim Lutz, plaintiff's father

1   Jean Lutz, plaintiff's mother.

2   Kirk Howard, plaintiff's friend.

3

4   **Interrogatory No. 4**

5   If you have ever been medically treated for depression, anxiety, or emotional problems, please identify

6

7   each person who has treated you.

8   **Answer:**

9   Have not.

10

11

12  **Interrogatory No. 5**

13  Please identify all medications you have taken since December 1, 1999, including the time period that you

14  took each one.

15  **Answer:**

16  None that are relevant. May have taken antibiotics.

17

18

19  **Interrogatory No. 6**

20  Please identify each of the 12 days that you missed from work for repairs to the Lutz home, as set forth in

21  the "Calculation of Damages" you submitted to the court in the underlying lawsuit, and describe what you

22  did each day.

23

24  **Answer:**

25  Objection, the document speaks for itself.

26  The Superior Court accepted the "Calculation of Damages" and made its findings. Plaintiff asserts that the

27  underlying judgment is valid on its face. FFIC had an opportunity to intervene in the underlying suit and

28  chose not to. Thus it is foreclosed from re-litigating the elements that comprised the damage award.

1
2
3
4

**Interrogatory No. 7**

5
6
Please describe all "alternative housing" for which you spent $ 27,000, as set forth in the "Calculation of
7
Damages" you submitted to the court in the underlying lawsuit, including each address and the dates you
8
lived at each location.

9
**Answer:**

10
Objection, the document speaks for itself.
11
12
The Superior Court accepted the "Calculation of Damages" and made its findings. Plaintiff asserts that the
13
underlying judgment is valid on its face. FFIC had an opportunity to intervene in the underlying suit and
14
chose not to. Thus it is foreclosed from re-litigating the elements that comprised the damage award.

15
16
17
18
19
**Interrogatory No. 8**

20
Please identify each person that resided in the Lutz home and including the time period when each resided
21
there.

22
23
**Answer:**

24
Marsha Lutz, until approximately July 2000.
25
Cynthia Buchanan, May 2002 –
26
Arctic Buchanan, May 2002
27
Eric Lutz, to date
28

**Interrogatory No. 9**

Please state every basis for your claim that Bruington harmed your credit in the amount of $ 50,000, as set forth in the "Calculation of Damages" you submitted to the court in the underlying lawsuit, and identify each document that supports your claim.

**Answer:**

Objection, the document speaks for itself.

The Superior Court accepted the "Calculation of Damages" and made its findings. Plaintiff asserts that the underlying judgment is valid on its face. FFIC had an opportunity to intervene in the underlying suit and chose not to. Thus it is foreclosed from re-litigating the elements that comprised the damage award.

**Interrogatory No. 10**

For each request for admission served herewith that you do not admit unconditionally, please state all facts that support your denial or inability to admit, and identify each person with knowledge of those facts.

**Answer:**

General Objection: over-broad, burdensome, irrelevant, vague, and not intended to lead to discoverable evidence. Further Interrogatory No. 10 is a multipart interrogatory. As such, each discrete sub-part is considered a separate interrogatory under FCRP 33(a). Each subpart counts toward the total number of interrogatories allowed.

**Answer: 10 subpart a.**

Denial of Request for Admission No. 1

I did not receive $175,000.00 from Umilak Insurance in 2003. I was paid $17,500.00 dollars. I, my attorney, and presumably personnel at Umilak Insurance know this.

**Answer: 10 subpart b.**

Denial of Request for Admission No. 2

Objection: Vague, irrelevant, and calls for a legal conclusion. What does "primarily blamed" mean? If "primarily blamed" means blamed in a legal sense then it calls for a legal conclusion, if "primarily blamed" means in a moral sense it is irrelevant.

**Answer: 10 subpart c.**

Denial of Request for Admission No. 4

Objection: Vague and irrelevant. It is unclear what is meant by "needed to wait at least a year" means. Does it mean wait a year after purchase of the property, after clearing, after installation of the foundation, etc. See Answer to RFA 4.

**Answer: 10 subpart d.**

Denial of Request for Admission No. 5

1    Objection, Vague and Irrelevant. It is unclear which contract is being inquired of: the contract to build the

2    home or the Agreement and Release or the Assignment of Right.

3

4

5

6

7    **Answer: 10 subpart e.**

8    Denial of Request for Admission No. 6

9    I base my denial that I did not colluded with Bruington in the underlying lawsuit on the fact that I believe

10   that every thing that I did was honest and legal.

11

12

13   **Answer: 10 subpart f.**

14   Denial of Request for Admission No. 7

15   See Answer to Request for Admission 7. Otherwise have no knowledge of Bruington's financial interests.

16

17

18   **Answer: 10 subpart g.**

19   Denial of Request for Admission No. 8

20   See Answer to Request for Admission 8.  The facts regarding my former wife's motivations for divorce

21   should be directed toward her.

22

23

24   **Interrogatory No. 11**

25   Please identify specifically how you spent the $175,000 that Umilak Insurance Company paid you in

26   2003, including what you purchased, what you paid to have repaired, the persons compensated for goods

27   and services, and the date of each transaction.

28

**Answer:**

Plaintiff did not receive $175,000.00 from Umilak Insurance in 2003. See Answer to Request for Admission 1.

**Interrogatory No. 12**

For each Interrogatory set fourth above, please identify each person who has knowledge of facts upon which you base your response.

**Answer:**

General Objection: over-broad, burdensome, irrelevant, vague, and not intended to lead to discoverable evidence. Further Interrogatory No. 12 is a multipart interrogatory. As such, each discrete sub-part is considered a separate interrogatory under FCRP 33(a). Each subpart counts toward the total number of interrogatories allowed.

**Answer 12 subpart a, to Interrogatory 1 Above.**

Objection, over-broad, burdensome, irrelevant, redundant, and not intended to lead to admissible evidence. See response to Interrogatory 1. To date, Plaintiff has produced over twelve hundred pages of documents and records. To identify each person that has knowledge of the facts for each document is intended to harass, frustrate, and over burden plaintiff.

Lutz v. First Financial Insur.
04:229 Civ. (TMB)

**Answer 12 subpart b, to Interrogatory 2 Above.**

Objection, over-broad, burdensome, irrelevant, and not intended to lead to discoverable evidence. See answer to Interrogatory 2.

**Answer 12 subpart c, to Interrogatory 3 Above.**

Marsh Henderson.

Cynthia Buchanan.

Jim Lutz.

Jean Lutz.

Kirk Howard.

**Answer 12 subpart d, to Interrogatory 4 Above.**

Eric Lutz

**Answer 12 subpart e, to Interrogatory 5 Above.**

Eric Lutz

**Answer 12 subpart f, to Interrogatory 6 Above.**

Objection, the document speaks for itself. See answer to Interrogatory 6.

**Answer 12 subpart g, to Interrogatory 7 Above.**

Objection, the document speaks for itself. See answer to Interrogatory 7.

1
2



3
4

**Answer 12 subpart h, to Interrogatory 8 Above.**

5
6
Marsha Lutz
7
Cynthia Buchanan
8
Arctic Buchanan
9
Eric Lutz
10
11
**Answer 12 subpart i, to Interrogatory 9 Above.**
12
13
Objection, the document speaks for itself. See answer to Interrogatory 9.
14
15
16
17
18
**Answer 12 subpart j, to Interrogatory 10 subpart a, Above.**
19
Redundant. See answer to Interrogatory 10 subpart a.
20
21
**Answer 12 subpart k, to Interrogatory 10 subpart b, Above.**
22
23
Objection: Vague, irrelevant, and calls for a legal conclusion. See answer to Interrogatory 10 subpart b.
24
25
26
27
28

Lutz v. First Financial Insur.
04:229 Civ. (TMB)

Exhibit____6____
Page___10_of_13

1

**Answer 12 subpart l,  to Interrogatory 10 subpart c, Above.**

2

Objection: Vague and irrelevant. See answer to Interrogatory 10 subpart c.

3

4

5

6

7

**Answer 12 subpart m, to Interrogatory 10 subpart d, Above.**

8

Objection, Vague and Irrelevant. See answer to Interrogatory 10 subpart d.

9

10

11

12

13

**Answer 12 subpart n, to Interrogatory 10 subpart e, Above.**

14

Eric Lutz

15

16

**Answer 12 subpart m, to Interrogatory 10 subpart f, Above.**

17

Eric Lutz

18

19

20

**Answer 12 subpart, to Interrogatory 10 subpart g, Above.**

21

Eric Lutz

22

Marsha Henderson

23

24

25

**Answer 12 subpart, to Interrogatory 11, Above.**

26

Eric Lutz

27

Lutz's Attorney at Law

28

Umilak Insurance

1    I have reviewed the above interrogatories and answers, and believe that they are accurate.

2

3

4

5    Eric Lutz

6                                          Subscribed and sworn this 20 day of ~~January, 2004~~ ~~2008~~ MARCH 2008

7            TERRY L. KEIZER
     Notary Public in and for the state of Alaska,

8

9    in    GLENNALLEN

10   My Commission Expires: M/ /

11                                     POSTMASTER/NOTARY PUBLIC
                                       PER USPS ASM 112.44
                                       GLENNALLEN AK 99588

12

13   Please be advised that the number of Interrogatories that you have now propounded exceed the number

14   allowed . As a courtesy we have provided responses to all Interrogatories propounded. However, this

15   should not be construed as a waiver of the rules limiting the permissible number of interrogatories.

16

17   Respectfully submitted this 24 day of March, 2008.

18

19

20   By:
     Tim Cook

21   Alaska Bar Card #9007048

22   3901 Taiga Drive
     Anchorage, Alaska

23   (907)336-5291

24   (907)336-5292 FAX
     Attorney for Eric Lutz

25

26

27

28

1
  **CERTIFICATE OF SERVICE**
  I hereby certify that on 3/24, 2008, a true and correct copy of this document was served to the following:

2

3
  Andrew Guidi, Esquire
  Delaney, Wiles, Hayes, Gerety, Ellis, & Young, Inc.    *Hand delivered*
  1007 West 3rd Ave, Suite 400

4
  Anchorage, Alaska

5
  Jon K. Adams, Esquire

6
  Morison-Knox Holden & Prough, LLP
  500 Ygnacio Valley Road, Suite 400

7
  Walnut Creek, CA 94596

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lutz v. First Financial Insur.
04:229 Civ. (TMB)

Exhibit ___6___
Page ___13 of 13___

# Exhibit 7

**MORISON , SA HOLDEN ASSUNCAO & ( OUGH, LLP**

500 YGNACIO VALLEY ROAD
SUITE 450
POST OFFICE BOX 8068
WALNUT CREEK, CALIFORNIA 94596-8068
TELEPHONE: (925) 937-9990
FACSIMILE:  (925) 937-3272
E-MAIL: mahap@morisonansa.com

April 4, 2008

<u>VIA FACSIMILE</u>

Tim Cook, Esq.
Cook & Associates
3901 Tiaga Drive
Anchorage, AK  99516

     Re:    <u>Re: Lutz v. First Financial Insurance Co., Inc.</u>
          No. A04-229-CV (TMB)

Dear Tim:

     Please consider this letter our attempt to meet and confer with you concerning Mr. Lutz's responses to FFIC's interrogatories.  For the reasons set forth below, we believe Mr. Lutz's responses are evasive and do not comply with the Federal Rules of Civil Procedure.

     Initially, let me state our disagreement with your claim that FFIC's interrogatories contained subparts which count as individual interrogatories.  One interrogatory asking for several bits of information relating to the same topic counts as one interrogatory.  As you did not refuse to answer any interrogatories on this basis, we need not argue about your claim now, but please note that we disagree with your position.

     Although interrogatory number 1 simply asked Lutz to identify the source of the documents Lutz has produced, Lutz refused to answer.  To explain, we noticed the documents produced with Lutz's initial disclosures included documents where we could not tell if the source was Mr. Lutz, your files, or third parties.  We need to know the source of the documents for use at depositions.  To be clear, we are not asking for the <u>initial</u> source of the document, but who had custody and control of the document at the time of Lutz's initial production.

     Interrogatory number 2 asks that Lutz describe all representations Burlington made to him.  You object that this interrogatory is overbroad, burdensome, and irrelevant and that the request is "patently absurd."  You may recall that Lutz sued Bruington for misrepresentation and that Lutz seeks damages in this case for that purported misrepresentation.  FFIC is entitled to know what those purportedly representations were, when they were made, and who the witnesses are.

     In interrogatory numbers 6, 7, and 9, FFIC asked about the facts behind the damages Lutz claimed in his underlying suit against Bruington and that he seeks here from FFIC.  The only objection Lutz made is that a document Lutz submitted to the state court speaks for itself.  That

Exhibit 7
Page 1 of 5 4

MORISON SA HOLDEN ASSUNCAO & POUGH, LLP

Tim Cook, Esq.
April 4, 2008
Page 2

is not a legitimate objection. In each response, Lutz then goes on to make his legal argument concerning the merits of this case. Rest assured, we disagree. Indeed, under Great Divide, the factors to determine if the amount of the underlying judgment was reasonable included such things as Lutz's actual damages, the relative merits of Lutz's liability theory, Bruington's defense theory, Bruington's relative faults, the risks of continued litigation, any evidence of bad faith, collusion, or fraud, and the extent of Lutz's investigation in preparation of that case. Each of these interrogatories seeks information relevant to these Great Divide factors and to the damages that Lutz seeks from FFIC. These interrogatories are discussed further below.

Interrogatory 10 merely asked that Lutz state all facts that support his denial of the requests for admission that he denied and identify persons with knowledge of those facts. This is basic discovery that allows us to follow up with discovery from the correct witnesses. In response, you broke your answers into subparts. Although we disagree with your argument that there are subparts, for purposes of this discussion, we will refer to your answers by number and letter.

Request for admission number 2 asked Lutz to admit that he primarily has blamed person(s) other than Bruington for the damage to the Lutz home. Lutz denied the RFA, but in response to interrogatory 10(b), objects that the interrogatory is vague, irrelevant, and calls for a legal conclusion. We disagree. In particular, Lutz argues that the word "primarily" is vague. For purposes of this interrogatory, we will clarify for you that "primarily" means "more than." Thus, we are asking for an admission that Lutz blamed one or more persons more than he blamed Bruington. If this causes you to amend your response to the request for admission, please do so. Otherwise the interrogatory needs to be answered.

Request for admission number 5 asked Lutz to admit that Bruington complied with Lutz's contract with him. Lutz denied the RFA, but in response to interrogatory 10(e), claims the interrogatory is too vague, and he did not know what contract is referred to. This is extremely evasive. Lat me clarify for you that the contract was for Bruington to build the Lutz home. If this causes you to amend your response to the request for admission, please do so. Otherwise the interrogatory needs to be answered.

Request for admission number 8 asked Lutz to admit that Marsha Lutz divorced him for reasons other than physical defects with the house. He claimed to lack the ability to answer. His response to interrogatory 10(g) refuses to provide any facts or witnesses and simply states that we should ask his former wife. The Federal Rules do not recognize a refusal to provide discovery based on the responding party believing a second person (a non-party) would have more direct information. In the underlying suit, Mr. Lutz told the court that he had lost $400,000 for loss of consortium because of the acts or omissions of Bruington and he seeks those damages here from FFIC. We are entitled to an answer under Great Divide and so that we can analyze Lutz's claimed damages here.

Exhibit ___7___
Page ___2 of 4___

MORISON SA HOLDEN ASSUNCAO & PROUGH, ELP

Tim Cook, Esq.
April 4, 2008
Page 3

Interrogatory number 11 asked Lutz how he spent the settlement amount his home insurer paid him in 2003, including what he purchased, what he paid to have repaired, and the persons he paid. It appears there is a typographical error in the interrogatory as to the dollar amount. The fact remains, however, that Lutz admits he received $17,500 from Umialik Insurance Company and he is required to respond to the rest of the interrogatory.

Interrogatory 12 is a basic interrogatory that simply asks Lutz to identify the persons with knowledge of the facts on which he based his responses. For the reasons discussed above, we disagree that there are subparts. For the sake of clarity, however, we will discuss the responses using your designations.

In the underlying suit, Mr. Lutz told the court that he had missed those 12 days of work because of the acts or omissions of Bruington. In this case, he seeks recovery from FFIC for his lost wages on those days. Interrogatory number 6 asked Lutz to identify each of the 12 days Lutz missed from work due to repairs to his home. Your response to it and interrogatory 12(f) simply state that "the document speaks for itself." This is not a recognized objection. We are entitled to a complete answer under <u>Great Divide</u> and so that we can analyze the factual basis of the damages Lutz seeks in this case.

In the underlying case, Mr. Lutz represented to the court that he had spent $27,000 for alternative housing due to the condition of his home because of the acts or omissions of Bruington. In this case, he seeks recovery from FFIC for his alternative housing costs. Interrogatory number 7 asked Lutz to describe the alternative housing. Your response to it and interrogatory 12(g) simply state that "the document speaks for itself." This is not a recognized objection. We are entitled to a complete answer under <u>Great Divide</u> and so that we can analyze the factual basis of the damages Lutz seeks in this case.

In the underlying case, Mr. Lutz represented to the court that he had suffered damages of $50,000 for his damage to his credit because of the acts or omissions of Bruington. In this case, he seeks recovery from FFIC for that damage to his credit. Interrogatory number 9 asked Lutz to state every basis for that claim. Your response to it and interrogatory 12(i) simply states that "the document speaks for itself." This is not a recognized objection. We are entitled to a complete answer under <u>Great Divide</u> and so that we can analyze the factual basis of the damages Lutz seeks in this case.

Unless you are willing to provide a full and complete answers to each of the interrogatories discussed above, we intend to move to compel. Please let me know if you will do

Exhibit____7____
Page___3 of 4___

MORRISON & FOERSTER ASSUN CAG THROUGH LLP

Tim Cook, Esq.
April 4, 2008
Page 4

so. Please let me know several days when you are available to discuss this dispute by telephone
so we can arrange a mutually-convenient day and time to talk.

Sincerely,

Jon K. Adams

cc:    Andrew Guidi, Esq.

Exhibit    7
Page    4 of 4

# Exhibit 8

**MORISON A.  A HOLDEN ASSUNCAO & PY PUGH, ESP**

500 YGNACIO VALLEY ROAD
SUITE 450
POST OFFICE BOX 8068
WALNUT CREEK, CALIFORNIA 94596-8068
TELEPHONE: (925) 937-9990
FACSIMILE:  (925) 937-3272
E-MAIL: mahap@morisonansa.com

April 14, 2008

VIA FACSIMILE

Tim Cook, Esq.
Cook & Associates
3901 Tiaga Drive
Anchorage, AK  99516

      Re:    Re: Lutz v. First Financial Insurance Co., Inc.
                No. A04-229-CV (TMB)

Dear Tim:

      I am writing to confirm our discussion of last Thursday, April 10, 2008 regarding Lutz's responses to FFIC's interrogatories.  After a lengthy discussion, you agreed to supplement your response to interrogatory number 1, but nothing else.  The sole basis for your refusal to respond to each of the other interrogatories discussed in my letter was relevancy.

      Please let me know as soon as possible if you disagree with anything set forth above.

                        Sincerely,

                        Jon K. Adams

128390

Exhibit ___8___
Page __1 of 1__

BALTIMORE · EAST BRUNSWICK · LAS VEGAS · PHILADELPHIA · RICHMOND · TAMPA · WALNUT CREEK · WHITE PLAINS