Tim Cook AKBN 9007048
Cook & Associates
3901 Taiga Drive
Anchorage, AK  99516
Phone: 907-336-5291
Fax: 907-336-5292
tcook@acsalaska.net
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

ERIC LUTZ, as assignee of rights of

Dean Bruington, Dba DB Enterprises,

**Civil Case**: A04 0229 CV (TMB)

Plaintiff,

v.

**REPLY BRIEF ON MOTION FOR CLARIFICATION AND FOR PROTECTIVE ORDER**

FIRST FINANCIAL INSURANCE CO.

Defendant.

**SUMMARY**

Eric Lutz moved the Court for an affirmative clarification of the law governing the two primary issues remaining in the case, 1) prejudice, and 2) a reasonableness finding; and for a protective order regarding discovery based on that clarification. Although FFIC captioned their response as an opposition it appears that they agree that clarification is needed. From the briefs, it is clear that the parties are at complete odds as to what is the legal construct of prejudice, and at odds as to the "reasonableness" inquiry.

Since both Lutz and FFIC are in agreement that these are the two primary issues in the case, but that they have such diametrically opposed opinions of the law governing the issues, it seems that clarification by the court would be extremely useful.

**PREJUDICE**

The very heading of FFIC's first argument squarely identifies the fundamental difference of opinion regarding the law. FFIC's argument begins with the heading "Bruington's Purported Prejudice Only Can Result From FFIC's Denial Letter."[1] FFIC takes the position that only those harms that strictly emanate directly from the letter itself can constitute prejudice.

To support this contention, FFIC misstates the holding of the Ninth Circuit by suggesting that the court determined that FFIC's only breach was "… the manner in which the denial letter was conveyed failed to meet Alaska standards"[2] (internal emphasis retained).  This was not the holding of the Circuit Court. The court stated:

> One "aspect of the insurer's broader duty to defend its insured" is its obligation to provide "prompt and adequate notice" of its intention to deny liability. This notice must "not only be prompt, but it must 'provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.'" Further, not only is adequate notice part and parcel of the insurer's duty of defend its insured, but it is also an "independently enforceable" duty in its own right.
>      We hold that FFIC breached its duty to Bruington because the denial notice, although prompt, was not adequate. (emphasis added).[3]

The last sentence states "FFIC breached its duty…because the denial notice…was not adequate." The "its" that the Circuit Court refers to is the duty to defend.   Clearly, the Circuit Court found that FFIC had breached its duty to defend.

"[A]n insurer's breach of the duty to defend must be considered a material breach that estops denial of coverage unless the breach clearly has no adverse impact…" (emphasis added).[4]   The term "unless the

---

[1] First Financial Insurance Company Inc.'s Opposition to Plaintiff Eric Lutz's Motion for Clarification and for Protective Order, (hereafter: FFIC's Opposition) at 8.

[2] FFIC Opposition at 8..

[3] *Lutz v. First Financial Insurance Co., Inc.*, No. 06-35804 (9th Cir. 09/07/2007), hereafter *Lutz Decision*, Docket 99 at 2.

breach clearly has no adverse impact" is referring to the breach of the duty to defend. The term "adverse impact" relates specifically to the breach of the duty to defend.

The Alaska Court has taken an expansive view of prejudice with regard to a breach of the duty to defend. In Fulton the court considered the issue of presumptive prejudice:

> "Lloyds begins by challenging the court's findings of presumed and actual prejudice. It asserts that the cases the superior court relied on in finding presumptive prejudice — CHI of Alaska, Inc. v. Employers Reinsurance Corp., Sauer v.Home Indemnity Co., and Continental Insurance Co. v. Bayless & Roberts, Inc. — are inapposite. Lloyds further
> argues that presuming prejudice is unjustified here… In Lloyds's view, "this case does not present a circumstance warranting the application of the draconian rule of presumed prejudice…"
>   Lloyds fails to establish that the trial court's view of the facts is clearly erroneous. And while it points to factual distinctions between the present case and the cases the trial court relied on to find presumptive prejudice, Lloyds offers no persuasive reason for any legal distinction.
>   In arguing that presumptive prejudice is not legally appropriate, Lloyds relies chiefly on the Washington Court of Appeals' decision in Coventry Associates, L.P. v. American States Insurance Co. But in an opinion issued after Lloyds filed its brief, the Washington Supreme Court reversed the court of appeals' ruling. The more recent opinion in Coventry undermines Lloyds's position, strongly suggesting that Washington's supreme court would apply presumptive prejudice and coverage by estoppel to a claim like the Clarks', regardless of the existence of coverage.
>   Moreover, Lloyds has not shown that the superior court was clearly erroneous in finding actual prejudice — a finding that effectively establishes Lloyds's failure to rebut the presumption of prejudice. Lloyds begins by challenging the court's findings of presumed and actual prejudice.[5]

There are several passages that stand out in this holding. One in particular is "…a finding that effectively establishes Llyod's failure rebut the presumption of prejudice." This indicates that the Alaska Court adopted presumptive prejudice when an insurer breaches it duty to defend. This conclusion is further strengthened by the court stating: "…Llyods offers no persuasive reason for any legal distinction ["between the present case and cases the trial court relied on to find presumptive prejudice"].  The second: "In arguing that presumptive prejudice is not legally appropriate, Lloyds relies [on an earlier Washington decision]… [t]he more recent opinion…strongly suggest[s] that Washington's supreme court would apply presumptive prejudice."

---

[4] *Lloyd's & Inst. of London Underwriting Cos. v. Fulton,* 2 P.3d 1199, 1209 (Alaska 2000).

[5] *Lloyd's* at 1206-07.

The Alaska Court adopted a presumption of prejudice standard for a breach of the duty to defend. The presumption was subject to rebuttal by a showing of "no adverse impact". There has been no case law that reverses this position in Alaska.

However, Lutz concedes that the holding of the Circuit Court does not follow the presumption standard, but rather requires Lutz to provide some "slight showing" of harm or "any adverse effect."

> "To demonstrate prejudice in this context an insured must make <u>only a slight showing</u>; …demonstrate <u>only 'some actual harm'</u> . . .'<u>any adverse effect</u>' will suffice to prove prejudice…" ( internal citation omitted, emphasis added).[6]

The harm the Circuit Court refers to is harm as a result of the breach of the duty to defend.

**REASONABLENESS FACTORS**

FFIC failed to defend or participate in the underlying case. Now FFIC attempts to question the judgment of Superior Court Judge William H. Fuld when he set damages in the underlying case. It does this by suggesting that Judge Fuld's opinion on damages should be subject to a "reasonableness determination" utilizing the factors set out in Great Divide.[7]

The Great Divide factors are intended to address the reasonableness of covenant settlement agreements.[8] This is because covenant settlement agreements have a potential for fraud, collusion, or

---

[6] *Lutz Decision*, Docket 99 at 3.

[7] FFIC suggests that "the Alaska Supreme Court instructs that the amount Lutz seeks must be scrutinized." <u>FFIC Opposition</u> at 10. A closer reading of the cases shows that the reasonableness of the covenant settlement agreement must be made, not the amount that Lutz seeks. *Great Divide* at 613- 614, citing *Grace v. Ins. Co. of N. America*, 944 P.2d 460, 467-68 (Alaska 1997); *Washington Ins. Guar. Ass'n v. Ramsey*, 922 P.2d 237, 247 (Alaska 1996); *Continental Ins. Co. v. Bayless & Roberts*, 608 P.2d 281, 293 n. 20 (Alaska 1980).

[8] *Great Divide* at 613-14.

other abuse.[9] The reasonableness determination was not intended to be applied to damages determined by a court of competent jurisdiction.

A recent Colorado case that utilized Great Divide as a model is exactly on point:

> We acknowledge the risk of fraud and collusion between the plaintiff and the defendant-insured when the only judgment ever obtained against the defendant is stipulated, and the existence and amount of the defendant's liability is determined by the parties rather than by a neutral factfinder.[10]

That is exactly the situation here. Judge Fuld, a neutral fact finder determined the damages based on evidence adduced at a damage hearing. There was no stipulated damages nor a "sham" arbitration.

In Great Divide the parties had agreed to a one-sided, perhaps sham, arbitration. The trial court did not conduct an independent damage hearing but instead affirmed the arbitration award. Because the parties in the covenant settlement agreement had agreed to this dubious arbitration, the Supreme Court stated that it could not give unconditional acceptance to what only "superficially" appeared to be an adversarial proceeding. [11]

However, even in that dubious situation, the court stated that had Carpenter appealed trial court's failure to make a reasonableness determination of the covenant settlement agreement, it "could warrant setting aside the judgment …and remanding for a new trial on the issue of the reasonableness of the settlement."[12] Moreover, the court held that had Carpenter appealed the trial court's error for failing to determine the reasonableness of the covenant settlement agreement, and the jury had found the covenant settlement agreement to be reasonable, then Great Divide would have been bound by the judgment.[13]

---

[9] *Id.*

[10] *Old Republic Insurance Company v. Ross*, No. 06SC257, Slip Opinion lw080325053, (Colorado 2008). At 19-20.

[11] *Great Divide* at 614.

[12] *Id.*

[13] In footnote 38 the court stated: "We do not imply that counsel's failure in this regard was a mistake. Giving up the current award of compensatory damages carries both the possibility of increasing the award and the risk of reducing it if a future jury were to find the settlement to be unreasonable." (emphasis added). In other words, if Carpenter gave up the compensatory award in favor of the arbitrated award, he might increase or decrease the award based on the jury's determination of the reasonableness of the covenant settlement agreement. *Great Divide* at 614 and n 38.

Here, the parties did not make any agreements as to how damages would be determined. A damage determination was left to the court. There was no agreement to a sum certain. There was no agreement to a dubious arbitration. There was no confession of judgment.

When Bruington and Lutz executed the covenant settlement agreement, Lutz notified FFIC of the agreement, advised FFIC that litigation would continue, and "invited" FFIC to participate.[14] Lutz then proceeded with the suit. Lutz properly noticed Bruington on every filing, motion, discovery request, and hearing.

Lutz performed every requirement so that a proper judicial determination of the damages could be had and a final award be made. Lutz could not force Bruington to answer Requests for Admission, oppose motions, or, attend hearings. Neither could Lutz force FFIC to attend, participate, or defend Bruington. Nevertheless he tried.

Ultimately Judge Fuld set damages based on the evidence adduced at a damage hearing.[15] Bruington had been properly noticed of the hearing but did not appear. Even though FFIC had retained a local attorney, and been invited to participate in the continuing proceedings, it did not appear.[16] In truth, what more could Lutz have done to have either Bruington or FFIC attend?  Now because FFIC snubbed its nose a legal proceedings in the underlying case, it asserts that it should be allowed to step in and challenge rulings that were honestly obtained.

FFIC now whines that the award made by the Superior Court may not be reasonable. The proper venue for challenging the judgment of the Superior Court was an appeal to the Alaska Supreme Court, not a back handed, after the fact attack on Judge Fuld's assessment of damages.

---

[14] Exhibit 5. May 24,2004  Letter to Robert LaFrance First Financial Insurance Co.

[15] The Damage Hearing was held on October 29, 2004.

[16]  FFIC retained local attorney Andrew Guidi in early June 2004, shortly after receipt of this letter. This was well ahead of the grant of Summary Judgment and well ahead the Damage Hearing. See Exhibit 3.

The Ninth Circuit quoting Sauer stated:

"[A]n insurance company which wrongfully refuses to defend [a duty, which, as explained, includes the obligation to provide an adequate denial of coverage,] <u>is liable for the judgment which ensues</u>..." (emphais added).[17]

Lutz agrees that a determination must be made as to whether the covenant settlement agreement is reasonable. Under the explicit holdings of the Alaska court, the trier of fact is required to make this determination.

Lutz requests that the District Court clarify for the parties that the determination is the reasonableness of the covenant settlement agreement, not whether the damages awarded in Superior Court are reasonable.

**Reasonableness of the Covenant Settlement Agreement**

The Alaska Court has fashioned a number of factors to help determine whether a covenant settlement agreement is reasonable. These factors were discussed in Lutz's opening brief. One of those factors is the "releasing person's damages."[18]  FFIC attempts to use the Superior Court's award to ridicule and make the covenant settlement agreement appear unreasonable by making conclusory and unsupported states such as "A party may not obtain an unopposed judgment for 50 times its actual damages, then convert it to money via liability insurance."[19]  The Superior Court independently set

---

[17] *Lutz Decision*, Docket 99 at 4.

[18] *Great Divide* at 613.

[19] There are many things wrong with FFIC's assertion. The Superior Court assessed actual damages then used a statutory multiplier to enhance damages. As a result, FFIC's claim that the judgment is 50 times Lutz's actual damages is without support. From a practical perspective, there are a great many unopposed judgments i.e. default judgments that are converted in to money via one means or another. The instant case was NOT a default or uncontested judgment. Even if it were though, does FFIC suggest that an insurance company has some shield against enforcement that ordinary citizen would not?

damages at $5.6 million. "There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done…without referring to the evidence on which it has been adJudged.[20]

As a result, the presumption is that the Superior Court correctly set damages at $5.6 million, and that those are the actual damages.[21] It must be clear, that the damage award runs against Bruington (though Lutz agreed to not execute against him personally). Therefore, the Superior Court's damage award is the "the releasing person damages".

FFIC asserts that "the amount is part and parcel any settlement." In a stipulated settlement the amount of the agreed to settlement may well be "part and parcel."   Here there was not an agreed to amount.[22] Here the Superior Court set damages and this is the proper measure of the "releasing person's damages". Any other analysis would be a collateral attack on the Superior Court's judgment.

In other words, for FFIC to assert in District Court that the Superior Court's award is not a proper measure of damages, FFIC would have to assert that that the judgment of the Superior Court was faulty. This argument would however, violate the full faith and credit clause because the judgment was rendered by a court of competent jurisdiction.[23]

---

[20] *Rashtabadi v. INS*, 23 F.3d 1562  (9th Cir. 1994) citing *Voorhees v. Jackson*, 35 U.S. 449, 472, 9 L. Ed. 490 (1836); see also *Avila-Murrieta v. INS*, 762 F.2d 733, 736 (9th Cir. 1985); See, e.g., 28 U.S.C. § 1738 (state court decisions are to be given full faith and credit); Id. § 2254.

[21] A statutory multiplier was incorporated in the award under AS 45.50.471.

[22] FFIC asserts that "Lutz and  Bruington agreed that Lutz could present any amount at an uncontested hearing." FFIC Opposition at 11. This statement is completely unsupported and FFIC had the opportunity to so inquiry during its deposition of Bruington but did not.

[23] Lutz acknowledges that if that if the judgment rendered by the Superior Court was as a result of fraud upon the court then it may be open to attack on that basis. However, the standards for proof of fraud upon the court are very strict.

The thrust of Lutz's position is that the inquiry goes to the reasonableness of the covenant settlement agreement. No inquiry can or should be made as to the reasonableness of the Superior Court judgment.

## CONCLUSION

FFIC attempts to persuade the court that it is the victim and Lutz is the villain. It does this with the use of unsupported accusations and conclusory statements. FFIC also attempts to bend the law into a fashion that supports its position. [24]

It is clear from the briefing that Lutz and FFIC have very different opinions of the law that governs the two primary issues that remain in the case; prejudice and a "reasonableness" determination. By clarifying the law governing these two issues it will greatly help the parties in settlement, discovery, and trial preparation.

Lutz believes that on the issue of prejudice, the proper measure is any harm that is the result of FFIC's breach of its duty to defend. He urges the court to so find.

On the Issue of the reasonableness inquiry, Lutz believes that the proper inquiry is the "reasonableness" of the covenant settlement agreement at the time it was executed by Bruington. He urges the court to so find.

---

[24] In its brief FFIC makes many assertions that do not comport with the facts or the law, at least as this practioner understands the them. As an example, FFIC states: "The letter [the denial notice] then briefly stated that several courts have interpreted that newly constructed homes are the insured's product or work and that there is no coverage for damages to them." FFIC then blithely states: "The home was of course Bruington's work." It appears that the FFIC was attempting to make it appear that the state of the law is such that the Bruington's work was not covered because his work was a home. The first sentence is exactly what the Ninth Circuit found to be a material misstatement of the law. FFIC attempts to foist this same misrepresentation on to this court. In reviewing FFIC brief, counsel for Lutz identified approximately 33 instances where FFIC misstated the law, misrepresented the facts, or made unsupported statements. That list is available if the court so disires.

Respectfully presented on May 3, 2008

s/s *Tim Cook*
Tim Cook, Attorney For Erik Lutz Plaintiff

**CERTIFICATE OF SERVICE**
I hereby certify that on May 3, 2008 a true and correct copy of this document was served to the following:

Andrew Guidi, Esquire
Delaney, Wiles, Hayes, Gerety, Ellis, & Young, Inc.
1007 West 3rd Ave, Suite 400
Anchorage, Alaska

Jon K. Adams, Esquire
Morison-Knox Holden & Prough, LLP
500 Ygnacio Valley Road, Suite 400
Walnut Creek, CA 94596