# Tim Cook
### Attorney At Law

3901 Taiga Drive  
Anchorage, Alaska 99516

Tele: (907) 336-LAW1 (5291)  
Fax: (907) 336- 5292  
e-mail: lia@ak.net

May 24, 2004

Robert LaFrance  
First Financial Insurance Company  
238 Smith School Road  
Burlington, North Carolina 27215

Re:   Eric Lutz v. Dean Bruington  
      Case: 3 AN 03-7096 CI  
      Your File Number- 112459

Dear Mr. LaFrance;

    My firm represents Eric Lutz, the plaintiff, in the above captioned case. Dean Bruington, your insured, acted as the primary contractor on a home that was built for Mr. Lutz near Glennallen Alaska in 1999. Unfortunately, the home suffered catastrophic damage which occasioned the pending legal action. We have settled with Mr. Lutz's home-owner's insurance carrier, and have reached certain agreements with Mr. Bruington which include his extensive restoration and repair of the Lutz residence.

    As part of the agreement, Mr. Bruington has, among other things, assigned to our client, Eric Lutz, all rights with regard to prosecuting claims against potentially liable parties. As the carrier of the Commercial General Liability Insurance (CGL) policy for Mr. Bruington, we wanted to give you notice of the assignment, advise you that we will continue the damage claim against Bruington in the courts, and invite you to participate in any manner that is appropriate. A copy of the assignment is attached.

    You should be aware that there are several factors that enhance First Financial's potential liability under Alaska law. First, Alaska has adopted one of the more expansive applications of the reasonable expectations doctrine as applied to the interpretation of insurance policies. Second, the so-called CHI rights of an insured party requires that an insurer clearly advise an insured that, whenever the insurer disclaims coverage under a policy, the insured has the right to select his own defense counsel who will be paid for by the insurer. Finally, in October 2003, the Alaska Supreme Court issued a holding that serves to clarify the broad rights of those insured parties whose defense has been abandoned by the insurer to enter into covenant settlement agreements with an injured

Exhibit 2  
Page 1 of 2

plaintiff.(A copy of this case, Great Divide Insurance Co. v. Carpenter, is attached for your review.)

Mr. Bruington tendered the complaint to your firm approximately one year ago. Furthermore, we are in possession of a letter dated September 11, 2003 from First Financial, wherein you state "First Financial Insurance Company <u>has no duty to defend</u> Dean Bruington, DBA DB Enterprises <u>and will not indemnify it for any settlement or judgment rendered</u> in this matter." (emphasis added). This categorical denial of coverage, is in itself, a breach of the duties imposed upon insurance carriers under Alaska law.

In light of First Financial's outrageous abandonment of Mr. Bruington, your insured, we believe that your firm has engaged in clear misconduct and materially breached the duty to defend, the insured's CHI rights, and the duty to indemnify. Furthermore, we believe that your firm has violated Alaska's Unfair Trade and Consumer Protection Act. (The Unfair Trade Act provides for the award of <u>treble</u> damages and <u>actual attorneys fees</u> to prevailing plaintiffs.)

Given the posture of the case and what we believe to be First Financial's very large exposure, we wanted to give you an opportunity to extricate yourself before we proceed further. At this juncture, Mr. Lutz, by way of the assignment, would be willing to settle all claims against First Financial (including the indemnification and failure to defend) for $400,000.

If this is acceptable, please contact my office. Otherwise we will continue with prosecution of the case.

Sincerely,

Tim Cook

Enclosure:   Asssignment

Exhibit 2
Page 2 of 2