ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
Michael.Prough@morisonansa.com
JON K. ADAMS
Jon.Adams@morisonansa.com
MORISON ANSA HOLDEN ASSUNCAO &
    PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>　　　　　Defendant. | No. A04-229-CV (TMB)<br><br>**FIRST FINANCIAL INSURANCE COMPANY, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ERIC LUTZ TO ANSWER INTERROGATORIES** |

## PRELIMINARY STATEMENT

Lutz refuses to provide basic discovery that is directly relevant to one of the key issues in this case. If Lutz can prove that Bruington was prejudiced by the way in which FFIC denied his uncovered claim, the Alaska Supreme Court directs that the amount awarded Lutz in an uncontested damages hearing, held long after a settlement and full release of the defendant, be examined for reasonableness under specified factors. Yet when FFIC propounded discovery targeted at the very factors used to determine the reasonableness of Lutz's $5.6 million claim, Lutz refused to answer, objecting that the requests were irrelevant and were vague. Because the requested information is directly relevant to the claims and defenses of the parties and are neither vague nor unduly burdensome, Lutz should be compelled to answer them.

## FACTUAL AND PROCEDURAL DISCUSSION

As FFIC's opening memorandum sets forth the facts and procedural status of this case, FFIC does not repeat them here. The Court is well-aware that it granted FFIC summary judgment, finding that there was no coverage for the initial Lutz claim and no potential coverage based on Lutz's later-filed complaint against Bruington. It is also aware that it denied Lutz's counter-motion on coverage by estoppel, specifically finding that Bruington had not been prejudiced by FFIC. It is also aware that the Ninth Circuit reversed, but only as to Lutz's counter-motion, holding that Lutz was entitled to try to prove that Bruington had been prejudiced.

Since remand, what is at issue is: (1) whether Lutz can prove that Bruington was prejudiced by the way in which FFIC denied his claim; and (2) whether Lutz's uncontested award of $5.6 million was "reasonable" even though his house had already been repaired and improved without cost to Lutz. Still, as Lutz has misstated so many facts and parts of the history of the case, FFIC feels compelled to respond to some of the more egregious misstatements.

For example, Lutz argues that FFIC wrongfully states that there was no coverage under its policy for the damage to Lutz's house and that there was no potential coverage for the complaint Lutz later filed against Bruington. Lutz is wrong. The lack of potential coverage is

law of the case. In its August 2006 Order, this Court specifically so found and nothing about that portion of its holding was questioned on appeal. What remains to be decided on remand is whether FFIC will be estopped from denying coverage. Estoppel only can be imposed if the finder of fact decides that Bruington was somehow prejudiced by the manner in which FFIC correctly denied Bruington's claim. That there was no coverage for the claim, and that there was no potential coverage for the suit Lutz filed eight months after FFIC's denial, are relevant to Bruington's lack of prejudice.

Further, Lutz submits that there has been no finding that the excavation contractor, Shelton Services, was an independent contractor. But in its August 2006 Order, this Court specifically found that "Shelton clearly falls within [the] definition" of an independent contractor (ECF #70 at 19), and held that damages arising out of his work were not covered under the policy. (ECF #70 at 18-21.)

Lutz even misstates the standard for any finding of prejudice, claiming that "any adverse effect" on Bruington would be sufficient. Actually, Lutz must prove that the manner of FFIC's denial caused Bruington to suffer "some actual harm . . . not that [the breach] changed the outcome of the case." *Lloyd's & Institute of London Underwriting Cos. v. Fulton,* 2 P. 2d 1199, 1207-1208 (Alaska 2000).

Lutz's Opposition Brief also erroneously claims that Bruington tendered the defense of the Lutz suit to FFIC and that FFIC admitted in an RFA that tender was sufficient. FFIC did not admit that the suit was properly tendered. Bruington only sent a copy of a notice of jury demand with a written promise to send anything further that he received. As this Court has found, Bruington never tendered the complaint Lutz filed against him as Bruington's fax promised he would do, and as the policy required him to do. (ECF #70 at 9.)

Further, Lutz argues that because the denial letter was found inadequate, FFIC breached its duty to defend. In fact, what the Ninth Circuit found was that FFIC had breached the duty to deny a claim properly. At the time of FFIC's denial, there existed no duty to defend as the denial was sent eight months before any lawsuit had even been filed.

2

The Opposition Memo further asserts that Lutz invited FFIC to participate in the suit between Lutz and Bruington and states that "[e]ven though FFIC had retained a local attorney, and had been invited to participate in the continuing proceedings, it did not appear" at the damages hearing. (Opp. Memo at 22:3-5.) It then argues that FFIC "snubbed its nose at the legal proceedings in the underlying case." (*Id.* at 22:6-7.) The truth is that the only contact to FFIC was a single letter from Mr. Cook stating that Lutz was assignee of Bruington's rights and asking FFIC to settle. Lutz never informed FFIC of any later activities in the case, such as the uncontested damages hearing. In fact, Delaney Wiles' first act was to obtain the court files, as neither the complaint nor any other document had been given to FFIC. FFIC then wrote to Mr. Cook denying his tender because the allegations in the complaint did not raise potential coverage. (Exh. 9, attached hereto.) FFIC never "snubbed its nose" at any legal proceedings. It did as any liability insurer must—it compared the Lutz complaint to the FFIC policy, and then wrote a letter denying any duty to defend because there was nothing potentially covered in the complaint. (*Id.*)

What is relevant here is that Lutz settled with Bruington, agreed not to execute any on judgment against Bruington, and agreed to share with Bruington the proceeds of any award against FFIC. Lutz then propounded requests for admissions that were not answered and deemed admitted. With those admissions, Lutz won an unopposed motion for summary judgment. Then he presented alleged damages at an uncontested damages hearing. Every dime Lutz claimed was granted, and then tripled, based on a finding of misrepresentation. Now Lutz seeks that sum from FFIC, even though it bears no relationship whatsoever to any honest damages.

If it is found that the way in which FFIC denied Bruington's insurance claim caused Bruington to suffer prejudice, the Alaska Supreme Court instructs that the amount Lutz seeks must be scrutinized under specific factors it set forth in *Great Divide Ins. Co. v. Carpenter*, 79 P.3d 599 (Alaska 2003) (quoted in FFIC's opening memo, ECF # 120 at 4-5). Thus, FFIC propounded the discovery at issue, specifically targeted at the *Great Divide* factors. Lutz refused to answer.

3

## ARGUMENT

I.   **Legal Standards**

In arguing that FFIC's interrogatories are irrelevant, "ambiguous," and that providing answers would be burdensome, Lutz fails to grasp his fundamental discovery obligations. Rule 26(b) entitles a party to discovery regarding any non-privileged matter that is relevant to any party's claims or defenses. Each interrogatory seeks information directly relevant to the damages Lutz seeks here and to FFIC's defenses under the *Great Divide* factors. Further, with good cause, discovery is proper on any matter relevant to the subject matter of this action if it appears reasonably calculated to lead to the discovery of admissible evidence. Here, FFIC's requests are directly targeted to lead to the discovery of admissible evidence.

Knowing that his $5.6 million award for damages to his house, which was fully repaired without cost to Lutz before the damages hearing, can never stand up to even minimal scrutiny, Lutz argues that this court cannot question the basis of the amount awarded. What Lutz confuses is that the issue here is not the validity of his judgment against Bruington—it is whether the amount awarded was reasonable and can be used against FFIC.

Lutz argues that the settlement agreement he entered into with Bruington six months before the damages hearing should be examined in isolation. But as *Great Divide* explained, when any defendant is offered a deal with a covenant not to execute, he has no incentive not to settle for any amount, no matter how huge. *Great Divide*, 79 P.3d at 609. And because the settlement had no amount, there would be nothing to examine. But the amount is a part and parcel of any settlement and without it and evidence supporting it, no fact finder could decide if the deal was reasonable. Indeed, the very factors that *Great Divide* mandates be analyzed make no sense if only the bare settlement (with no amount) is analyzed. For example, the first factor is "the releasing person's damages." These "actual damages" must be compared to Lutz's $5.6 million uncontested damages award as part of the "reasonableness' analysis. FFIC is entitled to discovery to demonstrate that $5.6 million was not even in the ballpark of reasonableness.

As to the specific discovery in dispute, it is Lutz's burden "to show why an interrogatory is objectionable." *Rubin v. Islamic Republic of Iran*, 349 F. Supp 2d 1108, 1111 (N.D. Ill. 2004); 7 Moore's Federal Practice 3d at § 33.172 (3d ed. 2008) (attached hereto at Exh. 10). Lutz never comes close to meeting his burden. Further, under Rule 33(b)(4), Lutz's objections must state a precise basis. Rule 33(b)(4); 7 Moore's Federal Practice 3d at § 33.171, a requirement Lutz again fails to meet.

For example, Lutz's argues that particular words in some interrogatories are too vague and ambiguous to permit an answer. But as a well-respected hornbook on federal practice explains, the responding party must exercise reason and common sense to attribute ordinary definitions to words, and when unsure of a meaning, resolved the question by conferring with propounding counsel. W. Schwartzer, A. Tashima, J. Wagstaff, Federal Civil Practice Before Trial §§ 11:1735-1736 (The Rutter Group 2008) (attached hereto at Exhibit 11.) Here, counsel for FFIC wrote to counsel for Lutz and discussed each interrogatory and each response. He explained what the interrogatory sought and why. Then counsel spoke directly. After the call, counsel for FFIC thought that all "vague and ambiguous" issues were resolved, as counsel for Lutz had only discussed his relevancy objections. Lutz should not be able be silent about a vagueness objection during meet and confer, and then raise an inability to understand basic meanings of simple words on a motion to compel. By any objective standard, there is nothing confusing and complicated about FFIC's interrogatories so as to permit Lutz to dodge answering them.

## II.   The Contested Discovery

Lutz sued Bruington for misrepresentation and seeks damages here for those purported misrepresentations. But when FFIC asked what representations Bruington made to Lutz, Lutz refused to answer, objecting that the interrogatory was overbroad, burdensome, and irrelevant. It should have been fairly easy for anyone to understand that the representations FFIC asked about are those that Lutz sued Bruington over. Lutz should be compelled to identify them fully.

Lutz refused to provide the basis of his denial of RFA number 2, that Lutz primarily has blamed person(s) other than Bruington for the damage to the Lutz home, claiming the interrogatory was "vague, irrelevant, and calls for a legal conclusion." FFIC wrote and provided a definition of "primarily." Even though counsel spoke at length over the objections, Lutz never stated any further ambiguity—he just said the request was irrelevant. Not until Lutz served his opposition brief did he informed FFIC that he found the word "blamed" to be vague. Rule 33 requires that objections be specific. And with a vagueness objection, Lutz needed to either answer to the best of his ability or to explain his difficulty so that FFIC could give him a definition. Federal Civil Practice Before Trial, supra, at §§ 11:1735-1736. The meaning of the word "blamed" is not so complicated that Lutz cannot answer. Indeed, he understood RFA number 2 well enough to deny it. Lutz further argues that depending on the meaning of "blamed," the interrogatory is either irrelevant or calls for a legal conclusion. Relevancy is clear, as *Great Divide* instructs that the "relative fault" of Bruington must be considered. And under Rule 33(a)(2), Lutz must answer even if the answer might include a legal conclusion.

Similarly, after denying RFA number 5 which asked Lutz to admit that Bruington had complied with his contract with Lutz, Lutz refused to provide the basis of his denial, objecting that the interrogatory was "vague," as to "which contract." Even after FFIC clarified that the contract was for Bruington to build the Lutz home, Lutz would not answer. Again, there is nothing difficult about the word, it was even clarified, and it was understood well enough to enable an answer to the RFA. Lutz should be ordered to answer the interrogatory.

Lutz denied the ability to answer RFA number 8, asking him to admit that his former wife divorced Lutz for reasons other than physical defects with the house. This is directly relevant to his claim against Bruington for loss of consortium, for which Lutz claimed $400,000. But Lutz refused to answer, and told FFIC to ask his former wife. A party is required to provide the facts he knows. Lutz should be ordered to do so.

Finally, interrogatory numbers 6, 7, and 9 seek facts supporting Lutz's claim for damages against Bruington—which Lutz also seeks here from FFIC. The first factor *Great Divide* lists for

consideration of reasonableness is "the releasing person's [Lutz's] damages." FFIC is entitled to obtain evidence to show that the damages Lutz seeks from FFIC are unreasonable. To do so, it is entitled to the factual support for the numbers Lutz submitted at the uncontested damages hearing. Lutz only argues a lack of relevancy—a very tough burden, claiming that this Court lacks the power to question the amount of the damages Lutz won against Bruington. What Lutz fails to understand is that the issue here is not whether Lutz has a judgment against Bruington—it is whether that award was reasonable under *Great Divide*. If not, it cannot be used against FFIC.

Each of the disputed interrogatories is directly relevant to Lutz's claims for damages here. They are relevant to FFIC's defenses. And they are relevant to the *Great Divide* factors governing analysis of reasonableness of Lutz's uncontested damages award, including evidence of the merits of Lutz's liability theory, Lutz's actual damages, the relative fault of Bruington, and "any evidence of bad faith, collusion or fraud." Further, even if Lutz contends that his $5.6 million claim is immune from scrutiny, the fact that FFIC's theory of the case includes an analysis of it supports FFIC's right to discovery here. *Alexander v. F.B.I.*, 194 F.R.D. 316, 326 (D.D.C. 2000). All of Lutz's relevancy objections should be overruled.

Finally, there is nothing unduly burdensome to Lutz in providing answers. Indeed, any objection as to undue burden must be overruled because Lutz provided no affidavit providing specific evidence of his undue burden. *See e.g., Chubb Integrated Sys. Ltd. v. National Bank of Washington*, 103 F.R.D. 52, 60 (D.D.C. 1984); *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997) (affidavit or other evidence specifically showing how each discovery request was burdensome or oppressive required).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the reasons set forth above, this Court should grant FFIC's motion, overrule every one of Lutz's objections to FFIC's interrogatories, and compel Lutz to provide full and complete answers to each one.

Dated: May 19, 2008

MORISON ANSA HOLDEN ASSUNCAO & PROUGH, LLP

By: s/ Jon K. Adams
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Phone: (925) 937-9990
Fax: (925) 937-3272
Jon.Adams@morisonansa.com

Attorneys for Defendant
FIRST FINANCIAL INSURANCE COMPANY, INC.

CERTIFICATE OF SERVICE

I hereby certify that on
May 19, 2008, First Financial Insurance Company, Inc.'s Reply Memorandum In Support of Motion to Compel Eric Lutz to Answer Interrogatories was served electronically on:

Tim Cook, Esq.
Tcook@acsalaska.net
Attorney at Law
3901 Tiaga Drive
Anchorage, AK 99516

s/ Jon K. Adams
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596
Phone: (925) 937-9990
Fax: (925) 937-3272
Jon.Adams@morisonansa.com

129466