ANDREW GUIDI
ag@delaneywiles.com
DELANEY WILES
1007 West Third Avenue, Suite 400
Anchorage, AK 99501
Telephone: (907) 279-3581
Facsimile: (907) 277-1331

MICHAEL D. PROUGH
Michael.Prough@morisonansa.com
JON K. ADAMS
Jon.Adams@morisonansa.com
MORISON ANSA HOLDEN ASSUCAO &
    PROUGH, LLP
500 Ygnacio Valley Road, Suite 450
Walnut Creek, CA 94596-8068
Telephone: (925) 937-9990
Facsimile: (925) 937-3272

Attorneys for Defendant
FIRST FINANCIAL INSURANCE
COMPANY, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ERIC LUTZ, as assignee of rights of Dean Bruington dba DB Enterprises,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST FINANCIAL INSURANCE COMPANY, INC.,<br><br>    Defendant. | No. A04-229-CV (TMB)<br><br>**DECLARATION OF JON K. ADAMS IN SUPPORT OF FIRST FINANCIAL INSURANCE COMPANY, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ERIC LUTZ TO ANSWER INTERROGATORIES** |

I, JON K. ADAMS, declare as follows:

1. I am an attorney with the law firm of Morison Ansa Holden Assucao & Prough LLP, counsel herein for defendant First Financial Insurance Company. I am admitted to practice

in this Court pro hac vice. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. Attached hereto as Exhibit 9 is a true and correct copy of First Financial Insurance Company's September 16, 2004 letter to Tim Cook.

3. Attached hereto as Exhibit 10 is a true and correct copy of excerpts from Volume 7 of Moore's Federal Practice (3d ed. 2008).

4. Attached hereto as Exhibit 11 is a true and correct copy excerpts from W. Schwartzer, A. Tashima, J. Wagstaff, Federal Civil Practice Before Trial, (The Rutter Group 2008).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: May 19, 2008

           MORISON ANSA HOLDEN ASSUCAO & PROUGH, LLP

By: _____/s/ Jon K. Adams_____
      Jon K. Adams

Attorneys for Defendant
FIRST FINANCIAL INSURANCE COMPANY, INC.

129473

# Exhibit 9

September 16, 2004



### CERTIFIED MAIL (70033110000533708902)RETURN RECIEPT REQUESTED) AND US REGULAR MAIL

Tim Cook
Attorney at Law
310 Eagan Street, Suite 217
P.O. Box 3712
Valdez, Alaska 99696



**IFG Companies**

**First Financial Insurance Company**

17015 North Scottsdale Road

Suite 245

Scottsdale, AZ 85255

Policyholder: Dean Bruington dba: DB Enterprises
Claim No.: 112459
Claimant: Dean Lutz

Dear Mr. Cook:

Please accept this correspondence in response to your letter of May 24, 2004.

Our review of policy F0117G412046 with effective dates of 12-8-98 to 12-9-99 issued to Dean Bruington dba DB Enterprises indicates that this is the only policy issued to Dean Bruington by First Financial Insurance Company and that the policy was not renewed by First Financial Insurance Company.

This correspondence will address the concerns raised in your recent correspondence and will reaffirm our coverage position as addressed in our letter of 9/11/04.

The claim file, the policy and a copy of Mr. Lutz's complaint have been reviewed and have been taken into consideration for the purpose of this correspondence.

The subject claim involves a single family home built for Dean Lutz by the named insured, Dean Bruington dba: DB Enterprises on or about November of 1999. The home in question is located in Glennallen, Alaska.

We became aware of above captioned lawsuit by way of a one page court document faxed to us on or about May 14, 2004 by DB Enterprises; the document was entitled "NOTICE OF JURY DEMAND".

Steve M. Gyarmati
Claims Manager

602-441-1928
Fax: 602-441-1938
smgyarmati@ifgcompanies.com


IFG Companies

We secured the complaint, case number 3AN-03-7096 Civil, directly from the court as it was never forwarded to us for our review. The complaint has following causes of action:

1. Breach of Warranty of Workmanship
2. Breach of Warranty of Habitability
3. Misrepresentation

The allegations being made against the insured is that his work was defective and/or that the named insured's work was done in a manner that was not adequate resulting in damage to home.

The aforementioned policy is written on policy form CG00 01 (01/96). The applicable sections of the policy, including conditions, exclusions, and endorsements, are as follows:

Insuring agreement:

SECTION I – COVERAGES
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".



IFG Companies

2. Exclusions

This insurance does not apply to:

I. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

The definition of 'your work' per the policy is as follows:

19."Your work" means:

    a. Work or operations performed by you or on your behalf; and

    b. Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

    a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

    b. The providing of or failure to provide warnings or instructions.

k. Damage to Your Product

"Property damage" to "your product" arising out of it or any part of it.

l. Damage to Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

The above exclusions do not provide coverage for the work of the named insured. Thus, there is not a duty to neither defend nor indemnify for the work done by the named insured.

The policy also contains endorsement BG-G-070 (4-92) which follows:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**EXCLUSION -**

**INDEPENDENT CONTRACTORS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART


IFG Companies

In addition, we provide to you appropriate definitions that are applicable for the purpose of this letter:

SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

12."Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

15."Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

The complaint alleges that the damage began to appear in the spring of 2000. As previously indicated the policy expired on December 8, 1999. Given the information contained in the complaint the damage did not appear until after the First Financial Insurance Company policy expired. Due to the alleged damages falling outside of the period of your client's coverage with First Financial Insurance Company there is no duty to either indemnify or defend.

Please refer to the definition of "occurrence" stated above. Based on our review of the complaint filed, there was not an "occurrence" as defined in the policy. As such there would be no duty to defend the insured in the matter.

To the extent there being no "occurrence" and no "property damage" during the policy period, First Financial Insurance Company has no duty to either indemnify or defend for this loss under policy F0117G412046.

The complaint also contains an allegation of "mental anguish". Please refer to the definition of "bodily injury" as previously stated within the letter. To the extent that "mental anguish" does not fit within the definition of "bodily injury", there is not a duty to defend or indemnify the insured for this allegation.

This policy is subject to certain exclusions that relate to the work of the insured as outlined here:

This insurance does not apply to "bodily injury," "property damage," "personal injury" or "advertising injury" arising out of the actions of independent contractors for or on behalf of any insured.

The complaint states that the named insured retained independent contractors to assist in the building of the home in question. In accordance with the above noted endorsement there is no applicable insurance coverage for the work of a subcontractor.

In reiterating our position, none of the allegations in the complaint filed against the insured give rise to coverage, therefore there was no duty to defend and/or indemnify the named insured, Dean Bruington dba: DB Enterprises in this matter.

Contrary to the statement contained in paragraph three of your letter, it is our understanding that the right of CHI counsel does not apply whenever an insurer disclaims coverage. The right to have independent counsel only applies when there is at least one claim that is potentially covered and the insurer defends under a reservation of rights. In the present case, none of the claims are covered, therefore CHI is not applicable.

In the absence of a breach of the duty by First Financial Insurance Company, there would be no basis for any threatened bad faith action.

We are of the opinion there is not a legal or factual basis for your new demand. Therefore, for the reasons addressed in this correspondence your demand for payment is respectfully rejected.

The foregoing in no way constitutes, nor should it be considered, a waiver or relinquishment by First Financial Insurance of any or all other defenses available to it under the terms and provisions of the policy captioned above and under applicable laws. Additionally, the foregoing in no way restricts or limits Burlington Insurance from relying upon and asserting other facts or grounds that are, or may become, available to it.

Should you have any additional questions or concerns regarding the coverage position outlined in this correspondence please feel free to contact the undersigned. We hope however, that we have addressed the issues raised in your recent correspondence and have shown to your full satisfaction that any further litigation against First Financial Insurance Company would be without merit.

Very truly yours,

Steve M. Gyarmati
Specialty Claims Manager


IFG Companies

# Exhibit 10

# MOORE'S FEDERAL PRACTICE
# THIRD EDITION

## VOLUME 7

*JAMES WM. MOORE*

**BOARD OF EDITORS**

**Daniel R. Coquillette**
J. Donald Monan
University Professor of Law
Boston College
and *Lester Kissel*
Visiting Professor of Law
Harvard Law School

**Gregory P. Joseph**
Gregory P. Joseph Law Offices LLC
New York

**Sol Schreiber**
Milberg Weiss LLP
New York

**Jerold S. Solovy**
Jenner & Block
Chicago

**Georgene M. Vairo**
Professor of Law
and *William M. Raines Fellow*
Loyola Law School
Los Angeles

2008



33-97                    INTERROGATORIES TO PARTIES                    § 33.171

### E. OBJECTIONS TO INTERROGATORIES

### § 33.170  Objections Must Be Served With Answers

Objections and separate answers to each interrogatory not objected to must be served together, within 30 days of service of the interrogatories[1] subject to any extension pursuant to Rule 6.[2] The attorney for the responding party must sign the objections.[3] An objection to a specific interrogatory will only postpone the time to answer, unless the objection is sustained or a protective order issued, if the party seeking discovery is not content to acquiesce in the objection.

### § 33.171  Objections Must Be Specific

Objections to interrogatories must state which interrogatory is being challenged, and must include the precise reason for the objection.[1] Unstated grounds for objections normally are waived.[2] General, blanket objections are not acceptable. It is not sufficient merely to assert that one objects, that the interrogatories are burdensome, oppressive, duplicative, irrelevant, or that they require research.[3]

---

[1] Fed. R. Civ. P. 33(b)(2).

[2] Fed. R. Civ. P. 6; see Ch. 6, Computing and Extending Time; Time for Motion Papers.

[3] Fed. R. Civ. P. 33(b)(5).

[1] **Precise reason for objection.** Fed. R. Civ. P. 33(b)(4); see, e.g., Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996) ("objections to interrogatories must be specific and supported by detailed explanation of why the interrogatories are objectionable").

[2] **Waiver.** Fed. R. Civ. P. 33(b) advisory committee's note (1993) (reproduced verbatim at § 33App.05[2]); see Cliffstar Corp. v. Sunsweet Growers, Inc., 218 F.R.D. 65, 69 (W.D.N.Y. 2003) (plaintiff's objection to interrogatories based solely on relevancy, overbreadth, and burdensomeness grounds did not encompass objections based on commercial confidentiality, and, therefore, confidentiality objections were waived); but see Cahela v. Bernard, 155 F.R.D. 221, 226–227 (N.D. Ga. 1994) (if party in good faith makes initial objection within prescribed time limits, it will not waive another, more valid objection if it promptly puts forward the more valid objection on realizing insufficiency of first objection).

[3] **Specific objections required.**

| | |
|---|---|
| 2d Circuit | Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996) (objection stating that interrogatory is overbroad, vague, and unduly burdensome was not sufficiently specific). |
| 3d Circuit | Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (mere recitation of familiar litany that interrogatory is "overly broad, burdensome, oppressive, and irrelevant" will not suffice). |
| 5th Circuit | McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (defendant's allegation that discovery request was overly broad, not specific, and created a hardship on propounding party, was insufficient to warrant protective order). |

§ 33.171                 MOORE'S FEDERAL PRACTICE 3D                    33-98

The objecting party must explain why an interrogatory has any of these undesirable characteristics.[4] Some attorneys interpose general objections in an introductory paragraph preceding responses to interrogatories in a boilerplate fashion without any connection to the circumstances of the case. This practice should be discouraged. Some courts will find boilerplate objections to be unacceptable, especially if they raise uncertainty as to whether the responding party withheld information based on the objections.[4.1] On the other hand, general objections stated in a clear and discernable manner, based on the facts of the case—such as an objection to all requests for information and documents preceding a certain date—should be deemed acceptable because repeating the objection for multiple responses is pointless and there is no uncertainty regarding what information is being withheld.

In addition to blanket objections such as "burdensome and oppressive," a naked, nonspecific assertion of attorney-client privilege is insufficient and improper (*see* § 33.62[1]).[5] A party claiming attorney-client privilege has the burden of specifically stating the basis for the privilege.[6] Further, a general,

---

    *10th Circuit*        Pulsecard, Inc. v. Discover Card Servs., 168 F.R.D. 295, 303 (D. Kan. 1996) (general objections do not satisfy specificity requirement of Fed. R. Civ. P. 33).

[4] **Explanation required.** Chubb Integrated Sys. v. National Bank of Washington, 103 F.R.D. 52, 59–60 (D.D.C. 1984) (objector must submit affidavits or offer evidence that reveal nature of burden imposed by allegedly overbroad interrogatory).

[4.1] **Boilerplate general objections discouraged.** Swackhammer v. Sprint Corp., PCS, 225 F.R.D. 658, 660–661 (D. Kan. 2004) (general objections "to the extent" they may apply to a particular interrogatory are "meritless" and are considered "mere hypothetical or contingent possibilities, where the objecting party makes no meaningful effort to show the application of any such theoretical objection to any request for discovery"); *see* Cotracom Commodity Trading Co. v. Seaboard Corp., 1998 U.S. Dist. LEXIS 6726, at *4–*5 (D. Kan. Aug. 12, 1999) (magistrate judge held that general objections in this case were "worthless for anything beyond delay of the discovery").

[5] **Nonspecific allegation of privilege.** In re Shopping Carts Antitrust Litig., 95 F.R.D. 299, 305 (S.D.N.Y. 1982) (blanket claim of attorney-client privilege improper (citing **Moore's**)).

    *2d Circuit*        In re Shopping Carts Antitrust Litig., 95 F.R.D. 299, 305 (S.D.N.Y. 1982) (blanket claim of attorney-client privilege improper (citing **Moore's**)).

    *10th Circuit*       Starlight Int'l, Inc. v. Herlihy, 181 F.R.D. 494, 497 (D. Kan. 1998) (defendants failed to assert their objections properly based on attorney-client privilege and work product when they simply asserted general objection "to the extent" it might apply, but failed to object to any particular interrogatory).

[6] **Burden of stating basis.** S.E.C. v. Morelli, 143 F.R.D. 42, 46 (S.D.N.Y. 1992) (court allowed deposition when S.E.C. failed to make specific reference to attorney-client privileged communications and instead merely stated depositions would reveal "discussions with counsel").

nonspecific objection to interrogatories on the ground of work product protection is insufficient and improper (*see* § 33.62[2]).[7] A responding party must indicate when it is withholding information as protected trial preparation materials under the work product doctrine.[8]

The court may impose sanctions on a party and an attorney making an unfounded objection to an interrogatory, under Rules 26(g)(2) or 37(a)(5)(A).[9] For further coverage of such sanctions, see Ch. 26, *Duty to Disclose; General Provisions Governing Discovery*, Part H, *Signing Disclosures and Discovery Requests, Responses and Objections* and Ch. 37, *Failure to Make Disclosures or to Cooperate in Discovery; Sanctions*.

### § 33.172   Resolving Objections; Objecting Party Has Burden of Persuasion

Once a responding party interposes objections, the parties must attempt to resolve the dispute without court action. An informal attempt at resolution is a prerequisite for a motion to compel answers.[1] If the parties cannot resolve the dispute, the propounding party may move for an order to compel answers to the interrogatories (*see* § 33.140).[2] If it fails to move to compel, the propounding party may waive the right to seek answers to interrogatories.[3] For a discussion of when a motion to compel discovery must be filed, see Ch. 37, *Failure to Make Disclosures or to Cooperate in Discovery; Sanctions*.

In the course of ruling on the motion to compel, the court will rule on the objections.[4] The burden falls on the objecting party to show why the interrogatory is objectionable.[5]

---

[7] **Work product objection.** Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, 144 F.R.D. 258, 268 (E.D. Pa. 1992) (work product protection denied when plaintiff failed to identify specific privileged documents).

[8] Fed. R. Civ. P. 26(b)(5).

[9] Fed. R. Civ. P. 33(b) advisory committee's note (1993) (reproduced verbatim at § 33App.05[2]); *see* Fed. R. Civ. P. 26(g)(2), 37(a)(5)(A).

[1] *See* Fed. R. Civ. P. 37(a)(1) (certification of good faith attempt to resolve dispute).

[2] Fed. R. Civ. P. 33(a) advisory committee's note (1970) (reproduced verbatim at § 33App.03[2]); Fed. R. Civ. P. 37(a) (motion to compel).

[3] **Waiver of right to answers.** Calderon v. Presidio Valley Farmers Ass'n, 863 F.2d 384, 389 (5th Cir. 1989) (when plaintiffs submitted computer printouts as answers to interrogatories and defendant failed to move for more specific answers, defendant waived any objection that answers were not answered separately in writing and under oath).

[4] Fed. R. Civ. P. 33(a) advisory committee's note (1970) (reproduced verbatim at § 33App.03[2]).

[5] **Burden on objector.** Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 297 (E.D. Pa. 1980) (defendant failed to clarify and explain objections).

# Exhibit 11

# California Practice Guide

## FEDERAL CIVIL PROCEDURE BEFORE TRIAL

Chapters 8-11

**William W Schwarzer**
Senior United States District Judge
Northern District of California
Former Director, Federal Judicial Center

**A. Wallace Tashima**
Senior United States Circuit Judge
U.S. Court of Appeals, Ninth Circuit

**James M. Wagstaffe**
Kerr & Wagstaffe
San Francisco, California

CONTRIBUTING EDITORS

**Hon. Gerald E. Rosen**
U.S. District Judge,
Eastern District of Michigan

**Hon. Roslyn O. Silver**
U.S. District Judge,
District of Arizona

**Hon. Andrew J. Wistrich**
U.S. Magistrate Judge, Central District of California

**Atty. Steven J. Adamski**
San Luis Obispo, California

**Atty. Ivo Labar**
San Francisco, California

**2008**

CONTINUING LEGAL EDUCATION  PROGRAMS AND PUBLICATIONS

## THE RUTTER GROUP™
A DIVISION OF THOMSON WEST

**[11:1734.1 — 11:1738]**

— Response: "I was *treated* by Doctor Janet Jones. OBJECTED TO *insofar as this Interrogatory asks for* names of nontreating doctors whom I may have consulted because their identities are protected as attorney work product."

⇨ **[11:1734.1]** **PRACTICE POINTER:** Where the discovery request is objected to as *unduly burdensome*, the objecting party should be prepared to submit *affidavits* or other evidence revealing the nature of the burden, to oppose a motion to compel. [See *DIRECTV, Inc. v. Puccinelli* (D KS 2004) 224 FRD 677, 688-689—party resisting discovery has burden to support its objections]

(b) [11:1735]  **Vague and ambiguous questions:** Objections to interrogatories as vague and ambiguous are not likely to be upheld.

1) [11:1736]  **Interpretation:** First of all, respondents must exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories. If necessary, they *may include any necessary, reasonable definition* of such terms or phrases in order to clarify their answers. [*Pulsecard, Inc. v. Discover Card Services, Inc.* (D KS 1996) 168 FRD 295, 310]

   For example:

   — "Interrogatory: Did you speak to anyone following the accident?

   — "Answer: Treating the question as calling only for conversations at the scene of the accident (rather than at any other time or place after the accident), the answer is: NO."

2) [11:1737]  **Effort to clarify:** Moreover, where the ambiguity can easily be resolved by conferring with the propounding party, courts are likely to overrule an objection that the interrogatory is vague and ambiguous. [*Beach v. City of Olathe, Kans.* (D KS 2001) 203 FRD 489, 497]

(c) [11:1738]  **Waiver of objection; relief from waiver:** Any ground not stated in a timely objection is waived unless the failure is excused by the court for "good cause." [FRCP 33(b)(4)]